```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF NEW YORK
                    ------------------------------x
                    UNITED STATES OF AMERICA,

                              v.                          16 Mag. 6005


                    JOSEPH PERCOCO,
                    ALAIN KALOYEROS,
                    and PETER GALBRAITH KELLY,

                                                         Presentment
                              Defendants.
                    ------------------------------x
                                                         New York, N.Y.
                                                         September 22, 2016
                                                         4:55 p.m.

                    Before:

                              HON. SARAH NETBURN,

                                                      Magistrate Judge

                                       APPEARANCES

                    PREET BHARARA
                         United States Attorney for the
                         Southern District of New York
                    JANIS M. ECHENBERG
                    ROBERT L. BOONE
                    DAVID ZHOU
                    MATTHEW D. PODOLSKY
                         Assistant United States Attorneys

                    SCHULTE ROTH & ZABEL LLP
                         Attorneys for Defendant Percoco
                    BARRY A. BOHRER

                    STEPTOE & JOHNSON LLP
                         Attorneys for Defendant Kaloyeros
                    MICHAEL C. MILLER
                    JEFFREY A. NOVACK

                    LANKLER SIFFERT & WOHL LLP
                         Attorneys for Defendant Kelly
                    DANIEL M. GITNER
                    JUN XIANG
```

1                (Case called)

2                MS. ECHENBERG:  Good afternoon, your Honor.  Janis

3    Echenberg, for the government.  With me at counsel table are my

4    colleagues Robert Boone, David Zhou, and Matthew Podolsky, also

5    an investigator from our office, Deleassa Penland, and Special

6    Agent Gary Jensen of the FBI.

7                THE COURT:  Thank you.  Good afternoon.

8                MR. BOHRER:  Good afternoon, your Honor.  I'm Barry

9    Bohrer, and I'm appearing on behalf of Joseph Percoco.

10               MR. MILLER:  Good afternoon, your Honor.  Michael

11   Miller from the law firm of Steptoe & Johnson.  With me is my

12   associate Jeff Novack, and we are here on behalf of Alain

13   Kaloyeros.

14               THE COURT:  Good afternoon.

15               MR. GITNER:  Good afternoon, your Honor.  Dan Gitner

16   and Jun Xiang, Lankler Siffert & Wohl, on behalf of Mr. Kelly,

17   who is seated to my right.

18               THE COURT:  Good afternoon, everybody.  My name is

19   Judge Netburn.

20               Can I have the date and times of the defendants'

21   arrests.

22               MS. ECHENBERG:  Yes, your Honor.  Joseph Percoco

23   surrendered at 7:30 this morning.  Alain Kaloyeros surrendered

24   at 9:15 this morning.  And Peter Kelly surrendered at 1:30 this

25   afternoon.  Those are estimated times.

1     THE COURT: Thank you. The purpose of today's
2 proceeding is to advise each of the three defendants of their
3 rights, inform them of the charges against them, and consider
4 whether counsel should be appointed for them.
5     I'm now going to explain certain constitutional rights
6 that each of you have. You have the right to remain silent.
7 You are not required to make any statements. Even if you have
8 already made statements to the authorities, you need not make
9 any further statements. Any statements that you do make can be
10 used against you.
11     You have the right to be released, either
12 conditionally or unconditionally, pending trial unless I find
13 that there are no conditions that would reasonably ensure your
14 presence in court or the safety of the community. You have the
15 right to be represented by an attorney during all court
16 proceedings, including this one, and during all questioning by
17 the authorities. If you cannot afford an attorney, one will be
18 appointed to represent you. I know that each of you have
19 counsel who have appeared. Should at any point in time you run
20 out of money, you can petition the court to have counsel
21 appointed to represent you, at the government's expense and at
22 no cost to you.
23     I have a complaint. I'm going to go over the counts
24 with respect to each defendant, and then I'm going to ask each
25 counsel whether or not he has had an opportunity to review the

complaint with his client and discuss the charges with his client and whether or not his client will waive the public reading of the complaint.

With respect to defendant Percoco, he is charged in Count One with conspiracy to commit extortion under the color of official right, in violation of Title 18, United States Code, Section 1951;

Count Two, extortion under color of official right as to the energy company, as defined in the complaint; and also Count Three, extortion under color of official right as to the Syracuse developer, again as defined in the complaint. Both of those charges are brought under Title 18, United States Code, Sections 1951 and 2;

Count Four charges defendant Percoco with conspiracy to commit honest services fraud, in violation of Title 18 of the United States Code, Section 1349;

And Count Five charges solicitation of bribes and gratuities in connection with the energy company; and Count Six charges solicitation of bribes and gratuities in connection with the Syracuse developer, again as defined in the complaint, and both Count Five and Six are brought under Title 18 of the United States Code, Section 666(a)(1)(B) and 2.

With respect to defendant Alain Kaloyeros, he's charged in Count Nine for wire fraud conspiracy in connection with the preferred developer RFPs, again as defined in the

1    complaint, under Title 18 of the United States Code, Section
2    1349.
3            And then with respect to defendant Peter Galbraith
4    Kelly, Jr., he's charged in Count Four, conspiracy to commit
5    honest services fraud, in violation of Title 18 of the United
6    States Code, Section 1349 and, in Count Seven, charged with
7    payment of bribes and gratuities in connection with the energy
8    company, as defined in the complaint, under Title 18 of the
9    United States Code Sections 666(a)(2) and Section 2.
10           Let me ask counsel for Mr. Percoco whether or not you
11   have had an opportunity to review the complaint with your
12   client, discuss the charges, and whether he waives its public
13   reading.
14           MR. BOHRER:  I have, your Honor, and he does so waive.
15           THE COURT:  Thank you.  And with respect to defendant
16   Kaloyeros, same questions.
17           MR. MILLER:  And the same answer, your Honor.  He has
18   and we waive.
19           THE COURT:  Thank you very much.
20           MR. GITNER:  Same answer on behalf of Mr. Kelly, your
21   Honor.
22           THE COURT:  Thank you very much.
23           Each of you has the right to a preliminary hearing at
24   which the government will have the burden of establishing that
25   there is probable cause to believe that the crime for which you

are being charged has been committed and that you are the person who committed it. If you are in custody, you have the right to have that preliminary hearing in 14 days. If you are not in custody, you have the right to have that preliminary hearing within 21 days. A preliminary hearing will not, however, be held if, before the date it is scheduled, you are indicted by a grand jury or an information is filed against you by the government, and we will set a date for the preliminary hearing at the conclusion of these proceedings.

Have the parties discussed a proposal to release these defendants under bail conditions?

MS. ECHENBERG: Yes, your Honor. We have agreed upon bail packages for all defendants. There is one issue that we noticed when we got the pretrial services report a moment ago that I will want to consult with defense counsel on briefly, but in general, we have a package to propose for each.

THE COURT: Do you want to propose those now, or do you want a moment to consult?

MS. ECHENBERG: No. We can propose those now. Beginning with defendant Joseph Percoco, a $100,000 personal recognizance bond with two financially responsible cosigners; regular pretrial services supervision; travel restricted to the state of Connecticut and the Southern and Eastern districts of New York; the surrender of any passports and no new applications. And the defendant can be released on his own

1     signature today with one week to get the remaining signatures.

2             And the issue I wanted to raise, and it relates both

3     to defendant Percoco and defendant Kelly, is there are

4     notations in the pretrial services report about firearms, and

5     we would ask all firearms in the possession of either of those

6     defendants be surrendered and that they not possess firearms

7     during the pendency of the case, but I have not had the

8     opportunity to speak with them, speak with one of the

9     defendants' counsel about all of that, and the other we hadn't

10    come to a resolution.

11            THE COURT:  OK.  Why don't I first hear from counsel

12    for Mr. Percoco.

13            MS. ECHENBERG:  Yes.

14            THE COURT:  And then we can move on to the next

15    defendant.

16            MR. BOHRER:  With the exception of that last item,

17    your Honor, we have discussed this with the government.  We

18    have consented to this.  We have no objection to it, including

19    the last item if we have a reasonable period of time of dealing

20    with it, speaking about the --

21            THE COURT:  Firearms.

22            MR. BOHRER:  -- firearm issue.

23            THE COURT:  So you do consent to having, I understand

24    there are two hunting rifles from or inherited by family and a

25    BB gun.

1                MR. BOHRER:  Correct.

2                THE COURT:  And all of that will be surrendered.

3                MR. BOHRER:  It will.

4                THE COURT:  Can you make sure that happens within a

5      week.

6                MR. BOHRER:  We will do that.  Yes, your Honor.

7                THE COURT:  OK.  Based on my review of the complaint

8      and the recommendation of both pretrial and the parties, I'm

9      going to approve Mr. Percoco's release today on his own

10     signature, and the posting of a $100,000 bond to be cosigned by

11     two financially responsible people within one week from today.

12               You will be under regular pretrial supervision, and

13     your pretrial services officer will explain to you what that

14     means.  Your travel will be restricted to the Southern District

15     of New York, the Eastern District of New York, and the District

16     of Connecticut.  You're to surrender your passport, and you're

17     prohibited from making any new travel applications.  And as I

18     mentioned, I want your firearms and any other weapons

19     surrendered within one week.

20               MR. BOHRER:  Thank you, your Honor.

21               MS. ECHENBERG:  With respect to defendant Alain

22     Kaloyeros, we've agreed to a $300,000 personal recognizance

23     bond to be secured by $50,000 in cash and the signature of the

24     defendant's wife; regular pretrial services supervision; travel

25     restricted to the state of New York and the state of New

1  Jersey, and the surrender of all travel documents and no new
2  applications. And the defendant can also be released on his
3  own signature with one week to get the additional signature and
4  the $50,000 in cash.

5     THE COURT: Thank you.

6     Counsel, any comments or objections?

7     MR. MILLER: No. That is our understanding.

8     THE COURT: OK. Thank you. Based on my review of the
9  complaint and the pretrial services report and at the
10 recommendation of both parties, I'll approve the defendant's
11 release today on his own signature and a $300,000 bond. There
12 will be a posting of $50,000 cash to secure that bond and the
13 signature of the defendant's wife. That needs to happen within
14 one week from today.

15     Your travel will be restricted to the state of New
16 York and the state of New Jersey. You'll be under regular
17 pretrial supervision, and your pretrial services officer will
18 explain to you more fully what that means. You are to
19 surrender any travel documents that you currently have, and
20 you're prohibited from making any new travel applications.
21 Thank you.

22     MS. ECHENBERG: And with respect to Peter Kelly, a
23 $50,000 personal recognizance bond to be signed by the
24 defendant's wife, who I understand is here and will sign the
25 bond today; regular pretrial services supervision; travel

1  restricted to the state of Connecticut and the state of New
2  York; surrender of any passports, which will happen by Monday;
3  and no new applications.  And Mr. Kelly, similarly, as reported
4  in the pretrial services report, has firearms in his
5  possession, so we would also ask within a week that those
6  firearms be surrendered and that he not possess any firearms
7  during the pendency of the case.
8              THE COURT:  Counsel, any objections?
9              MR. GITNER:  No objections, with the exception of the
10 request regarding surrender of the firearms.  All of the
11 firearms are essentially hunting rifles.  He doesn't have them
12 for defense; they're not assault weapons.  He's an avid
13 sportsman and hunter.  It's essentially his recreation, the
14 kind of activity he engages in with his sons and his family.
15 He was good enough at one point to actually try out for the
16 Olympics, skeet shooting.  Most of his guns are actually stored
17 with his father, as I understand it, not at his house.  If the
18 issue is not having guns in his house, he can certainly have
19 them moved or the father can surrender guns that are in his
20 house, but I'd ask that he not have to surrender his guns,
21 particularly given the nature of these charges.  They're not
22 violent.  There's really no danger to the community, given why
23 he has the guns or how he uses them or intends to use them.
24 They're his recreation; it's how he relaxes, so we'd ask,
25 actually, Judge, that he not have to surrender his firearms.

                THE COURT:  I think what I would be more comfortable
with is that we have him surrender his firearms for now, given
that he'll be on pretrial supervision, and that we allow our
pretrial officers to spend some time supervising him and get a
sense of his mental health; that's what I'm most concerned
about.  And then we can make a decision whether or not engaging
in that sort of sporting activity is appropriate, but I don't
love the idea of defendants who are facing serious charges
having access to guns, and so until I have a little bit more
information about how your client is doing under the stress of
the situation that he finds himself in, I'd rather impose the
condition that he surrender his firearms, that they be stored
elsewhere, and that he not have access to them, and we can
revisit that issue in a couple of months.

                MR. GITNER:  I understand, Judge.  So to the extent
that he has firearms that are actually stored elsewhere, would
those remain stored elsewhere, just he doesn't have access to
them, or is your Honor asking for surrender?

                THE COURT:  I think so long as they're stored
elsewhere where he's not sort of in regular access to them.  If
they're stored at his father's house, and I assume he goes
there on occasion, I think that that's OK.  I'll hear from the
government in terms of that.

                MS. ECHENBERG:  As long as your order, your Honor, is
that he not possess the firearms and he not access them.

                                                                    12
          G9mWperC

1               THE COURT:  Yes.

2               MS. ECHENBERG:  Then we consent.

3               MR. GITNER:  I understand, Judge.

4               THE COURT:  All the firearms are to be stored

5     elsewhere, and for the time being the defendant is not to

6     possess or use the firearms.  He can find another activity to

7     stress relieve.

8               MR. GITNER:  He won't possess them, use them, etc.,

9     but obviously we'll have to make arrangements to have them

10    moved, to the extent some of them are in his house, to his

11    father's house.  He may have to technically possess them in

12    order to move them to his father's house, but other than that

13    he will not access them.  Is that fair?

14              THE COURT:  I'm fine with that.

15              MR. GITNER:  Thank you, Judge.

16              THE COURT:  Having reviewed the complaint and the

17    pretrial services report with respect to Mr. Kelly and on the

18    recommendation of the parties, I'm going to allow for his

19    release on the posting of a $50,000 bond.  I understand his

20    wife is going to cosign that, and that will happen today.  He's

21    to surrender his passport by Monday and surrender all firearms

22    and store them elsewhere -- it sounds like it's going to be at

23    his father's house -- within a week from today.  His travel

24    will be restricted to the state of New York and the state of

25    Connecticut, and he'll be under regular pretrial supervision,

                      SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300

1     and the pretrial officer will explain precisely what that
2     means.
3             Let me warn each of the defendants that if you fail to
4     appear in court or if you violate any of the conditions of your
5     release, a warrant will be issued for your arrest and you and
6     anyone who cosigned the bond may be responsible for paying its
7     full amount, and you may be also charged with a separate crime
8     of bail-jumping.  In addition, if you commit an offense while
9     you are released, in addition to the sentence prescribed for
10    that offense, you may be subject to an additional term of
11    imprisonment of not more than ten years if the offense is a
12    felony and not more than one year if the offense is a
13    misdemeanor, and that term of imprisonment will be executed
14    after any other sentence of imprisonment is completed.
15            Counsel, when would you like me to set the date for
16    the preliminary hearing?
17            MR. BOHRER:  We're prepared to waive to the 30th day,
18    your Honor, if that's appropriate.
19            THE COURT:  OK.  Are all defendants prepared to waive
20    to the 30th day?
21            MR. MILLER:  Yes, your Honor.
22            MR. GITNER:  Yes, Judge.  Thank you.
23            THE COURT:  We'll set the date for the preliminary
24    hearing October 24.
25            Anything further?

1      MS. ECHENBERG:  Nothing from the government.  Thank
2  you, your Honor.
3      THE COURT:  Anything from the defense?
4      MR. BOHRER:  We're prepared to fulfill one of the
5  conditions, which is the surrender of the passport, and have
6  the record reflect that.  I'm just wondering to whom I do that.
7      THE COURT:  That's a perfectly good question.  I think
8  it probably goes to the pretrial services officer, but I'm not
9  certain.  I acknowledge your effort, and we will make sure it
10 happens at the conclusion of the proceedings.
11     MR. BOHRER:  Thank you.
12     THE COURT:  Thank you, everybody.
13     (Adjourned)