Timothy W. Hoover
Partner
Direct Dial: 716.848.1271
Direct Facsimile: 716.961.9964
thoover@hodgsonruss.com



February 7, 2017

**Via CM-ECF**

Honorable Valerie E. Caproni
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: *United States v. Joseph Percoco, et al.*, No. 16-CR-776 (VEC) (S.D.N.Y.)

Dear Judge Caproni:

      We are counsel for Defendant Louis Ciminelli. This letter is submitted on behalf of Mr. Ciminelli, Defendant Michael Laipple (represented by Herbert L. Greenman), and Defendant Kevin Schuler (represented by Terrence M. Connors and James W. Grable, Jr.).

      On February 7, 2017, Mr. Ciminelli, Mr. Laipple and Mr. Schuler filed a joint motion for an order dismissing the charges against them for the Indictment's failure to sufficiently allege venue, and/or, in the alternative, transferring the charges against them to the United States District Court for the Western District of New York at Buffalo (the "Joint Motion").

      One of the documents supporting the Joint Motion is the Sealed Declaration of Daniel C. Oliverio, dated February 6, 2017 ("Sealed Decl."). The Sealed Decl. has not yet been filed. Another of the documents supporting the Joint Motion is the Declaration of Herbert L. Greenman, dated February 7, 2017 ("Greenman Decl."), which was filed today with partial redactions. Another of the documents supporting the Joint Motion is the Declaration of Terrence M. Connors, dated February 7, 2017 ("Connors Decl."), which was filed today with partial redactions.

      Consistent with the Court's CM-ECF and sealing procedures, we respectfully move the Court for an order directing that the Sealed Declaration, the unredacted Greenman Decl., and the unredacted Connors Decl. be filed under seal, not to be publicly available. We also ask the Court to order that the unredacted copy of this letter be sealed. All three requests are made pursuant to a single letter motion for the convenience of the Court in considering the requests. The reasons supporting our requests follow.



For the Sealed Decl., the request for sealing is made for the same reasons discussed with the Court during the February 2, 2017 telephone conference with Your Honor. The Sealed Declaration contains confidential, protected, and highly sensitive information ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The Sealed Declaration also contains ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ detailing the same. The Sealed Declaration and its exhibit contain the type of confidential information that courts regularly seal (whether in pretrial release reports, sentencing submissions, presentence reports, or otherwise), not to be made publicly available, and Mr. Ciminelli's protected privacy interests far outweigh any arguable public access interest. Public disclosure of this information would invade Mr. Ciminelli's privacy, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and would serve no public purpose. In addition to the Court, the only parties that have any interest in this information in the context of the Joint Motion at present are Mr. Ciminelli, the government, and, through their counsel, Mr. Laipple and Mr. Schuler. We seek leave to file the Sealed Decl. under seal, rather than approval of partial redactions, because the entire Sealed Decl. and its exhibit relate to and contain confidential and protected information.

For the Greenman Decl., the request is made for the same reasons based on the information redacted. The Greenman Decl. contains the same type of information relating to ▮ health conditions of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, as well as other personal and family information. The partial redactions are modest and relate only to that sensitive information.

For the Connors Decl., the partial redaction request is made for the same reasons based on the information redacted. The Connors Decl. contains confidential, ▮▮▮▮▮▮▮▮ and protected, and sensitive information relating to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Specifically, the Declaration details that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. In addition, redactions were applied to the names of Mr. Schuler's minor children. The partial redactions are modest and relate only to that sensitive information.

Shortly before filing this letter motion, I alerted Assistant United States Attorney Echenberg that we would be filing it, and I sought her consent to the relief requested. I then filed this letter motion, so that I can provide the documents at issue to the government in their entirety. Given this timing, we have not yet received the government's position or consent.

We are transmitting an unredacted copy of this letter, along with a copy of the Sealed Decl., an unredacted copy of the Greenman Decl. and an unredacted copy of the Connors Decl., to Your Honor's Chambers, via electronic mail.

February 7, 2017
Honorable Valerie E. Caproni
Page 3



If you have any questions, please contact me at (716) 848-1271.

Respectfully yours,

Timothy W. Hoover

TWH/dcb
cc:  All counsel of record *(via CM-ECF)*
    Janis Echenberg, Esq. (*via electronic mail*, w/unredacted copy of letter, copy of the Sealed Decl., copy of the unredacted Greenman Decl., and copy of the unredacted Connors Decl.)