

Timothy W. Hoover
Partner
Direct Dial: 716.848.1271
Direct Facsimile: 716.961.9964
thoover@hodgsonruss.com

February 13, 2017

**Via electronic mail**

Honorable Valerie E. Caproni
United States District Judge
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

   Re: *United States v. Joseph Percoco, et al.*, No. 16-CR-776 (VEC) (S.D.N.Y.)

Dear Judge Caproni:

  We are counsel for Defendant Louis Ciminelli. This letter is jointly submitted on behalf of Mr. Ciminelli, Defendant Michael Laipple, and Defendant Kevin Schuler (the "Buffalo Defendants") in support of the Buffalo Defendants' sealing requests made in their Letter Motion filed on February 7, 2017 at Docket #98, and in reply to the government's sealed letter dated February 10, 2017 ("Gov't Letter").

  <u>Sealed Declaration of Daniel C. Oliverio, dated February 6, 2017.</u> The government concurs that the majority of the Sealed Declaration of Daniel C. Oliverio, dated February 6, 2017 ("Sealed Decl.") should be sealed (including the exhibit), not to be publicly filed or available. Gov't Letter at 3-4. Despite the government's objections to sealing of two categories of information, the Court should order that the entire document be filed under seal.

  As to paragraphs 1-3 of the Sealed Decl., the information contained in those paragraphs is already known to the public (except the last sentence of paragraph 3, referencing ████████████████), as the Memorandum of Law (Docket #94 at 11, 41) and/or the Letter Motion itself (Docket #98) reference that Mr. Oliverio is counsel for Mr. Ciminelli, that he is the author of the Sealed Decl., and that the Sealed Decl. is submitted for the Court's consideration under Factor 10 in assessing the Buffalo Defendants' motion to transfer.

  As to paragraphs 4-18 of the Sealed Decl., the government generally agrees that most of the content of those paragraphs should be redacted (including ██████████ ███████████████████████████████████████████████████), but suggests that the public should know "████████████████████████████████████████ he believes has significant bearing on the Motion to Dismiss, and that ██████████████ █████████████████." Gov't Letter at 3-4. The sole rationale given for the

The Guaranty Building • 140 Pearl Street • Suite 100 • Buffalo, New York 14202-4040 • telephone 716.856.4000 • facsimile 716.849.0349
Albany • Buffalo • New York • Palm Beach • Saratoga Springs • Toronto • www.hodgsonruss.com



government's position is its claim that ▮▮▮ "is the *primary* argument, according to Ciminelli, to support his venue change request." Gov't Letter at 3 (emphasis added). The government's argument should be rejected, and the Sealed. Decl. should be filed under seal.

First, the Court has already passed on whether ▮▮▮ should be sealed for the present time, directing during the February 1, 2017 teleconference that details in his counsel's January 31, 2017 letter be sealed before that letter was publicly filed, in redacted form, at Docket #89. The sentence in that letter that the Court ordered sealed provided that "▮▮▮." The Court's decision there was, and our sealing request is, fully consistent with the Court's Electronic Case Filing Rules & Instructions, which provide that ▮▮▮" Electronic Case Filing Rules & Instructions, United States District Court for the Southern District of New York, § ▮▮▮.

Second, the ▮▮▮ privacy interests of Mr. Ciminelli outweigh any public interest in the fact that ▮▮▮.[1] Just as his counsel articulated during the February 1, 2017 call with the Court, disclosure of ▮▮▮ serves no public purpose while serving to invade Mr. Ciminelli's ▮▮▮ interests. ▮▮▮. The proposed disclosure is relevant not just to Mr. Ciminelli ▮▮▮. To be sure, this information about ▮▮▮ will weigh more heavily against access than conduct affecting a substantial portion of the public." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). The "sensitivity of the information and the subject" could not be any greater. *Id.* This is a quintessential example of a case where the "privacy interests of . . . [a] defendant[] that may be harmed by disclosure . . . should weigh heavily in a court's balancing equation in determining what portions of motion papers in question should remain sealed or should be redacted." *Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). And while the Letter Motion seeks the sealing of the entire Sealed Decl., the request is narrowly tailored – it relates only to ▮▮▮, and contains no legal argument. Mr. Ciminelli has not requested that any other information submitted on his behalf as part of the Joint Motions be sealed.

Third, the fact that the Sealed Decl. is submitted in the context of the motion to transfer does not change the calculus, for several reasons. The fact of ▮▮▮ here do not relate to trial evidence or misconduct by anyone and are not "conduct affecting a substantial portion of the public." *Amodeo*, 71 F.3d at 1051. As

---

[1] The publicly-filed documents supporting the Joint Motion already make clear that Mr. Ciminelli is "presently working from his second home in Arizona[]." Joint Memorandum of Law (Docket #94), at 11 (citing Declaration of Daniel C. Oliverio, dated Feb. 6, 2017 (Docket #93), ¶¶55-57).



well, at the government's request, the Court is deferring any briefing schedule on the Joint Motions, and will take up that issue at the April 3, 2017 status conference. Thus, since the Joint Motions (including the motion to transfer) are effectively held, there is no public interest in the ▮▮▮▮ at this time.

Finally, the government's sole argument against sealing is flawed. The government's claim that ▮▮▮ "is the primary argument, according to Ciminelli, to support his venue change request" is inaccurate. While ▮▮▮ are indeed relevant to the transfer motion, and are indeed compelling, what Mr. Ciminelli indicated in the Joint Memorandum of Law was simply that "[p]erhaps the most compelling facts to be assessed *under Factor 10* are provided in the Sealed Oliverio Declaration, and strongly support transfer of the case against Mr. Ciminelli to Buffalo for trial." Docket #94, at 41 (emphasis added). The ▮▮▮ is an important and compelling factor among all the facts to be considered under Factor 10, which itself is one of the ten factors to be considered overall. It is not the sole basis for the transfer motion, and it is one of dozens of compelling facts spread across ten factors as outlined by the Buffalo Defendants. There is no overarching need to disclose the fact of a ▮▮▮ or the ▮▮▮ at this time, or at all. As such, while the government's suggestion of a line by line approach to redaction might be appropriate for information of a different nature presenting lesser privacy concerns, after a balancing of the type of information and the considerations here, it is inconsistent with the appropriate protection of the ▮▮▮ information included in the Sealed Decl.

If, once the transfer motion has been briefed and argued, the Court determines that it is appropriate to discuss the ▮▮▮ as part of its decision, it of course can do so at that time, and can order that the Sealed Decl. be unredacted in a limited fashion as to the ▮▮▮. However, that time will not be for many months, after the establishment of a briefing schedule, briefing, and argument.

<u>Declaration of Herbert L. Greenman, dated February 7, 2017.</u> As to this declaration (redacted copy filed at Docket #95), Mr. Greenman has advised that the more limited redactions proposed by the government are acceptable. Mr. Greenman will re-file a redacted copy of the Greenman Decl., consistent with the same, with the unredacted declaration to be filed under seal.

<u>Declaration of Terrence M. Connors, dated February 7, 2017.</u> As to this declaration (redacted copy filed at Docket #96), the parties agree that the unredacted declaration should be filed under seal, and that the redactions at Docket #96 are appropriate.

The Buffalo Defendants also request that the unredacted version of this letter be filed under seal, and that the Court order that: a) only a redacted version (redacting paragraphs 3-9 above) be publicly filed; and, b) only a redacted version of the government's letter dated February 10, 2017 be publicly filed (with paragraphs 5-8 redacted), and the unredacted letter be filed under seal. And, they request that the Court's order ruling on the sealing issues presented by Docket #94 itself be sealed.



If you have any questions, please contact me at (716) 848-1271.

Respectfully yours,

Timothy W. Hoover

TWH/dcb

cc: Janis Echenberg, Esq. (*via electronic mail*)
Daniel C. Oliverio, Esq. (*via electronic mail*)
Jessica A. Masella, Esq. (*via electronic mail*)
Terrence M. Connors, Esq. (*via electronic mail*)
James W. Grable, Jr., Esq. (*via electronic mail*)
Herbert L. Greenman, Esq. (*via electronic mail*)