1114 Avenue of the Americas
New York, NY 10036

212 506 3900 main
www.steptoe.com




Michael Campion Miller
212 506 3995 direct
212 506 3950 fax
mmiller@steptoe.com

March 10, 2017

Via ECF

Hon. Valerie E. Caproni
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: *U.S. v. Percoco, et al.* (Case No. 16-cr-00776-VEC)**

Dear Judge Caproni:

This firm represents Defendant Alain Kaloyeros in the above-referenced matter. We write on behalf of all Defendants because the Government's weekly discovery status reports do not fully reflect the many challenges that we have encountered, and we wish to keep the Court fully informed. For the reasons discussed below, we respectfully request that the Court direct the Government to address all open discovery issues (including *Brady* issues) by March 17, 2017, to permit their potential resolution prior to the April 6, 2017 conference.

I. Background

At the December 1, 2016 arraignment and conference, the Government proffered that discovery was "quite voluminous," but that "45 days should be more than sufficient" to complete production. [Docket No. 77, at 6-7]. Based on those representations, the Court set a March 1, 2017 status conference, but also asked the Defendants to keep it apprised prior to any conference of any discovery issues that might arise. [*Id.* at 7-8]. On January 24, 2017, Defendants wrote to advise the Court of the many challenges with discovery to date. [Docket No. 81]. These included: (1) late Government productions; (2) delay caused by the Government's vendor; (3) the Government's production of unprocessed data; and (4) the Government's failure to produce metadata.

On January 25, 2017, the Court adjourned the status conference until April 3, 2017 and ordered the Government to prepare a revised discovery plan and produce weekly discovery status reports. [Docket No. 82]. The April 3 date was later adjourned by the Court to April 6. [Docket No. 110]. On January 27, 2017, the Government filed a revised discovery plan calling for the completion of the originally promised discovery by February 28, 2017 and all other discovery on a rolling basis. [Docket No. 84].





Since the Court's January 25 Order, the parties have continued to work on discovery matters, and the Government has filed status reports each week. However, the Government's reports fail to provide a complete picture of continuing discovery challenges in an already complex and document-intensive case, involving multiple independent alleged schemes. The discovery produced is unwieldy by any measure. It includes over two terabytes of data, coming from numerous electronic devices (including cellphones, iPads, and home computers), hundreds of thousands of electronic communications, and an untold number of other documents. The task of reviewing this massive volume of discovery—let alone analyzing it—has been impeded by a series of ongoing discovery challenges, described below.

II. Ongoing Discovery Challenges

First, Defendants' ability to review discovery has continued to be hampered by the Government's production of data in an unprocessed form. Specifically, Government Production 3—containing virtually all of the data from devices seized by the Government during the execution of the various search warrants—was produced to Defendants in an unreviewable format, which required Defendants to utilize a vendor to process the data at substantial cost and delay.

Second, continued issues with the Government's vendor and errors in the Government's productions have delayed review. Specifically:

- As Defendants previously noted to the Court, there is a 7 to 10 day delay between when Government productions are "made available" and when Defendants can review those productions.

- Material was mistakenly omitted by the Government from Government Production 1 and not made available through a supplemental production until January 31, 2017. At that time, the Government declined a defense request to transmit the material directly and immediately to Defendants. Instead, the Government decided to make the material available only through its vendor, which caused an additional delay of more than a week.

- Government Production 6b, which was "made available" by the Government on February 16, 2017, was incomplete and missing metadata. Similarly, Government Production 7, which was "made available" on February 21, 2017, was incomplete. The discovery index provided by the Government was incomplete for both productions. After Defendants alerted the Government of these issues, the Government provided an updated discovery index and the Government's vendor sent revised versions of these productions. However, the revised version of Production 7 contained corrupted text files, requiring Defendants to again contact the Government and request a corrected copy of the production.





Third, review has been delayed by significant privilege issues arising out of materials seized by the Government. Although the Government presumably has possessed the relevant materials since at least the September 20, 2016 Complaint, the Government did not alert Defendants to the existence of any privilege issues until February 1, 2017. On that date, the Government: (1) directed that Defendants segregate or destroy over 132,000 pages of already produced documents from a witness; and (2) advised that certain Defendants' e-mails were being reviewed by a taint AUSA and had therefore been withheld from production, and that these Defendants would need to review their e-mails before they were made generally available. On February 3, 2017, the Government advised that there were at least ten e-mail accounts, including those of two Defendants, from which materials had been withheld as potentially privileged and that required review. While the parties continue to work to address this issue, it appears that there are hundreds of thousands of pages of potentially relevant material, with no ability to predict when the defense can even begin its review of the emails.

Fourth, significant privilege issues also have arisen out of materials subpoenaed by the Government. On February 23, 2017, we wrote to the Government advising that certain discovery materials appeared to have been redacted, which raised the inference that other materials had been entirely withheld by subpoena recipients. We requested privilege logs detailing all materials that had been redacted or withheld. On March 1, 2017, the Government advised that it would address this issue before the next status conference, but declined Defendants' request for a date certain.

Fifth, on February 23, 2017, Defendants advised the Government that over 44,000 e-mails were produced with "wrapper" information (to, from, date, and subject), but no content in the body. This included over 40,000 e-mails collected from Todd Howe – a central witness in the case and a Government cooperator. The Government's subsequent status letters to the Court, filed February 24, March 3, and March 10, have not disclosed this problem. [Docket Nos. 113, 118, and 124]. On March 1, 2017, the Government advised Defendants that these e-mails can be divided into two groups: (1) e-mails collected from Apple devices; and (2) e-mails collected from Dell devices. With respect to the former, the Government has advised that it is assessing whether additional data is obtainable, but it is now more than two weeks since the Government learned of the issue and we continue to remain in the dark. With respect to the latter, the Government apparently was unable to deduce which materials it produced had no content. It requested that the defense list the blank materials, and we have provided a spreadsheet identifying the e-mails lacking content. We will continue to work with the Government to address this issue, but we are without any ability to predict when it might be resolved.

Sixth, while confronting the many challenges with the discovery referenced in the initial pretrial conference, the Government continues to produce a substantial volume of new documents on a rolling basis. The Government's March 3, 2017 letter to the Court [Docket No. 118], its most recent status letter addressing this issue, advised that it had made available only





5.63 GB of 25.9 GB in additional material. The remaining material yet to be produced could thus consist of tens or hundreds of thousands of documents. Moreover, the Government reports that its investigation is ongoing and that there may be other discovery forthcoming.

Seventh, the sheer scale of discovery itself poses a challenge. The Government's March 3, 2017 letter stated that it had produced 1.86 million pages. We estimate that it will take a team of five reviewers at least several months to review even a sampling of documents potentially directly relevant to the charges against Dr. Kaloyeros. And this time frame would be lengthened significantly in order to review the documents potentially relevant to the other separate and unrelated alleged schemes in the Indictment that do not involve our client. Moreover, this estimate assumes the absence of additional technical issues and the prompt resolution of current technical issues.

Finally, several Defendants have made *Brady* discovery demands and made specific requests for identified *Brady* material. The Government's general position to date has been that it is unaware of <u>any</u> *Brady* material. The Government has not yet responded to these specific requests. The Government's *Brady* position is not tenable.

Defendants have communicated these concerns to the Government in seven letters sent between December 16, 2016 and February 23, 2017.[1] As to these letters, the Government has indicated that it would submit a single omnibus response to all the outstanding "discovery-related inquiries" at some unspecified date "in advance of the next pretrial conference." [Docket No. 118].

While the defense appreciates that the Government has received a number of letters from different defendants, it also has assigned four AUSAs to this case. Some of the unaddressed letters, dating back to last December, raise issues particular to certain defendants and it is unfair for the Government to delay its response simply because other defendants have subsequently submitted other letters on other issues. The Government, not Defendants, made the decision to charge Defendants together—a decision which Defendants intend to argue was improper. The Government should not be permitted to exploit its charging decision as a way to excuse its failure to timely respond to Defendants' letters.

## III. <u>Conclusion</u>

Defendants have had to spend significant time and resources working with the Government and its vendor to address discovery issues rather than actually reviewing discovery. Defendants need timely communication from the Government addressing the outstanding issues

---

1 Defendants are happy to provide copies of the letters if it would assist the Court.





to accurately assess a workable schedule for this case prior to the April 6, 2017, status conference. We therefore respectfully request that the Court order that the Government address all open discovery issues (including *Brady* issues) with Defendants by March 17, 2017.

* * *

We thank the Court for its attention to this matter and are available to the Court should it require any additional information.

Respectfully submitted,

Michael Campion Miller

cc: All Counsel (via ECF)