```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/28/2017
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
UNITED STATES OF AMERICA,

    -against-

LOUIS CIMINELLI,

                              Defendant.
------------------------------------------------------------ X

16-CR-776 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

    WHEREAS the Court ordered that Defendant Ciminelli show cause why all of the materials that have been submitted under seal, other than his specific medical diagnosis, should not now be unsealed in light of the presumption of access discussed in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006);

    WHEREAS Mr. Ciminelli submitted a letter by email on June 8, 2017 ("June 8 Letter"), in response to the Court's Order to Show Cause;

    WHEREAS in making his initial sealing application, Mr. Ciminelli stated that he wished to keep information relating to his medical condition under seal because he was concerned that his company would suffer and that it would be difficult for the company's employees;

    WHEREAS Mr. Ciminelli has now informed his company of his medical condition;

    WHEREAS the Court finds that much of the information that was sealed must now be unsealed in light of the presumption of access discussed in *Lugosch*;

    IT IS HEREBY ORDERED that, on or before **July 7, 2017**:

1. The June 8 letter must be filed on ECF without any redactions;

2. The January 31, 2017, letter from Ms. Jessica A. Masella must be filed on ECF without any redactions.

3. For the February 7, 2017, letter, which was filed with redactions at Docket Entries 98, 107, and 121:

    a. The entire first paragraph on page 2 must be unredacted.

    b. The redacted information in the second and third paragraphs on page 2 may remain under seal.

4. The February 13, 2017, letter from Mr. Timothy W. Hoover, which was filed with redactions at Docket Entry No. 123, must be filed on ECF without any redactions.

5. The June 2, 2017, letter from Daniel C. Oliverio must be filed on ECF with only the following redaction: the three words following "LPCiminelli, Inc., of his" in the third line of the first paragraph. All other portions of the June 2, 2017, letter must be filed on ECF without any redactions.

6. The Court will unredact in part and file on ECF:

    a. The Sealed Declaration of Daniel C. Oliverio;

    b. The March 24, 2017, letter from Daniel C. Oliverio, filed in redacted form at Docket Entry No. 137; and

    c. The April 4, 2017, letter from Daniel C. Oliverio, filed in redacted form at Docket Entry No. 151.

IT IS FURTHER ORDERED that the Court does not find Mr. Ciminelli's explanation of why it did not file the January 31, 2017, letter on ECF to be persuasive. The Court's Endorsement on the January 31 letter explicitly stated, "Counsel must file this letter on ECF." Dkt. 89. The fact that the Endorsement itself included a copy of the letter does not excuse counsel's failure to comply with the Court's order.

**SO ORDERED.**

**Dated: June 28, 2017**
  **New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**