

**Daniel C. Oliverio**
Chairman
Direct Dial: 716.848.1433
Direct Facsimile: 716.219.4752
*Doliverio@hodgsonruss.com*

April 4, 2017

<u>Via electronic mail</u>

Honorable Valerie E. Caproni
United States District Judge
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York  10007

      Re:    *United States v. Joseph Percoco, et al.*, No. 16-CR-776 (VEC) (S.D.N.Y.)

Dear Judge Caproni:

## Introduction

      We are counsel for Defendant Louis Ciminelli.  This letter is jointly submitted on behalf of Mr. Ciminelli and Defendant Michael Laipple (represented by Herbert L. Greenman) in advance of the April 6, 2017 status conference.  While not submitted on behalf of Defendant Kevin Schuler (represented by Terrence M. Connors), this letter does address Messrs. Ciminelli, Laipple, and Schuler, collectively, as the "Buffalo Defendants."

      At the status conference, the Court has indicated that motion scheduling will be discussed, and a trial date will be set.  We write to provide the Court with information that bears on scheduling issues.  We indicate below Messrs. Ciminelli and Laipple's position that:  a) the Buffalo Defendants' motion to dismiss/motion to transfer (along with severance motions) should be decided on an expedited basis, before other substantive motions are submitted and/or decided, as doing so will facilitate case scheduling (whether one or more than one trial, and where) for all defendants; b) based on the volume of discovery, Mr. Ciminelli's expected medical treatment, and other confirmed trial dates for counsel for the Buffalo Defendants, the earliest that counsel for Messrs. Ciminelli and Laipple could possibly proceed to trial is Monday November 27, 2017, and we ask that trial be set for that date.  In addition, given the sensitive and confidential nature of certain of the information discussed in this letter, we ask that it be sealed in part.



**Background**

<u>Discovery is extraordinarily voluminous, in part because of the inclusion of multiple alleged conspiracies in one Indictment</u>

  The volume of discovery, technical issues, and amount of time needed to review only a portion of the discovery is well-documented in the letter to the Court by Mr. Percoco's counsel dated April 4, 2017 (Docket #145) and Dr. Kaloyeros's letter motion dated March 10, 2017 (Docket #126).

  The volume of discovery overall is massive.  So, too, is the volume of information that relates solely to what the government calls "The Buffalo Billion Fraud and Bribery Scheme" and that relates solely to the "Percoco Bribery Scheme."  The review process is elongated and complicated by the fact that the Indictment charges at least two to four separate conspiracies, or more (two under the "Buffalo Billion Fraud and Bribery Scheme" and at least two under the "Percoco Bribery Scheme").  Much of the production relates to defendants and charges in which the Buffalo Defendants have no involvement.  Given that all of the conspiracies, charges and defendants are, as of now, joined for trial, counsel must review all of the information.

<u>Mr. Ciminelli's medical treatment continues</u>

  We have previously briefed the Court regarding Mr. Ciminelli's medical condition, treatment, and expected additional treatment.  Mr. Ciminelli is in the middle of the initial ▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪, which is expected to conclude in approximately late May 2018.  Assuming there is a ▪▪▪▪▪▪▪▪▪▪▪▪▪▪, as spelled out in Exhibit A to the Sealed Declaration of Daniel C. Oliverio, dated Feb. 6, 2017 and filed with the Court under seal, then he would ▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪.  Our understanding is that ▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪ takes approximately at least four months and that, for a significant portion of that time, Mr. Ciminelli would be unable to meaningfully assist in the continued preparation of his defense and for trial.  Assuming this timeline, Mr. Ciminelli would be able to meaningfully assist in trial preparation as of October 2017, or later, depending on how the recovery from the ▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪.  We emphasize that how the course of treatment will be proceeding, the timing, and recovery time are uncertain; the information here reflects our current understanding of how the treatment will proceed if ▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪.

<u>Other trial dates for counsel for the Buffalo Defendants</u>

  Counsel for the Buffalo Defendants have the following firm trial date commitments:

    •*United States v. Krug*, No. 15-CR-157-RJA (W.D.N.Y.) (trial date of Oct. 24, 2017; trial date set on Feb. 10, 2017; trial expected to



>   last two to three weeks; Mr. Connors is counsel for defendant
>   Corey Krug; one defendant scheduled for trial).
>
> • *United States v. Pirk*, *et al.*, No. 15-CR-142-EAW (W.D.N.Y.)
>   (trial date of Jan. 16, 2018; trial date set on Jan. 12, 2017; trial
>   expected to last up to four months; Mr. Greenman is co-counsel for
>   defendant Jenkins; Mr. Connors and Mr. Grable are counsel for
>   defendant Enix; Mr. Oliverio and Mr. Hoover are counsel for
>   defendant Scanlon; twelve defendants scheduled for trial).

Counsel for Mr. Schuler also has the following representation that is pending trial (jury selected, but trial has not yet begun), as a government interlocutory appeal is before the Second Circuit:

> • *United States v. Kwiatkowski*, *et al*, No. 14-CR-102-WMS
>   (W.D.N.Y.) (jury selected as of December 12, 2016, but trial was
>   stayed and did not immediately proceed as a result of
>   government's interlocutory appeal, which is pending at the Second
>   Circuit under *United States v. Kwiatkowski*, *et al.*, No. 16-4136 (2d
>   Cir.) and is set for argument on May 11, 2017; trial expected to last
>   two weeks; Mr. Connors is counsel for defendant Raymond Krug;
>   two defendants scheduled for trial).

Counsel for Mr. Laipple also has the following representation that is pending the rescheduling of trial, as a government interlocutory appeal is before the Second Circuit:

> • *United States v. Pettway*, No. 12-CR-103-WMS (W.D.N.Y.) (trial
>   date of Nov. 9, 2016 adjourned as a result of government's
>   interlocutory appeal, which is pending at the Second Circuit under
>   *United States v. Pettway, Jr.*, *et ano.*, No. 16-3468 (2d Cir.) and is
>   to be argued on May 12, 2017; trial expected to last approximately
>   two weeks; Mr. Greenman is counsel for Pettway; two defendants
>   scheduled for trial; trial will be scheduled after Second Circuit's
>   decision).

As indicated, counsel for Mr. Schuler is trial counsel in the *Krug* matter. As noted below, trial preparation in that case, the firm trial date of October 24, 2017, and the need for preparation time after the conclusion of that trial and before the commencement of this trial (along with the volume of information to review in this case) combine to make November 27, 2017 the earliest possible date that counsel for Messrs. Ciminelli and Laipple could be prepared for trial here.

As reflected above, all Buffalo-based counsel for the Buffalo Defendants are counsel (or, in Mr. Greenman's case, co-counsel) in *Pirk*. Twelve defendants are scheduled for



trial. The trial is expected to last up to four months (*see* W.D.N.Y. No. 15-CR-142-EAW[1] Docket #445 (docket text) (Jan. 17, 2017)), and the presiding District Judge has advised, when she set the trial date in January 2017 and worked to accommodate the schedules of the government counsel and dozens of defense lawyers, that the trial date is a date certain[2] (*see* W.D.N.Y. No. 15-CR-142-EAW Docket #445 at 1). The trial will, like the present matter, require extensive trial preparation given the number of potential witnesses and, within the single alleged conspiracy, the multitude of alleged overt acts, in addition to other substantive charges.

**Messrs. Ciminelli and Laipple's requests**

The joint motion to dismiss/transfer (and any severance motions) should be scheduled for briefing as soon as possible

Counsel for Messrs. Ciminelli and Laipple continue to urge that the Court set a schedule for the pending joint motion to dismiss and to transfer. A decision on that motion, as well as any severance motions (we anticipate that all defendants will be moving for severance) should facilitate case and trial scheduling for the Court, the government, and all defendants. It will also promote judicial economy, by way of providing a clearer view of what defendants will be tried where, and with which other defendants.

Our transfer/severance motions scheduling proposal is as follows:

•Motions to transfer and to sever filed by: April 21, 2017.

•Responses to motions to transfer and to sever filed by: April 30, 2017.

•Replies in support of motions to transfer and to sever filed by: May 10, 2017.

---

[1] The *Pirk* case has a 2015 case number because one defendant was originally charged then. All but one of the defendants were added to the case by way of a superseding indictment returned in March 2016. It charges a single alleged conspiracy, as well as various substantive counts (including murder against Mr. Greenman's client; and, multiple 18 U.S.C. § 924(c) counts).

[2] The January 2018 trial date in *Pirk* (set in January 2017) is feasible for counsel for the Buffalo Defendants given that the government has indicated that it will provide rolling production of Jencks material to defense counsel over the next eight months. The volume of discovery in *Pirk* is much smaller than in this case, with approximately 106,000 pages of discovery produced to date. Motions in the *Pirk* case are pending, and various suppression hearings have been held or are in progress.



This proposed schedule provides the government with a full opportunity to respond to such motions, given that it has had the joint motion to dismiss/transfer for approximately 60 days, and the government is well aware of the intention of defendants to move to sever.

If the Court determines that it wants to set a schedule now for all other motions, the schedule proposed by Mr. Percoco's counsel is acceptable:

- All substantive and other motions filed by: May 18, 2017.

- Responses to all substantive and other motions filed by: July 17, 2017.

- Replies in support of all substantive and other motions filed by: August 16, 2017.

<u>The earliest feasible trial date for counsel for Messrs. Ciminelli and Laipple is November 27, 2017, and they ask that trial be set for that date</u>

The earliest date that counsel for Messrs. Ciminelli and Laipple can be ready for trial, in light of the discovery volume and trial schedules outlined above (both in October-November 2017 and January-May 2018) (and scheduling issues that pertain to them and not to other defense counsel), is November 27, 2017. We ask that the Court schedule the Buffalo Defendants for trial on that date.

The trial schedule of Mr. Connors (in *Krug*), and of all counsel for the Buffalo Defendants (in *Pirk*), with the need for sufficient preparation time for all three trials (and between trials), makes November 27, 2017 the only proposed date that is practical and feasible for counsel for Messrs. Ciminelli and Laipple. Because of the anticipated length of the *Pirk* trial – approximately four months – scheduling a trial in March, April or even May 2018 is not, we believe, feasible either. As well, the expected course of Mr. Ciminelli's medical treatment effectively rules out, in our view, the feasibility of a trial earlier than late November 2017, especially in light of the volume of discovery and work to be done.

We are aware of the proposal by counsel for Defendants Percoco, Kelly, Aiello and Gerardi for a January 2018 trial date to be set. Such a schedule would otherwise work for counsel for Messrs. Ciminelli and Laipple, and would otherwise make good sense, but for the firm trial date in the *Pirk* matter, with the *Pirk* trial scheduled to begin January 16, 2018.

The Honorable Elizabeth A. Wolford, United States District Judge for the Western District of New York, is the presiding district judge in the *Pirk* matter. She made clear at the time she scheduled the *Pirk* trial (as reflected by her order) that the January 16, 2018 trial date was a date certain, given the number of counsel involved for the dozen defendants. However, to attempt to accommodate this Court and all counsel, counsel for the Buffalo Defendants are willing to contact Judge Wolford's chambers (on notice to the assigned



prosecutors and to all defense counsel in that case) to inquire about whether the *Pirk* trial date could be moved to later in 2018, if the Court directs us to do so.

<u>This letter should be sealed, in part</u>

We request that the unredacted version of this letter be filed under seal. In the electronic mail message to Chambers transmitting this document, we have included proposed redactions for the Court's review and approval before the redacted letter is publicly filed. We have sent the unredacted version of this letter to counsel for the government, and a version of the letter with the proposed redactions implemented to all defendants' counsel of record.

**<u>Conclusion</u>**

If you have any questions, please contact me at (716) 848-1433.

Respectfully yours,

s/Daniel C. Oliverio
Daniel C. Oliverio

DCO/dcb
cc: Janis Echenberg, Esq. (via electronic mail)
    David Zhou, Esq. (via electronic mail)
    Robert Boone, Esq. (via electronic mail)
    Matthew Podolsky, Esq. (via electronic mail)
    Timothy W. Hoover, Esq. (via electronic mail)
    Jessica A. Masella, Esq. (via electronic mail)
    Herbert L. Greenman, Esq. (via electronic mail)
    Terrence M. Connors, Esq. (via electronic mail)
    James W. Grable, Jr., Esq. (via electronic mail)
    All other defendants' counsel of record (via electronic mail, in redacted form)