Hodgson Russ LLP | 200 BICENTENNIAL CELEBRATION | A Future Inspired by Our Legacy

**Daniel C. Oliverio**
Chairman
Direct Dial: 716.848.1433
Direct Facsimile: 716.819.4752
*DOliverio@hodgsonruss.com*

June 8, 2017

<u>**Via electronic mail**</u>

Honorable Valerie E. Caproni
United States District Judge
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

       Re:    *United States v. Joseph Percoco, et al.*, No. 16-CR-776 (VEC) (S.D.N.Y.)

Dear Judge Caproni:

      We are counsel for Defendant Louis Ciminelli in the above referenced matter. This letter is Mr. Ciminelli's response to the Court's directives contained in its Order filed and entered on June 5, 2017 at Docket #253, which was filed after the Court's review of my letter to the Court dated June 2, 2017.

      <u>Mr. Ciminelli has no objection to the unsealing of the fact of a medical condition only.</u> The Court's Order referenced "Mr. Ciminelli's health condition." While Mr. Ciminelli does not believe that any unsealing of the previously redacted information is necessary, he has no objection to the unsealing of redacted references to the existence of a health or medical condition only. Our proposed limited unsealing is detailed in the table that is attached.

      <u>The only portions of the redacted information that should be unsealed are those that reference the existence of a medical condition.</u> Mr. Ciminelli's specific diagnosis, treatment protocol, and prospects, and the Sealed Declaration of Daniel C. Oliverio, dated February 6, 2017, and its attachment ("Sealed Oliverio Declaration"), are confidential, medically protected, sensitive, and personal information for which continued sealing is appropriate. Indeed, the Court's Order contemplates that the specific medical diagnosis will remain sealed. And the other types of closely related information that have been sealed – the treatment protocol and plan, the specific health effects to date, and the summary of the condition, treatment, and outlook contained in the Sealed Oliverio Declaration – are equally if not more sensitive than the diagnosis.



The rationale, justification, and conclusion that this information should remain sealed remains as strong as when the Court decided (Docket #107) that such information should be properly sealed and that discussion of it should remain redacted.

First, there has been no public disclosure of the medical condition by Mr. Ciminelli. The internal notification by Mr. Ciminelli to the employees of LPCiminelli, Inc. was made on Monday, June 5, 2017. It was accompanied by a request that the information be kept confidential within the company. There has been no public announcement by Mr. Ciminelli or the company. Nor has there been, as far as we are aware, any disclosure of the information outside of the company. The only public-facing disclosure of the existence of a medical condition was contained in the Order. Still, there has been no media inquiry directed to Mr. Ciminelli or to the company.

Second, the information at issue is of the highest sensitivity. It is medically privileged and is statutorily protected.[1] Sealing it is fully consistent with the Court's Electronic Case Filing Rules & Instructions, which provide that "[c]aution should be exercised when filing documents that contain . . . [m]edical records, treatment and diagnosis . . . ." Electronic Case Filing Rules & Instructions, United States District Court for the Southern District of New York, § 21.4. Courts presiding over criminal cases often recognize the confidentiality of medical information less sensitive than the information at issue here.[2]

Third, Mr. Ciminelli's medical and privacy interests outweigh any public interest in the fact of the specific medical condition he has; how, by whom, and where he is being treated; and how the treatment is proceeding. Disclosure of this information serves no public purpose, while invading Mr. Ciminelli's medical, treatment, family, and business affairs. Just as was true on January 31, 2017, on February 2, 2017, and on February 21, 2017 (the date of Mr.

---

[1] *See, e.g.*, 42 U.S.C. §§ 1320d – 1320d-9 (proscribing disclosure of certain medical information); N.Y. CPLR 4504(a) (establishing the doctor-patient privilege under New York law); *accord People v. Rivera*, 25 N.Y.3d 256, 262-63 (2015) (observing that the doctor-patient privilege "should be afforded a broad and liberal construction" (internal quotation marks omitted)).

[2] *See, e.g., United States v. Vinas*, No. 08-CR-823, 2017 WL 1969665, at *2 (E.D.N.Y. May 11, 2017) (observing that "[c]ourts have specifically recognized that there is a recognized privacy interest in medical records," and sealing information concerning the defendant's mental health (internal quotation marks omitted)); *United States v. Sattar*, 471 F. Supp. 2d 380, 387 n.4 (S.D.N.Y. 2006) ("[T]he privacy interest in medical records has been expressly recognized by the Judicial Conference of the United States . . . ."); *United States v. Milken*, 780 F. Supp. 123, 128 (S.D.N.Y. 1991) ("In light of defendant's privacy interest with respect to his family's medical conditions, all such information shall remain under seal.").



Hoover's letter to the Court arguing for sealing of this information), Mr. Ciminelli has not disclosed his medical condition beyond his family and closest friends and, now, internally within the company he owns. As we have previously argued, this information about Mr. Ciminelli's "illness[] . . . will weigh more heavily against access than conduct affecting a substantial portion of the public." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). The "sensitivity of the information and the subject" could not be any greater. *Id.* This is a quintessential example of a case where the "privacy interests of . . . [a] defendant[] that may be harmed by disclosure . . . should weigh heavily in a court's balancing equation in determining what portions of motion papers in question should remain sealed or should be redacted." *Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). The fact of Mr. Ciminelli's specific medical diagnosis, and the fact and particulars of his treatment regimen, do not relate to trial evidence or misconduct by anyone and are not "conduct affecting a substantial portion of the public." *Amodeo*, 71 F.3d at 1051.

Third, the redactions that have been approved (both within the various letters and in the Sealed Declaration) are and remain narrowly tailored, even more so now that the Court may well unseal references to the general existence of a medical or health condition. The continued redactions relate only to medical history, the specific diagnosis, treatment and prognosis information, and similar information, and contain no legal argument.

Fourth, while the original disclosure by us to the Court on January 31, 2017, during the February 2, 2017 teleconference, and in my June 2, 2017 letter were made in order to properly and proactively apprise the Court of a significant personal factor affecting Mr. Ciminelli and this case, the fact that much of the intervening redactions relate to the Joint Motions by the Buffalo Defendants to dismiss for lack of venue and for transfer (filed February 7, 2017) ("Joint Motions") does not change the calculus. The Government's response is not due until June 30, 2017, and the Buffalo Defendants' reply is not due until July 20, 2017. The Joint Motions are effectively held and are not yet ripe for decision per the schedule entered by the Court, and there is no public interest in the specifics of Mr. Ciminelli's medical condition and treatment at this time, if there ever will be.

<u>The January 31, 2017 letter was filed on the public record.</u> The Order stated that "the Court instructed Mr. Ciminelli to file the January 31, 2017, letter on the public record with redactions, but Mr. Ciminelli has not apparently done so [*see* Dkt. 89] . . . ." As explained below, the January 31, 2017 letter has been publicly filed, with redactions approved by the Court.

The Court's order at Docket #89 is an order, filed by the Court on February 1, 2017 (without redactions) and shared with the Government and Mr. Ciminelli's counsel, but not immediately entered on the docket. The order portion of Docket #89 is typed on a copy of the January 31, 2017 letter. The February 1, 2017 order, while indicating that "[c]ounsel must file this letter on ECF," also set a teleconference for February 2, 2017, and indicated that "[t]he Court will discuss at that time whether this letter and its endorsement should be filed under seal."



The teleconference was held, the Court granted the request for sealing of the portion of the letter discussing the medical condition and its recent diagnosis, and then the Court proactively entered the order and the redacted letter at Docket #89 on February 3, 2017.

In other words, Docket #89 contains the January 31, 2017 letter, in redacted form, with the redactions approved by the Court during the February 2, 2017 teleconference, and the letter (with redactions) and order all entered in one filing on February 3, 2017. If the Court would like us to re-file the January 31, 2017 letter, we will do so.

<u>This letter should be redacted before it is publicly filed.</u> Mr. Ciminelli also requests that the unredacted version of this letter be filed under seal, and that the Court order that only a redacted version (per the proposed redactions in the copy transmitted to Chambers) be publicly filed.

If you have any questions, please contact me at (716) 848-1433.

Respectfully yours,

*Daniel C. Oliverio/TWH*

Daniel C. Oliverio

DCO/nm
Attach.
cc:   Janis Echenberg, Esq. *(via electronic mail)*
      David Zhou, Esq. *(via electronic mail)*
      Robert Boone, Esq. *(via electronic mail)*
      Matthew Podolsky, Esq. *(via electronic mail)*
      Timothy W. Hoover, Esq. *(via electronic mail)*
      John M. Hillebrecht, Esq. *(via electronic mail)*
      Jessica A. Masella, Esq. *(via electronic mail)*

## Mr. Ciminelli's proposed limited unsealing of the existence of a medical condition in prior redacted or sealed filings

| Docket # | Description | Proposed unredactions | Proposed redactions |
|---|---|---|---|
| 89 | Letter by Jessica A. Masella, dated January 31, 2017 | Unredact all except "that was recently diagnosed." | N/A |
| N/A | Sealed Declaration of Daniel C. Oliverio, dated Feb. 6, 2017, with attachment | None | N/A |
| 98 | Letter by Timothy W. Hoover, dated February 7, 2017 (filed Feb. 7, 2016) | None – see Docket #121. | N/A |
| 107 | Letter by Timothy W. Hoover, dated February 7, 2017 with the Court's Order dated Feb. 16, 2017 (filed Feb. 16, 2017) | None – see Docket #121. | N/A |
| 121 | Letter by Timothy W. Hoover, dated February 7, 2017 with the Court's Order dated Feb. 16, 2017 (filed Feb. 21, 2017 with Court-approved redactions). | Unredact "relating to Mr. Ciminelli" in the second sentence of the first paragraph on page two. | N/A |
| 123 | Letter by Timothy W. Hoover, dated Feb. 13, 2017 (filed Mar. 3, 2017) | Unredact "the medical condition that Mr. Ciminelli is dealing with" on the first and second lines of page two.<br><br>Unredact the first sentence of the paragraph beginning "First, the Court . . ." on page two.<br><br>Unredact all the words in the last sentence of the paragraph beginning "First, the Court . . ." on page two. | N/A |

| Docket # | Description | Proposed unredactions | Proposed redactions |
|---|---|---|---|
| | | Unredact "a" and "medical condition" in the second line of the paragraph beginning "Second, the . . ." on page two. | |
| | | Unredact the fourth line of the paragraph beginning "Second, the . . ." on page two. | |
| | | Unredact "medical, privacy" in the fifth line of the paragraph beginning "Second, the" on page two. | |
| | | Unredact "a medical diagnosis" in the second sentence of the paragraph beginning "Third, the" on page two. | |
| | | Unredact "fact of a medical condition" in the fourth line on page three. | |
| | | Unredact "the medical condition" in the first sentence of the paragraph beginning "Finally, the" on page three. | |
| | | Unredact "the medical condition" in the second sentence of the paragraph beginning "Finally, the" on page three. | |
| | | Unredact "the medical information" in the third sentence of the paragraph beginning "Finally, the" on page three. | |
| | | Unredact "medical condition" in the fourth sentence of the paragraph beginning "Finally, the" on page three. | |

| Docket # | Description | Proposed unredactions | Proposed redactions |
|---|---|---|---|
| | | Unredact "the general fact of a medical diagnosis" in the first sentence of the paragraph beginning "Finally, the" on page three. | |
| 137 | Letter by Daniel C. Oliverio, dated Mar. 24, 2017 (filed Mar. 28, 2017) | Unredact "Mr. Ciminelli's health condition" in the first sentence of the paragraph beginning "The additional information . . ." on page one. | N/A |
| 151 | Letter by Daniel C. Oliverio, dated Apr. 4, 2017 (filed Apr. 5, 2017) | Unredact "Mr. Ciminelli's medical condition" in the first sentence of the paragraph beginning "We have previously . . ." on page two. | N/A |
| 152 | Letter by Matthew Podolsky, dated Apr. 5, 2017 (filed Apr. 5, 2017) | None. | N/A |
| N/A | Letter by Daniel C. Oliverio, dated June 2, 2017 (not yet publicly filed) | N/A | Redacted as proposed in accompanying electronic mail message to chambers. |
| N/A | Letter of Daniel C. Oliverio, dated June 8, 2017 (not yet publicly filed) | N/A | Redacted as proposed in accompanying electronic mail message to chambers. |