LANKLER SIFFERT & WOHL LLP
ATTORNEYS AT LAW

500 FIFTH AVENUE
NEW YORK, N. Y. 10110-3398
WWW.LSWLAW.COM

TELEPHONE (212) 921-8399
TELEFAX    (212) 764-3701

July 7, 2017

**BY ECF:**

Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

  Re: **United States v. Percoco, et al., S1 16 Cr. 776 (VEC)**

Dear Judge Caproni:

  We submit this letter on behalf of defendants Peter Galbraith Kelly, Jr. and Joseph Percoco. For the reasons set forth below, we respectfully request that: (1) Mr. Kelly and Mr. Percoco be tried on the January 8, 2018 trial date set by the Court; and (2) the Government be ordered to disclose its witness list, exhibit list, and 3500 material 90 days before trial.

  **A. Background**

  As the Court may recall, prior to the last pre-trial conference, the Government requested an October 2017 trial date (Doc. No. 152), even though we, together with counsel for Messrs. Aiello and Gerardi (the "Syracuse Defendants"), had advised the Court that we could be ready for trial by January 2018, and that our readiness depended on early disclosures. (Doc. No. 145). In a separate submission, counsel for Messrs. Ciminelli and Laipple requested a trial date in November 2017 because they—and counsel for Mr. Schuler—had other trials scheduled in January 2018. (Doc. No. 151). Recently, on June 28, Mr. Ciminelli filed a partially unredacted letter revealing that a serious medical issue will prevent him from participating in trial preparation until at least October 2017. (Doc. No. 261).

  During the April 6, 2017 pre-trial conference, the Court set two trial dates—October 30, 2017 and January 8, 2018—recognizing that this case might be severed. At that time, the Government stated that it would oppose any severance (Tr. 19:17–20:4); however, last Friday, the Government responded to the defendants' severance motions by consenting to a partial severance, pursuant to which the so-called bid-rigging charges (alleged against Ciminelli,

# LANKLER SIFFERT & WOHL LLP

Laipple, Schuler, Kaloyeros, Aiello, and Gerardi) would be tried separately from the bribery charges (alleged against Kelly, Percoco, Aiello, and Gerardi). (Doc. No. 264).[1]

### B. The January Trial Date Is Necessary for Our Trial Preparation

We took the Court's directive to be ready for trial in October most seriously, and we have conducted ourselves accordingly. However, despite our diligent efforts to prepare for an October trial, we believe it will take until January for us to prepare the defense that this case deserves—particularly since we believe that our clients are innocent and will be exonerated.

A number of significant factors place us in this position. Even with the severance recently proposed by the Government, and—assuming the Court grants a severance—the corresponding reduction in the volume of documents that will require review, the number of documents still requiring review remains immense.[2] Moreover, the issues presented by this prosecution remain complex. At least 24 separate motions—totaling many hundreds of pages—are pending before the Court and will not be fully submitted until late July. The number of trial exhibits and witnesses is likely to be substantial, and we cannot adequately prepare cross-examination of the Government's witnesses (to the extent we can anticipate who they will be) without completing the document review. The logistics of presenting our case in an organized fashion will also be challenging. There will be motions in limine, as well as requests to charge, that will no doubt engender greater preparation and debate than those of an average case.

The Government has ignored requests to take voluntary steps that would lessen our review burden. On April 11, we requested in writing that the Government informally direct us to the material documents or line items in its discovery index (which sometimes refers to tens of thousands of pages in a single line item). The Government repeatedly promised to respond to our request but never did. Taken together with the Government's refusal to provide responses to many of our requested particulars, we have been left without a meaningful roadmap to determine where many of the haystacks are located, let alone the needles that may ultimately prove critical.

The review burden imposed by the Government upon Mr. Kelly and his counsel was compounded by the Government's baseless decision to charge Mr. Kelly, together with the Syracuse Defendants, in a single conspiracy to bribe Mr. Percoco. That charge—Count Nine of the original Indictment—prompted counsel to spend months looking for evidence that the

---

[1] Mr. Kelly has moved for severance with respect to the bid-rigging counts and the bribery-related charges against the Syracuse Defendants. This letter application does not waive those arguments or concede that the Government's suggested severance is appropriate or sufficient.

[2] We note that the Government obtained numerous devices from its cooperator, and one of those devices alone contains more than 144,000 items. We understand that is well over half the total number of documents (250,000) produced in the entire case against Sheldon Silver.

LANKLER SIFFERT & WOHL LLP

July 7, 2017
Page 3

Government might have used to support its theory that a single conspiracy existed, as well as evidence to undermine the existence of such a conspiracy. Finding no evidence to support the charged conspiracy, we asked the Government to produce material relevant to this issue, explaining that such a conspiracy requires a common objective among the alleged co-conspirators. Because the Government rejected our requests, we were forced to continue spending valuable resources to draft a motion to dismiss the conspiracy count as duplicitous. Days before the motion was due, the Government superseded the Indictment to split the conspiracy count into two conspiracies, mooting the issue. And last week, the Government admitted for the first time that it has no facts that would have warranted charging Mr. Kelly and the Syracuse Defendants together in a single conspiracy. (Doc. No. 264, at 94). We lost significant time responding to a charge the Government should have known was baseless.

Moreover, although we have not come close to completing our review of the discovery material, it is abundantly clear that the review burden imposed upon us was inflated by the Government's decision to join in a single indictment counts and defendants that it now concedes are appropriately severed for trial. This concession is too little, too late. By necessity, we have already spent significant time preparing for a joint trial of all defendants. Even the Government's recent proposal would leave Mr. Kelly joined for trial with the Syracuse Defendants. If the Court accepts the Government's proposal, Mr. Kelly's counsel not only will be required to be familiar with the documents related to Mr. Kelly's alleged conduct, but also with the documents related to alleged conduct by unrelated defendants. The discovery relating just to the charges against Mr. Kelly may number in the millions of pages. There are hundreds of custodians, dozens of electronic devices, and an untold number of potential witnesses.

We note, finally, that in a case of this complexity, trial commencing approximately 13 months after indictment is well within the historical practice of the Southern District. Indeed, trial on this schedule appears to be shorter than what is typical. In a recent bribery case in this District, trial against a single defendant commenced 20 months after indictment. See United States v. Ng, 15 Cr. 706 (VSB). In another single-defendant bribery case, trial has been scheduled for 21 months after indictment. United States v. Grant, 16 Cr. 468 (GHW). Those schedules are typical for complex white-collar matters. See United States v. Daugerdas, 09 Cr. 581 (WHP) (twenty months from indictment to trial); United States v. Vilar, 05 Cr. 621 (RJS) (three years); United States v. Bonventre, 10 Cr. 228 (LTS) (over three years); United States v. Coplan, 07 Cr. 453 (SHS) (21 months); United States v. Stein, 05 Cr. 888 (LAK) (two years).

The Court has already determined January 8, 2018 to be an acceptable trial date. Under all of the circumstances, we respectfully ask for that trial date.

### C. The Court Should Order Early Disclosures

Given the volume of material and the complexity of the legal and factual issues presented, we have long believed that to be adequately prepared for trial in this case, we would

# LANKLER SIFFERT & WOHL LLP

need early disclosures of the Government's witness and exhibit list, and 3500 material. (Doc. No. 145). In an effort to resolve the issue, on May 31, the defense initiated a call with the Government to discuss a schedule. During that call, the Government indicated that it was prepared to propose a schedule quickly or to respond quickly to a proposal from the defense. The defense sent the following proposal on June 12: (1) Government's witness and exhibit lists and 3500 material 90 days before trial; (2) 404(b) notice 45 days before trial; and (3) any defense reciprocal discovery 7 days before trial.

Notwithstanding its representation that it was prepared to respond quickly to a defense proposal, the Government failed to respond for the next three and a half weeks. The Government finally proposed its own schedule two days ago: (1) Government's exhibit list 28 days before trial; (2) Government's witness list and 3500 material 21 days before trial; (3) 404(b) notice 14 days before the deadline for in limine motions; and (4) defense disclosures 14 days before trial.

The Government's proposal is unfair and inadequate. In light of our review burden discussed above, we require the Government's disclosures so that we can begin to focus, at last, on what is actually most important in this case. Early disclosures are critical to our preparation of the trial defense necessary to respond to these charges.

In similarly complex cases with voluminous discovery, courts in this District have ordered disclosures well in advance of trial. In Daugerdas, a seven-defendant tax shelter case, the court ordered the Government to provide disclosures approximately 90 days in advance of trial. 09 Cr. 581 (WHP), Doc. No. 180. See also United States v. Vilar, 530 F. Supp. 2d 616, 637–38 (S.D.N.Y. 2008) (disclosure of witness and exhibit lists approximately 60 days before trial); United States v. Bonventre, 10 CR 228 LTS, 2013 WL 2303726, at *9 (S.D.N.Y. May 28, 2013) (exhibit list 60 days before trial and witness list and 3500 material 45 days before trial); United States v. Coplan, 07 Cr. 453 (SHS), Doc. No. 98 (3500 material, witness list, and exhibit list approximately two months before trial); United States v. Stein, 05 Cr. 888 (LAK), Doc. No. 631 (3500 material approximately 60 days before trial). In United States v. Silver, this Court ordered disclosure of the Government's exhibit list and 3500 material 20 days before trial. 15 Cr. 93 (VEC), Doc. No. 75. As the Court is aware, Silver was a one-defendant case in which the Government produced some 250,000 documents. Our review burden dwarfs the one faced by the defense in Silver. We respectfully submit that, if 20 days was appropriate in Silver, then 90 days is surely appropriate here.

Early disclosure would not prejudice the Government. It was the Government that pressed for an early trial date. In the past, the Government has advised the defense that it could be ready for trial with approximately three months' notice. Having asked the Court to speed up the trial clock, the Government should not now be heard to complain that it is not ready to make disclosures. In addition, because this is a white-collar case in which the Government's cooperator has been publicly known for many months, none of the usual reasons for delaying disclosure apply. See Vilar, 530 F. Supp. 2d at 637–38 (discussing applicable factors).

The need for timely disclosures in complex criminal cases has recently been recognized by the Advisory Committee on Criminal Rules. In April, the Advisory Committee proposed a new Rule 16.1 to address discovery problems that arise in criminal cases involving large quantities of discovery. See Committee on Rules of Practice and Procedure – June 2017 (June 12, 2017), at 654–56, available at http://www.uscourts.gov/rules-policies/archives/agenda-books/committee-rules-practice-and-procedure-june-2017. Among other things, the proposed Rule 16.1 provides that "parties may ask the court to determine or modify the timing, manner, or other aspects of disclosure *to facilitate preparation for trial.*" Id. (emphasis added).

\* \* \*

Justice should not turn on the amount of time a lawyer has to get ready for trial. We believe the additional time we seek is reasonable; indeed, we seek a trial date that was already set by the Court and is well within the time frame of other bribery cases recently brought in this District. While that trial date is only two months from the first date set, those two months are critical for our preparation. They, along with a reasonable disclosure schedule, will ensure a process untainted by worry that a result was achieved simply because the defense did not have the requisite time to prepare this case and digest the relevant documents.

For all of the reasons herein, we respectfully request that, if they survive the pending motions to dismiss, the bribery charges against Mr. Kelly and Mr. Percoco be scheduled for trial on January 8, 2018, and that the Court order early disclosure of the Government's witness list, exhibit list, and 3500 material.

Respectfully submitted,

Daniel M. Gitner
Jun Xiang
Samantha J. Reitz

CC: All Counsel (Via ECF)