

July 7, 2017

**VIA ECF**
Hon. Valarie Caproni
U.S. District Court Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: <u>United States v. Percoco, et al
1:16-cr-00776-VEC</u>

Dear Judge Caproni:

     We represent Mr. Aiello in the above matter and submit this letter jointly with Mr. Gerardi, who is represented by Milton Williams, Esq. (collectively the "Syracuse Defendants"). Today the Court received a letter (Dkt. No. 270) from Mr. Gitner, counsel for Defendant Kelly in the above matter. We join nearly all aspects of Mr. Gitner's letter, but in light of the Government's recent flip-flop on severance, we find ourselves in the prejudicially unique position of potentially being exposed to two major and complex trials in quick succession. While we do not assume that the Court will agree with the Government's severance proposal, we write to address our independent concerns created by the Government's recent about-face since we believe it requires the Court's immediate attention.

     On April 6, 2017, the Court set two potential trial dates – October 30, 2017 and January 8, 2018. Due to the volume of discovery (which continues to grow at tens of thousands of pages of material a month) and the myriad complex issues in this matter, we have advised the Government and the Court that we cannot be prepared for trial prior to January 2018 and, even then, only with the benefit of early pretrial disclosures. Based on the Government's recent revelation that some severance is appropriate and proposing a severance that burdens only the Syracuse Defendants with two back-to-back trials, we respectfully request that should the Syracuse Defendants be assigned an October 30th trial date that (a) that the Government be Ordered to disclose its witness list, exhibit list, and 3500 material by no later than August 1, 2017; (b) that if the Court agrees with the Government's proposed severance, to adjourn the January 8,

EDWARD J. O'CONNELL
  1925-1939
SAMUEL E. ARONOWITZ
  1925-1973
LEWIS A. ARONOWITZ
  1951-1979

———————

CORNELIUS D. MURRAY
FRED B. WANDER
STEPHEN R. COFFEY
JEFFREY J. SHERRIN
THOMAS J. DiNOVO
PAMELA A. NICHOLS
JEFFREY A. SIEGEL
JAMI DURANTE ROGOWSKI
DAVID R. ROSS
KURT E. BRATTEN
MICHAEL P. McDERMOTT
KELLY J. MIKULLITZ
WILLIAM F. BERGLUND
ROBERT J. KOSHGARIAN
MATTHEW J. DORSEY
GEORGE R. SLINGERLAND

———————

OF COUNSEL

RICHARD S. HARROW
MEREDITH H. SAVITT
F. MATTHEW JACKSON
PAUL A. FEIGENBAUM
KEITH J. ROLAND
ARTHUR A. PASQUARIELLO
CRISTINA D. COMMISSO

———————

ELIZABETH A. CONNOLLY
SCOTT W. ISEMAN
BRITTNAY M. McMAHON
DANIELLE E. HOLLEY
KATHLEEN EVERS BROWN
AMBER L. WRIGHT
MARY T. CONNOLLY
COURTNEY L. ALPERT
KELLAN B. POTTS

CARLA R. WILLIAMS*
*(DIRECTOR, HEALTHCARE CONSULTING GROUP)*

\*NOT A MEMBER OF THE LEGAL PRACTICE

2018 second trial date by no less than thirty (30) days; and (c) Order the Government to disclose its witness list, exhibit list and 3500 material no later than 90 days prior to the start of the second trial.[1]

　　　　We seek the Court's intervention at this stage because of the Government's rapid change in position regarding joinder of all of the Defendants and the Government's unwillingness to streamline the review process of the multiple libraries worth of information dumped upon us leaves us exposed to preparing for two extremely complex trials without the time to do so.  Mr. Gitner's letter (Dkt. No. 270) succinctly summarizes the steps we have taken to work independently with the Government to streamline and prioritize the review process and the Government's intransigence related thereto. We participated in those efforts and incorporate Mr. Gitner's summary by reference. Mr. Gitner's letter also properly characterizes the immense challenge we face to properly represent our clients – a challenge that the Government's severance proposal magnifies for the Syracuse Defendants alone.

　　　　If the Syracuse Defendants are to have a fair opportunity to rebut the baseless claims that the Government attempts to buttress with millions of irrelevant documents and indictments structured to maximize spillover prejudice, then the Government's proposal must be leveled with our fundamental due process right to obtain the material that is most relevant to this case. We therefore respectfully request that the Court Order the Government to provide pretrial materials no later than 90 days before trial, whether that trial be in October, January or both, and should we be exposed to two trials, to adjourn the second trial date by no less than thirty (30) days.

　　　　　　　　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　　　　　　　　O'CONNELL AND ARONOWITZ

　　　　　　　　　　　　　　　　　　By:　　/s/ *Stephen R. Coffey*
　　　　　　　　　　　　　　　　　　　　　　/s/ *Scott W. Iseman*

　　　　　　　　　　　　　　　　　　　　　　Stephen R. Coffey
　　　　　　　　　　　　　　　　　　　　　　Scott W. Iseman

CC:　　All Counsel of Record (ECF)

---

[1] Our request is not concession of our pending severance motions before the Court and we do not endorse or accept the Government's suggested severance.