

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 11, 2017

**BY ECF**

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States* v. *Joseph Percoco, et al.*, S1 16 Cr. 776 (VEC)

Dear Judge Caproni:

      The Government writes to respectfully inform the Court of an opinion issued yesterday by the United States Court of Appeals for the Second Circuit that held, in part, that the United States Supreme Court's interpretation of the term "official action" contained in 18 U.S.C. § 201, as set forth in *McDonnell* v. *United States*, 136 S. Ct. 2355 (2016), does not apply to 18 U.S.C. § 666(a)(1)(B) ("Section 666"). *See United States* v. *Boyland*, No. 15-3118, slip op. at 21-22 (2d Cir. July 10, 2017) (attached hereto as Exhibit A).

      In *Boyland*, the defendant was convicted following a jury trial of, among other things, two counts of bribery in violation of Section 666(a)(1)(B). *Id.* at 2-3. The jury instructions on those counts "did not discuss actions taken in an official capacity as being a prerequisite for conviction." *Id.* at 15. On appeal, the defendant contended that the jury instructions were plainly erroneous in light of *McDonnell*. The Second Circuit rejected that argument. The Court explained that Section 666, by its clear statutory text, "is more expansive than § 201" and therefore the "*McDonnell* standard" did not apply to the counts charging violations of Section 666. *Id.* at 21-22. Accordingly, the Second Circuit found no error in the jury instructions for the Section 666 counts.

      Of particular relevance here, the Second Circuit declined to apply *McDonnell*'s limitations on "official action" to Section 666 notwithstanding the Court's observation that the Supreme Court's "constitutional concerns" in *McDonnell* counseled in favor of applying those limitations to Hobbs Act extortion. *Id.* at 20-21. There is nothing discordant about those two rulings. As the Government noted in its omnibus opposition to the defendants' pretrial motions in this case, Section 666 was enacted to protect the integrity of the vast sums of money distributed through federal programs and thus validly bars bribery with respect to large swaths of conduct unrelated to any activities of public officials. (Dkt. No. 264 ("Gov. Opp.") 35.) Furthermore, as discussed at length in the Government's opposition brief, and as implicitly acknowledged by the Second Circuit in *Boyland*, Section 666 contains language that distinguishes quid pro quo bribery from ordinary political discourse: the statute prohibits payments made or received with a corrupt intent "in connection with" a transaction of the relevant government or agency. (Gov. Opp. 30-32 (citing

July 11, 2017
Page 2

well-established Second Circuit case law decided before *McDonnell*).)  *See Boyland*, slip op. at 21-22 ("Section 666 prohibits individuals from 'solicit[ing] . . . anything of value from any person, *intending to be influenced* or rewarded *in connection with any* business, transaction, or series of transactions of [an] organization, government, or agency.'" (quoting 18 U.S.C. § 666(a)(1)(B); emphases and alterations in *Boyland*)).

        Respectfully submitted,

        JOON H. KIM
        Acting United States Attorney

        By: __/s/_____
           Janis Echenberg/Robert Boone/
           David Zhou/Matthew Podolsky
           Assistant United States Attorneys
           (212) 637-2597/2208/2438/1947

cc:  Counsel for all defendants (via ECF)