

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 12, 2017

**BY ECF**

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:   *United States* v. *Joseph Percoco, et al.*, S1 16 Cr. 776 (VEC)

Dear Judge Caproni:

      The Government respectfully writes in response to letters filed on July 7, 2017 by (a) defendants Peter Galbraith Kelly, Jr. and Joseph Percoco (the "Kelly Letter"); (b) defendants Steven Aiello and Joseph Gerardi (the "Aiello Letter"); (c) defendant Kevin Schuler (the "Schuler Letter"); and (d) defendant Louis Ciminelli (the "Ciminelli Letter").  These letters request, in substance, adjournment of the October 30, 2017 trial date and an order setting a schedule for various pretrial disclosures.  As set forth below, the Government takes no position on the defendants' requests for adjournment based on personal or logistical concerns, although submits that an October 30, 2017 trial date does not deprive the defendants of an adequate opportunity to prepare their defense.  Furthermore, an order setting a schedule for pretrial disclosures is premature and unnecessary, and the defendants' request should be denied on the merits in any case.

*Trial Schedule*

      At the April 6, 2017 pretrial conference, the Court resolved not "to prejudge whether there is going to be a severance or not," but set two trial dates—October 30, 2017 and January 8, 2018—were the case to be severed.  (PTC Tr. 23:7-15, Apr. 6, 2017.)  On May 19, 2017, the defendants filed 24 separate motions.  After careful consideration of the arguments advanced by the defendants, the Government concluded that, while the remainder of the defendants' motions lacked any merit, a discretionary severance pursuant to Rule 14 of the Federal Rules of Criminal Procedure ("Rule 14") was warranted.  Specifically, in its opposition brief, the Government submitted that, in the interest of facilitating trial preparation, and preventing any risk of difficulties or juror confusion at trial, the charges relating to the Buffalo Billion fraud and bribery scheme (Counts One through Five and a false statements count) should proceed to trial separately from the charges relating to the Percoco bribery scheme (Counts Six through Fourteen and a false statements count).  (*See* Dkt. No. 264 ("Gov.'s Opp'n") 82-102.)

The defendants now contend that, notwithstanding the Government's position on severance, none of them, other than the Syracuse Defendants, can be prepared for trial on October 30, 2017. *First*, Kelly, Percoco, and Schuler request adjournment of the October 30 date on the ground that they will not be sufficiently prepared for trial due to the quantity of discovery.[1] (*See* Kelly Letter 2-3; Schuler Letter 2-4.) There is no merit to this claim. "A district court has a great deal of latitude in scheduling trial" and "enjoy[s] very broad discretion in granting or denying trial continuances." *United States* v. *Ulbricht*, 858 F.3d 71, 110 (2d Cir. 2017) (brackets, internal quotation marks, and citations omitted). A denial of a continuance will not be overturned "unless the denial was an arbitrary action that substantially impaired the defense," meaning that "[a] defendant must show both arbitrariness and prejudice in order to obtain reversal of the denial of a continuance." *United States* v. *Stringer*, 730 F.3d 120, 127-28 (2d Cir. 2013) (internal quotation marks and citations omitted).

There is no impairment to the defense—let alone a substantial one—should the first trial proceed on October 30. As detailed in the Government's discovery status letters to the Court, the Government began producing discovery on a rolling basis shortly after the initial Indictment was returned on November 22, 2016, and completed production of materials in the Government's possession as of the December 1, 2016 status conference by March 3, 2017. (*See, e.g.*, Dkt. No. 118.) The Government has continued to produce expeditiously material obtained in its ongoing investigation, and, furthermore, has provided the defendants with extensive and detailed indices to its document productions. (*See* Gov.'s Opp'n 139-43.) What's more, the discovery produced in this case does not exist in a vacuum; rather, it is tied to a 79-page criminal Complaint and a lengthy Superseding Indictment, containing 18 pages of factual detail, that describe with specificity the Government's charges and cite to and quote particular documents produced in discovery. These documents have been supplemented by extensive written responses to the defendants' 21 separate discovery requests, again directing the defendants to particular categories within discovery in response to specific requests. (*See* Dkt. No. 264-1, Gov.'s Opp'n, Ex. A.)

In sum, by October 30, 2017, the defendants will have had access for over a year to detailed roadmaps to the charges provided by the Complaint and Superseding Indictment, as well as for approximately eight months to the vast bulk of the discovery in this case. There is simply no basis for their claim that they do not have sufficient time to prepare for an October 30 trial date.[2] (*See, e.g.*, Kelly Letter 2.) Further, the defendants have already indicated that a severance—such as the severance suggested by the Government—would alleviate their discovery burden and aid their preparation for trial. (*See* PTC Tr. 17:3-8, Apr. 6, 2017; Dkt. No. 234 ("Kelly Mot. for Severance") 44.) An October 30, 2017 trial date would not "depriv[e the defendants] of adequate opportunity to prepare." *United States* v. *McGee*, 564 F.3d 136, 142 (2d Cir. 2009); *see also generally United*

---

[1] Although defendants Aiello and Gerardi "join in nearly all aspects of [the Kelly Letter]," they do not object to the October 30 date. (Aiello Letter 1.)

[2] The defendants assert, for example, that they "have been left without a meaningful roadmap" to help them find the "haystacks . . . let alone the needles that may ultimately prove critical." (Kelly Letter 2.) Not only has the Government identified clearly the "haystacks" in its numerous discovery letters and discovery index, but in fact described precisely in the Complaint dozens of the "needles" that form the central evidence in this case.

States v. *Budovsky*, 13 Cr. 368 (DLC), 2016 WL 386133 (S.D.N.Y. Jan. 28, 2016) (denying further request for adjournment, despite "one of the largest productions of electronic discovery ever made in a Southern District criminal prosecution" consisting of 64 terabytes of data).

*Second*, and in addition to the request of Kelly and Percoco to proceed to trial on January 8, 2018, certain defendants point to various scheduling conflicts based on other trial commitments or medical issues that prevent them from standing trial on either October 30, 2017 or January 8, 2018. In particular, Schuler points to scheduling conflicts for his attorney as to both the October 30, 2017 and January 8, 2018 trial dates (and notes that counsel for Michael Laipple faces the same or similar conflicts), and Ciminelli states that, due to his medical condition, he could not assist in his defense for the October 30, 2017 date. The Syracuse Defendants further assert that, because they may be defendants in both trials, they could not be prepared to stand trial on both October 30, 2017 and January 8, 2018. The Government takes no position on whether the logistical and medical issues presented by these defendants merit an adjournment. However, the Government respectfully submits that, if the Court is inclined to accommodate the schedules of the defendants, as set forth in the Government's brief in opposition to the defendants' respective motions, the Buffalo Defendants, Syracuse Defendants, and Alain Kaloyeros should be tried jointly on Counts One through Five (and a false statements charge) and Percoco, Kelly, and the Syracuse Defendants should be tried jointly on Counts Six through Fourteen (and a false statements charge) of the Superseding Indictment. Further, a trial on the charges relating to the Percoco bribery scheme beginning on January 8, 2018 and a trial on the charges relating to the Buffalo Billion fraud and bribery scheme beginning in April or May 2018 would take into account the various scheduling requests of the defendants and be fair to the parties.

### *Schedule for Pretrial Disclosures*

In its April 5, 2017 letter to the Court, the Government stated that Percoco's prior request for disclosure of the Government's exhibit list and discovery pursuant to 18 U.S.C. § 3500 ("3500 material") 90 days prior to trial was premature, and that, once a trial date is set, the Government would endeavor to reach an agreement with defense counsel as to a schedule for reciprocal pretrial disclosure. At the April 6, 2017 pretrial conference, the Court observed that in *United States* v. *Silver*, 15 Cr. 93 (VEC), exhibit lists and much of the 3500 material was produced three weeks prior to trial, which "seemed to work well" and "gave everybody a lot of time with that material to the extent any of it was a surprise, which was unlikely." (PTC Tr. 25:13-15, Apr. 6, 2017.) The Court stated that the same schedule would "be what I would be looking for in this case unless there were some[thing] very unusual in terms of what the government's situation was." (*Id.* at 25:16-20.)

On May 30, 2017, counsel for Kelly requested a conference with the Government regarding pretrial disclosures. On May 31, 2017, the parties spoke by telephone, during which call the parties discussed exchanging proposed schedules for pretrial disclosures, and defense counsel indicated that the defendants wished to provide a further response after the call as to who should first propose a schedule. On June 12, 2017, defense counsel sent a proposed schedule for pretrial disclosures, which included the following deadlines: (1) "[t]he Government will produce its witness list, 3500 material, and exhibit list 90 days in advance of trial;" (2) "[t]he Government will make Rule 404(b) notice 45 days before trial; and" (3) "[t]he defense will make disclosures 7 days before trial." The

July 12, 2017
Page 4

Government initially stated that it would endeavor to provide a response prior to the filing of its opposition to the defendants' pretrial motions. However, the Government subsequently informed the defendants that, having given serious consideration to the arguments contained in the defendants' pretrial motions, the Government would take the position that a discretionary severance under Rule 14 would be appropriate, and told the defendants that the Government would provide its own proposal for pretrial disclosures, assuming two trials, shortly after finalizing its brief in opposition to the defendants' 24 motions.

The following week, on July 5, 2017, the Government proposed a schedule for pretrial disclosures, assuming a severance of the trial on Counts One through Five (and a false statements charge) from the trial on Counts Six through Fourteen (and a false statements charge). That proposal included, among other things, the following deadlines: the Government would produce (1) an exhibit list four weeks prior to trial; (2) a witness list and 3500 materials three weeks prior to trial; and (3) 404(b) notice two weeks prior to the deadline set by the Court for in limine motions. The defendants did not seek to meet and confer or provide any other response, *see* Local Criminal Rule 16.1; rather, the defendants filed the instant request for the Court to set deadlines for pretrial disclosures.

As an initial matter, the defendant's recourse to the Court is without legal basis. Federal Rule of Criminal Procedure 16 does not require the Government to identify its trial exhibits within any particular time frame. *See United States* v. *Russo*, 483 F. Supp. 2d 301, 309 (S.D.N.Y. 2007). Accordingly, although certain courts do provide for pretrial disclosure of trial exhibits, *see, e.g.*, *id.*, other courts in this District have noted their lack of authority to require the Government to identify its trial exhibits at any time prior to trial, *see United States* v. *Nachamie*, 91 F. Supp. 2d 565, 570 (S.D.N.Y. 2000) ("[A] court has no license to rewrite the Federal Rules of Criminal Procedure. . . . In the absence of any controlling authority interpreting the Rule as requiring this action, I cannot direct the Government, at this time, to identify the documents it intends to offer in its case-in-chief."); *United States* v. *Carrington*, No. 02 Cr. 897 (LTS), 2002 WL 31496199, at *2 (S.D.N.Y. Nov. 7, 2002). The same principles apply to 3500 material, which ordinarily is produced at least one day prior to a witness's testimony. *See, e.g.*, *United States* v. *Trippe*, 171 F. Supp. 2d 230, 237 (S.D.N.Y. 2001) ("The usual practice in this district is that the Government agrees to make impeachment information available to the defense at the same time as Jencks Act material, that is, at least one day before the Government witness is called to testify."). Indeed, there is no legal basis to order the disclosure of statements of Government witnesses before their direct testimony at trial. *See United States* v. *Coppa*, 267 F.3d 132, 145-46 (2d Cir. 2001); *United States* v. *Percevault*, 490 F.2d 126, 131-32 (2d Cir. 1974).

Furthermore, to the extent the Court is inclined to impose a pretrial disclosures schedule, doing so now is premature. The Government remains willing and available to discuss the proposed schedule for pretrial disclosures and any other discovery matter. Particularly in light of the defendants' request to adjourn the October 30, 2017 trial date, there is no need to order a pretrial disclosures schedule prior to the Court's decision regarding trial dates, and a further opportunity for the parties to discuss a mutually-acceptable schedule.

We note that the defendants' current proposal, requesting production of an exhibit list and 3500 material 90 days prior to trial, is unreasonable and inconsistent with schedules set in analogous cases. As noted above and in the Government's brief in opposition to the defendants'

pretrial motions, the Government has provided extensive guidance and detailed "roadmaps" to the evidence in this case. The Government has also taken the position that a discretionary severance is appropriate, resulting in shorter, less complex trials that are less burdensome for the defendants. Similarly complex, white-collar cases have been tried in the past without disclosure of witness lists or 3500 material 90 days in advance of trial. *See, e.g.*, *United States* v. *Seng*, 15 Cr. 706 (VSB) (expected four-to-six-week trial; exhibit list produced on rolling basis beginning four weeks before trial and completed two weeks before trial; 3500 material produced on rolling basis beginning four weeks before trial and completed one week before trial as to witnesses testifying in first two weeks of trial); *United States* v. *Skelos*, 15 Cr. 317 (KMW) (two-defendant, month-long bribery trial; 3500 material produced approximately four weeks before trial); *United States* v. *Levin*, No. 15 Cr. 101 (KBF) (two-defendant, three-plus week fraud trial; 3500 material produced two weeks before trial); *United States* v. *Silver*, 15 Cr. 93 (VEC) (month-long bribery trial; 3500 material produced approximately three weeks from trial); *United States* v. *Ulbricht*, 14 Cr. 68 (KBF) (three-week cybercrime and narcotics trial; 3500 material produced one week before trial); *United States* v. *Tagliaferri*, 13 Cr. 115 (RA) (three-week securities fraud trial; 3500 produced seventeen days before trial); *United States* v. *Costanza*, 12 Cr. 725 (KMW) (two-defendant, multi-week fraud trial; 3500 material produced two weeks before trial) *United States* v. *Whitman*, 12 Cr. 125 (JSR) (three-week insider trading trial; 3500 material produced two weeks before trial); *United States* v. *Gupta*, 11 Cr. 907 (JSR) (three-week insider trading trial; 3500 material produced three weeks before trial); *United States* v. *Jiau*, 11 Cr. 161 (JSR) (three-week insider trading trial; 3500 material produced two weeks before trial); *United States* v. *Fleishman*, 11 Cr. 32 (JSR) (three-week insider trading trial; 3500 material produced one week before trial). Nonetheless, the Government has proposed as to *each* trial a schedule longer than the one in *Silver*, which was cited as an example by the Court at the April 6, 2017 conference, by offering to produce an exhibit list a full month before each trial.

For the foregoing reasons, the defendants' request relating to pretrial disclosures should be denied.

Respectfully submitted,

JOON H. KIM
Acting United States Attorney

By: /s/
    Janis Echenberg/Robert Boone/
    David Zhou/Matthew Podolsky
    Assistant United States Attorneys
    (212) 637-2597/2208/2438/1947

cc: Counsel for all defendants (via ECF)