A Future Inspired by Our Legacy

**Daniel C. Oliverio**
Chairman
Direct Dial: 716.848.1433
Direct Facsimile: 716.819.4752
DOliverio@hodgsonruss.com

July 7, 2017

Honorable Valerie E. Caproni
United States District Judge
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: *United States v. Joseph Percoco, et al.*, No. 16-CR-776 (VEC) (S.D.N.Y.)

Dear Judge Caproni:

   We are counsel for Defendant Louis Ciminelli. As the Court is aware, Mr. Ciminelli has an ███████████████████████████, which has begun causing ███████████████████████████████████████. We write to further update the Court on Mr. Ciminelli's medical condition and treatment, and advise the Court that, given the circumstances described below, Mr. Ciminelli's October 30, 2017 trial date will need to be adjourned.

   Mr. Ciminelli is under the care of Dr. ███████████, a specialist at the Mayo Clinic in Arizona.[1] Dr. ███████ has informed us that the long-term prognosis for ███████ ███████ patients like Mr. Ciminelli depends largely on the success of the initial treatment. As previously described by Dr. ███████ in his January 25, 2017 letter, Mr. Ciminelli underwent ████████████████████████████████████████████ for four months beginning in January 2017. The process, while grueling, helped achieve a necessary degree of ███████ such that the next stage of treatment could proceed. This next stage involves intensive testing, ████████████████████████████████—which will ███████ Mr. Ciminelli's ███████— leading up to ███████████████████████████. The testing, ███████████████████ ███████████ commenced in June. Beginning on June 28, 2017, Mr. Ciminelli was hospitalized to undergo ███████████████████████████. This procedure requires a three-week hospitalization, followed by a months-long recovery period during which Dr. ███████ and the rest of the ███████ team in Arizona will closely monitor Mr. Ciminelli's progress.

   Mr. Ciminelli, Michael Laipple, and Kevin Schuler (the "Buffalo Defendants") are scheduled to begin trial on October 30, 2017. To prepare for this intricate and document-

---

[1] Dr. ███████'s letter of January 25, 2017, is filed at docket number 262. Two additional letters from Dr. ███████ both dated June 21, 2017, are attached.




intensive trial, Mr. Ciminelli must review mountains of discovery material, work closely with counsel, make complex strategic decisions, and prepare himself to testify. Fearing that Mr. Ciminelli might be incapable of these vital tasks during his ▇▇ treatment, we asked Dr. ▇▇ for his opinion on Mr. Ciminelli's ability to prepare for an October 30 trial while undergoing and recovering from the ▇▇ procedure. The following is Dr. ▇▇'s response, as reflected in the attached letters and our understanding of the care, treatment, and instructions that Dr. ▇▇ has provided to Mr. Ciminelli.

Dr. ▇▇ advised that the process of rehabilitating Mr. Ciminelli and rebuilding his ▇▇, after he is discharged from the hospital, will extend into November 2017, at a minimum. During this recovery period, Mr. Ciminelli will be ▇▇ compromised. To maximize the chance that Mr. Ciminelli responds to the ▇▇, Dr. ▇▇ has instructed him to spend the recovery period at his home, to limit contact with others to prevent infections, and to avoid stress. He is not to make any decision of consequence or be left alone for extended periods. In Dr. ▇▇'s opinion, Mr. Ciminelli should not be under any timeline pressures, and should not be expected to prepare for a court case, at least into November 2017.

In these circumstances, Mr. Ciminelli's trial date will need to be adjourned. Rushing Mr. Ciminelli to trial without allowing him and his counsel adequate time to prepare, or forcing him to stand trial when he is unable to testify in his own defense, assist counsel, or otherwise fully participate, is unconstitutional. All of the factors that bear on a request for adjournment due to physical incapacity[2] weigh in favor of a continuance. For example:

- Dr. ▇▇'s medical opinion is that Mr. Ciminelli's ▇▇ treatment will cause significant physical and cognitive impairments that prevent him from preparing for trial;

- Dr. ▇▇ has instructed Mr. Ciminelli to spend his treatment and recovery in a hospital or at home, avoiding stress, travel, and exposure to others;

- No matter what accommodations the Court implements, Mr. Ciminelli cannot prepare for trial, testify, or otherwise participate in his defense during the recovery period; and,

---

[2] *See, e.g., United States v. Doran*, 328 F. Supp. 1261, 1263 (S.D.N.Y. 1971).



- The side effects of Mr. Ciminelli's treatment are only temporary, so the Court is not faced with the prospect of an indefinite adjournment.

Adjournment is especially appropriate here because it does not require the Court to order a severance that would otherwise be unwarranted. Indeed, the parties agree that there must be a severance in this case. (Docs. 194, 221, 233, 264.) The only severance-related question is how the defendants are apportioned into trial groups. Logic dictates, and the Constitution demands, that the Buffalo Defendants' group cannot be tried in October.[3]

If the Court would like us to make a formal motion for a continuance, we are happy to do so.

If you have any questions, please contact me.[4]

Respectfully yours,

Daniel C. Oliverio/TWH

Daniel C. Oliverio

DCO/nm
Attachs.
cc: All counsel of record *(via electronic mail)*

---

[3] We shared a draft copy of this letter, and its attachments, with the government before submitting it to the Court, and sought the government's position on our request. In response, the government explained that it takes "no position as to Louis Ciminelli's ability to stand trial beginning on October 30, 2017, rather than January 8, 2018," and "reiterate[d the government's] position, as set forth in [its] brief in opposition to the defendants' respective motions, that the Buffalo Defendants, Syracuse Defendants, and Alain Kaloyeros should be tried jointly on Counts One through Five (and a false statements charge) of the Superseding Indictment." Our objections to the government's proposed trial groups will be set forth in our reply brief in further support of the Buffalo Defendants' joint motion to sever.

[4] We ask that this letter and its attachments be partially redacted before the letter is publicly filed, in accord with the proposed redactions to the letter that have been transmitted to Chambers and consistent with the Court's prior direction on the types of information that should be redacted, via its guidance in the Order at docket number 260. An unredacted copy of the letter, along with the attachments, has been provided to all counsel of record.



5881 East Mayo Boulevard

Phoenix, Arizona   85054

June 21, 2017

**Division of** ▮▮▮▮▮

**Department of Internal Medicine**

RE: Louis Ciminelli
DOB: ▮▮▮▮▮

To Whom It May Concern:

This is to confirm that this is a patient of mine whom I am treating for ▮▮▮▮▮ ▮▮▮▮▮ to facilitate control of the disease ▮▮▮▮▮ He is currently on ▮▮▮▮▮ and will be undergoing ▮▮▮▮▮ in late June.  As a result, he will require a minimum of 100 days of recovery after ▮▮▮▮▮. ▮▮▮▮▮ hospitalized for 3 weeks and will be ▮▮▮▮▮. This is a very harsh process ▮▮▮▮▮ it will take over 3 months for his system to recover.  I will be caring for him, along with ▮▮▮▮▮, and we will be seeing him regularly (after discharge we see our patients twice weekly, then weekly) through November 2017 for constant clinical assessment.  At that point we would consider "releasing" him back to work. Prior to that time in November I would not want him to be under any timeline pressures, nor be expected to be preparing for a court case.

If you have any questions, please contact us at ▮▮▮▮▮.  We will be glad to answer any questions that you might have.

Sincerely,

▮▮▮▮▮

**Professor of Medicine, Mayo College of Medicine**
**Associate Dean, Mayo School of Graduate Medical Education**
**Deputy Director - Education, Mayo Clinic Cancer Center**
**Associate Medical Director, Department of Development**



5881 East Mayo Boulevard
Phoenix, Arizona   85054

June 21, 2017

Division of ████████████
Department of Internal Medicine

RE: Louis Ciminelli
DOB: ████████

To Whom It May Concern:

This is to confirm that this is a patient of mine whom I am treating for ████████ ████████. He is currently on ████████ and will be undergoing ████████ in late June.  As a result I do not want him to visit the probation office as ████████ ████████ and this would place him at ████████████. It would be much preferable if he could be monitored in a way that would not mandate visits in public places.

If you have any questions, please contact us at ████████  We will be glad to answer any questions that you might have.

Sincerely,

Professor of Medicine, Mayo College of Medicine
Associate Dean, Mayo School of Graduate Medical Education
Deputy Director - Education, Mayo Clinic Cancer Center
Associate Medical Director, Department of Development