UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
                                                         :
UNITED STATES OF AMERICA                                 :
                                                         :
       v.                                                :
                                                         :  Case No. 16-cr-00776 (VEC)
ALAIN KALOYEROS, et al.,                                 :
                                                         :
       Defendants.                                       :
                                                         :
---------------------------------------------------------x

# REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ALAIN KALOYEROS' MOTION TO COMPEL PRODUCTION OF *BRADY* MATERIALS

Michael C. Miller
Jeffrey A. Novack
Katherine M. Dubyak
David B. Hirsch
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, New York 10036
(212) 506-3900

*Counsel for Alain Kaloyeros*

Dated: July 21, 2017

Defendant Alain Kaloyeros ("Dr. Kaloyeros") respectfully submits this reply memorandum of law in further support of his motion to compel the Government to produce any exculpatory evidence falling within the purview of *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny (the "Motion").

I. **ARGUMENT**

Dr. Kaloyeros' opening brief in support of the Motion (the "Opening Brief" or "Opening Br.") (Dkt. No. 201) demonstrated that there was substantial reason to believe that the Government was failing to abide by its *Brady* obligations, and that extraordinary relief was warranted. The Government's June 30, 2017 omnibus opposition brief (the "Opposition Brief" or "Opp. Br.") (Dkt. No. 264) confirms this.

A. The Government Has Failed to Abide by Its *Brady* Obligations.

First, the Government's position as to what constitutes *Brady* is absurd. The Opening Brief explained that the Government appeared to be taking an unduly narrow view of *Brady* material. (Opening Br. at 7). Specifically, it recounted a meet-and-confer where the Government appeared to take the position that evidence reflecting that the terms of the requests for proposals ("RFP") at issue were meritorious, generic, and not tailored to any particular developer would not qualify as *Brady* material. (*Id.*). The Government has now affirmed this position in writing. (Opp. Br. at 157–58). It argues that such evidence has no "bearing on whether Kaloyeros and his co-conspirators chose those terms because they would favor a particular bidder." (Opp. Br. at 158). But, plainly, evidence that the terms at issue were appropriate and not tailored completely undercuts the Government's case against Dr. Kaloyeros—which rests on the allegation that he conspired with Todd Howe and others to rig the RFP terms in favor of the Buffalo and Syracuse Developers.

Second, the Opening Brief demonstrated that the Government had failed to produce exculpatory statements from Dr. Kaloyeros' alleged co-conspirators—Defendants Aiello and Gerardi—in which they denied the Government's allegations. (Opening Br. at 8). The Government has now produced these statements in response to the Motion, thereby tacitly acknowledging the *Brady* character of these materials—despite previously claiming on multiple occasions that it was not aware of <u>any</u> *Brady* material.

Third, the Opening Brief showed that the Government failed to produce any materials generated from attorney proffers received during its investigation. (Opening Brief at 9). Again, the Government has now tacitly acknowledged the existence and *Brady* character of these materials by producing the Defendants' attorney proffer notes. (Opp. Br. at 156). This, however, is still not sufficient, as Dr. Kaloyeros is entitled to <u>all</u> exculpatory attorney proffers, whether from the Defendants or other witnesses.

Fourth, the Opening Brief established that the Government has produced almost no exculpatory materials from its interviews of its cooperator, Todd Howe. (Opening Br. at 8). The Opening Brief posited that, given that Dr. Kaloyeros was not charged with bribery, Howe likely told the Government that Dr. Kaloyeros: (1) did not accept or pay any bribes; and (2) was unaware of any alleged bribery of Howe by any of the other defendants. (*Id*.). In response, the Government does not deny that Howe stated as much. Instead, it questions why this is exculpatory given that Dr. Kaloyeros is not charged with bribery. (Opp. Br. at 157). But: (1) Dr. Kaloyeros' lack of financial interest plainly undercuts his motivation to engage in fraud; and (2) his unawareness that Howe had any financial relationship with the Developers supports Dr. Kaloyeros' claim that he was acting in good faith when he worked to develop the RFPs at issue.

Fifth, the Opening Brief questioned the lack of any other *Brady* material generated from other witnesses given the factual record produced in discovery. (Opening Br. at 9). This evidence could include records showing that the RFPs were drafted and reviewed by FSMC staff, inside and outside counsel, and at least one board member. (*Id.*). The Government does not deny that witnesses have made statements on this topic and other topics identified in the Opening Brief as exculpatory. Statements on these topics should be produced immediately.

Finally, the Government's production of Defendants Aiello and Gerardi's interview memoranda highlights an additional deficiency in the Government's *Brady* practices. In opposing a separate motion alleging other Government misconduct, the Government proffered, consistent with allegations in the Complaint, that: (1) Defendants Aiello and Gerardi were interviewed on June 21, 2016; (2) prior to the interviews, the Government informed counsel for Defendants Aiello and Gerardi that it believed Mr. Aiello had lied during a prior FBI interview; and (3) during their interviews, the Government specifically challenged the credibility of their statements and "gave them the opportunity to reconsider." (Opp. Br. at 169). The problem with this proffer is that none of this is memorialized in the Government's interview memoranda. The Government thus admits that it failed to memorialize its own highly suggestive remarks during interviews of critical witnesses. These statements only came to light because revelation of them served the Government's purpose in drafting its Complaint and responding to accusations of misconduct. These types of statements, in which Defendants Aiello and Gerardi defended the RFP process in the face of significant Government pressure, plainly constitute *Brady* and/or *Giglio* material. It is alarming that the Government failed to memorialize them in at least two separate witness interviews.

B.  Extraordinary Relief Is Warranted.

The Court should not credit the Government's claim that it is unaware of any other *Brady* material. The Opposition Brief only reinforces this fact given the Government's: (1) affirmation of its absurd position on what constitutes *Brady* material; (2) tacit acknowledgment of the *Brady* character of the Aiello and Gerardi interviews and attorney proffers by defendants; (3) conspicuous lack of a denial that witnesses (including Howe) or attorneys have made statements that Dr. Kaloyeros views as exculpatory; and (4) apparent failure to accurately memorialize its interviews of Defendants Aiello and Gerardi.

Given these circumstances, merely ordering the Government to look again is not sufficient. The Court should instead exercise its inherent authority under Rule 16(d) of the Federal Rules of Criminal Procedure[1], and order the following relief:

- The Government should be required to articulate what criteria it is applying in deciding what constitutes *Brady* material—bland assurances that the Government understands its obligations under controlling case law are not sufficient.

- The Government should be compelled to immediately produce all statements by witnesses or their attorneys.

---

[1] The Opposition Brief questioned the basis for this type of order and suggested it ran afoul of the Jencks Act. (Opp. Br. at 155). Neither argument holds. First, this Court has broad authority to control disclosure of *Brady* material under its inherent authority and Rule 16(d) of the Federal Rules of Criminal Procedure. *See United States v. Perez*, 222 F. Supp. 2d 164, 166 (D. Conn. 2002) (recognizing inherent authority to control disclosure of *Brady* material); Fed. R. Crim. P. 16(d)(1) ("At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."). Second, this disclosure does not violate the Jencks Act. The Government's cited authority, *United States v. Coppa*, dealt with whether disclosure of statements that did not fall within *Brady/Giglio* were required to be disclosed pre-trial. *United States v. Coppa*, 267 F.3d 132, 145–46 (2d Cir. 2001). It specifically recognized that "witness statements that fall within the ambit of *Brady/Giglio* . . . may be required to be produced in advance of trial despite the Jencks Act." *Id.* at 146.

- The Government should be directed to promptly memorialize and disclose any unrecorded statements by witnesses or their attorneys.

- The Government should be ordered to produce a disclosure detailing all communications it has had with counsel and witnesses, whether those communications were memorialized, and its practices in this case with respect to the memorialization of potential *Brady* material, including material from attorney proffers.

## II.    CONCLUSION

For these reasons and those set forth in the Opening Brief, the Court should grant the Motion and order the relief requested above.

Respectfully submitted,

/s/ Michael C. Miller
Michael C. Miller
Jeffrey A. Novack
Katherine M. Dubyak
David B. Hirsch
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, New York 10036
(212) 506-3900

*Counsel for Alain Kaloyeros*

Dated:  July 21, 2017