UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
:
UNITED STATES OF AMERICA :
:
v. :
: Case No. 16-cr-00776 (VEC)
ALAIN KALOYEROS, et al., :
:
Defendants. :
:
---------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT ALAIN KALOYEROS'
MOTION TO DISMISS COUNT ONE DUE TO DUPLICITY**

Michael C. Miller
Jeffrey A. Novack
Katherine M. Dubyak
David B. Hirsch
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, New York 10036
(212) 506-3900

*Counsel for Alain Kaloyeros*

Dated: July 21, 2017

Defendant Alain Kaloyeros ("Dr. Kaloyeros") respectfully submits this reply memorandum of law in further support of his Motion to Dismiss Count One Due to Duplicity (the "Motion").

I. **INTRODUCTION**

Count 1 of the Indictment[1] fails to allege a single, unified wire fraud conspiracy. It delineates two separate sets of conduct: (1) an alleged conspiracy to rig a request for proposal ("RFP") for preferred developer status in Syracuse, New York; and (2) an alleged conspiracy to rig an RFP for the same status in Buffalo, New York. The Government attempts to merge the two conspiracies through a single allegation: that the Count 1 defendants "collaborated" to rig the RFPs. This allegation is not enough to join these two distinct alleged schemes because it does not show that the alleged schemes were dependent on each other, as required. The Court should therefore dismiss Count 1 as duplicitous.

II. **ARGUMENT**

A count is duplicitous when it combines two or more distinct crimes into one count and that combination results in prejudice to the defendant. Dr. Kaloyeros' Opening Brief in support of the Motion (the "Opening Brief" or "Opening Br.") (Dkt. No. 188) established that: (1) Count 1 combines two separate conspiracies because it fails to allege any mutual dependence between the two as required—a conclusion buttressed by the Government's own decision to charge the conspiracy set forth in Count 1 as two separate wire fraud counts in Counts 2 and 3; and (2) joining these two separate conspiracies in a single count is highly prejudicial. The Government's June 30, 2017 omnibus opposition brief (the "Opposition Brief" or "Opp. Br.")

---

[1] References to the "Indictment" refer to the Superseding Indictment filed on May 11, 2017.

(Dkt. No. 264) does not dispute the prejudicial nature of joining these two separate conspiracies. Instead, it makes two arguments in support of its claim that only one conspiracy is charged.[2]

First, while the Government does not dispute that mutual dependence is required, it claims that mutual dependence has been alleged through the Indictment's conclusory allegation that the Syracuse and Buffalo Defendants "exchang[ed] through Howe ideas for potential qualifications." (Opp. Br. at 81). It argues that this sentence establishes that "the charged defendants not only agreed to a common plan to defraud Fort Schuyler, but also provided each other with assistance." (*Id.*). This allegation, however, is insufficient because it does not show that the two groups "share[d] a common goal and depend[ed] upon" each other, as required. *United States v. Berger*, 224 F.3d 107, 115 (2d Cir. 2000); *see also United States v. Taggert*, No. 09 CR. 984 (BSJ), 2010 WL 532530, at *1 (S.D.N.Y. Feb. 11, 2010) (requiring that there be "reason to believe that [defendants'] benefits derived from the operation were probably dependent upon the success of the entire venture.") (citation omitted).[3]

Second, the Government argues that its decision to separate the Syracuse and Buffalo RFPs in Counts 2 and 3 is not significant. (Opp. Br. at 81). It cites a series of cases that allow prosecutors to combine acts that could be charged in separate counts "if those acts could be characterized as part of a single continuing scheme." (*Id.* (quoting *United States v. Aracri*, 968 F.2d 1512, 1518 (2d Cir. 1992))). This is a non-sequitur. There is no dispute that the

---

[2] The Government also contends that the existence of multiple conspiracies is a jury question if the Indictment sufficiently alleges a single conspiracy on its face. (Opp. Br. at 79). Dr. Kaloyeros does not dispute this point. The Indictment here, however, fails to allege a single conspiracy on its face.

[3] *See also United States v. Geibel*, 369 F.3d 682, 692 (2d Cir. 2004) (concluding that no single conspiracy existed because defendants received only "trivial" benefits from their participation in an insider trading scheme).

Government can combine separate counts if they are part of a single scheme. Nor is there any dispute that the Government may charge a defendant with conspiracy even if he did not commit a substantive offense. What the Government *cannot* do is combine wholly separate alleged conspiracies into a single charge through a vague allegation that they "exchanged ideas." The fact that the Government neatly split the Syracuse and Buffalo RFPs into two substantive wire fraud counts is therefore significant. *See United States v. Munoz-Franco*, 986 F. Supp. 70, 72 (D.P.R. 1997) ("A simple reading of the allegations of the indictment shows that these were two separate conspiracies which did not merge.").

Accordingly, Count 1 of the Indictment is duplicitous.

### III. CONCLUSION

For these reasons and those set forth in the Opening Brief, the Court should Dismiss Count 1 of the Indictment.

Respectfully submitted,

/s/ Michael C. Miller
Michael C. Miller
Jeffrey A. Novack
Katherine M. Dubyak
David B. Hirsch
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, New York 10036
(212) 506-3900

*Counsel for Alain Kaloyeros*

Dated: July 21, 2017