# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
:
UNITED STATES OF AMERICA          :
:
v.                      :
:     Case No. 16-cr-00776 (VEC)
ALAIN KALOYEROS, et al.,       :
:
Defendants.          :
:
-------------------------------------------------------x


## REPLY MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT ALAIN KALOYEROS'
## <u>MOTION TO DISMISS FOR LACK OF VENUE OR, ALTERNATIVELY, TRANSFER</u>

Michael C. Miller
Jeffrey A. Novack
Katherine M. Dubyak
David B. Hirsch
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, New York 10036
(212) 506-3900

*Counsel for Alain Kaloyeros*

Dated: July 21, 2017

Defendant Alain Kaloyeros ("Dr. Kaloyeros") respectfully submits this reply memorandum of law in further support of his Motion to Dismiss for Lack of Venue, or Alternatively, Transfer (the "Motion").

## I. ARGUMENT

Dr. Kaloyeros' opening brief in support of the Motion (the "Opening Brief" or "Opening Br.") (Dkt. No. 206) demonstrated that: (1) dismissal of the Indictment[1] is appropriate because the Indictment fails to allege facts sufficient to support venue in the Southern District of New York; and (2) alternatively, transfer to the Western District of New York is appropriate under Federal Rule of Criminal Procedure 21(b). The Government disputes both propositions. Its arguments should be rejected.

### A. Dismissal of the Indictment for Lack of Venue Is Appropriate.

The Government's June 30, 2017 omnibus opposition brief (the "Opposition Brief" or "Opp. Br.") (Dkt. No. 264) makes two arguments in support of the Government's claim that venue in the Southern District is proper. First, it argues that its conclusory allegation that the charged crimes "occurred in the Southern District of New York and elsewhere" is sufficient to establish venue. (Opp. Br. at 105–06). Second, the Government argues that, even if this were insufficient, its allegation that the Buffalo Defendants, the Syracuse Defendants, Todd Howe, and Dr. Kaloyeros "exchanged interstate emails and telephone calls with individuals located in Manhattan New York, including among others, the assistant secretary for economic development and employees of ESD" supports venue. (Opp. Br. at 106 (quoting Ind. ¶ 26, at 13)). Neither allegation is sufficient.

---

[1] References to the "Indictment" refer to the Superseding Indictment filed May 11, 2017.

First, the Indictment's conclusory assertions do not provide adequate support for venue. The Opening Brief demonstrated, and the Government does not dispute, that the Government's venue theory would render meaningless the constitutional and statutory mandate that a defendant is entitled to be tried in the district in which the alleged offense was committed. (Opening Br. at 5). If the magic words "in the Southern District of New York and elsewhere" were sufficient to establish venue, the Government could make this same conclusory allegation in nearly any case. For that reason, courts instead have appropriately required that the government "allege with specificity that the charged acts support venue in this district." *United States v. Canale*, No. 14 CR. 713 (KBF), 2015 WL 3767147, at *2 (S.D.N.Y. June 17, 2015) (citation omitted). The Indictment's conclusory assertion does not meet this standard.

Second, the Indictment's more specific venue-related allegation does not remedy this problem. The Opening Brief demonstrated that for wire fraud charges like those at issue here, the use of wires must be "part of the charged offense[s]" and not tangential to it. (Opening Br. at 5 (citing *United States v. Ramirez*, 420 F.3d 134, 143–45, *addt'l op.*, 146 F. App'x 518 (2d Cir. 2005))). Specifically, it established that the Government's more specific venue allegation suffers from two fatal flaws: (1) it does not allege that the communications occurred while the Assistant Secretary or Empire State Development Corporation ("ESDC") employees were present in the Southern District; and (2) neither the Assistant Secretary nor the ESDC employees are alleged to have had any involvement in the allegations concerning Dr. Kaloyeros. (*Id.*).

The Government does not dispute that it has failed to allege that the communications actually occurred while one of the parties was in the Southern District. Nor does it dispute the attenuated connection between these purported communications and the charged conduct. These alleged wires are thus not "part of the charged offense" and are too tangential to support venue in

the Southern District of New York. *Ramirez,* 420 F.3d at 144. *See also United States v. Bezmalinovic*, 962 F. Supp. 435, 437 (S.D.N.Y. 1997) (holding that acts alleged in the Southern District did not support venue because they were too "ministerial" and were not "intended or foreseen by defendant").

Thus, the Indictment should be dismissed for lack of venue.

B.      In the Alternative, Transfer to the Western District of New York Is Appropriate.

If this matter is not dismissed, transfer to the Western District of New York would be in the interests of justice. The Opposition Brief reinforces the fact that the core of the conduct at issue occurred outside of the Southern District of New York, in the Western District of New York and elsewhere. (Opp. Br. at 109). For these reasons, and those stated in the Buffalo Defendants' Motion to Transfer (Dkt. No. 91), transfer to the Western District of New York is appropriate.

## II.    <u>CONCLUSION</u>

For these reasons, and those stated in the Opening Brief, the Indictment should be dismissed for lack of venue.  If it is not dismissed, the case against Dr. Kaloyeros should be transferred to the Western District of New York.

Respectfully submitted,


 /s/ Michael C. Miller
Michael C. Miller
Jeffrey A. Novack
Katherine M. Dubyak
David B. Hirsch
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, New York 10036
(212) 506-3900

*Counsel for Alain Kaloyeros*

Dated: July 21, 2017