UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
                                                         :
UNITED STATES OF AMERICA                                 :
                                                         :
         v.                                              :
                                                         :   Case No. 16-cr-00776 (VEC)
ALAIN KALOYEROS, et al.,                                 :
                                                         :
         Defendants.                                     :
                                                         :
---------------------------------------------------------x

# REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ALAIN KALOYEROS' MOTION FOR SEVERANCE

Michael C. Miller
Jeffrey A. Novack
Katherine M. Dubyak
David B. Hirsch
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, New York 10036
(212) 506-3900

*Counsel for Alain Kaloyeros*

Dated: July 21, 2017

Defendant Alain Kaloyeros ("Dr. Kaloyeros") respectfully submits this reply memorandum of law in further support of his Motion for Severance (the "Motion").

I. **ARGUMENT**

By the Government's own admission, the Indictment alleges <u>at least</u> two distinct sets of conduct: conduct related to alleged RFP bid rigging and conduct related to alleged bribery of Defendant Percoco. Dr. Kaloyeros' opening brief in support of the Motion (the "Opening Brief" or "Opening Br.") (Dkt. No. 195) established that:

- Dr. Kaloyeros—who is not alleged to have had any involvement in the non-RFP related conduct—is improperly joined under Rule 8 with that conduct because joinder of multiple defendants requires either a common scheme or a substantial identity of facts and participants. (Opening Br. at 6–8). Here, the Indictment alleges neither.

- In addition, discretionary severance of Dr. Kaloyeros under Rule 14 from all Defendants besides Defendants Ciminelli, Laipple, and Schuler (the "Buffalo Defendants") is warranted. (Opening Br. at 8–12).

The Government's June 30, 2017 omnibus opposition brief's (the "Opposition Brief" or "Opp. Br.") (Dkt. No. 264) principal response is a request that the Court exercise its discretion to sever the RFP-related allegations from the bribery-related allegations. (Opp. Br. at 98). But this is insufficient for two reasons. First, the Indictment continues to suffer from misjoinder. Second, the same factors that support the Government's requested discretionary severance support the severance proposed by Dr. Kaloyeros.

A. <u>The Indictment Misjoins Dr. Kaloyeros With Non-RFP Related Conduct.</u>

The Opposition Brief offers nominal argument in support of the joinder of Dr. Kaloyeros with the non-RFP related conduct. It claims that joinder is supported by a substantial identity of facts and participants based on Defendant Aiello and Gerardi's (the "Syracuse Defendants")

presence and participation in both the RFP and non-RFP related conduct. (Opp. Br. at 98–99). It is not.

The Opening Brief showed that there is no substantial identity of participants, as required to support joinder, where "commission of one of the offenses neither depended upon nor necessarily led to the commission of the other and proof of the one act neither constituted nor depended upon proof of the other." (Opening Br. at 4 (citing *United States v. Rajaratnam*, 753 F. Supp. 2d 299, 304 (S.D.N.Y. 2010))). Here, while the Government identifies some common participants and facts that it claims "straddle both" purported schemes (Opp. Br. at 98), it cites no facts that show that one scheme depended on the other, as required. Indeed, it concedes that Dr. Kaloyeros and the Buffalo Defendants "had no knowledge or awareness" of the non-RFP related conduct—nor did Defendants Percoco and Kelly have any "knowledge or awareness" of the RFP-related conduct. (Opp. Br. at 100).

Accordingly, Dr. Kaloyeros is misjoined with the non-RFP related charges.

B. Discretionary Severance of Dr. Kaloyeros and the Buffalo Defendants from the Remaining Defendants Is Warranted.

The Government argues for a discretionary severance under Rule 14 in which the Buffalo Defendants, the Syracuse Defendants, and Dr. Kaloyeros would be tried together in a six-defendant case. (Opp. Br. at 87–93, 98–102). And the Court has now entered an order consistent with the Government's proposal. (Dkt. No. 279). But the same factors that support the Government's proposed severance militate in favor of a four-defendant case involving only Dr. Kaloyeros and the Buffalo Defendants.

First, the complexity of the Indictment and the number of co-defendants warrant Dr. Kaloyeros' proposed severance. Dr. Kaloyeros' proposal would further reduce the case from

six defendants to four. It would also reduce the number of counts and legal theories at issue. The Government proposes a six-count case that includes the prosecution of the Syracuse Defendants for false statements under 18 U.S.C. § 1001. But Dr. Kaloyeros' proposal would eliminate two counts that solely charge the Syracuse Defendants, resulting in four counts. It would also eliminate any charge based on 18 U.S.C. § 1001 because only the Syracuse Defendants are charged under that theory.

Second, the anticipated length of trial militates in favor of Dr. Kaloyeros' severance proposal. A six-defendant trial would likely increase the number of objections and unique evidentiary issues. Effective coordination to ensure an efficient trial is challenging enough with four different sets of attorneys, and the Government's proposal would add an additional two sets of attorneys to the mix.

Third, there is still substantial risk of spillover prejudice under the Government's proposal. While the Government asserts that its proposal "would eliminate the risk of spillover prejudice" (Opp. Br. at 105), it has made no promise that it will not seek to introduce non-RFP related evidence in the RFP trial. For example, the Government has not proffered that it will not seek to introduce purported false statements related to the non-RFP conduct by the Syracuse Defendants if they choose to testify. Similarly, the Government has not proffered that it will not seek to introduce the non-RFP related conduct as part of its own direct examination of the offenses for which Todd Howe, its cooperator, has pled guilty.

Accordingly, the Court should sever the case as requested by Dr. Kaloyeros.

## II. CONCLUSION

For these reasons and those set forth in the Opening Brief, the Court should grant severance of: (1) Counts 1–5 from Counts 6–15 (in full or in part); and (2) Dr. Kaloyeros and the Buffalo Defendants from the remaining Defendants.

Respectfully submitted,

 /s/ Michael C. Miller
Michael C. Miller
Jeffrey A. Novack
Katherine M. Dubyak
David B. Hirsch
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, New York 10036
(212) 506-3900

*Counsel for Alain Kaloyeros*

Dated: July 21, 2017