UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    - v. -

JOSEPH PERCOCO,
a/k/a "Herb,"
ALAIN KALOYEROS,
a/k/a "Dr. K.,"
PETER GALBRAITH KELLY, JR.,
a/k/a "Braith,"
STEVEN AIELLO,
JOSEPH GERARDI,
LOUIS CIMINELLI,
MICHAEL LAIPPLE, and
KEVIN SCHULER,

                Defendants.

No. S1 16 Cr. 776 (VEC)

**Oral Argument Requested**

---

# Reply Memorandum of Law in Support of Defendant Joseph Percoco's Motion to Compel Production of *Brady* Materials

SCHULTE ROTH & ZABEL LLP

Barry A. Bohrer
Michael L. Yaeger
Andrew D. Gladstein
Abigail F. Coster

919 Third Ave
New York, New York 10022
(212) 756-2000

*Counsel for Joseph Percoco*

Defendant Joseph Percoco respectfully submits this reply memorandum of law in support of his motion to compel the government to produce any exculpatory evidence falling within the purview of *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny.

**ARGUMENT**

Our opening brief demonstrated why the government should be compelled to furnish *all information* relating to any instance in which one of the "certain State officials" referenced in the Superseding Indictment denied that Percoco exerted pressure or advised them to take official action. That motion was made necessary only because the government stubbornly refused both in correspondence and during meet-and-confers to concede that the material sought by our limited request was classic *Brady* material.

In its opposition brief, the government now seems to admit that if it has any "statements by individuals" referenced in the charging documents "in which those individuals deny" that Percoco pressured or advised them, such statements *would* constitute *Brady*. (Gov't Br. 154.) The government also represents that it is "not aware of any such statements." (*Id.*) But the government's careful limitation of the information requested in Percoco's motion—to "statements by individuals" only—leaves open the possibility that the government is improperly withholding other critical *Brady* evidence, such as information provided to the government through an attorney proffer. Such information is still clearly covered under *Brady*. *See United States v. Triumph Capital Grp., Inc.*, 544 F.3d 149, 157 (2d Cir. 2008). Accordingly, the government's limited representation in its opposition brief, whether strategic or not, is insufficient to warrant the denial of Percoco's motion that the government seeks. This Court should order without limitation that *all* information relating to Percoco's *Brady* request be disclosed, including information provided to the government through an attorney proffer.

1

## CONCLUSION

For the reasons given above, the Court should order the government to disclose, to the extent it is aware, any instance in which a State official has denied being pressured or advised by Percoco.

Dated: New York, New York
      July 21, 2017

SCHULTE ROTH & ZABEL LLP

By:   /s/ Barry A. Bohrer
      Barry A. Bohrer
      Michael L. Yaeger
      Andrew D. Gladstein
      Abigail F. Coster

      919 Third Avenue
      New York, NY 10022
      Telephone: 212.756.2000

*Attorneys for Joseph Percoco*