UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

       -Against-

JOSEPH PERCOCO,
a/k/a "Herb,"
ALAIN KALOYEROS,
a/k/a "Dr. K,"
PETER GALBRAITH KELLY, JR.,
a/k/a "Braith,"
STEVEN AIELLO,
JOSEPH GERARDI,
LOUIS CIMINELLI,
MICHAEL LAIPPLE, and
KEVIN SCHULER,

                Defendants.

No. S1 16-CR-776 (VEC)

**Oral Argument Requested**

# Reply Memorandum of Law in Support of Joseph Percoco's Motion for a Bill of Particulars

SCHULTE ROTH & ZABEL LLP

Barry A. Bohrer
Michael L. Yaeger
Andrew D. Gladstein
Abigail F. Coster

919 Third Avenue
New York, NY 10022
Telephone: 212.756.2000

*Attorneys for Joseph Percoco*

# TABLE OF CONTENTS

                                                                                                  **Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT .................................................................................................................................1

I.      Neither the Charging Documents Nor the Voluminous Discovery Apprise Percoco of the Basic Particulars He Seeks ..........................................................................................1

          A.      Percoco must be informed of *who* he allegedly pressured or advised. ...................2

          B.      There is no clear limit to the alleged time period. ....................................................4

          C.      Percoco must be advised what duties he owed. .......................................................5

          D.      Disclosure of unindicted co-conspirators should be required. ................................5

II.     Percoco Joins in the Motions for Bills of Particulars and *Brady* Materials Filed by Co-Defendants Kelly, Aiello, and Gerardi ........................................................................8

CONCLUSION ..............................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**                                                                                                       **Page(s)**

*McDonnell v. United States,*
    136 S. Ct. 2355 (2016) ...............................................................................................5

*United States v. Amendolara*,
    No. 01 CR. 694 (DAB), 2002 WL 31368279 (S.D.N.Y. Oct. 21, 2002) .....................7

*United States v. Barnes*,
    158 F.3d 662 (2d Cir. 1998) .....................................................................................6

*United States v. Costen*,
    No. 95 Cr. 517 (LMM), 1996 WL 137483, at *2 (S.D.N.Y. Mar. 27, 1996)..........................2

*United States v. Espy*,
    989 F. Supp. 17 (D.D.C. 1997),
    *rev'd on other grounds*,
    145 F.3d 1369 (D.C. Cir. 1998) ................................................................................3

*United States v. Kahale,*
    789 F.Supp.2d 359 (E.D.N.Y. 2009)......................................................................6, 7

*United States v. Mandell*,
    710 F. Supp. 2d 368 (S.D.N.Y 2010) ........................................................................3

*United States v. Nachamie*,
    91 F. Supp. 2d 565 (S.D.N.Y. 2000) ......................................................................5, 7

*United States v. Rittweger*,
    259 F. Supp. 2d 275 (S.D.N.Y 2003) ........................................................................7

*United States v. Savin*,
    No. 00 Cr. 45 (RWS), 2001 WL 243533 (S.D.N.Y. March 7, 2001) ......................7

*United States v. Silver*,
    203 F. Supp. 3d 370 (S.D.N.Y 2016) ........................................................................5

*United States v. Skelos*,
    No. 15 Cr. 217 (KMW), 2015 WL 6159326 (S.D.N.Y. Oct. 20, 2015)....................4

**Rules of Procedure**

Fed. R. Crim. P. 7(f)........................................................................................................1

**Other Authorities**

Government's Opposition to Defendant Mathew Martoma's Motion for a Bill of Particulars,
*United States v. Martoma*,
No. 12 Cr. 973 (PGG), 2013 WL 5404869 (S.D.N.Y. May 13, 2013) ...................................8

Government's Response to Pretrial Motions of Defendants Mark Mazer, Dimitry Aronshtein,
and Gerard Denault, *United States v. Mazer*,
No. 1:11-cr-00121-GBD, 2013 WL 8717846 (S.D.N.Y June 24, 2013) ...............................8

Indictment, *United States v. Mandell*,
No. 09CR00662, 2010 WL 6538873 (S.D.N.Y. Dec. 14, 2010) ............................................4

Indictment, *United States v. Silver*,
No. S1 15 Cr. 093 (VEC), 2015 WL 1952465 (S.D.N.Y. Apr. 23, 2015) ..............................4

Indictment, *United States v. Skelos*,
No. S1 15 Cr. 317 (KMW), 2015 WL 9918205 (S.D.N.Y. July 21, 2015) .............................4

Joseph Percoco respectfully submits this reply memorandum of law in support of his motion for a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f).

## PRELIMINARY STATEMENT

Joseph Percoco is charged with pressuring or advising "certain other State officials," yet the government refuses to identify who those officials are. Instead, it responds to our limited and specific requests with ritual incantations on the length of its charging documents and the volume of its discovery. The government's silence on this issue bespeaks just how lame its position is. There is no legally adequate justification for withholding from Percoco the most basic elements of the charges against him. At a bare minimum, the government should be required to disclose to Percoco *who* he is accused of pressuring or advising. It should also be required to disclose when those official acts were taken, the duties Percoco owed to New York State during the 7 ½ months when he was not a State official, and the identities of the individuals whom the government considers unindicted coconspirators.

## ARGUMENT

### I. Neither the Charging Documents Nor the Voluminous Discovery Apprise Percoco of the Basic Particulars He Seeks

The government does not mention any of Percoco's specific requests, let alone address them. Instead, the government merely states that its Indictment and prior Complaint[1] "are far more than sufficient to put the defendants on notice of the nature and specifics of the crimes of which they are accused." (Gov't Br. 140.)[2] It claims that it has "provided significant guidance to help the defendants sort and understand the evidence." (*Id.* at 140-41.) And it attacks

---

[1] The allegations herein are drawn from the May 11, 2017 Superseding Indictment, ECF No. 162 ("S1" or the "Indictment") and the September 20, 2016 Sealed Complaint ("Compl." or the "Complaint").

[2] Percoco's opening brief, ECF No. 199, is cited herein as "Opening Br." The government's omnibus opposition brief, ECF No. 264, is cited as "Gov't Br." Citations in the form "Bohrer Decl. Ex. _" refer to exhibits to the Declaration of Barry A. Bohrer in Support of Percoco's Motion for a Bill of Particulars, ECF No. 202.

1

defendants' motions as an "attempt to require the Government to provide a description of its case-in-chief and its legal theories." (*Id.* at 146.)

All of these arguments are unfounded. *First*, the government does not point to a single allegation in any charging document that renders even one of Percoco's requests unwarranted. *Second*, the government has refused at every turn to provide any real clarity on the charges, and its incredible claim to have provided "significant guidance" to the defendants is belied by the correspondence in the government's own Exhibit A, which reflects the government's repeated refusals to provide any meaningful response to defendants' inquiries. And *third*, the government's argument that the requested particulars are tantamount to "an attempt to require the Government to provide a description of its case-in-chief" (Gov't Br. 146) is made possible only by ignoring what those requests are. Tellingly, in support of this argument, the government cites to examples of requests made by every single defendant *except Percoco*. (*See id.* (quoting requests made by Kaloyeros, the Buffalo Defendants, the Syracuse Defendants, and Kelly).)[3] As the government is unable to provide even a single example demonstrating that Percoco's requests seek anything more than information that is fundamental to the charges against him—information that is needed to mount a defense and avoid unfair surprise at trial—the government should be ordered to produce Percoco's requested bill of particulars.

### A. Percoco must be informed of *who* he allegedly pressured or advised.

Percoco cannot adequately prepare to defend himself at a trial centered on the allegation that he pressured or advised others without knowing *who* those others are. "[T]he basis of the government's allegations that the defendant solicited and received things of value" in exchange

---

[3] *Cf. United States v. Costen*, No. 95 Cr. 517 (LMM), 1996 WL 137483, at *2 (S.D.N.Y. Mar. 27, 1996) (granting a request in a defendant's motion for a bill of particulars because the "[t]he Government's Memorandum of Law in Opposition to the Pretrial Motions … d[id] not specifically address this Request").

2

for "official acts" is "necessary to avoid unfair surprise at trial and is needed for the defendant to prepare a defense." *United States v. Espy*, 989 F. Supp. 17, 34 (D.D.C. 1997) (granting defendant's motion for a bill of particulars that sought from the government the conduct, date, place and substance of each official act referred to in the indictment), *rev'd on other grounds*, 145 F.3d 1369 (D.C. Cir. 1998). In this case, the government alleges that Percoco performed the official acts at issue, and that those acts consisted of "exert[ing] pressure on and provid[ing] advice to certain other state officials." (S1 ¶¶ 31(a)-(b), 35(a)-(c).) Accordingly, "the basis of the government's allegations that the defendant solicited and received things of value [in exchange for] official acts," *Espy*, 989 F. Supp. at 34, includes the identities of the officials who Percoco allegedly pressured and advised.

The government provides no justification for leaving Percoco in the dark on this critical issue. Instead, it asserts that each of the defendants' motions for particulars, like those of the defendants in *United States v. Mandell*, 710 F. Supp. 2d 368 (S.D.N.Y. 2010), should be denied because the charging instruments "provide a roadmap to the defendants" to "understand the nature and circumstances of the charged conduct." (Gov't Br. 141 (citing *Mandell*, 710 F. Supp. 2d at 385.) However, the government's citation to *Mandell* provides a sharp contrast to the case at bar and underscores the inadequacy of the allegations that Percoco faces. In *Mandell*, the defendants were charged with securities fraud and moved for a bill of particulars to provide "the specific content of the alleged misrepresentations made to investors." *Mandell*, 710 F. Supp. 2d at 384. The court denied that motion because "[t]he Indictment catalog[ued] a number of falsehoods and omissions with great specificity." *Id.* at 385. For example, the indictment alleged that the investment materials at issue falsely stated that a defendant "would not be engaged" in various specifically identified activities, even though he "was in fact engaged in

3

such activities," and that defendants lied to the investors—the identities of whom were well known to defendants—about the business purposes for the misappropriated funds. Indictment at ¶ 23, *United States v. Mandell*, No. 09CR00662, 2010 WL 6538873 (S.D.N.Y. Dec. 14, 2010). In other words, the allegations in *Mandell* provided exactly what is missing here: unambiguous identification of the specific actions purporting to constitute the alleged criminal conduct. Here, by contrast, the blanket generalizations about pressure or advice provided to "certain other State officials" do not approach the specificity of the allegations in the *Mandell* indictment. (*See* S1 ¶¶ 31(a)-(b), 35(a)-(c).)

The government also points to the court's refusal to grant a bill of particulars in *United States v. Skelos*, No. 15 Cr. 317 (KMW), 2015 WL 6159326, at *13 (S.D.N.Y. Oct. 20, 2015) (*see* Gov't Br. 142), but this precedent, too, is inapposite. The indictment against Dean Skelos clearly defined the alleged *quo*, and it did not charge Skelos with pressuring or advising others. *See* Indictment at ¶ 27(a)-(h), *United States v. Skelos*, No. S1 15 Cr. 317 (KMW), 2015 WL 9918205 (S.D.N.Y. July 21, 2015); *see also* Indictment at ¶ 23, *United States v. Silver*, No. S1 15 Cr. 093 (VEC), 2015 WL 1952465 (S.D.N.Y. Apr. 23, 2015) (same). This far exceeds the general and conclusory allegations here that Percoco pressured "certain other[s]" who are unidentified and unknown to him. (S1 ¶¶ 31(a)-(b), 35(a)-(c).)

### B. There is no clear limit to the alleged time period.

For similar reasons, in addition to providing the names of the State officials Percoco pressured or advised, the government should also be required to articulate a relevant time period. As explained in our opening brief, the government's use of "at least" to define the years-long time period in which the conduct allegedly occurred makes that time period unbounded. (*See* Opening Br. 7-8.) Without a clear limit on the time period at issue, Percoco's burden of review,

4

and the likelihood of unfair surprise at trial, is increased dramatically. In its opposition, the government offers no response.

### C. Percoco must be advised what duties he owed.

The government should also be required to clarify what duties Percoco owed to the State during his tenure as Executive Deputy Secretary to the Governor, as well as for the portion of 2014 when he left State employment. (*See* S1 ¶ 4.) In response to this request, the government, by letter dated April 10, 2017, referred Percoco to several paragraphs of the Indictment alleging that Percoco spoke for the Governor "on a broad array of substantive and administrative matters," and that during the reelection campaign, he "continued to function in a senior advisory and supervisory role with regard to the Governor's Office." (*See* Bohrer Decl. Ex. 5; S1 ¶¶ 3-4; *see also* Compl. ¶¶ 26(a), (c).)

These paragraphs of the Indictment do not apprise Percoco of either the official duties he allegedly owed or the official authority he allegedly held. This omission is particularly critical given the Supreme Court's holding in *McDonnell v. United States*, 136 S. Ct. 2355 (2016). As this Court has recognized, the Supreme Court identified a "question or matter" in *McDonnell* in a way that turns on whether it was "within the specific duties of an official's position." *United States v. Silver*, 203 F. Supp. 3d 370, 379 n.10 (S.D.N.Y. 2016) (citing *McDonnell*, 136 S. Ct. at 2359). Accordingly, Percoco's duties determine whether certain actions qualify as the "advice" necessary to form the basis of the charges. *See McDonnell,* 136 S. Ct. at 2370-71 (citing *United States v. Birdsall*, 233 U.S. 223 (1914)).

### D. Disclosure of unindicted co-conspirators should be required.

Courts in this circuit examine six factors to determine whether pre-trial disclosure of unindicted co-conspirators is warranted. *See United States v. Nachamie,* 91 F. Supp. 2d 565, 572-73 (S.D.N.Y. 2000). In its backhanded dismissal of Percoco's request, the government does

5

not dispute that five of these factors support disclosure. Specifically, the government does not dispute that the number of co-conspirators, the duration and breadth of the alleged conspiracy, the volume of pretrial discovery, the danger to co-conspirators, and the potential harm to the government investigation all weigh heavily in favor of Percoco. (*See* Opening Br. 10-15.) Rather, as with Percoco's other requests, the government's lone argument in its opposition is that the charging instruments provide Percoco with all the information to which he is entitled. That argument is unpersuasive.

First, while the government relies heavily on the charging instruments in this case, not one of those documents provide any clue from which to discern the unindicted individuals whom the government believes to have participated in the alleged conspiracies. *Cf. United States v. Kahale*, 789 F.Supp.2d 359, 372-73 (E.D.N.Y. 2009) (requiring disclosure of unindicted co-conspirators even where government had "provided significant detail to the defendants" because "defendants must be able to ascertain which primary actors they are accused of having conspired with," particularly in the context of "an alleged conspiracy spanning a large number of years and involving an unknown number of co-conspirators"). Nor does the fact that the bill of particulars may disclose the government's theories or evidence provide a basis for denying Percoco's requested relief. *See United States v. Barnes*, 158 F.3d 662, 665 (2d Cir. 1998) ("[I]f necessary to give the defendant enough information about the charge to prepare his defense, [a bill of particulars] will be required even if the effect is disclosure of [the government's] evidence or theories.") (quotation marks omitted).

Here, the charging instruments and discovery provide Percoco with not even the faintest clue as to who the government believes to be an unindicted co-conspirator. The allegations against Percoco implicate numerous State agencies involved in economic development,

6

environmental conservation, transportation and energy, as well as various private and public companies interacting with those state agencies. As reflected in the massive number of emails produced, Percoco's role as Executive Deputy Secretary saw him regularly interacting with scores of employees of these agencies, organizations, and companies.

In such circumstances, when the "acts which form the basis of the charges may outwardly appear to be legitimate business communications," courts have not hesitated to order disclosure of unindicted co-conspirators. *See Kahale*, 789 F. Supp. 2d at 373; *see also United States v. Savin*, No. 00 Cr. 45 (RWS), 2001 WL 243533, at *3-4 (S.D.N.Y. March 7, 2001) (requiring disclosure where government alleged that the defendants had participated in a fraud involving a number of transactions); *Nachamie*, 91 F. Supp. 2d at 573-74 (requiring government to identify unindicted co-conspirator who purportedly participated in the submission of fraudulent Medicare claims). Each of these cases involved acts that, without guidance as to the government's theory, seemed legitimate. Here too, where the allegedly corrupt acts appear innocent on their face, the government should be required to provide Percoco with detail as to any and all unindicted co-conspirators so that he can determine which official acts will be at issue at trial.

The authority relied on by the government, on the other hand, involves situations in which the identity of the allegedly criminal acts and their participants was plain and knowable to the defendants from the charging instruments and the discovery. (*See* (Gov't Br. 144 (citing *United States v. Rittweger,* 259 F. Supp. 2d 275, 292 (S.D.N.Y. 2003) (indictment described the conduct of the alleged co-conspirators) and *United States v. Amendolara*, No. 01 CR. 694 (DAB), 2002 WL 31368279, at *1 (S.D.N.Y. Oct. 21, 2002) (indictment described a specific meeting at which certain unindicted co-conspirators were present).)

Second, the government's obstinate refusal to identify unindicted co-conspirators is disingenuous given the fact that that government has agreed to make such disclosure in recent

7

cases involving simpler charges. *See* Government's Opposition to Defendant Mathew Martoma's Motion for a Bill of Particulars at 13-14 (Sec. C), *United States v. Martoma*, No. 12 Cr. 973 (PGG), 2013 WL 5404869 (S.D.N.Y. May 13, 2013); *see also* Government's Response to Pretrial Motions of Defendants Mark Mazer, Dimitry Aronshtein, and Gerard Denault at 51-53 (Sec. VII), *United States v. Mazer,* No. 1:11-cr-00121-GBD, 2013 WL 8717846 (S.D.N.Y. June 24, 2013) (government consented to disclose unindicted co-conspirators the week before oral argument on defendants' motions was to be held). In both of these cases, the government agreed to voluntarily identify all known co-conspirators before trial. The government agreed to this disclosure despite the fact that, in each instance, it had: (i) filed lengthy complaints; (ii) directed defense counsel to relevant records concerning the alleged fraud; and (iii) specifically identified the portion of the transactions that the government alleged to have been fraudulent. Thus, in cases involving far fewer defendants, and in which it had already provided more guidance to the defense than it has done in this case, the government volunteered the identities of unindicted co-conspirators. There is simply no principled reason for the government to take such a drastically inconsistent position here. If the government intends to assert that other individuals besides those indicted or already identified played a role in the alleged conspiracy, then it should not be permitted to withhold that information and ambush Percoco at trial.

## II. Percoco Joins in the Motions for Bills of Particulars and *Brady* Material Filed by Co-Defendants Kelly, Aiello, and Gerardi

Mr. Percoco joins and adopts the arguments set forth in the Motions for a Bill of Particulars and *Brady* material filed by defendants Kelly, Aiello, and Gerardi.

## CONCLUSION

For the aforementioned reasons, Percoco respectfully submits that the Court should enter an Order requiring the government to provide the requested bill of particulars.

Respectfully submitted,

Dated: New York, New York
       July 21, 2017

SCHULTE ROTH & ZABEL LLP

By:   /s/ Barry A. Bohrer
      Barry A. Bohrer
      Michael L. Yaeger
      Andrew D. Gladstein
      Abigail F. Coster

      919 Third Avenue
      New York, NY 10022
      Telephone: 212.756.2000

*Attorneys for Joseph Percoco*