1114 Avenue of the Americas
New York, NY 10036

212 506 3900 main
www.steptoe.com



Michael Campion Miller
212 506 3995 direct
212 506 3950 fax
mmiller@steptoe.com

August 7, 2017

<u>Via ECF</u>

Hon. Valerie E. Caproni
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:   **U.S. v. Percoco, et al. (Case No. 16-cr-00776-VEC)**

Dear Judge Caproni:

    This firm represents Defendant Alain Kaloyeros in the above-referenced matter. We write to apprise the Court of a recent decision by Judge Preska in *United States v. Davis*. [S.D.N.Y., 13-cr-923 at Docket No. 120 ("Op.")]. The *Davis* decision is pertinent to Dr. Kaloyeros' pending motions for four reasons.

    First, *Davis* re-affirms the core requirements of the right to control theory. In *Davis*, Judge Preska granted a motion for acquittal where, like here, the Government relied on a right to control theory. Judge Preska reasoned that no rational juror could find that the purported misrepresentations: (1) went to an essential element of the bargain; or (2) exposed the purported victim to potential or actual harm. Op. at 41. The Indictment in this case shares these defects. *See* Docket Nos. 162, 176, 219, 236, 283, 286, 299.

    Second, *Davis* offers insight into the allegations necessary to sufficiently allege the right to control theory. Judge Preska evaluated the sufficiency of the indictment's allegations related to this theory in connection with the defendants' claim that the Government had constructively amended the indictment. Judge Preska found that this theory requires, and the indictment lacked, allegations that: (1) "the misrepresentation had relevance to the object of the contract or an equivalent allegation"; (2) "there was a discrepancy between benefits reasonably anticipated and actual benefits received," or (3) "the misrepresentation went to the nature of the bargain." Op. at 91–92 (quotations omitted).

    That same logic applies with even greater force here. In this case, the alleged misrepresentation relates to a non-binding RFP process that was <u>at least</u> one step removed from any actual contract, and there is no allegation of any misrepresentation in connection with an actual contract.



Hon. Valerie E. Caproni
August 7, 2017
Page 2

Third, *Davis* illustrates the elusive nature of the right to control theory and demonstrates why the theory should be rejected entirely. In *Davis*, the Government provided ever-shifting theories of right to control harm: one theory in the indictment, another theory in opening statements, a third theory in a Rule 29 colloquy at the close of its case, and yet another in post-trial briefing. Op. at 88–90. At bottom, the right to control theory is simply too amorphous and vague to satisfy due process.

Finally, *Davis* reinforces Defendants' concern as to the Government's *Brady* practices. Judge Preska observed that one of the key cooperating witnesses in *Davis* "believed she had done nothing wrong whatsoever" until "the Government had talked her into believing she had committed a crime." Op. at 73 n.31. As discussed in the briefing in support of Dr. Kaloyeros' *Brady* motion, the Government appears to have engaged in similar—though unsuccessful—efforts to convince witnesses that they had engaged in wrongdoing and failed to memorialize those efforts. *See* Docket. Nos. 200, 288. These examples show the Government's willingness to attempt to shape witness testimony to fit its theory of the case. They also raise the specter that the Government engaged in similar conduct with other witnesses in this case and failed to memorialize it.

For the Court's convenience, we have attached a copy of the *Davis* decision as Exhibit A to this letter.

*           *           *

We thank the Court for its attention to this matter and are available to the Court should it require any additional information.

Respectfully submitted,

Michael C. Miller

cc:     All Counsel (via ECF)