

EDWARD J. O'CONNELL
 1925-1939
SAMUEL E. ARONOWITZ
 1925-1973
LEWIS A. ARONOWITZ
 1951-1979

---

CORNELIUS D. MURRAY
FRED B. WANDER
STEPHEN R. COFFEY
JEFFREY J. SHERRIN
THOMAS J. DiNOVO
PAMELA A. NICHOLS
JEFFREY A. SIEGEL
JAMI DURANTE ROGOWSKI
DAVID R. ROSS
KURT E. BRATTEN
MICHAEL P. McDERMOTT
KELLY J. MIKULLITZ
WILLIAM F. BERGLUND
ROBERT J. KOSHGARIAN
MATTHEW J. DORSEY
GEORGE R. SLINGERLAND

---

OF COUNSEL

RICHARD S. HARROW
MEREDITH H. SAVITT
F. MATTHEW JACKSON
PAUL A. FEIGENBAUM
KEITH J. ROLAND
ARTHUR A. PASQUARIELLO
CRISTINA D. COMMISSO

---

ELIZABETH A. CONNOLLY
CHAD A. JEROME
SCOTT W. ISEMAN
BRITTNAY M. McMAHON
DANIELLE E. HOLLEY
KATHLEEN EVERS BROWN
MARY T. CONNOLLY
COURTNEY L. ALPERT
KELLAN B. POTTS

HOLLY E. VEGAS*
CARLA R. WILLIAMS*
 HEALTHCARE CONSULTING
 GROUP)

*NOT A MEMBER OF THE
LEGAL PRACTICE

**VIA ECF**

Hon. Valerie E. Caproni
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   <u>United States v. Percoco, et al.</u>
      Case No. 16-cr-00776-VEC)

Dear Judge Caproni:

    We represent Mr. Aiello in the above matter and write on behalf of the Syracuse Defendants, Mr. Aiello and Mr. Gerardi, to provide the Court with critical information regarding the Hon. Loretta A. Preska's recent decision in *United States v. Davis*, No. 13-CR-923 (S.D.N.Y. Aug. 3, 2017). The decision is attached for the Court's convenience as Exhibit "A".

    We join the points and arguments made by our codefendants, Dr. Kaloyeros (Dkt. No. 308) and the Buffalo Defendants (Dkt. No. 309) and incorporate them fully by reference here as they apply with equal force to the Government's allegations against the Syracuse Defendants.

    We write separately to point out that the *Davis* case stands as an example of how the Government can improperly exploit the complexities and nebulous nature of the right to control theory by shifting its theories with the prevailing winds of trial – a tactic the Government is poised to replicate in this matter.

    In *Davis*, the Government tried to exploit its nebulous charging theory by testing, abandoning and altering a host of different theories throughout trial that were not laid out in the indictment. Judge Preska rightly characterized these evolving theories as a "series of surprises." *Davis* at 98. Unfortunately this matter, with its myriad legal and factual complexities, is a ripe target for such theory shifting and its inherent dangers to the Syracuse Defendants' Fifth Amendment right to stand trial only on the indictment returned by the Grand Jury.  To be sure, Judge Preska noted that "the risk of surprise is particularly acute in fraud prosecutions." *Id*. at n. 38 (quoting *United States v. Mollica*, 849 F.3d 723, 729 (2d Cir. 1988)).

{O0051374.1}

Page 2                                                                                                     August 9, 2017

      At the outset of this matter, the Syracuse Defendants (and all Defendants in fact) requested more particularity from the Government through a demand for a Bill of Particulars regarding many aspects of the indictment including Counts One and Two. In response, however, we received no additional detail or clarification from the Government. Indeed, in its response to the Defendants' collective motions to compel a Bill of Particulars, the Government seeks the same opportunity to surprise the Syracuse Defendants as it did the Defendants in *Davis* with ever changing theories of criminality. Specifically, the Government tells the Court here that "[t]he defendants are not entitled to what they now request, which amounts to nothing more than an improper attempt to obtain a preview of the Government's case and legal theories and to limit the evidence and arguments the Government may use at trial." (Dkt. No. 264 at 136). Thankfully *Davis* exposes the inherent danger in the Government's response and the Government's position as pure brinksmanship that totally frustrates the Syracuse Defendants' Due Process right to know what the actual allegations against them are so that they may mount a defense and avoid Double Jeopardy in the future.

      Today, the Syracuse Defendants remain at a complete loss for what the Government's theory of criminal liability is with respect to the bid rigging allegations contained in Counts One and Two of the Superseding Indictment. What is clear is that the Government has simply failed to allege a cognizable theory of criminality. *Davis* highlights the fact that, in this matter, the Government is pursuing a prosecution based on an ill-conceived and improper interpretation of the law.

      Thank you for your attention to this matter.

                              Very truly yours,

                              O'CONNELL AND ARONOWITZ

                              By:    /s/ *Scott W. Iseman*

                              Scott W. Iseman

Encl
cc:    All counsel of record (via ECF)