1114 Avenue of the Americas
New York, NY 10036

212 506 3900 main
www.steptoe.com



Michael Campion Miller
212 506 3995 direct
212 506 3950 fax
mmiller@steptoe.com

August 21, 2017

Via ECF

Hon. Valerie E. Caproni
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:** *U.S. v. Percoco, et al.* **(Case No. 16-cr-00776-VEC)**

Dear Judge Caproni:

This firm represents Defendant Alain Kaloyeros in the above-referenced matter. We write to apprise the Court of a significant development in *United States v. Wey*, 15-CR-611 (AJN) that has a direct bearing on Dr. Kaloyeros' pending motion to suppress. [Dkt. No. 171].

On June 14, 2017, Judge Nathan issued an opinion in *Wey* suppressing the fruits of two search warrants. *Wey*, 15-Cr-611 (AJN), 2017 WL 2574026 (S.D.N.Y. June 14, 2017). On August 1, 2017, the Government notified the court that it was "awaiting a decision from the Office of the Solicitor General" on whether Judge Nathan's opinion would be appealed. [*Wey*, Dkt. No. 126]. The Government advised that, if it did not appeal, it would likely dismiss the case. *Id.* On August 8, 2017, the Government submitted a notice of *nolle prosequi* dismissing the case. [*Wey*, Dkt. No. 128].

The Government's decision to forego appeal—after careful deliberation at the highest levels in Washington and knowing that this decision would mean dismissal of the case—is telling. It demonstrates the Government's own recognition that the search warrants in *Wey* were indefensible. The decision is meaningful here because, as discussed in Dr. Kaloyeros' suppression motion briefing [Dkt. Nos. 172, 287], the search warrants at issue in this case suffer from many of the same deficiencies as the search warrants that were found to be unlawful in *Wey*.

Both cases deal with the seizure and search of vast amounts of electronic material where:

- The warrants lack particularity. The warrants in both cases cover expansive time frames when "the underlying Affidavits . . . identify[] . . . precise timeframes . . . for suspected criminal activity." *Wey*, 2017 WL 2574026, at *22. More broadly, the warrants "authorize the seizure of



Hon. Valerie E. Caproni
August 21, 2017
Page 2

sweeping categories of materials, regardless of their potential connection (or lack thereof) to any suspected criminal activities." *Id.* In Dr. Kaloyeros' case, the SDNY's warrants authorized the seizure of over three years of Dr. Kaloyeros' emails (*i.e.*, from December 2012 through March 2016), based on affidavits which, viewed in the best possible light, attempt to describe misconduct occurring over roughly three months (*i.e.*, from September 2013 to early January 2014). [Dkt. No. 287 at 7–8]. Moreover, the warrants issued in Dr. Kaloyeros' case lacked any meaningful description of the items to be searched and seized from over three years of Dr. Kaloyeros' emails. *Id.* at 9. Instead, the warrants issued for Dr. Kaloyeros' emails allowed the Government to conduct a standardless review of over three years of his email traffic for any "[e]vidence of the commission of the Subject Offenses." [Dkt. No. 264 at 131].

- The warrants are overbroad because they amount to "all-records warrants unsupported by probable cause to seize all records." *Wey*, 2017 WL 2574026, at *27. Not surprisingly, the Government has never claimed—because it cannot—that Dr. Kaloyeros' e-mail account was so permeated with criminality that it would support the seizure of all records in it.

- The warrants are being treated as "the functional equivalent of general warrants." *Wey*, 2017 WL 2574026, at *40. Here, the Government expressly admits that it "sought the full contents" of Dr. Kaloyeros' e-mail account, Dkt. No. 264 at 128, and tacitly acknowledges that it has searched the entirety of that account. *Id.* at 128 n.39 ("As a practical matter, the Government must search an entire email account to obtain evidence of the specified subject offenses").

And, in both cases, the government argued that the warrants are nonetheless saved by the good-faith exception. *Wey* recognized that, while technology poses new challenges, it does not excuse warrants that "plainly fail[] to comport with well-settled" Fourth Amendment principles such as particularity and overbreadth. *Wey*, 2017 WL 2574026. at *31. So too in this case. Here, the warrants failed basic particularity and breadth requirements. In addition, the underlying applications for these warrants were materially misleading in their failure to attach or accurately describe the RFPs at the heart of the warrants.

Thus, as in *Wey*, the search warrants here must be suppressed.

For the Court's convenience, we have attached a copy of the *Wey* decision as Exhibit A to this letter.



Hon. Valerie E. Caproni
August 21, 2017
Page 3

We thank the Court for its attention to this matter and are available to the Court should it require any additional information.

Respectfully submitted,

Michael C. Miller

cc: All Counsel (via ECF)