Michael C. Miller
212 506 3955
mmiller@steptoe.com



1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com

August 29, 2017

Via ECF

Hon. Valerie E. Caproni
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: *U.S. v. Percoco, et al.* (Case No. 16-cr-00776-VEC)**

Dear Judge Caproni:

This firm represents Defendant Alain Kaloyeros in the above-referenced matter. We write in response to the Government's August 23, 2017 letter ("Government's Response") [Dkt. 313] addressing our August 7, 2017 letter ("August 7 Letter") [Dkt. 308].

As discussed below, the Government's response: (1) confirms that the recent decision in *United States v. Davis* mandates dismissal of the case; (2) reinforces the concerns articulated in Dr. Kaloyeros' *Brady* motion; and (3) supports Dr. Kaloyeros' suppression motion.

A.    *Davis* Supports Dismissal of the Case.

Our August 7 Letter demonstrated that Judge Preska's recent decision in *United States v. Davis* [S.D.N.Y., 13-cr-923, Dkt. 120] compels the dismissal of this case. The Government's Response buttresses this conclusion.

First, the Government argues that the Indictment's generic allegations are sufficient. That is not the law. [Dkt. 308 at 2-3]. Permitting the Government to rely on a generic recitation of the elements here, even as its more specific allegations are deficient, would eviscerate Federal Rule of Criminal Procedure 12(b). It would mean that a defendant could never challenge the sufficiency of an indictment's allegations.

Second, the Government's specific allegations are insufficient. The Government's letter concedes that the alleged misrepresentation at the center of its case—that FSMC's RFP process



Hon. Valerie E. Caproni
August 29, 2017
Page 2

was "fair, open, and competitive"—was separate from any actual contract for compensable work. Rather, it bases its case on the claim that the RFP process "permit[ted] Fort Schuyler to award additional contracts quickly to the developer without a further bidding process on each future project." *Id.* at 3. This acknowledgement confirms that:

- The Government failed to allege money or property under 18 U.S.C. § 1343. The Government's case is that developers were selected as preferred developers, who could then receive future contracts "quickly" and "without a further bidding process." *Id.* at 3. But the Government does not claim that, through the RFP process, the developers gained or FSMC ceded any legal right. It does not dispute that FSMC had no obligation to issue RFPs, that the RFPs made plain that the "winners" were guaranteed nothing, or that FSMC could award a contract to a developer without further competitive bidding at any time. Thus, while FSMC could award selected developers contracts "quickly" and "without further bidding," it had no obligation to do so and could have done the same with developers who did not even participate in the RFP process. Under these circumstances, the selection of preferred developers at most amounted to an internal recommendation that represented an "initial step that might lead eventually to an investment." *Sekhar v. United States*, 133 S. Ct. 2720, 2729, 186 L. Ed. 2d 794 (2013) (Alito, J., concurring) (distinguishing between money or property and a "mere internal recommendation"). This is not sufficient. *Id.*

- The Government failed to allege harm or the potential for economic harm, as is required to allege fraudulent intent. The RFP process did not subject FSMC to harm or any potential harm because the RFPs did not award specific compensable projects. The Government's harm claim—that the non-binding RFP process impacted subsequent contracts in an unidentified way—is entirely speculative and metaphysical. *United States v. Starr*, 816 F.2d 94, 100 (2d Cir. 1987).

- The Government failed to allege materiality, *i.e.*, that the information at issue had independent value or bore on the ultimate value of the transaction. [Dkt. 286 at 6-8]. The Government does not identify how the information at issue impacted the contracts that were later negotiated in any way, let alone in a material way. Its claim instead amounts to a grievance that the process was one FSMC would have liked to avoid. This is insufficient to allege materiality. *United States v. Shellef*, 507 F.3d 82, 108 (2d Cir. 2007).

The Government's cited authority is in accord. We are not aware of any case that upheld a right to control theory where the alleged misrepresentation did not relate to the terms of the bargain itself.



Hon. Valerie E. Caproni
August 29, 2017
Page 3

Third, even if the Indictment were somehow sufficient, dismissal would still be warranted. Rule 12 permits the Court to rule on undisputed issues of fact, regardless of whether the Government has made a full proffer of the facts. *United States v. Flores*, 404 F.3d 320, 325 (5th Cir. 2005). "Indeed, it would be a waste of judicial resources to conduct a trial, only to rule on a post-trial motion that the government's theory of criminal liability fails, no matter what facts it was able to establish at trial." *United States v. Heicklen*, 858 F. Supp. 2d 256, 263 n.5 (S.D.N.Y. 2012). Here, because it is undisputed that the RFPs and contracts at issue were separate, this Court should dismiss this case now rather than waste judicial resources on a trial.

B.    The Government's Response Supports Dr. Kaloyeros' *Brady* Motion.

Our letter also showed that *Davis* reinforces Defendants' concern as to the Government's *Brady* practices. Dr. Kaloyeros' initial papers in support of his *Brady* motion pointed to serious breaches of the Government's *Brady* obligations. [Dkt. 201 at 2-9]. These problems included the absurd position that any evidence that the RFP terms were vanilla, were not tailored toward any specific developer, or had independent merit was not *Brady*. *Id.* They also included the Government's failure to turn over plainly exculpatory witness interviews and attorney proffers. *Id.*

When the Government subsequently produced materials in response to Dr. Kaloyeros' motion, it revealed an additional serious issue with its *Brady* practices: its failure to memorialize its own efforts to convince witnesses to adopt its theory of the case. That failure was highlighted in Dr. Kaloyeros' reply briefing [Dkt. 288] and again in Dr. Kaloyeros' August 7, 2017 letter regarding *Davis* [Dkt. 308]. The Government declined to address this issue in its letter despite the opportunity to do so.

The Government's *Brady* conduct to date is deeply troubling. It combines:

* Textbook *misapplications* of *Brady*. The Government took an absurd position as to what constitutes *Brady*, failed to produce materials it knew to be directly exculpatory, and failed to memorialize its own efforts to influence witness testimony.

* Disregard for its *Brady* obligations. The Government began by repeatedly insisting, including to the Court, that it was unaware of any *Brady* material. Then, the Government relayed its unreasonable position as to what constitutes *Brady* to Dr. Kaloyeros. [Dkt. 201 at 6]. Later, after being challenged on these positions, the Government doubled down. [Dkt. 264 at 154-58]. It affirmed both positions—that it was unaware of any *Brady* material and its stance as to what constitutes *Brady*—in writing. *Id.* And it did so even as it turned over plainly exculpatory materials. Now, the Government refuses to answer for its deficient memorialization practices.



Hon. Valerie E. Caproni
August 29, 2017
Page 4

The Government's *Brady* practices merit serious examination by the Court.

C.      The Government's Response Supports Dr. Kaloyeros' Suppression Motion.

The Government's Response concedes what it has surely known from the outset: the RFP process guaranteed nothing. This confirms: (1) the lack of probable cause for the Government's search warrants; (2) the misleading nature of the Government's search warrant applications which elide that basic fact; and (3) more broadly, the Government's lack of good faith reliance on the warrants. These facts further support Dr. Kaloyeros' motion to suppress. [Docket Nos. 172, 287].

\*                              \*                              \*

At bottom, this case is fundamentally flawed both legally and factually.   The Government's refusal to confront these flaws has led it to rely on an untenable legal theory, take indefensible *Brady* positions, and defend unlawful search warrants. The Indictment should be dismissed, Dr. Kaloyeros' *Brady* motion granted, and the Government's search warrants suppressed.

We thank the Court for its attention to this matter and are available to the Court should it require any additional information.

Respectfully submitted,

Michael C. Miller

cc:     All Counsel (via ECF)