*U.S. Department of Justice*

*United States Attorney
Southern District of New York*

*The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007*

September 9, 2017

**BY ECF**

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States* v. *Joseph Percoco, et al.*, S1 16 Cr. 776 (VEC)

Dear Judge Caproni:

    The Government respectfully writes in brief response to defendant Alain Kaloyeros's August 21, 2017 letter (Dkt. No. 312), ostensibly advising the Court of the Government's decision to seek dismissal of *United States* v. *Wey*, No. 15 Cr. 611 (AJN), a securities fraud case in which a significant portion of the evidence relied on to charge the case was subsequently suppressed. In *Wey*, the District Court suppressed, among other things, electronically stored information obtained pursuant to judicially-authorized premises search warrants for the defendant's business office and residence. 2017 WL 2574026 (S.D.N.Y. June 14, 2017). The Government recently determined it would not appeal the suppression decision and subsequently sought to dismiss the case.

    Kaloyeros seizes on the Government's decision to seek dismissal of the charges in *Wey* to rehash—for a third time—the same meritless arguments for suppression that he already made in his motion to suppress evidence obtained from his personal email account pursuant to judicially-authorized search warrants (the "Email Warrants"). (*See* Dkt. No. 172 ("Motion") and Dkt. No. 287 ("Reply").) Kaloyeros already cited the *Wey* decision extensively in his Reply, and his most recent letter adds no additional arguments for why *Wey* militates for the suppression of the Email Warrants. Specifically, Kaloyeros contends yet again that the Email Warrants were not particularized because the requested time period was too expansive (*see* Motion at 17; Reply at 8) and the descriptions of evidence to be seized were insufficient (*see* Motion at 17-18; Reply at 9), and that the Email Warrants were overbroad because they authorized the Government to obtain the entire contents of Kaloyeros's email account within the delineated time period (*see* Motion at 17; Reply at 8-9). Kaloyeros also retreads his claim that the affidavits in support of the Email Warrants misleadingly described the Buffalo and Syracuse requests for proposals. (*See* Motion at 19-20; Reply at 10-11.)

    As set forth in detail in the Government's opposition brief, each of these arguments lacks merit and Kaloyeros's motion should be denied. (*See* Dkt. No. 264 ("Gov. Opp'n") at 127-34.) The *Wey* decision provides no support for his motion because the warrants found to be deficient

in that case bear little resemblance to the Email Warrants here. While the warrants in *Wey* failed to identify both the criminal offenses and the time period under investigation, *Wey*, 2017 WL 2574026, at *20, 23, the Email Warrants made no such omissions (*see* Gov. Opp'n 127-29, 131). In addition, the warrants in *Wey* were found to be not sufficiently particularized because they authorized the seizure of "expansive categories of often generic items" with no link to any suspected criminal activity. *Wey*, 2017 WL 2574026, at *21-22. The Email Warrants, by contrast, clearly instructed the investigators to seize only those emails containing evidence of specific crimes and listed specific categories of items potentially connected to those crimes. (*See* Gov. Opp'n at 131-32.) Furthermore, because the Email Warrants included the above-listed information and thus were not facially deficient, the investigators were entitled to rely in good faith on the magistrate's determination that the Email Warrants were proper and based on probable cause. (*See* Gov. Opp'n at 134-35.)

Accordingly, the decision in *United States* v. *Wey* does not support Kaloyeros's motion to suppress evidence obtained pursuant to the Email Warrants.

Respectfully submitted,

JOON H. KIM
Acting United States Attorney

By: /s/
    Janis Echenberg/Robert Boone/
    David Zhou/Matthew Podolsky
    Assistant United States Attorneys
    (212) 637-2597/2208/2438/1947

cc: Counsel for all defendants (via ECF)