1114 Avenue of the Americas
New York, NY 10036

212 506 3900 main
www.steptoe.com



Michael Campion Miller
212 506 3995 direct
212 506 3950 fax
mmiller@steptoe.com

September 14, 2017

Via ECF

Hon. Valerie E. Caproni
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  *U.S. v. Percoco, et al.* (Case No. 16-cr-00776-VEC)

Dear Judge Caproni:

This firm represents Defendant Alain Kaloyeros in the above-referenced matter. We write in response to the Government's September 9, 2017 letter [Docket No. 316] addressing our August 21, 2017 letter [Docket No. 312].

Our letter demonstrated that Judge Nathan's decision in *United States v. Wey*, and the Government's choice to forego appeal on that decision, support suppression of the warrants here. In response, the Government argues that *Wey* is distinguishable because the warrants there had facial defects that are absent here. [Docket No. 316 at 2]. Specifically, the Government claims that the warrants here identified certain criminal offenses as being at issue, offered specific categories of evidence connected to the purported crimes, and had a specific time period. These are superficial distinctions and do not save the warrants.

First, while the warrants here identified certain statutes at issue and listed a number of specific categories of documents, they imposed no meaningful limitations on the Government's search and seizure authority. This is because:

- **The warrants authorized the Government to review all records from Dr. Kaloyeros' personal e-mail account.** Specifically, they authorized the Government "to review the records produced by the Provider in order to locate any evidence, fruits, and instrumentalities of [five criminal statutes] among other statutes (the 'Subject Offenses')[.]" They then offered non-exclusive categories of potentially relevant material including "[e]vidence of the commission of the Subject Offenses." Thus, while



Hon. Valerie E. Caproni
September 14, 2017
Page 2

the warrants identified "Subject Offenses" and categories, they contained no language restricting the records that could be reviewed.[1]

- **The warrants did not impose any limitations on the manner in which the records, including irrelevant records, were reviewed.** The Second Circuit has suggested that some cursory review of an irrelevant record may be appropriate in the course of executing a search warrant to assess pertinence. *United States v. Ulbricht*, 858 F.3d 71, 103 (2d Cir. 2017). Here, however, the warrants authorized unlimited review of all records.

- **The warrants authorized the retention of all the records, as they contain no protocol for the return of material identified as irrelevant.**

Together, these authorizations allow the Government to review and retain records without limit. They thus authorize the search and seizure of all records.

Second, the warrants' identification of a time period is insufficient to save them. The Fourth Amendment inquiry depends on the overall reasonableness of the search, including the reasonableness of any temporal limitation. *Wey*, 2017 WL 2574026, at *23. And, here, the period identified by the warrants is manifestly unreasonable. The Government does not dispute that the time period of the warrants—three years—is wholly unmoored from the time period of the alleged criminal conduct—three months.

Third, whatever the warrants' language, the Government has offered nothing to dispute that it treated them as general warrants. The Government has not identified any way in which the language of the warrants was translated into a practical and lawful framework for review of the materials. It has not: (1) identified any search terms or other protocol used to cabin the universe of records it reviewed; (2) identified any protocol employed to ensure that any review of irrelevant documents was limited and that irrelevant documents were promptly segregated; or

---

[1] Even if the "Subject Offenses" and categories are read as limiting the Government's review, the warrants would still be overly broad and unparticularized. The identified statutes and categories were non-exclusive and would therefore permit review of evidence related to any criminal statute regardless of its connection to the cited statutes, listed categories, or even the subject matter of the supporting affidavits. The concern that the Government would go far afield in its review of the records is not academic. In the course of this investigation, the Government has sought records from Dr. Kaloyeros' tennis club and gym.



Hon. Valerie E. Caproni
September 14, 2017
Page 3

(3) returned any non-seized documents to us.[2] In this respect, the warrants here are <u>more</u> deficient than those in *Wey*, where the Government defended its overly broad warrants based in part on its utilization of search terms. *Wey*, 2017 WL 2574026, at *36.

At bottom, the Government's position is that it may in good faith order a personal e-mail provider to turn over "the full contents" of an account and review and retain the entirety of that account without limitation. [Docket No. 312 at 2]. According to the Government, it need only identify a non-exclusive criminal statute, a broad time period, and non-exclusive categories of potential evidence to rummage through an individual's private, electronic communications. This cannot be. Holding otherwise would provide the Government a template to eviscerate Fourth Amendment protection for e-mail.

The search warrants here are general warrants and must be suppressed. At a minimum, a hearing is warranted given the Government's reticence in addressing its handling of the warrants.

     *    *    *

We thank the Court for its attention to this matter and are available to the Court should it require any additional information.

Respectfully submitted,

Michael C. Miller

cc: All Counsel (via ECF)

---

[2] To the extent a request to do so is necessary, we hereby make it.