LANKLER SIFFERT & WOHL LLP
ATTORNEYS AT LAW

500 FIFTH AVENUE
NEW YORK, N.Y. 10110-3398
WWW.LSWLAW.COM

TELEPHONE (212) 921-8399
TELEFAX (212) 764-3701

September 27, 2017

**BY ECF:**

Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: **United States v. Percoco, et al., S2 16 Cr. 776 (VEC)**

Dear Judge Caproni:

We represent Peter Galbraith Kelly, Jr. in the above-captioned matter. We respectfully submit this letter on behalf of Mr. Kelly and codefendants Joseph Percoco, Steven Aiello, and Joseph Gerardi (the January Trial Group) in connection with the Second Circuit's summary order in United States v. Skelos, No. 16-1618-cr (2d Cir. Sept. 26, 2017). Skelos supports the arguments for dismissal set forth in the defendants' pretrial motions and further confirms that McDonnell v. United States, 136 S. Ct. 2355 (2016), strictly circumscribes what the Government may constitutionally prosecute as bribery. See Doc. Nos. 187, 230, 290, 298.

First, Skelos rejects the central premise of the Government's opposition to the motions to dismiss—that "McDonnell does not impose a freestanding official act requirement on bribery statutes." Doc. No. 264, at 28. Skelos makes clear that, as a matter of constitutional law, the Government cannot obtain a bribery conviction unless it establishes a quid pro quo in which the quo is an "official act," as defined in McDonnell. Slip op. at 3–4 & n.1 (vacating convictions because jury instructions on "official act" exceeded the McDonnell definition and thus presented the "significant constitutional concerns" identified in McDonnell).

Second, Skelos rejects the Government's interpretation of United States v. Boyland, 862 F.3d 279 (2d Cir. 2017). Contrary to the Government's assertion that Boyland makes McDonnell inapplicable to 18 U.S.C. § 666, see Doc. No. 275, Skelos clarifies that McDonnell applies fully to section 666 and that Boyland should not be understood otherwise. Skelos, slip op. at 6 ("[A] § 666 theory based on 'official acts' . . . is cabined by the constitutional concerns identified in McDonnell."). The Government may not obtain a bribery conviction under section 666 on a theory of "official act" that is broader than the McDonnell definition. Id. Consequently, section 666 is unconstitutional if it does not incorporate the "official act" element

defined in McDonnell. See Doc. No. 230, at 13–18; Doc. No. 290, at 11–14. No less importantly, because the Second Circuit concluded that the erroneous jury instructions required vacatur, Skelos does not discuss the statutory interpretation issue presented by defendants' constitutional challenge: whether the plain language and statutory history of section 666 preclude the insertion of an official act element in the statute. See Doc. No. 230, at 18–28; Doc. No. 290, at 6–10.

Third, Skelos reaffirms that "expressing support for policies" does not qualify as an official act. Skelos, slip op. at 3–4; see also McDonnell, 136 S. Ct. at 2371. In this case, the Government has implied that Mr. Percoco's expression of support constituted official action. See, e.g., Compl. ¶¶ 26(a), 36(a), 38(a); Doc. No. 264, at 13 (alleging that Mr. Percoco "agreed to seek support for the New York Power Plant"). Skelos makes clear that McDonnell does not permit this theory. The Government should be precluded from asserting otherwise at trial.

Fourth, Skelos shows that, if and to the extent the "as-opportunities-arise" theory of bribery survives McDonnell, that theory is available only if the Government alleges that, in exchange for a benefit, the government official agreed to take action on a specific governmental issue. Skelos, slip op. at 7–9. In Skelos, the government official was charged with accepting bribes in exchange for votes on specific recurrent legislation, as well as his assistance on a specific RFP. Id. at 8–9 & n.2. In assessing the sufficiency of the evidence, the Second Circuit observed that bribery schemes may involve "payments at regular intervals in exchange for *specific* official[] acts as the opportunities to commit those acts arise" and that a bribe need not be exchanged "for a particular act" if it is "given with the expectation that the official will exercise *particular kinds* of influence." Id. at 8 (emphases added) (citation omitted). The theories charged in this case stretch much further: the Government alleges that Mr. Kelly and the Syracuse Defendants separately provided benefits to Mr. Percoco in exchange for Mr. Percoco's open-ended agreement to help the Energy Company and the Syracuse Developer, without identifying any act that Mr. Percoco would perform (or kind of influence he would exercise) and without limitation as to any governmental issue on which Mr. Percoco would perform an act or exercise influence. That theory is not permitted under McDonnell. See Doc. No. 230, at 49–57; Doc. No. 290, at 27–29.

Respectfully submitted,

Daniel M. Gitner
Jun Xiang
Samantha J. Reitz

CC: All Counsel (via ECF)