**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 28, 2017

**BY ECF**

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *United States* v. *Joseph Percoco, et al.*, S2 16 Cr. 776 (VEC)

Dear Judge Caproni:

The Government respectfully writes in response to defendant Peter Galbraith Kelly, Jr.'s September 27, 2017 letter [Dkt. No. 327] (the "September 27 Letter"), regarding the recent decision of the Second Circuit in *United States* v. *Skelos*, Nos. 16-1618-cr, 16-1697-cr, ___ F. App'x ____, 2017 WL 4250021 (2d Cir. Sept. 26, 2017).  In that non-binding summary order, the Second Circuit vacated and remanded convictions arising from a fraud and bribery scheme due to jury instructions determined to be erroneous in light of the Supreme Court's supervening decision in *McDonnell* v. *United States*, 136 S. Ct. 2355 (2016).  *Skelos*, 2017 WL 4250021, at *2.

As relevant here, the Second Circuit determined that, because the District Court defined the term "official act" in instructing the jury on the counts brought under 18 U.S.C. § 666, and the District Court's definition of "official act" did not comport with the rule announced in *McDonnell*, the Section 666 convictions had to be vacated.  *Skelos*, 2017 WL 4250021, at *1-3.  In the September 27 Letter, Kelly makes several claims regarding the import of this decision, each of which is either incorrect as a legal matter or irrelevant at this juncture or both.

Kelly contends that *Skelos* "makes clear that, as a matter of constitutional law, the Government cannot obtain a bribery conviction unless it establishes a *quid pro quo* in which the *quo* is an 'official act,' as defined in *McDonnell*," and that "*McDonnell* applies fully to section 666." (September 27 Letter 1.)  *Skelos* does not so hold, nor is this claim the law of the Second Circuit.  In *Skelos*, the Second Circuit concluded that, because the Government advanced a Section 666 theory that was "based on 'official acts,'" and requested that the District Court instruct the jury on a definition of "official act" that did not contain the limitations now prescribed by *McDonnell*, the Section 666 convictions had to be vacated.  *Skelos*, 2017 WL 4250021, at *6.

Accordingly, and contrary to the defendant's proposed expansive reading of *Skelos*, the Second Circuit merely held, as relevant here, that (1) a jury instruction explaining the meaning of "official act" must conform to *McDonnell*'s definition of the term; and (2) where a district court uses the term "official act" in its charge on Section 666, it must use *McDonnell*'s definition of the term. *Skelos*, 2017 WL 4250021, at *1-3. *Skelos* does not hold that a district court must use the term "official act" in its Section 666 jury charge or otherwise apply *McDonnell* to Section 666 charges, particularly since the Second Circuit's unpublished order in *Skelos* does not, and cannot, overrule the stated law of the Circuit, which is that the Second Circuit "do[es] not see that the *McDonnell* standard applie[s] to [Section 666] counts." *United States* v. *Boyland*, 862 F.3d 279, 291 (2d Cir. 2017). In any case, even if Kelly's claims regarding the application of *McDonnell* to a Section 666 jury charge were correct, they would still not be grounds for dismissal—at most they would be a basis for using *McDonnell*'s "official act" definition in the jury charge. Accordingly, the issue is not ripe for decision at this time, but rather should be addressed in connection with the jury charge to be given at the end of trial.

In the September 27 Letter, Kelly also asserts that "*Skelos* shows that . . . the 'as-opportunities-arise' theory of bribery . . . is available only if the Government alleges that, in exchange for a benefit, the government official agreed to take action *on a specific governmental issue*." (September 27 Letter 2 (emphasis added).) This proposition is not found in *Skelos*. In fact, the *Skelos* order quotes the well-established law of this Circuit, described at length in the Government's opposition papers (*see* Gov't's Opp'n 38-40 [Dkt. No. 264]), that "[a]cts constituting the agreement need not be agreed to in advance" and "[a] promise to perform such acts as the opportunities arise is sufficient." *Skelos*, 2017 WL 4250021, at *3 (quoting *United States* v. *Bruno*, 661 F.3d 733, 744 (2d Cir. 2011)); *see also id.* (explaining that the requisite quid pro quo may be satisfied "even if the payment is not exchanged for a particular act but given with the expectation that the official will exercise particular kinds of influence" (quoting *United States* v. *Rosen*, 716 F.3d 691, 700 (2d Cir. 2013)). Furthermore, and contrary to the suggestion contained in the September 27 Letter, the Second Superseding Indictment contains numerous, specific allegations that Kelly and defendants Steven Aiello and Joseph Gerardi made payments to defendant Joseph Percoco in exchange for official action by Percoco and that Percoco did, in fact, take official action on specific matters for the benefit of the Energy Company and Syracuse Developer. (*See* Second Superseding Indictment ¶¶ 28-29, 31, 33, 35, 49-67.)

The remaining argument contained in the September 27 Letter—relating to "expressing support for policies" (September 27 Letter 2)—concerns whether certain arguments may be offered at trial, and is therefore irrelevant to the defendants' pending motions to dismiss the indictment, which is plainly sufficient. *See, e.g.*, *United States* v. *Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992) ("'[A]n indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime.'" (quoting *United States* v. *Tramunti*, 513 F.2d 1087, 1113 (2d Cir. 1975))).

Accordingly, the decision of the Second Circuit in *United States* v. *Skelos* does not support the defendants' pending motions.

                        Respectfully submitted,

                        JOON H. KIM
                        Acting United States Attorney

                        By: /s/
                            Janis Echenberg/Robert Boone/
                            David Zhou/Matthew Podolsky
                            Assistant United States Attorneys
                            (212) 637-2597/2208/2438/1947

cc: Counsel for all defendants (via ECF)