## Schulte Roth & Zabel LLP

919 Third Avenue
New York, NY 10022
212.756.2000
212.593.5955 fax

www.srz.com

Writer's Direct Number                                                                                  Writer's E-mail Address
212.756.2380                                                                                            Barry.Bohrer@srz.com

November 1, 2017

**BY ECF**

Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, NY  10007

Re:   **United States v. Percoco, et al., S2 16 Cr. 776 (VEC)**

Dear Judge Caproni:

We represent Joseph Percoco in the above-referenced matter, which is currently
scheduled for trial on January 8, 2018.  We respectfully submit this letter in support of Percoco's
motion in limine to exclude from his trial the charges and evidence in the severed case that the
Court will preside over in June 2018.

On July 18, 2017, Your Honor entered an order severing this case into two trials:  a State
official bribery trial (the "January Trial") and a bid-rigging conspiracy trial (the "RFP Trial").
The severance order was entered after the government represented to the Court and counsel that
doing so would "eliminate the risk of spillover prejudice to … Percoco and Kelly" relating to the
alleged RFP conspiracies, "*about which they had no knowledge or awareness*."  (ECF No. 264,
at 100 (emphasis added).)  As the Court is aware, the Syracuse Defendants are alleged to have
participated in both a State official bribery scheme and an RFP scheme (the "RFP Conspiracy"),
for which they face two, separate trials:  the January Trial and the RFP Trial.

But now the government, without explanation, has stated that it will seek to introduce
evidence of the alleged RFP Conspiracy into the January Trial.  The change is both dramatic and
bizarre.  The government has already acknowledged that there is a risk of spillover prejudice to
Percoco and Kelly that was serious enough for it to agree to sever the RFP Trial, and there is no
reason to believe that risk has been diminished since the government made its representation.
Indeed, as counsel for Kelly notes, the prejudice has only grown because we have spent months
tailoring our document review and shaping our defense strategy in reliance on the government's
representation that the RFP Conspiracy would not be a part of the January Trial.

And that prejudice was considerable from the start.  As neither the charges nor the
evidence of the alleged RFP Conspiracy are admissible against Percoco, introducing them at his

Honorable Valerie E. Caproni
November 1, 2017
Page 2

trial would cause him substantial prejudice.  *See United States v. Salemeh*, 152 F.3d 88, 115 (2d Cir. 1998) ("'Prejudice' occurs in joint trials when proof inadmissible against a defendant becomes a part of his trial solely due to the presence of co-defendants as to whom its admission is proper.") .  The spillover prejudice from days—and possibly weeks—of irrelevant and prejudicial testimony cannot be cured by limiting instructions, no matter how carefully crafted they might be.  *See United States v. McDermott*, 245 F.3d 133, 139–40 (2d Cir. 2001) (noting that the presumption that jurors follow limiting instructions "fades when there is an overwhelming probability that the jury will be called upon to perform humanly impossible feats of mental dexterity") (citation omitted); Fed. R. Evid. 403 advisory committee's note ("In reaching a decision whether to exclude on grounds of unfair prejudice, consideration should be given to the probable effectiveness *or lack of effectiveness* of a limiting instruction.") (emphasis added).

Finally, as counsel for Kelly argues, the RFP charges and allegations are not "background" evidence, as it is not "necessary to complete the story of the crime on trial." *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000)(citation omitted); *see also United States v. Rittweger*, 524 F.3d 171, 180 (2d Cir. 2008); and *United States v. Williams*, 585 F.3d 703, 707-08 (2d Cir. 2009).

## CONCLUSION

For the reasons set forth above, Joseph Percoco respectfully requests that the Court grant his motion in limine to exclude evidence of the alleged RFP Conspiracy and the criminal charges related to those allegations.

Respectfully Submitted,

/s/ Barry A. Bohrer
Barry A. Bohrer
Michael L. Yaeger
Andrew D. Gladstein
Abigail F. Coster

cc: All Counsel (Via ECF)