# Exhibit A

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 13, 2017

**By Email**
Barry A. Bohrer, Esq.
Andrew David Gladstein, Esq.
Michael Lloyd Yaeger, Esq.

  **Re**: *United States* **v.** *Joseph Percoco*
     **S2 16 Cr. 776 (VEC)**

Dear Counsel:

  Please be advised that, while the Government's position is that the following is admissible as direct proof of the charged crimes, in the alternative, the Government may also seek, pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)"), to introduce evidence of the following uncharged crimes, wrongs, or acts committed or caused to be committed by defendant Joseph Percoco ("Percoco"), as proof of the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, and/or absence of mistake or accident with respect to the charges in the S2 Indictment scheduled for trial in January 2018:

- On or about September 19, 2014, during an interview conducted by federal agents, Percoco falsely stated, in sum and substance, that he did not use his personal email address (*i.e.*, his AOL account) for anything related to his New York State employment.

- Between in or about November and December 2014, Percoco received approximately $27,000 from Clough Harbor and Associates LLP ("CHA"), a client of Todd Howe and a significant donor to Governor Andrew Cuomo, in exchange for setting up meetings, sending emails and taking other actions on behalf of CHA regarding matters of CHA that were pending before New York State, in violation of a July 14, 2014 memorandum (the "July 14 Memo") and related guidance Percoco received from counsel to the Governor regarding outside work Percoco was permitted to do after leaving New York State employment, and while he was employed by Governor Cuomo's re-election campaign between on or about April 21, 2014 and December 8, 2014. On or about December 24, 2014, after returning to New York State employment, Percoco also facilitated a meeting between CHA and the New York Department of Transportation. In connection with receiving payments from CHA, Percoco also signed a backdated contract and provided CHA with the July 14 Memo, which Percoco knew did not authorize the work he had agreed to do and did for CHA.

- On at least three occasions, between 2011 and 2016, while employed as the Executive Deputy Secretary to the Governor, and on at least two occasions during his employment by the Cuomo Campaign, Percoco threatened at least four New York State employees – the Director of Operations for New York State, the Deputy Commissioner for Public Affairs of the New York Division of Homeland Security and Emergency Services, the Executive Deputy Commissioner of the Office of General Services and an Executive Chamber employee who sought to work at SUNY Poly – who were considering leaving their current jobs or State service entirely, by claiming that Percoco would use his extensive influence in New York State to prevent them from finding future employment.

Very truly yours,

JOON H. KIM
Acting United States Attorney

By: /s Janis M. Echenberg
Janis Echenberg/Robert Boone/
David Zhou/Matthew Podolsky
Assistant United States Attorneys
(212) 637-2597/2208/2438/1947

cc:
Daniel M. Gitner, Esq.
Jun Xiang, Esq.
Samantha Reitz, Esq.
Stephen R. Coffey, Esq.
Scott Wendtworth Iseman, Esq.
Milton L. Williams, Jr., Esq.