

O'CONNELL & ARONOWITZ

ATTORNEYS AT LAW

**VIA ECF**
Hon. Valerie E. Caproni
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   **United States v. Percoco, et al.**
      **Case No. 16-cr-00776-VEC)**

Dear Judge Caproni:

We represent Steven Aiello in the above matter and submit this letter jointly with Mr. Joseph Gerardi (collectively the "Syracuse Defendants"). We write to fully join Mr. Joseph Percoco's and Mr. Peter Kelly's objections to the evidence the Government seeks to admit against the respective Defendants as direct evidence of the charged crimes and pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)"). The respective Rule 404(b) notices are attached as Exhibit "A".

On October 13, 2017, the Government formally notified Messrs. Percoco and Kelly of certain evidence it will seek to offer as direct proof of the charged crimes and to show the Defendants' respective motive, opportunity, intent, preparation, plan, knowledge, identity, and/or absence of mistake or accident with respect to the charges in the S2 Indictment. While the proffered evidence is inadmissible against Messrs. Percoco and Kelly for the sound reasons they separately articulated, the evidence is also improper because it is not relevant to the Syracuse Defendants and will act as purely prejudicial spillover evidence. Even assuming that the proffered evidence is somehow admissible against Messrs. Kelly and Percoco, the Second Circuit has held that "'[p]rejudice' occurs in joint trials when proof inadmissible against a defendant becomes a part of his trial solely due to the presence of co-defendants as to whom its admission is proper." *United States v. Salemeh*, 152 F.3d 88, 115 (2d Cir. 1998). In short, preclusion is the only way to prevent the inevitable prejudice the proffered evidence will cause.

EDWARD J. O'CONNELL
 1925-1939
SAMUEL E. ARONOWITZ
 1925-1973
LEWIS A. ARONOWITZ
 1951-1979

———————————

CORNELIUS D. MURRAY
FRED B. WANDER
STEPHEN R. COFFEY
JEFFREY J. SHERRIN
THOMAS J. DiNOVO
PAMELA A. NICHOLS
JEFFREY A. SIEGEL
JAMI DURANTE
 ROGOWSKI
DAVID R. ROSS
KURT E. BRATTEN
MICHAEL P. McDERMOTT
KELLY J. MIKULLITZ
WILLIAM F. BERGLUND
ROBERT J. KOSHGARIAN
MATTHEW J. DORSEY
GEORGE R. SLINGERLAND
F. MATTHEW JACKSON

———————————

OF COUNSEL

RICHARD S. HARROW
MEREDITH H. SAVITT
PAUL A. FEIGENBAUM
KEITH J. ROLAND
ARTHUR A.
 PASQUARIELLO
CRISTINA D. COMMISSO

———————————

ELIZABETH A. CONNOLLY
CHAD A. JEROME
SCOTT W. ISEMAN
BRITTNAY M. McMAHON
DANIELLE E. HOLLEY
KATHLEEN EVERS BROWN
MARY T. CONNOLLY
COURTNEY L. ALPERT
KELLAN B. POTTS

HOLLY E. VEGAS*
CARLA R. WILLIAMS*
 *HEALTHCARE CONSULTING
 GROUP)*

*NOT A MEMBER OF THE
LEGAL PRACTICE

### The proffered evidence against Mr. Kelly is not admissible
### against the Syracuse Defendants

The Government seeks to admit evidence that Mr. Kelly caused CPV to hire the daughter of an organized labor leader in exchange for the labor leader's support for a CPV project. *See* Ex. "A". This evidence is not admissible against the Syracuse Defendants because it does not have a tendency to make a fact of consequence in determining the allegations against the Syracuse Defendants more or less probable. Fed. R. Evid. 401 and 402. The Government has already conceded that the Syracuse Defendants and Mr. Kelly were not aware of one another's alleged conduct and that they did not share in a common plan or scheme. Dkt. No. 264 at 99. This evidence has nothing to do with the Syracuse Defendants but will be heard by the same jury charged with deciding the Syracuse Defendants' allegations.  In more simple terms, the proffered evidence has nothing to do with the Syracuse Defendants but will nonetheless *prejudice* the Syracuse Defendants as we sit through a joint trial.  See *Salemeh*, 152 F.3d at 115. Should the court determine that this evidence is admissible against Mr. Kelly, then the unavoidable spillover prejudice to the Syracuse Defendants reinforces the need to sever the Syracuse Defendants from Mr. Kelly. Additionally, we understand that counsel for Mr. Kelly declines to move to preclude the Government from offering the evidence relating to the labor leader.  In this respect, Mr. Kelly's interests and the interests of our clients obviously diverge and is another reason for severance. The Syracuse Defendants and Mr. Kelly previously requested severances and we renew our request in light of the inexorable prejudice and confusion a joint trial will cause. *See* Dkt. Nos. 234 and 291 for Mr. Kelly's severance motion and Dkt. Nos.  237 and 283 for the Syracuse Defendants' joint severance motion.

### The proffered evidence against Mr. Percoco is inadmissible
### against the Syracuse Defendants

The Government seeks to admit evidence that Mr. Percoco received money from Clough Harbor and Associates LLP ("CHA") and took some action on its behalf in violation of a July 14, 2014 memorandum which allegedly outlined the scope of permissible work Mr. Percoco could engage in after leaving state service. See Ex. "A". More nefariously, the Government seeks to introduce evidence that CHA was a client of the Government's key cooperating witness, Todd Howe ("Howe") and that CHA was a generous political contributor to Governor Andrew Cuomo. See *id*. The Government also seeks to admit evidence that Mr. Percoco threatened to interfere with the careers of unidentified state employees over a five year period of time.

This evidence is not admissible against the Syracuse Defendants because it is not relevant to whether the Syracuse Defendants bribed Mr. Percoco or conspired with him to commit a wire fraud as alleged. Nothing in the proffered evidence connects Mr. Percoco's purported conduct to

the allegations against the Syracuse Defendants. As Mr. Percoco has ably stated, the evidence is nothing more than prejudicial propensity evidence offered to suggest that Mr. Percoco must have done what the Government alleged because he has engaged in what the Government has determined to be unrelated "bad" (albiet not criminal) conduct. Such "side-show" but nonetheless very prejudicial evidence must be precluded since it will improperly be attributed to the Syracuse Defendants by a jury with the impossible task of accurately sorting the evidence in an already complex multi-defendant case.

The court should also be concerned by the Government's unilateral and repeated characterization of legal political contributions as improper. Here, the Government signals that CHA being a "significant donor to Governor Andrew Cuomo" is somehow part of an allegedly uncharged and unrelated "dirty deal" between Howe and Mr. Percoco. The Government alleged a similar nexus in this case by specifically claiming that "sizeable" political contributions to Governor Andrew Cuomo were part of Howe's plan to rig the bidding process for development projects in Syracuse and Buffalo. *See* Dkt. No. 321 at ¶ 23. The Syracuse Defendants previously moved to strike this allegation from the S2 Indictment as surplusage (Dkt. Nos. 237 and 283) and we respectfully request that the court consider the Government's continued attempts to unilaterally characterize legal political contributions as improper as the court deliberates on that application.

## CONCLUSION

We fully join Mr. Percoco's and Mr. Kelly's motions to preclude the Government's proffered evidence since the evidence will cause the Syracuse Defendants unavoidable yet unnecessary prejudice.

Thank you for your attention to this matter.


Very truly yours,

O'CONNELL AND ARONOWITZ

By:      /s/ *Scott W. Iseman*

Stephen R. Coffey
Scott W. Iseman

cc:      All counsel of record (via ECF)