# EXHIBIT A

## PROFFER AGREEMENT

With respect to the meeting of Steven Aiello ("Client") and his attorney, Anthony Copani, Esq., with Assistant United States Attorneys Janis Echenberg, Robert Boone, Matthew Podolsky, and David Zhou to be held at the Office of the United States Attorney for the Southern District of New York on June 21, 2016 ("the meeting"), the following understandings exist:

(1) **THIS IS NOT A COOPERATION AGREEMENT.** The Client has agreed to provide the Government with information, and to respond to questions, so that the Government may evaluate Client's information and responses in making prosecutive decisions. By receiving Client's proffer, the Government does not agree to make a motion on the Client's behalf or to enter into a cooperation agreement, plea agreement, immunity or non-prosecution agreement. The Government makes no representation about the likelihood that any such agreement will be reached in connection with this proffer.

(2) In any prosecution brought against Client by this Office, except as provided below the Government will not offer in evidence on its case-in-chief, or in connection with any sentencing proceeding for the purpose of determining an appropriate sentence, any statements made by Client at the meeting, except (a) in a prosecution for false statements, obstruction of justice or perjury with respect to any acts committed or statements made during or after the meeting or testimony given after the meeting; or (b) if, at any time following the meeting, Client becomes a fugitive from justice.

(3) Notwithstanding item (2) above: (a) the Government may use information derived directly or indirectly from the meeting for the purpose of obtaining leads to other evidence, which evidence may be used in any prosecution of Client by the Government; (b) in any prosecution brought against Client, the Government may use statements made by Client at the meeting and all evidence obtained directly or indirectly therefrom for the purpose of cross-examination should Client testify; (c) the Government may also use statements made by Client at the meeting to rebut any evidence or arguments offered by or on behalf of Client (including arguments made or issues raised sua sponte by the District Court) at any stage of the criminal prosecution (including bail, all phases of trial, and sentencing) in any prosecution brought against Client; and (d) the Government may use information derived directly or indirectly from the meeting for purposes of evaluating whether Client meets the criteria specified in the Department of Justice's August 12, 2013, policy on charging mandatory minimum sentences and recidivist enhancements in certain drug cases.

(4) The Client understands and agrees that in the event the Client seeks to qualify for a reduction in sentence under Title 18, United States Code, Section 3553(f) or United States Sentencing Guidelines, Sections 2D1.1(b)(16) or 5C1.2, the Office may offer in evidence, in connection with the sentencing, statements made by the Client at the meeting and all evidence obtained directly or indirectly therefrom.

10.03.2013

(5) To the extent that the Government is entitled under this Agreement to offer in evidence any statements made by Client or leads obtained therefrom, Client shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, or any other federal rule that such statements or any leads therefrom should be suppressed. It is the intent of this Agreement to waive all rights in the foregoing respects.

(6) If this Office receives a request from another prosecutor's office for access to information obtained pursuant to this Proffer Agreement, this Office may furnish such information but will do so only on the condition that the requesting office honor the provisions of this Agreement.

(7) It is further understood that this Agreement is limited to the statements made by Client at the meeting and does not apply to any oral, written or recorded statements made by Client at any other time. No understandings, promises, agreements and/or conditions have been entered into with respect to the meeting other than those set forth in this Agreement and none will be entered into unless in writing and signed by all parties.

(8) The understandings set forth in paragraphs 1 through 7 above extend to the continuation of this meeting on the dates that appear below.

(9) Client and Attorney acknowledge that they have fully discussed and understand every paragraph and clause in this Agreement and the consequences thereof.

Dated: New York, New York

_____
Client

_____
Attorney for Client

PREET BHARARA
United States Attorney for the
Southern District of New York

by: _____
Assistant United States Attorney

_____
Witness

**Dates of Continuation**

**Initials of counsel, Client, AUSA, witness**

10.03.2013