

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

**MEMO ENDORSED**

November 9, 2017

**BY ECF**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/10/17
```

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:    United States **v.** *Joseph Percoco, et al.*, S2 16 Cr. 776 (VEC)

Dear Judge Caproni:

The Government respectfully writes in response to the Court's Order, dated November 2, 2017, directing the Government, among other things, to provide "the legal basis for mooting [defendant Alain] Kaloyeros's motion to suppress by obtaining a new warrant." (Order, Nov. 2, 2017 [Dkt. No. 352].) As set forth below, in light of the November 7, 2017 Search and Seizure Warrant (the "Federal Warrant"), attached hereto as Exhibit 1, and its supporting affidavit (the "Federal Affidavit"), attached hereto as Exhibit 2, there is no basis for suppressing evidence obtained from Kaloyeros's iPhone (the "iPhone"), and his motion to suppress should be denied.

## Background

On or about May 26, 2016, law enforcement officers with the New York State Attorney General's Office ("NYAG"), pursuant to a judicially authorized search warrant (the "State Warrant") seized, among other things, the iPhone. (*See* Ex. 1 ¶ 3; Ex. A.[1]) In or about the summer of 2016, NYAG voluntarily provided the Government with a forensic image of the iPhone, which had been created pursuant to the terms of the State Warrant. (*See* Ex. 1 ¶ 3 n.2; Ex. A at 4.) That forensic image was produced to the defendants.

In his Motion for Suppression of Search Warrant Evidence [Dkt. No. 172] ("Kaloyeros's MTS"), Kaloyeros argued, among other things, that the forensic image of the iPhone created by NYAG should be suppressed because the State Warrant lacked the support of probable cause and was not sufficiently particular. (Kaloyeros's MTS 14-19.) Observing that the State Warrant called only for the search and seizure of records relating to criminal violations of New York State's Donnelly Act, and in particular in relation to Loughlin Street Student Housing, Nanofab West, and the ZEN Building (in Albany, New York), the Government responded to Kaloyeros's motion by

---

[1] For ease of reference, exhibits to the Federal Affidavit, each of which may be found within Exhibit 2 to this letter, are cited according to the exhibit number designated within the Federal Affidavit.

November 9, 2017
Page 2

stating that it intended to obtain its own search warrant for the iPhone, rather than rely on the State Warrant.[2]  (*See* Gov.'s Opp'n 112 n.37 [Dkt. No. 264].)

On November 7, 2017, the Honorable Henry B. Pitman, United States Magistrate Judge, issued the Federal Warrant, permitting the search of the forensic image of the iPhone created by and in the possession of NYAG.  On November 7, 2017, the Government produced the Federal Warrant and Affidavit to Kaloyeros.

### Applicable Law

In considering a request for a search warrant, "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit . . . , there is a fair probability that contraband or evidence of a crime will be found in a particular place."  *Illinois* v. *Gates*, 462 U.S. 213, 238 (1983).  Once a search warrant has issued, the issuing judge's "determination of probable cause should be paid great deference by reviewing courts."  *Id.* at 236 (internal quotation marks omitted).

Furthermore, the exclusionary rule "does not apply to evidence seized 'in objectively reasonable reliance on' a warrant issued by a detached and neutral magistrate judge, even where the warrant is subsequently deemed invalid."  *United States* v. *Falso*, 544 F.3d 110, 125 (2d Cir. 2008) (quoting *United States* v. *Leon*, 468 U.S. 897, 922 (1984)).  Accordingly, evidence collected pursuant to a search warrant later found defective will be suppressed only if (1) the issuing judge was knowingly misled; (2) the issuing judge wholly abandoned his judicial role; (3) the application was so lacking in indicia of probable cause as to render reliance upon it unreasonable; or (4) the warrant is so facially deficient that reliance upon it is unreasonable.  *Id.*

### Argument

There is no basis to suppress the fruits of the Federal Warrant.  The Federal Affidavit supporting the issuance of that Warrant—which incorporated by reference the Complaint and the S2 Indictment in this case—provided ample probable cause to believe that evidence of wire fraud and bribery would be found on the forensic image of the iPhone.[3]

Nor is the search of the forensic image of the iPhone fruit of the poisonous tree.  The State Affidavit provided ample probable cause to support the issuance of a warrant calling for the search of the iPhone.  Kaloyeros's argument to the contrary—that a "vertical" conspiracy "cannot represent an antitrust violation as a matter of law" (Kaloyeros's MTS 16)—is simply wrong.  As both State and Federal Courts have repeatedly made clear, a vertical restraint on trade may well violate the Donnelly Act or Sherman Act, depending on the circumstances, under the so-called "rule of reason."  *See, e.g.*, *Leegin Creative Leather Prods. Inc.* v. *PSKS, Inc.*, 551 U.S. 877, 907 (2007); *Anheuser-Busch* v. *Abrams*, 71 N.Y.2d 327, 331-33 (1988); *Meyer* v. *Kalanick*, 174 F.

---

[2] The Government subsequently learned that NYAG had returned the iPhone to Kaloyeros. (Ex. 1 ¶ 11.)

[3] Even if there were not far more than probable cause to support the Federal Warrant, certainly the agents who executed that warrant relied in good faith on Judge Pitman's authorization.  *Leon*, 468 U.S. at 922 n.23.

November 9, 2017
Page 3

Supp. 3d 817, 822-29 (S.D.N.Y. 2016). Nor do the cases cited by Kaloyeros state otherwise. *See, e.g.*, *Ruotolo* v. *Fannie Mae*, 933 F. Supp. 2d 512, 520 (S.D.N.Y. 2013) ("'In order to establish a conspiracy in violation of § 1 [of the Sherman Act], whether horizontal, vertical, or both, proof of joint or concerted action is required.'" (quoting *Anderson News, L.L.C.* v. *Am. Media, Inc.*, 680 F.3d 162, 183 (2d Cir. 2012))).[4]

Kaloyeros's claim that the State Warrant contains no limitation and therefore lacks particularity is similarly without merit. The State Warrant permitted investigators to seize, image, and search, among other things, "computers"—a term expressly defined to include "iPhones or similar smart phones"—found at the specified location for evidence of violations of the Donnelly Act. (Ex. A at 1, 3.) The search was also limited to the records set forth in paragraphs (a), (b), and (c). (*Id.* at 2.) In addition, the State Warrant authorized investigators to seize Kaloyeros's smartphone regardless of its location. (*Id.* at 1) Because that smartphone clearly falls within the definition of "computers," the natural reading of the warrant is that the State's search of Kaloyeros's smartphone was limited in the same way as any other seized "computer." In any case, even if the State Warrant were not supported by probable cause or lacked particularity, the State agents who created the forensic image relied on the magistrate's authorization in good faith, and Kaloyeros makes no serious argument to the contrary.[5]

For the reasons set forth above, Kaloyeros's motion to suppress should be denied.

Defendants are permitted to respond to the Government's letter, in a letter of no more than three pages, by November 17, 2017.

SO ORDERED.

*Valerie Caproni* 11/10/17

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

JOON H. KIM
Acting United States Attorney

By: /s/
   Janis Echenberg/Robert Boone/
   David Zhou/Matthew Podolsky
   Assistant United States Attorneys
   (212) 637-2597/2208/2438/1947

cc: Counsel for all defendants (via ECF)

---

[4] Kaloyeros's attempt to distinguish *People* v. *Schwartz*, 554 N.Y.S.2d 686 (2d Dep't 1990), as involving only a horizontal conspiracy between related companies is particularly unconvincing. As that court made clear, a conviction may stand under the Donnelly Act where—much like here—a bidder and an administrator of the procuring entity collude to rig a bid by giving the appearance of complying with the rules of a competitive bidding process. *Id.*

[5] Even if the State Warrant were invalid, and the State agents did not rely in good faith, the forensic image of the iPhone would still not be suppressible because, pursuant to the independent source doctrine, it is perfectly clear that, in the absence of the constitutional violation, the Federal government would have properly obtained a search warrant for Kaloyeros's phone. *See United States* v. *Vilar*, 729 F.3d 62, 84 (2d Cir. 2013); *United States* v. *Whitehorn*, 829 F.2d 1225, 1231 (2d Cir. 1987) (holding that evidence should not be suppressed where law enforcement would inevitably have obtained the evidence through a search warrant).