*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 16, 2017

**BY ECF**

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

> Re:   *United States* v. *Joseph Percoco, et al.*, S2 16 Cr. 776 (VEC)

Dear Judge Caproni:

The Government respectfully writes to notify the Court of correspondence that we received today from counsel for Fuller Road Management Corporation ("FRMC Counsel") regarding the judicially authorized search warrant (the "State Warrant") obtained by the New York State Attorney General's Office ("NYAG") on or about May 24, 2016.  (*See* Dkt. No. 353.)

Of relevance here, the investigator affidavit submitted in support of the State Warrant (the "State Affidavit") identified and attached four email chains involving Alain Kaloyeros that, according to the affiant, had been produced by an Albany-based development company (the "Albany Company") but not by FRMC even though the emails "would have been responsive to the [NYAG] subpoena."  (Dkt. No. 353-1, at 23 & n.1, 24 (¶¶ 25-26, 28-29).)  The affiant then stated that, "[a]t this time, I do not know whether the email was within SUNY Poly's or FRMC's possession at the time the subpoena was issued" but that he intended to "further explore this" with FRMC Counsel.  (Dkt. No. 353-1, at 23 n.1.)  Later, in paragraph 56 of the affidavit ("Paragraph 56"), in a section describing the "Property to be Seized From Alain Kaloyeros," the affiant stated that, in reviewing documents produced by the Albany Company, "there were more than a dozen emails from Kaloyeros that bore the iPhone tagline, but significantly, most of those emails did not appear in the SUNY Poly/FRMC subpoena.  The absence of these emails from the SUNY Poly/FRMC subpoena production underscores the law enforcement value of searching Kaloyeros's smart phone."  (Dkt. No. 353-1, at 31 ¶ 56.)

In an email sent today to the Government, FRMC Counsel claimed, in substance and in part, that the State Affidavit "contains incorrect assertions regarding FRMC productions to" NYAG.  In particular, FRMC Counsel stated that three of the four emails cited in the State Affidavit as absent from FRMC's production had in fact been produced to NYAG on or about March 11, 2016, prior to the authorization of the State Warrant.  Those three emails were attached exhibits and described in paragraphs 26, 28, and 29 of the State Affidavit.  FRMC Counsel further stated that the email described in paragraph 25 of the State Affidavit was not included in FRMC's document collection and therefore was not produced by FRMC to NYAG.  With respect to

November 16, 2017
Page 2

Paragraph 56, FRMC Counsel stated that, setting aside the four emails noted above, "[w]e do not have information regarding which other emails are included in this statement and thus cannot verify whether or not they were also produced."

None of the information provided by FRMC Counsel has any bearing on the validity of the State Warrant or the federal search warrant dated November 7, 2017.  The four emails, which were described and attached to the State Affidavit, supported the State court's finding of probable cause that Kaloyeros had violated the State Donnelly Act and that evidence of his crimes would be found on his iPhone.  NYAG's source for those emails is wholly irrelevant to the State court's determination that the emails' *contents*, along with the other facts described in the State Affidavit, established probable cause to search and seize Kaloyeros's iPhone.

Further, even assuming that there is any inaccuracy in Paragraph 56, any such inaccuracy does not vitiate the State court's finding of probable cause.  The remaining facts in the State Affidavit—which included information from a confidential source that Kaloyeros commonly used his iPhone to send emails, an email from Kaloyeros with the tagline "[c]oming to you with minimal fuss from the iPhone 6 plus," and the affiant's observation of the same tagline in more than 50 emails (Dkt. No. 353-1, at 31 ¶ 54)—were more than sufficient to support probable cause to believe that evidence of Kaloyeros's crimes existed on his smartphone.  Moreover, whether or not FRMC produced the emails referenced in Paragraph 56 has no bearing whatsoever on the likelihood that emails or other documents that constitute evidence of Kaloyeros's crimes would be found on his smartphone.  As a result, there is no basis to suppress the iPhone evidence obtained pursuant to the State Warrant.[1]  *See, e.g.*, *People* v. *Franklin*, 27 N.Y.S.3d 32, 36 (1st Dep't 2016) (even if a statement in a warrant application was false, *Franks* hearing not required when "the remaining statements in the affidavit were sufficient to establish probable cause"); *People* v. *Tambe*, 71 N.Y.2d 492, 505 (1988) (suppression not warranted).

For the reasons set forth above and in the Government's November 9, 2017 letter, Kaloyeros's motion to suppress should be denied.

Respectfully submitted,

JOON H. KIM
Acting United States Attorney

By: /s/
    Janis Echenberg/Robert Boone/
    David Zhou/Matthew Podolsky
    Assistant United States Attorneys
    (212) 637-2597/2208/2438/1947

cc:  Counsel for all defendants (via ECF)

---

[1] Furthermore, as the Government explained in its letter dated November 9, 2017, the iPhone contents should not be suppressed because State investigators relied on the State Warrant in good faith.  In any event, the contents of the iPhone are not suppressible in the instant proceeding because of the independent source doctrine.  (Dkt. No. 353 at 3 & n.5.)