1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com

Michael Campion Miller
212 506 3995 direct
212 506 3950 fax
mmiller@steptoe.com



November 17, 2017

Via ECF

Hon. Valerie E. Caproni
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    **U.S. v. Percoco, et al. (Case No. 16-cr-00776-VEC)**

Dear Judge Caproni:

We represent Defendant Alain Kaloyeros in the above-referenced matter. We write in response to the Government's November 9, 2017 letter addressing the Government's efforts to cure the unlawful search of Dr. Kaloyeros' iPhone, which occurred pursuant to a defective search warrant obtained by the New York State Attorney General's Office on May 24, 2016 (the "State Warrant").

The Government claims that its search of Dr. Kaloyeros' iPhone was proper based on: (1) a November 7, 2017 warrant obtained by the Government (the "Federal Warrant"); (2) the State Warrant; and (3) the inevitable discovery doctrine. Each of these arguments should be rejected. The Court should suppress the contents of Dr. Kaloyeros' iPhone and the fruits of that unlawful search.

I.     The Federal Warrant Should Be Suppressed.

On May 26, 2016, the New York Attorney General seized Dr. Kaloyeros' iPhone pursuant to the State Warrant. Later that summer, an image of the iPhone was provided to the Government. On May 19, 2017, Dr. Kaloyeros moved to suppress the State Warrant. The Government did not dispute that the warrant required suppression, instead contending that the issue would be mooted because the Government intended to seek its own warrant. Ultimately, nearly four months after briefing was completed on the suppression motion, and only after prompting from the Court, the Government obtained a new warrant—the Federal Warrant. The Government claims that the Court may ignore the prior State Warrant and that the Federal Warrant is proper. It is not.

    A.     The Government Cannot Retroactively Cure A Deficient Warrant.

The Federal Warrant fails as a matter of law for several reasons.

First, our motion to suppress explained that "[n]o court has ever endorsed the view that it would allow the government to retroactively *cure* a Fourth Amendment violation." *United States v. Cioffi*, 668 F. Supp. 2d 385, 399 (E.D.N.Y. 2009). The Government offers no authority to dispute this.



Second, the Government's position would contravene the Supreme Court's decision in *Elkins v. United States*, 364 U.S. 206 (1960). There, the Supreme Court rejected the so-called "silver platter" doctrine, which permitted federal authorities to use evidence unlawfully obtained by the state. *Id.* at 208. Accepting the Government's position would effectively resurrect this doctrine.

Third, the Second Circuit specifically prohibits this approach. Even a <u>contemporaneous</u> subpoena may not be used "as an after the fact 'insurance policy' to 'validate' an unlawful search." *United States v. Eng*, 971 F.2d 854, 861 (2d Cir. 1992) (citation omitted).

    B.    <u>In Any Event, The Federal Warrant Is Deficient.</u>

Even if the Federal Warrant were not precluded as a matter of law, it would still be deficient. First, it lacks probable cause. The affidavit supporting the Federal Warrant is entirely predicated on the criminal Complaint and Second Superseding Indictment issued in this action. But: (1) our motion to dismiss showed that these documents do not describe unlawful conduct; and (2) even if they did, the charging documents were materially predicated on evidence that was unlawfully seized from Dr. Kaloyeros' g-mail and cannot be considered.

Second, the Federal Warrant is overbroad and unparticularized because it authorizes the seizure and review of the <u>entirety</u> of Dr. Kaloyeros' cell phone, and there is no showing of probable cause for a search and seizure of this scope. This is confirmed by the Government's own reading of the Federal Warrant as it identifies no limitations in its authority. Fed. Warrant Aff. at 7–8 (describing unlimited review and retention of phone and noting that "law enforcement personnel may need to conduct a complete review of all the ESI from" the phone).

Third, even if the language of the Federal Warrant imposed limits on the Government's search and seizure power, the Government appears to have treated the Federal Warrant as a general warrant. The Government identifies no protocol used to limit its review.

    C.    <u>The Government Cannot Rely On Good Faith.</u>

Good faith does not save the warrant. First, the Government cites no authority that the good faith exception can apply when the Government tries to cure a deficient search warrant through a second search warrant. Second, the Federal Warrant was issued after Dr. Kaloyeros advised the Government that this approach was improper. Third, the Federal Warrant was simply so deficient that a reasonable officer could not rely upon it.

II.    <u>The State Warrant Was Deficient.</u>

The State Warrant should also be rejected. First, the Government waived any argument as to the propriety of the State Warrant when it failed to address it in briefing. *United States v. Acosta*, No. S1 12 CR 224 PGG, 2013 WL 1890337, at *6 (S.D.N.Y. May 6, 2013) (finding waiver of argument on suppression motion). Second, the State Warrant lacked probable cause. While the Government is correct that some vertical conspiracies can be antitrust violations, the particular antitrust theory at issue—vertical bid rigging—is not one of them. Courts have consistently rejected the vertical bid-



rigging theory even in the <u>civil</u> context. *See* Dkt. 172 at 14-16 (collecting cases).[1] Third, the warrant has the same overbreadth, lack of particularity, and execution issues as the Federal Warrant.[2] Finally, good faith is precluded because: (1) the principle that vertical bid-rigging conspiracies cannot be civil antitrust violations has been well-established for over thirty years; and (2) the warrant's other infirmities are glaring.

III.    <u>The Government Failed to Establish Inevitable Discovery.</u>

The Government asserts that, even if the State Warrant is invalid, it would have inevitably discovered the materials on the iPhone because it would have obtained its own search warrant.

First, this argument should be rejected as matter of law. The Government cites no authority for the notion that an invalid search warrant can be saved through inevitable discovery in the form of a second search warrant. This approach would threaten to eviscerate search warrant requirements because nearly any deficient search warrant could be revived on this basis.

Second, the Government fails to meet the inevitable discovery doctrine's requirements. The doctrine requires more than "baldly asserting" that discovery was inevitable. *United States v. Heath*, 455 F.3d 52, 64 (2d Cir. 2006). It demands proof "that each event leading to the discovery of the evidence" would have occurred with "certitude" and a showing that a separate and contemporaneous lawful process was underway. *In re 650 Fifth Ave. & Related Properties*, 830 F.3d 66, 102 (2d Cir. 2016); *United States v. Cabassa*, 62 F.3d 470, 473 (2d Cir. 1995). Here, the Government offers only a conclusory claim of inevitable discovery. *See* Dkt. 353 at 3 n.5.

*            *            *

We respectfully request that the Court suppress all evidence recovered as a result of the State Warrant and the fruits of that improperly recovered evidence.

Respectfully submitted,

Michael C. Miller

cc:    All Counsel (via ECF)

---

[1]    The Government claims that *People v. Schwartz* supports it, but the antitrust violation in *Schwartz* was based on horizontal bid-rigging between ostensible competitors. 160 A.D.2d 964, 965 (2d Dep't 1990).

[2]    The Government's November 16, 2017 concession that the State Warrant's supporting affidavit contained fundamental inaccuracies undermines both its other factual assertions and any good faith reliance defense. *See* Dkt. 355 at 1-2.