

**VIA ECF**
Hon. Valerie E. Caproni
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   **United States v. Percoco, et al.**
       Case No. 16-cr-00776-VEC)

Dear Judge Caproni:

     We represent Mr. Aiello in the above matter and write on behalf of the Syracuse Defendants, Mr. Aiello and Mr. Gerardi, in response to the Government's proposed Protective Order. (Dkt. No. 357). We do not consent to the proposed Protective Order as written because it uniquely and unjustly limits our respective clients' Due Process rights to mount a defense and their 6th Amendment right to the effective assistance of counsel.

     Of the Defendants going to trial in January, we alone are forced to prepare for a second trial in June. While our main effort is currently the January Trial, we are not neglecting and cannot neglect the significant and ongoing preparations that are required to prepare for an even more complex matter that will go to trial in just a few months. Yet the proposed Protective Order precludes us from using the forthcoming materials for any purpose other than for the January Trial. We are therefore put in the impossible position of likely having information that we cannot use to prepare for our next trial even when we must be actively preparing for that trial. This problem is compounded by the fact that there is no timeline for when we can begin to use the forthcoming material to actual prepare for the June Trial.

     Specifically, paragraph 2(c) of the proposed Protective Order limits the disclosure of materials to designated persons solely for the preparation of the January Trial. A scenario is likely to arise, however, where we are presented with information that is relevant only to the June Trial but are unable to approach a witness, engage an expert or consult with other parties on how to use that information come June until we are relieved of the obligations of the proposed Protective Order. This scenario is nearly certain to occur because, like the January Trial, the June Trial will center on the

EDWARD J. O'CONNELL
 1925-1939
SAMUEL E. ARONOWITZ
 1925-1973
LEWIS A. ARONOWITZ
 1951-1979

_____

CORNELIUS D. MURRAY
FRED B. WANDER
STEPHEN R. COFFEY
JEFFREY J. SHERRIN
THOMAS J. DiNOVO
PAMELA A. NICHOLS
JEFFREY A. SIEGEL
JAMI DURANTE ROGOWSKI
DAVID R. ROSS
KURT E. BRATTEN
MICHAEL P. McDERMOTT
KELLY J. MIKULLITZ
WILLIAM F. BERGLUND
ROBERT J. KOSHGARIAN
MATTHEW J. DORSEY
GEORGE R. SLINGERLAND
F. MATTHEW JACKSON

_____

OF COUNSEL

RICHARD S. HARROW
MEREDITH H. SAVITT
PAUL A. FEIGENBAUM
KEITH J. ROLAND
ARTHUR A. PASQUARIELLO
CRISTINA D. COMMISSO

_____

ELIZABETH A. CONNOLLY
CHAD A. JEROME
SCOTT W. ISEMAN
BRITTNAY M. McMAHON
DANIELLE E. HOLLEY
KATHLEEN EVERS BROWN
MARY T. CONNOLLY
COURTNEY L. ALPERT
KELLAN B. POTTS

HOLLY E. VEGAS*
CARLA R. WILLIAMS*
 *HEALTHCARE CONSULTING
 GROUP*)

*NOT A MEMBER OF THE
LEGAL PRACTICE

{O0111307.1}

Page 2 November 19, 2017

testimony of the Government's cooperating witness, Todd Howe. As a result, the forthcoming 3500 and *Giglio* material related to Todd Howe will include information concerning the June Trial. In the likely event that Todd Howe makes a claim or we identify an issue that is relevant only to the June Trial, we are precluded from fully investigating that claim or issue under the proposed Protective Order. Meanwhile, the Government is free to continue to use this material as it sees fit under the guise of its "ongoing investigation."

We do not object to a Protective Order over the forthcoming materials. In fact, we informed the Government we would consent to having the materials subject to the existing Rule 16 Protective Order (Dkt. No. 74). We believe the existing Protective Order provides all of the protections the Government seeks while not limiting our ability to effectively defend our clients. We therefore respectfully request that the Court simply extend the existing Protective Order to the forthcoming production.

Thank you for your attention to this matter.

Very truly yours,

O'CONNELL AND ARONOWITZ

By:   /s/ *Scott W. Iseman*

Scott W. Iseman

cc:   All counsel of record (via ECF)