*U.S. Department of Justice*

*United States Attorney
Southern District of New York*

*The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007*

November 20, 2017

**BY ECF**

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States* v. *Joseph Percoco, et al.*, S2 16 Cr. 776 (VEC)

Dear Judge Caproni:

      The Government respectfully writes in response to the November 19, 2017 letter [Dkt. No. 358] filed by defendants Steven Aiello and Joseph Gerardi (the "Syracuse Defendants") objecting to the proposed Protective Order submitted by the Government on November 17, 2017 [Dkt. No. 357]. The proposed Protective Order, to which defendants Peter Galbraith Kelly, Jr. ("Kelly") and Joseph Percoco ("Percoco") consent, relates to the Government's imminent production of material (the "3500 Material") pursuant to Title 18, United States Code, Section 3500, as well as *Brady* v. *Maryland*, 373 U.S. 83 (1963), and *Giglio* v. *United States*, 405 U.S. 150 (1972), in connection with the trial scheduled to begin against the Syracuse Defendants, Kelly and Percoco on January 8, 2018 (the "January Trial"). As the Court is aware, the Syracuse Defendants are also scheduled for a second trial, along with defendants Alain Kaloyeros, Louis Ciminelli, Michael Laipple and Kevin Schuler on June 11, 2018 (hereinafter, the "June Trial"). Because the 3500 Material is being produced in connection with the January trial, and, accordingly, is being produced to the defendants in that trial only, the Protective Order appropriately restricts its use. As explained below, the Syracuse Defendants' objections to the proposed Protective Order are without merit.

      The proposed Protective Order permits dissemination of the 3500 Material to individuals assisting the trial defendants in preparing for the January Trial. As detailed in paragraph 2(c) of the proposed Protective Order, the individuals with whom the 3500 material may be shared include expert witnesses, fact witnesses, investigators and advisors to a defendant, as well as secretaries, paralegals, and others assisting counsel with trial preparation, so long as the information is shared in the course of defending the January Trial. The proposed Protective Order prohibits dissemination of the 3500 Material to individuals assisting the defendants in preparing for the June Trial only.

      The Syracuse Defendants' objection to the proposed Protective Order stems from their desire to share the 3500 Material from the January Trial with those it wishes to engage in

November 20, 2017
Page 2

preparing for the June Trial.  While, of course, the Syracuse Defendants may share the 3500 Material with staff, investigators or similar personnel assisting in both trials, the Syracuse Defendants also seek the ability to make use of the 3500 material to interview *witnesses* for the June Trial, notwithstanding that the 3500 material is being provided only as a result of the January Trial and a full *eight months* prior to the June Trial.  The Court should not permit them to do this.

As the Court is aware, "[i]n any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."  18 U.S.C. § 3500(a).  Indeed, although the Government has agreed, as part of a broader negotiation with the January Trial defendants, to produce the 3500 Material related to the January Trial to those defendants nearly seven weeks before trial, the Government was not obligated to do so.  *See United States ex rel. Lucas* v. *Regan*, 503 F.2d 1, 3 n.1 (2d Cir. 1974); *United States* v. *Sebastian*, 497 F.2d 1267, 1268-69 (2d Cir. 1974); *United States* v. *Percevault*, 490 F.2d 126, 132 (2d Cir. 1974).  As the Second Circuit has held, such material need only be produced "in time for its effective use at trial."  *United States* v. *Coppa*, 267 F.3d 132 (2d Cir. 2001).

Here, 3500 material is not needed at this early stage for it to be effectively used in connection with the June Trial, and the Syracuse Defendants should not be permitted to take advantage of the bifurcation of this case to achieve what they otherwise would have been unable to achieve consistent with Second Circuit law.  Indeed, because it is highly unusual, if not unprecedented, to make such early disclosure of 3500 material, the Syracuse Defendants cannot credibly argue that their June Trial preparation will be unfairly hampered if they are not allowed to disseminate January Trial 3500 Material to potential June Trial witnesses or others eight months prior to the June Trial.  The Syracuse Defendants assert that the Court should not limit the Protective Order as requested because they otherwise may be "presented with information that is relevant only to the June Trial but unable to approach a witness" regarding that information.  But there is nothing unfair or disadvantageous about that scenario, given that the Syracuse Defendants would never have had any such information in the first place but for the bifurcation of this matter.

Three additional reasons counsel in favor of limiting disclosure of the 3500 Material to individuals involved in preparing for the January Trial.  First, the Syracuse Defendants' June Trial co-defendants will *not* have the 3500 Material at this juncture, and the Syracuse Defendants should not be permitted an unfair advantage over their co-defendants.  Second, Todd Howe will undoubtedly testify about some of what is contained in the 3500 Material at the January Trial.  In the event that Howe testifies about an issue that the Syracuse Defendants believe is relevant to the June Trial, the Syracuse Defendants will immediately have the operative information needed to investigate that statement – namely, Howe's trial testimony.  The proposed Protective Order obviously does not limit the dissemination and use of publicly available documents, such as trial transcripts, and all of the June Trial defendants, including the Syracuse defendants, will be able to use his public trial testimony as they deem fit, including to interview witnesses.  Third, permitting the Syracuse Defendants to disclose the 3500 Material to whomever they deem "necessary" in preparing for the June Trial, nearly eight months in advance of that trial, increases the likelihood

November 20, 2017
Page 3

of the testimony of expected witnesses in the June Trial being influenced, if not altered, by their early exposure to the material to which the June Trial defendants are not entitled. Given the high profile nature of this trial, the Government seeks to protect its potential witnesses from harassment, especially those who may not be called at all, or at least not at the January Trial.

The Syracuse Defendants offer as an alternative simply extending the existing protective order related to discovery, but this will not alleviate the Government's concerns or address the reasons for which it proposed the Protective Order, as that order does not protect against the dissemination of 3500 Material to those not involved in the January Trial. As the June Trial approaches, the Government expects to engage in discussions with the Syracuse Defendants, as well as the other four defendants currently scheduled to proceed to trial in June, regarding a similarly-timed early disclosure of the 3500 Material relevant to the June Trial. As it did with the January Trial, the Government intends to ensure that June Trial defendants have sufficient time to make use of the material, consistent with the law regarding production of 3500 Material.

November 20, 2017
Page 4

      For all the reasons set forth above, the Government respectfully requests that the Court endorse the proposed Protective Order.

                                                Respectfully submitted,

                                                JOON H. KIM
                                                Acting United States Attorney

                                                By: /s/_____
                                                    Janis Echenberg/Robert Boone/
                                                    David Zhou/Matthew Podolsky
                                                    Assistant United States Attorneys
                                                    (212) 637-2597/2208/2438/1947

cc: Counsel for all defendants (via ECF)