**LANKLER SIFFERT & WOHL LLP**

ATTORNEYS AT LAW

500 FIFTH AVENUE

NEW YORK, N.Y. 10110-3398

WWW.LSWLAW.COM

TELEPHONE (212) 921-8399

TELEFAX    (212) 764-3701

November 26, 2017

**BY ECF:**

Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re: **United States v. Percoco, et al.**, S2 16 Cr. 776 (VEC)

Dear Judge Caproni:

    We write on behalf of defendant Peter G. Kelly, Jr. and respectfully submit this letter to join in defendant Joseph Percoco's application seeking relief due to the Government's failure to disclose Brady material.

    The Government's failure to identify evidence demonstrating that Mr. Percoco was not a government official following his April 2014 resignation from New York State employment harms Mr. Kelly as well as Mr. Percoco. Mr. Kelly is charged with participating in a bribery conspiracy with Mr. Percoco from late 2012 through 2015. It appears the Government will seek to prove not only that Mr. Percoco attempted to commit official acts in 2013 (as alleged in the Indictment and Complaint), but also that Mr. Percoco intended to commit official acts between April and December 2014 – the precise period when Mr. Percoco was not a government official. (See S2 Indictment, Counts Nine and Thirteen). Yet, as Mr. Percoco's letter makes clear, the Government has known for a long time of witnesses who have stated that Mr. Percoco was not in a position to commit such official acts after he left the Governor's office in 2014. The Government has kept that information to itself, despite the Court's clear direction that Brady material be produced "promptly." (Tr. dated April 6, 2017, at 7:18–19 ("To the extent you become aware of Brady information, provide it promptly.")).

    The Government produced its 3500 material on Tuesday afternoon. We have only begun to review the voluminous material for the 56 witnesses the Government says it may call at trial, as well as 90 other witnesses the Government does not currently expect to call but reserves the right to call. Although our review is far from complete, it is already apparent that other Brady material has been withheld, including material directly contradicting evidence the Government apparently plans to introduce pursuant to Rule 404(b).

LANKLER SIFFERT & WOHL LLP

> The Government provided Mr. Kelly with the following notice pursuant to Rule 404(b):
>
> In or about 2012, Kelly agreed to and did cause [the Energy Company] to hire [a woman], and to continue to employ her until in or about 2016, in exchange for the continued support of the development of a … power plant in Wawayanda, New York by [the woman]'s father … and [a union], of which [the father] was the president.

Letter from Gov't, dated Oct. 13, 2017.

The Government will apparently offer this evidence as proof of Mr. Kelly's alleged *quid pro quo* relationship with Mr. Percoco.  However, the 3500 material produced on Tuesday reveals that, when the Government interviewed the union official in May 2016 – more than a year before its 404(b) letter – that official specifically informed the Government that no such agreement between him and Mr. Kelly was ever made.  According to the 3500 material, the union official stated that Mr. Kelly merely "did [him] a favor by providing [the daughter] an internship.  There was nothing [the union official] could provide for the [the Energy Company] other than advocating for the project which [he] does for his members anyway.  [The union official] acknowledged that providing his daughter with the internship was a political move but there was nothing wrong with it since [the union official] could not provide anything in return."

Like the material referenced in Mr. Percoco's letter, the union official's statements constitute pure Brady.  These statements tend to exculpate Mr. Kelly with respect to evidence the Government apparently plans to introduce in support of its claim that Mr. Kelly bribed Mr. Percoco.  Even if the Government does not believe the union official's account, his statements still constitute Brady material.  Likewise, even if the Government has another witness who would dispute this account – and thus far we have identified no 3500 material for such a witness – these statements would still constitute Brady material.

It matters not whether Mr. Kelly's defense has been harmed by the Government's failure to produce earlier its May 2016 report of the union official's statements.  The Court long ago ordered the Government to produce Brady material "promptly."  The Government has repeatedly informed the defense and the Court that it is aware of its Brady obligations, but that it possesses no Brady material.  The 3500 material – of which we have reviewed only a portion thus far – demonstrates otherwise, giving the defense serious concern that the Government knows of, and has failed to identify, additional Brady material.

Late on November 21st, the Government provided the defense with a massive amount of 3500 material – approximately 4,300 pages.[1]  At this stage there is no guarantee that the defense will have the time to make use of it all, let alone find everything that is buried within this overwhelming

---

[1] In order to plan for trial, the defense had previously asked the Government whether it expected the 3500 material to number a hundred, many hundreds, or thousands of pages.  The Government claimed to be unable to answer that question.

LANKLER SIFFERT & WOHL LLP

production.  As we stated in our Brady motion, the Government should identify Brady materials within its massive production.  (Kelly Brady Motion, Doc. No. 232, page 29 (citing United States v. Blankenship, 5:14-CR-00244, 2015 WL 3687864, at *6 (S.D.W. Va. June 12, 2015)).

  We respectfully ask the Court to order the Government to: (1) provide the Court with a justification for its failure promptly to identify as Brady both this material and the material referenced in Mr. Percoco's letter; (2) set forth the factual basis for the 404(b) notice it provided to Mr. Kelly; (3) affirmatively represent (if it can) that the remainder of the 3500 material contains no Brady or, in the alternative, identify the remaining Brady in the 3500 material; and (4) affirmatively state (if it can) that there is no Brady material of which the Government is aware that exists outside the 3500 material or, in the alternative, identify any such Brady material.  In addition, we respectfully ask that, absent a showing of a factual basis supporting the Rule 404(b) allegations regarding the union's support, the Court preclude proof of these allegations.

Respectfully submitted,

/s/ Daniel M. Gitner
Daniel M. Gitner
Jun Xiang
Samantha J. Reitz

**CC**:

All Counsel