UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - x
                                    :
 UNITED STATES OF AMERICA
                                    :
          - v. -                        S2 16 Cr. 776 (VEC)
                                    :
 JOSEPH PERCOCO,
     a/k/a "Herb,"                  :
 PETER GALBRAITH KELLY, JR.,
     a/k/a "Braith,"                :
 STEVEN AIELLO, and
 JOSEPH GERARDI,                    :

               Defendants.          :

- - - - - - - - - - - - - - - - x


**GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS**


                         JOON H. KIM
                         Acting United States Attorney
                         for the Southern District of New York
                         One Saint Andrew's Plaza
                         New York, New York 10007

Janis Echenberg
Robert Boone
David Zhou
Matthew Podolsky
Assistant United States Attorneys
     -Of Counsel-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - x
                                    :
 UNITED STATES OF AMERICA
                                    :
            - v. -                       S2 16 Cr. 776 (VEC)
                                    :
 JOSEPH PERCOCO,
    a/k/a "Herb,"                   :
 PETER GALBRAITH KELLY, JR.,
    a/k/a "Braith,"                 :
 STEVEN AIELLO, and
 JOSEPH GERARDI,                    :

                Defendants.    :

- - - - - - - - - - - - - - - - x


### GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS

The Government respectfully requests, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors.

**A.    The Charges**

1.    This is a criminal case.  The defendants, JOSEPH PERCOCO, a/k/a "Herb," PETER GALBRAITH KELLY, JR., a/k/a "Braith," STEVEN AIELLO, and JOSEPH GERARDI, have been charged in an indictment with violating federal laws related to bribery, fraud, extortion, and false statements.  The indictment is not evidence.  It simply contains the charges that the Government must prove to the jury beyond a reasonable doubt.  I will summarize the charges in this case in order to determine whether there is anything about the nature of this case which may make it difficult or inappropriate

for any of you to serve on the jury.

2.    The indictment contains twelve counts related to bribery, fraud, extortion, and false statements.  Count [Six] alleges that defendant JOSEPH PERCOCO engaged in a conspiracy in which he used his official position as a high-ranking official in the office of the Governor of the State of New York and his control over other New York State officials to obtain hundreds of thousands of dollars through extortion from an energy company called Competitive Power Ventures or "CPV," and a construction company called COR Development.[1]  Counts [Seven, Nine, Eleven and Thirteen] relate to the payments to PERCOCO from the energy company.  Specifically, Count [Seven] charges PERCOCO with extorting the energy company. Count [Nine] charges PERCOCO and defendant PETER GALBRAITH KELLY, JR., a/k/a "Braith," an executive at the energy company, with conspiracy to defraud the public of the honest services of PERCOCO and other New York State officials through bribery.  Count Eleven charges PERCOCO with soliciting bribes from KELLY.  Count Thirteen charges KELLY with paying bribes to PERCOCO.

3.    Counts [Eight, Ten, Twelve and Fourteen] relate to the payments to Percoco from COR Development.  Count Eight charges PERCOCO with extorting COR Development.  Count Ten charges PERCOCO

---

[1] Closer to trial, the Government intends to submit to the Court a Trial Indictment limited to the factual allegations and charges relevant to the January 2018 trial.  At that time, the Government will resubmit its Proposed Examination of Prospective Jurors with the renumbered Counts.

and defendants STEVEN AIELLO and JOSEPH GERARDI, executives at COR Development, with conspiracy to defraud the public of the honest services of PERCOCO and other New York State officials through bribery.  Count Twelve charges PERCOCO with soliciting bribes from AIELLO and GERARDI.  Count [Fourteen] charges AIELLO and GERARDI with paying bribes to PERCOCO.   Count [Seventeen] charges AIELLO, and Count [Eighteen] charges GERARDI, with lying to federal officers about the conduct alleged in Counts [Ten and Fourteen].

    4.   Do any of you believe you have personal knowledge of the case as I have described it?

    5.   Has any of you seen, read, or heard anything about this case?  If so, is there anything you have seen, read, or heard that would cause you to feel that you cannot decide the case fairly and impartially?

    6.   Do any of you feel, for any reason, that you could not view fairly and impartially a case involving charges such as I have described?

**B.   Nature of the Charges**

    7.   During the trial, you will hear evidence concerning alleged bribery, fraud, extortion, and false statements.  Does the fact that the charges involve allegations of bribery, fraud, extortion, and false statements make it difficult for any of you to render a fair verdict?  Does the fact that the charges involve alleged corruption in New York State government make it difficult

for any of you to render a fair verdict?  Does the fact that the charges involve alleged bribes paid by executives of an energy company and a construction company make it difficult for any of you to render a fair verdict?

8.   Have any of you formed an opinion that the actions charged in the indictment, as I have described them to you, should not be crimes, or that the laws governing these offenses should not be enforced, or that these crimes should not be prosecuted by the United States Government?

9.   Have you, any member of your family, or any of your close friends worked for the State of New York in any capacity?  Have you sought business, funds, changes to law or policy, or any other benefits from any branch of New York State government on behalf of yourself or another person or entity?  If so, is there anything about that experience which would affect your ability to be a fair and impartial juror in this case?

10.  Without telling me who or what party, have any of you donated money to any candidate for New York State office or any New York State political committee?  Without telling me who or what party, have any of you worked or volunteered for any political candidate, political party or political committee?  Do any of you feel that because of that experience you might not be able to render a fair and impartial verdict?

11.  Have you, any member of your family, or any of your close

friends had any experiences of any kind, directly or indirectly, with alleged bribery, fraud, extortion, or false statements to federal agents, either as a victim, a witness, a subject of investigation, or a defendant?  Would that experience prevent you from rendering a fair and impartial verdict in this case?

12.  Have you, any member of your family, or any of your close friends ever owned, in whole or in part, managed or worked for or had any business dealings with an energy company or a construction company?  If so, is there anything about that experience that would prevent you from rendering a fair and impartial verdict in this case?

13.  Have you, any member of your family, or any of your close friends ever owned, in whole or in part, managed or worked for or had any business dealings with CPV or COR in any capacity?  If so, is there anything about that experience that would prevent you from rendering a fair and impartial verdict in this case?

14.  Have you, any member of your family, or any of your close friends owned, in whole or in part, managed or worked for or had any business dealings with a lobbying firm or worked as a lobbyist?  If so, is there anything about that experience that would prevent you from rendering a fair and impartial verdict in this case?

15.  Do you or does anyone close to you have any experience in lobbying any branch of local, state, or federal government? If yes, on which issues did you lobby and who or what office did you lobby

and please describe the experience.  Will this experience influence your ability to render a fair and impartial verdict in this case?

16.  As I have mentioned, one of the defendants, PERCOCO, was a high-ranking official in the office of New York State Governor Andrew Cuomo.  Do you have strong positive or negative views about Governor Cuomo or his administration?  If so, is there anything about your views about Governor Cuomo or his administration that would prevent you from rendering a fair and impartial verdict in this case?

17.  This case involves allegations that JOSEPH PERCOCO used his official position to obtain work for his wife, LISA PERCOCO, from CPV, which had business before certain New York State agencies.  Have you ever helped a spouse or other relative obtain work?  [If the prospective juror answers in the affirmative, please continue the questioning at sidebar.] If so, what type of help did you provide?  Would that experience prevent you from rendering a fair and impartial verdict in this case?  As an adult, have you ever received help from a spouse or other relative in obtaining work?  [If the prospective juror answers in the affirmative, please continue the questioning at sidebar.] If so, what type of help did your spouse or other relative provide?  Would that experience prevent you from rendering a fair and impartial verdict in this case?

18.  [IF ANY DEFENDANT INTENDS TO RAISE AN ADVICE OF COUNSEL

6

DEFENSE, THE GOVERNMENT MAKES THE FOLLOWING REQUEST] Defendant [_____] denies the allegations of the indictment, and take the position that, whatever he did or did not do, he was advised by an attorney that it was permissible to do so. Is there anything about the nature of this defense that would make it difficult for you to be a fair and impartial juror?

### C. **Knowledge of the Trial Participants**

19. As I mentioned previously, the defendants in this case are JOSEPH PERCOCO, a/k/a "Herb," PETER GALBRAITH KELLY, JR., a/k/a "Braith," STEVEN AIELLO, and JOSEPH GERARDI. [Please ask each defendant to stand.] Do any of you know, or have you had any dealings, directly or indirectly, with any of the defendants, or with any relative, friend or associate of any of the defendants, as a constituent of the Governor of New York, as an advocate, as an owner or employee of an entity, in your personal capacity, or in any other capacity? How do you know [  ]? Is there anything about that experience that would prevent you from rendering a fair and impartial verdict in this case?

20. To your knowledge, do any of your relatives, close friends, associates, or employers know any of the defendants? To your knowledge, how do they know [ ]? Is there anything about what you have heard from those other individuals that would prevent you from rendering a fair and impartial verdict in this case?

21. Is there anything that you have read or heard about any

of the defendants prior to today that would affect your ability to be a fair and impartial juror in this case?

22.   JOSEPH PERCOCO is represented by Barry Bohrer, Michael Yaeger, Andrew Gladstein and Abigail Coster of the law firm Schulte Roth & Zabel LLP.  PETER GALBRAITH KELLY, JR. is represented by Daniel Gitner, Jun Xiang, Samantha Reitz and Rachel Berkowitz of the law firm Lankler Siffert and Wohl LLP. STEVEN AIELLO is represented by Stephen Coffey and Scott Iseman of the law firm O'Connell & Aronowitz, P.C..  JOSEPH GERARDI is represented by Milton Williams of the law firm Walden Macht & Haran LLP.  [Please ask the attorneys to stand.]  Do any of you know any of these individuals?  Have you, your family members, or any close friends had any dealings either directly or indirectly with any of these individuals or these firms?

23.   The Government is represented here, as in all cases where it is a party before this Court, by the Acting United States Attorney for the Southern District of New York, who is Joon H. Kim. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Janis Echenberg, Robert Boone, David Zhou and Matthew Podolsky.  They will be assisted by Special Agents Eric Blachman and DeLeassa Penland with the U.S. Attorney's Office for the Southern District of New York, Special Agents [TBD] with the Federal Bureau of Investigation, or the FBI, and paralegal specialists Sylvia Lee and Aashna Rao with the U.S. Attorney's

Office.  [Please ask the AUSAs and agents, and paralegals to stand.]  Do any of you know any of the attorneys, agents, or paralegals that I have just identified?  Have any of you, or, to your knowledge, any member of your family or any close friend, had any dealings, directly or indirectly, with any of these individuals, or with the FBI or the United States Attorney's Office for the Southern District of New York?

24.  I will now read a list of names and entities that may be mentioned during the trial.  Some of the individuals may be witnesses in this case.  [To be provided in advance of trial.]  Do any of you know any of these individuals or entities?  Have you had any dealings either directly or indirectly with any of these individuals or entities?   If so, is there anything about your familiarity with or knowledge of these individuals or entities that could affect your ability to be fair and impartial in this case?

**D.  <u>Relationship with Government</u>**

25.  Have you, any member of your family, or any of your close friends ever worked in law, law enforcement, the justice system, or the courts?  In what capacity?  Have you had any contact with anyone in law, law enforcement, the justice system or the courts that might influence your ability to render a fair and impartial verdict in this case?

26.  Do any of you know, or have any association -- professional, business, or social, direct or indirect -- with any

member of the staff of the United States Attorney's Office for the Southern District of New York, the Department of Justice, the FBI, or the Internal Revenue Service, also known as the IRS?  Is any member of your family employed by any federal department or agency, or any law enforcement agency, whether federal, state, or local?

27.  Does any juror have any bias, prejudice or other feelings for or against the United States Attorney's Office, the Department of Justice, the FBI, IRS, or any other law enforcement agency?

28.  Have you, or has any member of your family, either as an individual, or in the course of business, ever been a party to any legal action or other dispute with the United States, or with any of the officers, departments, agencies, or employees of the United States, including the FBI, or the IRS?  Have any of you had any legal, financial, or other interest in any such legal action or dispute, or its outcome?

29.  Do you have a case pending at this time in state court, federal court, tax court, or with any federal agency or appeal authority?

30.  Have you ever sued anyone or been sued by anyone else?

**E.   Prior Jury Service**

31.  Have any of you ever sat as a juror before in any type of case?

32.  If so, please state whether the case was in state or federal court, whether it was a civil or criminal matter, and,

10

without telling us what the verdict was, whether a verdict was reached.

33.   Have any of you served as a grand juror?  If so, please indicate where and when you served, and describe, in general terms, the kind of cases you heard.

34.   For those of you who have described prior jury service, is there anything about your prior experiences as a juror that would prevent you from acting as a fair and impartial juror in this case?

### F.   Experience as a Witness, Defendant, or Crime Victim

35.   Have you, or any member of your family or any close friends, ever participated in a state or federal court case, whether criminal or civil, as a witness, plaintiff, or defendant? If so, what kind of case and what was your role in that case?  Is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case? If you would prefer not to give your answer in open court, please say so.

36.   Have you, or a relative or close friend, ever been charged with a crime?  If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?  If you would prefer not to give your answer in open court, please say so.

37.   Have you, or a relative or close friend, ever been the victim of a crime?  If so, is there anything about that experience

11

that would prevent you from acting as a fair and impartial juror in this case?  If you would prefer not to give your answer in open court, please say so.

38.  Have you, or a relative or close friend, ever been the subject of any investigation or accusation by any grand jury, state or federal, or any other investigation?  If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

39.  Have you, or a relative or close friend, ever been subpoenaed for any inquiry or investigation?  If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

40.  Have you, or a relative or a close friend, ever been questioned in any matter by the United States Department of Justice, the United States Attorney's Office for the Southern District of New York, the FBI or the IRS?  If so, is there anything about that experience that could affect your ability to be fair and impartial in this case?

**G.**   **Views on Certain Witnesses and Investigative Techniques**

41.  The Government witnesses may include law enforcement witnesses.  Does anyone have any personal views or experiences with law enforcement that would in any way affect their ability to be fair and impartial in this case?  Would any of you be more inclined or less inclined to believe a witness solely because the witness

was an FBI or other special agent, government investigator, or other law enforcement officer?

42.   The Government's witnesses may also include employees of the State of New York.  Does anyone have any personal views or experiences with New York State employees that would in any way affect their ability to be fair and impartial in this case?  Would any of you be more inclined or less inclined to believe a witness solely because the witness was public employee?

43.   You may hear testimony in this case from one or more accomplice or cooperating witnesses, that is, a witness who at one time was involved in illegal activity, but who has admitted his or her crimes and is testifying pursuant to an agreement with the Government in which he or she agrees to cooperate in the hope of receiving a lower sentence.  You may also hear testimony from one or more witnesses who are testifying pursuant to a non-prosecution agreement, that is, a witness who is testifying pursuant to an agreement with the Government in which he or she agrees to cooperate and in return will not be prosecuted for certain things, which may or may not be crimes.  And you may also hear testimony from one or more witnesses who are testifying under a court order of immunity, that is, a witness who is testifying because an order has been entered providing that truthful testimony cannot be used to charge him or her with a crime. I instruct you that the use of such witnesses -- accomplice or cooperating witnesses, as well as

13

immunized witnesses or witnesses testifying pursuant to non-prosecution agreements -- is perfectly legal and is often a necessary law enforcement tool.  Do any of you have any experience with or feelings about the use of these types of witnesses generally, or the use of evidence or information obtained from such witnesses, that would make it difficult for you to render a fair and impartial verdict if you heard testimony from that witness?  Do you believe that the Government should not be allowed to call such witnesses?  Would you be unwilling to consider the testimony of such witnesses fairly because there is a possibility that they might receive lesser sentences for their crimes?

44.  Some of the evidence admitted at trial may come from searches performed by law enforcement officers, including searches of houses and offices and of the defendants' and others' email accounts pursuant to Court-authorized search warrants.  I instruct you that those searches were legal and that the evidence obtained from those searches is admissible in this case.  Do any of you have strong feelings about searches conducted by law enforcement officers or the use of evidence obtained from searches that would affect your ability to be fair and impartial in this case?

45.  Does anyone have any expectations about the types of evidence that the Government should or will present in this criminal trial, or in a criminal trial more generally?

14

46.   Would any of you be unable to follow my instructions that the Government is not required to use any particular investigative technique uncovering evidence of or prosecuting a crime?

### H.   Persons Not on Trial

47.   You might hear evidence in this trial of criminal activity committed by people other than the defendants.  Those other individuals are not on trial here.  You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from that fact.  You also may not speculate as to the reason why other persons are not on trial.  Is there any juror who cannot follow this instruction or who for this reason would have difficulty rendering a fair and impartial verdict?

### I.   Ability to Sit as a Juror

48.   Do any of you have problems with your hearing or vision which would prevent you from giving full attention to all of the evidence at this trial?

49.   Are any of you taking any medication, or do any of you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

50.   Do any of you have any difficulty in reading or understanding English?

51.   Do any of you have any religious, philosophical, or other beliefs that would make you unable to render a guilty verdict for reasons regardless of the evidence?

52.   With respect to any publicity this trial generates, I will instruct you that you are to absolutely avoid reading about this case in the newspapers or electronic media and listening to any radio or television reports concerning the case until after it is over.  Will any of you have any difficulty following this instruction?

### J.   Function of the Court and Jury

53.   The function of the jury is to decide questions of fact. You are the sole judge of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact-finder.  When it comes to the law, however, you are to take your instructions from the Court, and you are bound by those instructions.  You may not substitute your own notions of what the law is, or what you think it should be.  At the conclusion of the case, your job will be to determine whether or not the defendant is guilty as charged in the indictment.  Do any of you have any bias or prejudice that might prevent or hinder you from accepting the instructions of law that I will give you in this case?

54.   Will each of you accept that the question of punishment is for the Court alone to decide, and that the possible punishment must not enter into your deliberations as to whether the defendant is guilty or innocent?

55.   Will each of you accept that sympathy must not enter into

your deliberations as to guilt or innocence of the defendants, and that only the evidence produced here in Court may be used by you to decide the guilt or innocence of the defendant?

56.   It is not a particularly pleasant duty to find another individual guilty of committing a crime.  Is there any juror who feels that even if the evidence established a defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons regardless of the evidence?

**K.**   **Other Biases**

57.   In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror.  Apart from any prior question, do any of you have the slightest doubt in your mind, for any reason whatsoever, that you will be able to serve conscientiously, fairly, and impartially in this case, and to render a true and just verdict without fear, favor, sympathy or prejudice, and according to the law as it will be explained to you?

**L.**   **Juror's Background**

58.   The Government respectfully requests that the Court ask each juror to state the following information:

a.    the juror's age;

b.    with whom the juror lives, the area in which the juror resides and any other area the juror has resided during the last ten years;

17

c.   the juror's educational background,
including the highest degree obtained;

d.   the juror's occupation/employment status, and
whether the juror supervises others in the course of his/her
duties;

e.   the name of the juror's employer, and the
period of employment with that employer;

f.   the same information concerning other
employment within the last five years;

g.   the same information with respect to the
juror's spouse, domestic partner, and any working children;

h.   websites, newspapers, and magazines the juror
reads and how often;

i.   television programs the juror regularly watches
and/or radio programs the juror regularly listens to;

j.   the juror's hobbies and leisure-time
activities; and

k.   whether the juror is a member of any clubs or
organizations.

**M.   <u>Requested Instruction Following Impaneling of the Jury</u>**

59.   From this point until the time when you retire to
deliberate your verdict, it is your duty not to discuss this case
with anyone, including your fellow jurors, and not to remain in the
presence of other persons who may be discussing this case.   The

rule about not discussing the case with others includes discussions even with members of your own family, and your friends.  Do not read or listen to anything touching on this case in any way.  With respect to any publicity this case generates, you are instructed not to read, listen to, or watch any news or other reports about the case.  You must not be influenced by anything you might hear or see outside the courtroom.  Do not do any research or investigation about the case or anything touching upon the case.  Do not go on the Internet to do any searches about this case or these kinds of cases or any of the individuals involved.  If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk.  In this regard, let me explain to you that the attorneys and the defendants in a case are not supposed to talk to jurors, not even to offer a friendly greeting.  So if you happen to see any of them outside this courtroom, they will, and

should, ignore you. Please do not take offense.  They will be

acting properly by doing so.

Dated:     New York, New York
           December 8, 2017

                         Respectfully submitted,

                         JOON H. KIM
                         Acting United States Attorney

           By:    _____/s/_____
                         Janis Echenberg
                         Robert Boone
                         David Zhou
                         Matthew Podolsky
                         Assistant United States Attorneys
                         (212)637-2597/2208/2438/1947