UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

UNITED STATES OF AMERICA           :

        -v.–                :       S2 16 Cr. 776 (VEC)

JOSEPH PERCOCO,          :
    a/k/a "Herb,"
PETER GALBRAITH KELLY, JR.,    :
    a/k/a "Braith,"
STEVEN AIELLO, and         :
JOSEPH GERARDI,
                             :
              Defendants.

------------------------------------------------------------x

## THE GOVERNMENT'S REQUESTS TO CHARGE

JOON H. KIM
Acting United States Attorney
Southern District of New York
Attorney for the United States of America

Janis M. Echenberg
Robert L. Boone
David Zhou
Matthew Podolsky
Assistant United States Attorneys

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

UNITED STATES OF AMERICA                    :

         -v.-                                :     S2 16 Cr. 776 (VEC)

JOSEPH PERCOCO,                             :
    a/k/a "Herb,"
PETER GALBRAITH KELLY, JR.,                 :
    a/k/a "Braith,"
STEVEN AIELLO, and                          :
JOSEPH GERARDI,

                               :

              Defendants.
-------------------------------------------------------------x

## THE GOVERNMENT'S REQUESTS TO CHARGE

        Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government

respectfully requests that the Court include the following in its instructions to the jury.

## Table of Contents

REQUEST NO. 1 – General Requests ................................................................................ 1

REQUEST NO. 2 – The Indictment ................................................................................... 2

REQUEST NO. 3 – Multiple Counts – Multiple Defendants ........................................... 4

REQUEST NO. 4 – Count Six: Conspiracy to Commit Extortion Under Color of Official Right ...... 5

REQUEST NO. 5 – Count Six: Conspiracy to Commit Extortion Under Color of Official Right – Existence of an Agreement ................................................................. 6

REQUEST NO. 6 – Count Six: Conspiracy to Commit Extortion Under Color of Official Right – Membership ............................................................................. 9

REQUEST NO. 7 – Official Action ................................................................................. 13

REQUEST NO. 8 – Counts Seven and Eight: Extortion Under Color of Official Right ................. 14

REQUEST NO. 9 – Counts Seven and Eight: Extortion Under Color of Official Right – Elements of the Substantive Crime ................................................................ 15

REQUEST NO. 10 – Counts Seven and Eight: Extortion Under Color of Official Right – First Element: Public Official ............................................................... 16

REQUEST NO. 11 – Counts Seven and Eight: Extortion Under Color of Official Right – Second Element: Receipt of Property Not Due the Office ......................................... 18

REQUEST NO. 12 – Counts Seven and Eight: Extortion Under Color of Official Right – Third Element – Misuse of Official Position ............................................... 20

REQUEST NO. 13 – Counts Seven and Eight: Extortion Under Color of Official Right – Fourth Element: Effect on Interstate Commerce ............................................... 24

REQUEST NO. 14 – Counts Nine and Ten: Conspiracy to Commit Honest Services Fraud ............ 25

REQUEST NO. 15 – Counts Nine and Ten: Conspiracy to Commit Honest Services Fraud – Elements of the Substantive Crime ................................................................. 26

REQUEST NO. 16 – Counts Nine and Ten: Conspiracy to Commit Honest Services Fraud – Existence of Scheme or Artifice ................................................................... 27

REQUEST NO. 17 – Counts Nine and Ten: Conspiracy to Commit Honest Services Fraud – Participation in Scheme With Intent to Defraud ...................................... 32

REQUEST NO. 18 – Counts Nine and Ten: Conspiracy to Commit Honest Services Fraud – Use of Interstate Wires ............................................................................ 34

REQUEST NO. 19 – Counts Eleven and Twelve: Solicitation of Bribes and Illegal Gratuities ....... 36

REQUEST NO. 20 – Counts Eleven and Twelve: Solicitation of Bribes and Illegal Gratuities – Agent of State Government ................................................................... 37

REQUEST NO. 21 – Counts Eleven and Twelve: Solicitation of Bribes and Illegal Gratuities – Government Received Federal Funds ........................................... 38

REQUEST NO. 22 – Counts Eleven and Twelve: Solicitation of Bribes and Illegal Gratuities – The Defendant Accepted Something of Value ........................................................................................... 39

REQUEST NO. 23 – Counts Eleven and Twelve: Solicitation of Bribes and Illegal Gratuities – Corrupt Intent ........................................................................................................................................... 40

REQUEST NO. 24 – Counts Eleven and Twelve: Solicitation of Bribes and Illegal Gratuities – Bribes vs. Illegal Gratuities ................................................................................................................. 42

REQUEST NO. 25 – Counts Eleven and Twelve: Solicitation of Bribes and Illegal Gratuities – Value of Transaction ....................................................................................................................... 44

REQUEST NO. 26 – Counts Thirteen and Fourteen: Paying Bribes and Illegal Gratuities .............. 46

REQUEST NO. 27 – Counts Thirteen and Fourteen: Paying Bribes and Illegal Gratuities – Recipient Was Agent of a State Government .................................................................................... 48

REQUEST NO. 28 – Counts Thirteen and Fourteen: Paying Bribes and Illegal Gratuities – State Government Received Federal Funds ............................................................................................. 49

REQUEST NO. 29 – Counts Thirteen and Fourteen: Paying Bribes and Illegal Gratuities – Gave, Offered, or Agreed to Give a Thing of Value ................................................................................ 50

REQUEST NO. 30 – Gave, Offered, or Agreed to Give a Thing of Value – Corrupt Intent ............. 51

REQUEST NO. 31 – Gave, Offered, or Agreed to Give a Thing of Value – Bribes vs. Illegal Gratuities ...................................................................................................................................... 53

REQUEST NO. 32 – Gave, Offered, or Agreed to Give a Thing of Value – Value of Transaction .. 55

REQUEST NO. 33 – Counts Seventeen and Eighteen: False Statements ......................................... 57

REQUEST NO. 34 – Counts Seventeen and Eighteen: False Statements – Statement or Representation ............................................................................................................................... 58

REQUEST NO. 35 – Counts Seventeen and Eighteen: False Statements – Materiality ................... 59

REQUEST NO. 36 – Counts Seventeen and Eighteen: False Statements – False, Fictitious, or Fraudulent Statements ................................................................................................................... 60

REQUEST NO. 37 – False, Fictitious, or Fraudulent Statements – Knowing and Willful Conduct . 61

REQUEST NO. 38 – False, Fictitious, or Fraudulent Statements – Matter Within the Jurisdiction of the United States Government ........................................................................................................ 62

REQUEST NO. 39 – Dual Intent No Defense ................................................................................... 63

REQUEST NO. 40 – Aiding and Abetting and/or Willfully Causing a Crime .................................. 64

REQUEST NO. 41 – Venue .............................................................................................................. 68

REQUEST NO. 42 – Conscious Avoidance ...................................................................................... 69

REQUEST NO. 43 – Variance in Dates and Amounts ...................................................................... 71

REQUEST NO. 44 – Lawfulness or Benefits of Acts or Goals No Defense ..................................... 72

REQUEST NO. 45 – Law Enforcement or Government Witnesses ................................................... 74

REQUEST NO. 46 – Non-Prosecution Agreements and Immunized Witnesses ............................... 75

REQUEST NO. 47 – Accomplice Testimony ................................................................. 78

REQUEST NO. 48 – Preparation of Witnesses ............................................................ 81

REQUEST NO. 49 – False Exculpatory Statements ..................................................... 82

REQUEST NO. 50 – Similar Acts ................................................................................ 83

REQUEST NO. 51 – Limited Evidence ....................................................................... 84

REQUEST NO. 52 – Particular Investigative Techniques ........................................... 85

REQUEST NO. 53 – Use of Evidence Obtained Pursuant to Searches and Seizures ...... 86

REQUEST NO. 54 – Charts and Summaries: Admitted as Evidence ............................ 87

REQUEST NO. 55 – Charts and Summaries: Not Admitted as Evidence ..................... 88

REQUEST NO. 56 – Stipulations of Testimony .......................................................... 89

REQUEST NO. 57 – Stipulations of Fact .................................................................... 90

REQUEST NO. 58 – Redaction of Evidentiary Items .................................................. 91

REQUEST NO. 59 – Persons Not on Trial ................................................................... 92

REQUEST NO. 60 – Character Witnesses .................................................................... 93

REQUEST NO. 61 – Uncalled Witnesses – Equally Available or Unavailable .............. 94

REQUEST NO. 62 – Acts and Statements of Co-Conspirators .................................... 95

REQUEST NO. 63 – Defendant's Testimony ............................................................... 97

REQUEST NO. 64 – Defendant's Right Not to Testify ................................................ 98

REQUEST NO. 65 – Improper Considerations: Race, Religion, National Origin, Sex, or Age ........ 99

REQUEST NO. 66 – Expert Testimony ...................................................................... 100

REQUEST NO. 67 – Motive ...................................................................................... 101

REQUEST NO. 68 – Punishment is Not to be Considered by the Jury ....................... 102

REQUEST NO. 69 – Sympathy: Oath as Jurors ......................................................... 103

Conclusion .............................................................................................................. 104

## REQUEST NO. 1

### General Requests

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

    a.      Function of Court and Jury
    b.      Jury's Recollection Governs
    c.      Note-Taking by Jurors
    d.      Duty to Base Verdict on Evidence
    e.      Improper Considerations
    f.      Statements of Court and Counsel Not Evidence
    g.      Duty to Weigh Evidence Without Prejudice
    h.      Government as a Party
    i.      Indictment Not Evidence
    j.      Burden of Proof
    k.      Presumption of Innocence
    l.      Reasonable Doubt
    m.      Direct and Circumstantial Evidence
    n.      Inferences
    o.      Credibility of Witnesses
    p.      Right to See Exhibits and Have Testimony Read During Deliberation

## REQUEST NO. 2

### The Indictment

The defendants, JOSEPH PERCOCO, who is also known as "Herb," PETER GALBRAITH KELLY, JR., who is also known as "Braith," STEVEN AIELLO, and JOSEPH GERARDI are formally charged in an Indictment.   As I have instructed you already, the Indictment is not evidence of a crime and is simply a way for the Government to present charges in this case.   [Before you begin your deliberations, you will be provided a copy of the Indictment.] I will not read the entire Indictment to you at this time.    Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each offense.

The Indictment contains seven counts against the defendant JOSEPH PERCOCO, three counts against defendants STEVEN AIELLO and JOSEPH GERARDI, and two counts against defendant PETER GALBRAITH KELLY, JR.   I am briefly going to summarize each count, and then will give you the law in greater detail.

Count Six[1] alleges that JOSEPH PERCOCO engaged in a conspiracy to commit extortion under color of official right, in violation of Title 18, United States Code, Section 1951.

Counts Seven and Eight allege that JOSEPH PERCOCO committed the substantive crime of committing extortion under color of official right, in violation of Title 18, United States Code, Section 1951.

---

[1]  Closer to trial, and after conferring with the defense, the Government intends to submit to the Court a Trial Indictment limited to the factual allegations and charges relevant to the January 2018 trial.   At that time, the Government will advise the Court of any necessary revisions or submit revised versions of the requests to charge that reference specific count numbers.

Count Nine alleges that JOSEPH PERCOCO and PETER GALBRAITH KELLY, JR. engaged in a conspiracy to commit honest services fraud, in violation of Title 18, United States Code, Section 1349.

Count Ten alleges that JOSEPH PERCOCO, STEVEN AIELLO, and JOSEPH GERARDI engaged in a conspiracy to commit honest services fraud, in violation of Title 18, United States Code, Section 1349.

Counts Eleven and Twelve allege that JOSEPH PERCOCO corruptly solicited and/or accepted bribes or gratuities in violation of Title 18, United States Code, Section 666(a)(1)(B).

Count Thirteen alleges that PETER GALBRAITH KELLY, JR. committed the crime of paying bribes or illegal gratuities, in violation of Title 18, United States Code, Section 666(a)(2).

Count Fourteen alleges that STEVEN AIELLO and JOSEPH GERARDI committed the crime of paying bribes or illegal gratuities, in violation of Title 18, United States Code, Section 666(a)(2).

Count Seventeen alleges that STEVEN AIELLO made a false statement in a matter within the jurisdiction of the executive branch of the United States government, in violation of Title 18, United States Code, Section 1001(a)(2).

Count Eighteen alleges that JOSEPH GERARDI made a false statement in a matter within the jurisdiction of the executive branch of the United States government, in violation of Title 18, United States Code, Section 1001(a)(2).

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 3-1; 3-2

## REQUEST NO. 3

## Multiple Counts – Multiple Defendants

The indictment contains a total of twelve counts.  Each count charges at least one defendant before you with a crime. However, not every defendant is charged in every count.    You must, as a matter of law, consider each count of the indictment and each defendant's involvement in that count separately, and you must return a separate verdict on each defendant for each count in which he is charged.

In reaching your verdict, bear in mind that guilt is personal and individual.   Your verdict of guilty or not guilty must be based solely upon the evidence about each defendant.   The case against each defendant, on each count, stands or falls upon the proof or lack of proof against that defendant alone, and your verdict as to any defendant on any count should not control your decision as to any other defendant or any other count.   No other considerations are proper.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 3-8.

## REQUEST NO. 4

## Count Six: Conspiracy to Commit Extortion Under Color of Official Right

As I mentioned, Count Six of the Indictment charges the defendant JOSEPH PERCOCO with conspiracy to commit extortion under color of official right.   A conspiracy is a kind of criminal partnership, an agreement of two or more persons to join together to accomplish some unlawful purpose.   In order to satisfy its burden of proof with respect to the allegation of conspiracy, the Government must establish each of the following elements beyond a reasonable doubt:

First, the existence of the conspiracy charged in the Indictment; that is, as to Count Six, an agreement or understanding to obtain property by extortion under color of official right, and;

Second, that the defendant you are considering intentionally and knowingly became a member of the conspiracy.   That is, he knowingly participated in the conspiracy to commit extortion under color of official right with knowledge of its object and with an intent to further the aims of the conspiracy.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 19-3, and The Honorable Kimba M. Wood's Instructions in *United States* v. *Cespedes-Pena*, 14 Cr. 520 (KMW).   *See United States* v. *Clemente*, 22 F.3d 477, 480 (2d Cir. 1994) (no overt act requirement for Hobbs Act conspiracy).

## **REQUEST NO. 5**

### **Count Six: Conspiracy to Commit Extortion Under Color of Official Right**

### **Existence of an Agreement**

The first element that the Government must prove beyond a reasonable doubt is the existence of the conspiracy.   Simply defined, a conspiracy is an agreement by two or more persons to violate the law.    In this instance, the unlawful purpose alleged to have been the object of the conspiracy charged in Count Six is to commit extortion under color of official right in order to obtain property.    I will tell you more about the crime of extortion under color of official right a bit later when I instruct you on the law regarding Counts Seven and Eight.

The essence of the crime of conspiracy is the unlawful combination or agreement to violate the law.   The success or failure of a conspiracy is not material to the question of guilt or innocence of the conspirator, for a conspiracy is a crime entirely separate and distinct from the substantive crime that may be the goal of the conspiracy.    The crime of conspiracy is complete once the unlawful agreement is made.

To establish a conspiracy, the Government is not required to show that two or more persons sat around a table and entered into a solemn compact, orally or in writing, stating that they have formed a conspiracy to violate the law and setting forth all the details of the plans and the means by which the unlawful object is to be carried out or the part to be played by each conspirator. Indeed, it would be extraordinary if there were such a formal document or specific oral agreement. When people agree to enter into a criminal conspiracy, much is left to unexpressed understanding. Since conspiracy, by its very nature, is characterized by secrecy, it is rare that a conspiracy can be proven by direct evidence of that explicit agreement.    Thus, you may infer its existence from the circumstances of this case and the conduct of the parties involved.

It is sufficient if two or more persons in some way or manner through any contrivance, impliedly or tacitly, come to a common understanding to violate the law.   Express language or specific words are not required to indicate assent or attachment to a conspiracy.   Nor is it required that you find that any particular number of alleged co-conspirators joined in the conspiracy in order to find that a conspiracy existed.   You need only find that the defendant you are considering knowingly entered into the unlawful agreement alleged in Count Six with one or more other persons in order to find that a conspiracy existed.

In determining whether there has been an unlawful agreement, you may judge acts and conduct of the alleged co-conspirators that are done to carry out an apparent criminal purpose. The saying "actions speak louder than words" is applicable here.

Often, the only evidence available is that of disconnected acts that, when taken together in connection with each other, show a conspiracy or agreement to secure a particular result as satisfactorily and conclusively as more direct proof.

Of course, proof concerning the accomplishment of the objects of the conspiracy may be the most persuasive evidence of the existence of the conspiracy itself.   But it is not necessary that the conspiracy actually succeed in its purpose in order for you to conclude that the conspiracy existed.

In determining whether the conspiracy charged in Count Six actually existed, you may consider all the evidence of the acts, conduct, and statements of the alleged conspirators and the reasonable inferences to be drawn from such evidence.

In order to establish the existence of the conspiracy you must find beyond a reasonable doubt, after considering all of the relevant evidence, that the minds of at least two

alleged conspirators met in an understanding way and that they agreed, as I have explained, to work together in furtherance of the unlawful scheme alleged in Count Six of the Indictment.

In this case, the Government alleges that the purpose of the conspiracy was to accomplish an illegal objective, that is, to engage in extortion by obtaining property under color of official right.   If the Government fails to prove that this was the object of the conspiracy, then you must find the defendant not guilty of the conspiracy count in Count Six.

Remember, as I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not required.   The offense alleged in Count Six is simply a conspiracy, or agreement, to obtain property under color of official right.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instrs. 19-3S and 19-4, The Honorable Kimba M. Wood's Instructions in *United States* v. *Cespedes-Pena*, 14 Cr. 520 (KMW) and The Honorable Kimba M. Wood's Instructions in *United States v. Catalano*, 12 Cr. 725.   *See also United States* v. *Cassino*, 467 F.2d 610, 618-19 (2d Cir. 1972); *Radin* v. *United States*, 189 F. 568, 570 (2d Cir. 1911) ("The agreement was not reduced to writing and signed by the conspirators.   It was not proved by direct oral evidence.   From the nature of the case such proof was impossible. Conspiracies are not formed in that way.   Conspirators do not go out upon the public highways and proclaim their intention.   They accomplish their purpose by dark and sinister methods and must be judged by their acts.")

## REQUEST NO. 6

## Count Six: Conspiracy to Commit Extortion Under Color of Official Right

## Membership

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count Six of the Indictment existed, you must next determine the second question, and that is whether the defendant you are considering participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful object.

The Government must prove beyond a reasonable doubt that the defendant, by his own actions and conduct, intentionally and knowingly entered into the conspiracy or agreement with a criminal intent — that is, with awareness of the generally unlawful nature of his acts.   The defendant need not have known which specific law or rule his acts violated in order to be aware that his acts were unlawful.

As you can see, this element concerns a person's state of mind.   Direct proof of state of mind is not always available.   Indeed, it would be a rare case where it could be shown that a person wrote or stated that, as of a given time in the past, he committed an act with a certain state of mind.   Such direct proof is not required.

For this element, the terms "intentionally" and "knowingly" mean that you must be satisfied beyond a reasonable doubt that in joining the conspiracy (if you find that the defendant did join the conspiracy), the defendant knew what he was doing -- that he took the actions in question deliberately and voluntarily.

An act is done "intentionally" and "knowingly" only if it is done deliberately and purposefully; that is, the act must have been the product of the defendant's conscious objective, rather than the product of force, mistake, accident, mere negligence or some other innocent reason.

Now, knowledge is a matter of inference from the proven facts.   Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. To make that determination, you may look to the evidence of certain acts alleged to have taken place by or with the defendant, or in his presence.

The Government contends that these alleged acts show, beyond a reasonable doubt, the defendant's knowledge of the unlawful purpose of the conspiracy charged in Count Six of the Indictment. The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence based upon a person's outward manifestations, his words, his conduct, his acts, and all of the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

What is referred to as drawing inferences from circumstantial evidence is no different from what many people normally mean when they say "use your common sense." Using your common sense means that when you come to decide, for example, whether the defendant agreed with at least one other person to obtain property under color of official right, you need not limit yourself to just what the defendant said, but you also may look at what he did, and what others did in relation to him and, in general, everything that occurred.   Circumstantial evidence, if believed, is of no less value than direct evidence.   In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

By pleading not guilty, the defendant has denied that he was a member of the alleged conspiracy.   It is for you to determine whether the Government has established beyond a reasonable doubt that such knowledge and intent existed on the part of the defendant.

To have guilty knowledge, the defendant need not have known the full extent of the conspiracy charged in Count Six, or all of its activities or all of its participants.   It is not even

necessary that a defendant know every other member of the conspiracy.   In fact, a defendant may know only one other member of the conspiracy and still be a co-conspirator.   Nor is it necessary that a defendant receive any monetary benefit from participating in the conspiracy or have a financial stake in the outcome, so long as he, in fact, participated in the conspiracy in the manner explained with knowledge of its object or objects and with the intent to further that object or objects.   The duration and extent of a defendant's participation in the conspiracy has no bearing on the issue of a defendant's guilt.   The defendant need not have joined the conspiracy at the outset.

The defendant may have joined it for any purpose at any time in its progress, and that defendant will still be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while the defendant was a member.

Each member of a conspiracy may perform separate and distinct acts and may perform them at different times.   Some conspirators play major roles, while others play minor roles in the scheme.   An equal role is not what the law requires.   In fact, even a single act may be sufficient to draw a defendant within the ambit of the conspiracy.

However, I want to caution you that the mere association by one person with another does not make that person a member of the conspiracy even when coupled with knowledge that a conspiracy is taking place.   Similarly, mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction.   In other words, knowledge without participation is not sufficient.   A person may know, or be friendly with, a criminal, without being a criminal himself.   Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in a conspiracy.   What is necessary is that the defendant participated in the

11

conspiracy with knowledge of its unlawful purpose and with an intent to aid in the accomplishment of its unlawful object.

In sum, the defendant you are considering, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering an illegal undertaking.   The defendant thereby became a knowing and willing participant in the unlawful agreement — that is to say, a conspirator.     A conspiracy, once formed, is presumed to continue until either its object is accomplished or there is some affirmative act of termination by its members.   So, too, once a person is found to be a member of a conspiracy, that person is presumed to continue being a member in the venture until the venture is terminated, unless it is shown by some affirmative proof that person withdrew and disassociated himself from it.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 19-6, The Honorable Kimba M. Wood's Instructions in *United States* v. *Cespedes-Pena*, 14 Cr. 520 (KMW) and The Honorable Kimba M. Wood's Instructions in *United States v. Catalano*, 12 Cr. 725.   *See also United States* v. *Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence.   A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member." (citations omitted)); *United States* v. *Miranda-Ortiz*, 926 F.2d 172, 175-6 (2d Cir. 1991) (generally discussing proof required to show membership in conspiracy); *United States* v. *Maldonado-Rivera*, 922 F.2d 934, 960 (2d Cir. 1990) (same).

## REQUEST NO. 7

## Official Action

You will hear the term "official act" used in connection with the crimes of extortion, honest services fraud and federal program bribery with which the defendants are charged.   An "official act" has a particular meaning with respect to these charges.   In particular, an "official act" is a decision or action that must involve a formal exercise of power.   It also must be specific and focused on something that is pending or may by law or rule be brought before the agent.

The decision or action may include using the agent's official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that such advice will form the basis for an official act by another official.   Expressing support for an idea, setting up a meeting, talking to another official, or organizing an event (or agreeing to do so)—without more—does not fit that definition of official act.

This is not to say that expressing support for an idea, setting up a meeting, hosting an event, or making a phone call is always an innocent act, or is irrelevant.   These actions could serve as evidence of (1) an agreement to take an official act, (2) an attempt to use the agent's official position to exert pressure on another official to perform an official act, or (3) an attempt to advise another official, knowing or intending that such advice will form the basis for an official act by another official.

Adapted from the charge of the Hon. Vernon S. Broderick in *United States* v. *Ng Lap Seng*, 15 Cr. 706 (VSB) (S.D.N.Y. 2017).

**REQUEST NO. 8**

**Counts Seven and Eight: Extortion Under Color of Official Right**

Counts Seven and Eight of the Indictment charge the defendant JOSEPH PERCOCO with the substantive crime of extortion under color of official right.   Count Seven relates to the alleged scheme by JOSEPH PERCOCO to obtain payments from Competitive Power Ventures (CPV).   Count Eight relates to the alleged scheme by JOSEPH PERCOCO to obtain payments from COR Development Company, LLC (COR).

The crime of extortion under color of official right is the use of one's position as a public official, or the authority of public office, to obtain money for oneself, or for another person, knowing the payment was made in exchange for official acts.

In the context of extortion under color of official right, the defendant's use of the authority of public office to obtain money for himself or for another person is what supplies the element of coercion.   In other words, the "extortion" is performed through the misuse of public office rather than through pressure or threats.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 50-18. *See United States* v. *Margiotta*, 688 F.2d 108, 130-32 (2d Cir. 1982), *overruled on other grounds by McNally* v. *United* States, 483 U.S. 350 (1987) ("The public officer's misuse of his office supplies the necessary element of coercion, and the wrongful use of official power need not be accompanied by actual or threatened force, violence, or fear. . . . The use of public office, with the authority to grant or withhold benefits, takes the place of pressure or threats."); *United States* v. *Butler*, 618 F.2d 411, 418 (6th Cir. 1980), *cert. denied*, 447 U.S. 927, 100 S. Ct. 3024, 65 L.Ed.2d 1121 (1980) ("The coercive element on the part of the official, and the 'duress' or 'fear' element on the part of the 'victim' are implied from the public official's position of authority over the victim.").

14

## REQUEST NO. 9

## Counts Seven and Eight: Extortion Under Color of Official Right

## Elements of the Substantive Crime

In order to sustain the charge that the defendant obtained property under color of official right, the Government must prove beyond a reasonable doubt the following four elements:

First, that JOSEPH PERCOCO was a public official or held public office or exerted actual control over a public official or official decision-making;

Second, that JOSEPH PERCOCO obtained property, for himself or for another person, not due him or his office.

Third, that this property was given with the consent of the givers, because of JOSEPH PERCOCO's official position or PERCOCO's control over a public official or official decision-making, and that the defendant knew that the property was given because of JOSEPH PERCOCO's official position; and

Fourth, that interstate commerce, or an item moving in interstate commerce, was delayed, obstructed, or affected in any way or degree.

I will now go through each of these elements in more detail.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 50-19.

15

## REQUEST NO. 10

### Counts Seven and Eight: Extortion Under Color of Official Right

### First Element: Public Official

As I mentioned, the first element of the substantive crime of extortion under color of official right is that, at the time an official action was taken as charged in the indictment, defendant JOSEPH PERCOCO was either (1) a public official or held public office, or (2) exerted actual control over a public official or official decision-making.

The term "public official" or one holding public office includes non-elected, non-appointed government employees, including assistants or aides to public officials.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 50-20; *see also United States* v. *Middlemiss*, 217 F.3d 112, 117 (2d Cir. 2000) ("[T]he government must prove beyond a reasonable doubt that the victims were motivated to make payments as a result of the defendant's control or influence over public officials and that the defendant was aware of this motivation." (internal quotation marks omitted)); *United States* v *McDonough*, 5 F.3d 381, 388 (2d Cir. 1995) (approving of jury instruction that the defendant "exercised official powers or exerted actual control over decision making"); *United States* v. *Margiotta*, 688 F.2d 108, 130-33 (2d Cir. 1982) (conviction of private citizen for extortion under color of official right proper under 18 U.S.C. §§ 1951 and 2(b) where defendant caused public officials to take action); *United States* v. *Forzt*, 655 F.2d 101, 104 (7th Cir. 1981) (holding that payment to public official need be made when in office); *United States* v. *Meyers*, 529 F.2d 1033, 1036 (7th Cir. 1976) (conspiracy to commit Hobbs Act extortion under color of official right is a continuing offense); *United States* v. *Warner*, 292 F. Supp. 2d 1051, 1066-67 (N.D. Ill. 2003) (private citizen guilty of Hobbs Act extortion under color of official right where he caused public officials to take action); *United States* v. *Marcy*, 777 F. Supp. 1398, 1400 (N.D. Ill. 1991) (private citizen properly convicted of Hobbs Act extortion under color of official right where he "acted in coordination with certain public officers"); *United States* v. *Finley*, 705 F. Supp. 1272, 1783 (N. D. Ill. 1988) ("A private individual may be convicted under

16

the 'official right' prong [of the Hobbs Act] if . . . he exerts actual control over official decision-making . . . .").

## REQUEST NO. 11

## Counts Seven and Eight: Extortion Under Color of Official Right

### Second Element – Receipt of Property Not Due the Office

The second element of the substantive crime of extortion under color of official right which the government must prove beyond a reasonable doubt is that JOSEPH PERCOCO obtained property for himself, or for another person, either (1) when he was a public official or held public office, or (2) when he exerted actual control over a public official or official decision-making, or (3) in anticipation of becoming a public official or holding public office. Furthermore, the government must prove beyond a reasonable doubt that the property obtained by JOSEPH PERCOCO was not owed to the public official or office, that is, that was not legitimately owed either to JOSEPH PERCOCO in his capacity as the Executive Deputy Secretary to the Governor of New York or to a public official over whom JOSEPH PERCOCO exerted actual control.   The property that is extorted must be transferable – that is, capable of being passed from one person to another.

JOSEPH PERCOCO need not have initiated the payments.   The giver or some other third-party may have initiated the exchange.

The Government does not have to prove that the obtained property was given to JOSEPH PERCOCO directly or that the property personally benefitted JOSEPH PERCOCO. The Government may satisfy this element by proving that JOSEPH PERCOCO obtained property for a third party knowing that the property was given in exchange for official action by JOSEPH PERCOCO or a public official over whom PERCOCO exerted actual control.

The property may be obtained in the form of employment.

18

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 50-21. *See United States* v. *DeMizio*, 741 F.3d 373, 383 (2d Cir. 2014) ("Although often the recipient does not in fact do any work, the scheme qualifies as a kickback scheme where the recipient receives inordinate amounts of money for doing minimal work."); *United States* v. *Middlemiss*, 217 F.3d 112, 117 (2d Cir. 2000) ("[T]he government must prove beyond a reasonable doubt that the victims were motivated to make payments as a result of the defendant's control or influence over public officials and that the defendant was aware of this motivation." (internal quotation marks omitted)); *United States* v *McDonough*, 5 F.3d 381, 388 (2d Cir. 1995) (approving of jury instruction that the defendant "exercised official powers or exerted actual control over decision making"; *see id.* at 389 (upholding conviction where kickbacks were in form of payment for "almost no work"); *United States* v. *Margiotta*, 688 F.2d 108, 133 (2d Cir. 1982), *overruled on other grounds by McNally* v. *United* States, 483 U.S. 350 (1987) (Hobbs Act prosecution may lie where extorted payments are transferred to third party rather than public official); *United States* v. *Green*, 350 U.S. 415, 420 (1956) (extortion, as defined in Hobbs Act, "in no way depends upon having a direct benefit conferred on the person who obtains the property"); *United States* v. *Haimowitz*, 725 F.2d 1561, 1577 (11th Cir. 1984) ("[A] Hobbs Act prosecution is not defeated simply because the extorter transmitted the extorted monies to a third party."); *United States* v. *Clemente*, 640 F.2d 1069, 1079-80 (2d Cir. 1981) ("[W]hether a Hobbs Act defendant personally receives any benefit from his alleged extortion is largely irrelevant for the purpose of determining guilt under that Act."); *Evans* v. *United States*, 504 U.S. 255, 257 (1992) (affirmative act of inducement by a public official is not an element of the offense of extortion under color of official right); *see also United States* v. *Meyers*, 529 F.2d 1033, 1036 (7th Cir. 1976) (conspiracy to commit Hobbs Act extortion under color of official right is a continuing offense); *United States* v. *Smith*, 198 F.3d 377, 384 (2d Cir. 1999) (substantive Hobbs Act extortion under color of official right is also a continuing offense where the extortionate acts comprise a "single scheme").

19

**REQUEST NO. 12**

**Counts Seven and Eight: Extortion Under Color of Official Right**

**Third Element – Misuse of Official Position**

The third element that the Government must prove, beyond a reasonable doubt, is that JOSEPH PERCOCO used the authority of public office to obtain the extorted property for himself or for a third party and that the extorted property was given at least in part because of JOSEPH PERCOCO's official position or his actual control over a public official or official decision-making.   In addition, the extortion counts require the Government to prove, beyond a reasonable doubt, the existence of a quid pro quo.   Quid pro quo is Latin, and it means "this for that" or "these for those."   To prove a quid pro quo, the Government must prove that property was sought or received by JOSEPH PERCOCO, directly or indirectly, in exchange for the promise or performance of official action.

To satisfy this element, the Government must prove, beyond a reasonable doubt, that JOSEPH PERCOCO obtained property to which he was not entitled by his public office or by his control over another's public office, knowing that it was given in exchange for official acts as the opportunities arose for such acts, rather than being given voluntarily and unrelated to the use of public office.   The Government must also prove, beyond a reasonable doubt, that the extorted party was motivated, at least in part, by the expectation that as a result of the payment, JOSEPH PERCOCO would perform official acts for the benefit of the extorted party, and that JOSEPH PERCOCO was aware of their motivation.

If you find that JOSEPH PERCOCO understood that the property at issue was given solely to cultivate goodwill or to nurture a relationship with the person or entity who gave the property and not as an exchange for any official action, then this element has not been proven.

20

On the other hand, if you find that JOSEPH PERCOCO accepted the property intending, at least in part, to take official action in exchange for those payments as the opportunities arose, then this element has been satisfied.

The Government need not prove that JOSEPH PERCOCO was a public official or held public office at the time when he accepted the property and agreed in exchange to take official action.   Instead, this element can be satisfied if the Government proves beyond a reasonable doubt that PERCOCO agreed to the quid pro quo with the payor and then, at some later time within the period charged in the indictment, became a public official or held public office or exerted actual control over a public official or official decision-making.   Furthermore, if you find that JOSEPH PERCOCO exerted actual control over a public official, the Government need not prove that the public official had knowledge of any quid pro quo agreement.

It is not necessary that JOSEPH PERCOCO or the person giving the property state the quid pro quo in express or explicit terms.   A quid pro quo can be implied from JOSEPH PERCOCO's words and actions, because otherwise the law's effect could be frustrated by knowing winks and nudges, so long as you find that JOSEPH PERCOCO intended there to be a quid pro quo, meaning he understood that the payments were being made in exchange for a commitment to perform official acts to the benefit of the payor as opportunities arose.

The Government also does not have to prove that the property that was extorted was given directly to JOSEPH PERCOCO.   It is sufficient for the Government to prove that the property was given to a third party at JOSEPH PERCOCO's direction.

This element can be satisfied even if the extorted party initiated the quid pro quo and even if the extorted party and JOSEPH PERCOCO had a friendly relationship.   If you find either to be the case, however, each is a factor that you should consider in deciding whether the

extorted party was motivated, at least in part, to give property because of a belief that JOSEPH PERCOCO would take official action in exchange for the property, rather than for some other entirely innocent reason.   The Government's burden is to prove that the promise or performance of official action was at least a part of the motivation for the extorted party to give over the property.   Thus, if you find that the transfer of property was for entirely innocent reasons, stemming from friendship or any other innocent reason, then this element will not have been proven.

The Government does not need to prove that JOSEPH PERCOCO could or actually did perform any specific official act on behalf of the extorted party.   A public official need not have actual or final authority over the end result sought by a payor so long as the payor reasonably believed the public official had influence, power, or authority over a means to the end sought by the payor.   The official action can either be actually performing an act himself or exerting influence over an act performed by another person or persons.

If JOSEPH PERCOCO did take official action on behalf of the extorted party, it does not matter if the actions he took were desirable or beneficial or that he would have taken the same action regardless of the receipt of property from the extorted party.   The extortion laws are concerned with the manner in which public officials take action, not with whether the official's actions are good or bad.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 50-22, 50-23 and The Honorable Kenneth M. Karas's Instructions in *United States* v. *Malcolm Smith*, 13 Cr. 297.   *See Evans* v. *United States*, 504 U.S. 255, 275 (1992) (Kennedy, J., concurring); *United States* v. *Blagojevich*, 794 F.3d 729, 738 (7th Cir. 2015) ("Few politicians say, on or off the record, 'I will exchange official act X for payment Y.'"); *United States* v. *Ganim*, 510 F.3d 134, 145 (2d Cir. 2007); *United States* v. *Middlemiss*, 217 F.3d 112, 117 (2d Cir.

22

2000) ("'[T]he government must prove beyond a reasonable doubt that the victims were motivated to make payments as a result of the defendant's control or influence over public officials and that the defendant was aware of this motivation.'  The victim's belief that the defendant was able to influence official action must be reasonable."); *United States* v *McDonough*, 5 F.3d 381, 388 (2d Cir. 1995); *United States* v. *Margiotta*, 688 F.2d 108, 130-33 (2d Cir. 1982); *United States* v. *Meyers*, 529 F.2d 1033, 1036 (7th Cir. 1976); *United States* v. *Smith*, 198 F.3d 377, 384 (2d Cir. 1999); *United States* v. *Rumore*, No. 07 Cr. 1167 (LTS), 2008 WL 2755827, at *3 (S.D.N.Y. July 14, 2008) ("Where such a single, continuous plan [of extortion] is alleged, it is appropriate to treat the alleged crime as a continuing offense."); *United States* v. *Warner*, 292 F. Supp. 2d 1051, 1066-67 (N.D. Ill. 2003); *United States* v. *Marcy*, 777 F. Supp. 1398, 1400 (N.D. Ill. 1991); *United States* v. *Finley*, 705 F. Supp. 1272, 1783 (N. D. Ill. 1988).

23

**REQUEST NO. 13**

**Counts Seven and Eight: Extortion Under Color of Official Right**

**Fourth Element – Effect on Interstate Commerce**

The fourth element of the substantive crime of extortion under color of official right is that the defendant's action would affect interstate commerce in any way or degree.   If you decide that the defendant conspired to obtain property under color of official right, you must then decide whether this agreed-upon action did or would have affected commerce between two or more states.

If you decide that there was any effect at all on interstate commerce, then that is enough to satisfy this element.   The effect can be minimal.   For example, if the property sought to be obtained by the conspiracy members traveled through interstate commerce, that would be a sufficient effect on interstate commerce.   Even a potential or subtle effect on commerce will suffice.

You do not have to decide whether the effect on interstate commerce was harmful or beneficial to a particular business, or to commerce in general.   Moreover, the defendant need not have intended or anticipated an effect on interstate commerce.   You may find that this element is satisfied if the effect on interstate commerce would have been a natural consequence of the actions he agreed with others to undertake.

If you find beyond a reasonable doubt that the target of the extortion related to something that moved in interstate or foreign commerce, then this element will have been met.

Government authority: Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 50-24, and the Honorable Katherine B. Forrest's Instructions in *United States* v. *Borrero*, 13 Cr. 58 (KBF); *see United States* v. *Taylor*, 480 F.3d 1025 (11th Cir. 2007).

24

## REQUEST NO. 14

### Counts Nine and Ten: Conspiracy to Commit Honest Services Fraud

Count Nine of the Indictment charges JOSEPH PERCOCO and PETER GALBRAITH KELLY, JR. with conspiracy to engage in a scheme to defraud the State of New York and its citizens of the honest services of JOSEPH PERCOCO, related to the alleged scheme to obtain benefits from CPV.   Count Ten of the Indictment charges JOSEPH PERCOCO, STEVEN AIELLO, and JOSEPH GERARDI with conspiracy to engage in a scheme to defraud the State of New York and its citizens of the honest services of JOSEPH PERCOCO, related to the alleged scheme to obtain benefits from COR.   In order to satisfy its burden of proof with respect to the allegation of conspiracy in Counts Nine and Ten respectively, the Government must establish each of the following elements beyond a reasonable doubt:

First, the existence of the conspiracy charged in the Indictment; that is, as to Counts Nine and Ten, an agreement or understanding to use interstate wire communications to execute a scheme and artifice to defraud the State of New York and its citizens of their intangible right of the honest services of JOSEPH PERCOCO through bribes or kickbacks; and

Second, that the defendant you are considering intentionally and knowingly became a member of the conspiracy.   That is, he knowingly participated in the conspiracy to commit honest services wire fraud with knowledge of its objects and with an intent to further the aims of the conspiracy.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 19-3, and The Honorable Kimba M. Wood's Instructions in *United States* v. *Cespedes-Pena*, 14 Cr. 520 (2015).   *See United States* v. *Roy*, 783 F.3d 418, 419 (2d Cir. 2015) (no overt act requirement for Section 1349 conspiracy).

25

## REQUEST NO. 15

## Counts Nine and Ten: Conspiracy to Commit Honest Services Fraud

## Elements of the Substantive Crime

Because Counts Nine and Ten of the Indictment charge a conspiracy to commit honest services wire fraud, I must instruct you on the elements of the substantive crime that is the object of the alleged conspiracy.   In order to sustain the charge that the defendants conspired to commit honest services wire fraud, the Government must prove beyond a reasonable doubt that the purpose of the conspiracy was to commit a crime that contained each of the following elements:

First, that there was a scheme or artifice to defraud the State of New York and its citizens of their intangible right to the defendant JOSEPH PERCOCO's honest services through bribery or kickbacks;

Second, that the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

Third, that in the execution of that scheme, the defendant used or caused the use of interstate wire communications in furtherance of the scheme to defraud.

I will now elaborate on each of those elements.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 44-3; *see* Title 18, United States Code, Sections 1341, 1343, and 1346; *Skilling* v. *United States*, 561 U.S. 358, 412-13 (2010).

26

### REQUEST NO. 16

### Counts Nine and Ten: Conspiracy to Commit Honest Services Fraud

### Existence of Scheme or Artifice

The first element of wire fraud is that there was a scheme or artifice to defraud the State of New York and its citizens of the honest services of JOSEPH PERCOCO, through bribes or kickbacks.

A public official owes a duty of honest and faithful service to the public he or she serves and to his or her public employer.   When a public official has obtained a payment for himself or a third-party in exchange for official action taken, the official has breached his or her duty of honest and faithful disinterested service.[2]   This is because although the public official is outwardly purporting to be exercising independent judgment in taking official action, in fact, the official's actions have been paid for.   Thus, the public is not receiving what it expects and is entitled to, namely, its right to the public official's honest and faithful service.

Additionally, a defendant need not be a public official to be guilty of this offense; a private citizen, for instance, does not owe a duty of honest services to the public, but can be found guilty of honest services fraud if that defendant devises or participates in a bribery scheme intended to deprive the public of its right to a public official's honest services.

A "scheme or artifice" is a plan for the accomplishment of an object.

"Fraud" is a general term that embraces all the various means that human ingenuity can devise and that are resorted to by an individual to gain an advantage over another by false representations, suggestions or suppression of the truth, or deliberate disregard for the truth.

---

[2]  *United States* v. *Middlemiss*, 217 F.3d 112, 120 (2d Cir. 2000).

Thus, a "scheme to defraud" in this context is a plan to deprive the State of New York and its citizens of their right to JOSEPH PERCOCO's or other New York State officials' honest services through bribery or kickbacks.

The scheme to defraud is alleged to have been carried out by making false and fraudulent statements, representations, or omissions.

A statement, representation, claim or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made. A representation or statement is fraudulent if it was falsely made with the intention to deceive.

Deceitful statements of half-truths or the concealment of facts, and the expression of an opinion not honestly entertained, may also constitute false or fraudulent statements.

The deception need not be premised upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used, may convey the false and deceptive appearance. For example, the deceit may consist of the concealment of the things of value that the public official has solicited, or the public official's implicit false pretense to his Government employer and the public that the public official has not solicited things of value in return for official action. If there is deception, the manner in which it is accomplished is immaterial.

The false or fraudulent representation or omission must relate to a material fact or matter. A material fact is one that would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision. The same principle applies to fraudulent half truths or omissions of material facts.

To prove that a defendant has committed the particular scheme to defraud charged here – that is, honest services fraud – the Government must show that the public official obtained

28

for himself or a third-party corrupt payments – that is, a bribe or a kickback – in a *quid pro quo*.[3] A bribe or kickback is anything of value, which is provided to a public official in exchange for official action.   The thing of value in a bribery or kickback exchange need not be provided directly or indirectly to the public official, but may be provided to another person or entity at the public official's request or with the public official's agreement.   I have previously defined the term "official action" for you, and the same definition applies here.

Bribery also includes a public official's solicitation or agreement to accept a thing of value in exchange for official action, whether or not the payor actually provides the thing of value, and whether or not the public official ultimately performs the requested official action or intends to do so.   Thus, it is not necessary that the scheme actually succeeded, or that any official action was actually taken by the public official in the course of the scheme.   Also, a scheme to defraud need not be shown by direct evidence, but may be established by all the circumstances and facts in the case.   For example, you may infer a *quid pro quo* from evidence of benefits received and subsequent favorable treatment, as well as from behavior indicating consciousness of guilt.[4]

In order to establish a quid pro quo, the Government need only show that a public official has obtained a payment or benefit to which he was not entitled by use of his office, knowing that the payment or benefit was made in exchange for official acts rather than being given for a reason wholly unrelated to the public official's position.   The defendant need not have initiated the payments, but he must have known that the payment was made in exchange for official action

---

[3] *Skilling* v. *United States*, 561 U.S. 358, 408-09 (2010); *United States* v. *Rosen*, 716 F.3d 691, 698 n.3 (2d Cir. 2013).

[4] *See United States* v. *Bruno*, 661 F.3d 733, 744 (2d Cir. 2011).

29

JOSEPH PERCOCO took or agreed to take.   You do not have to determine whether JOSEPH

PERCOCO could or did actually perform the services, or whether he actually had a duty to do so.

      The Government does not have to prove an explicit promise to perform a particular

act made at the time of payment.   It is sufficient if the defendants understood that the public

official was expected as a result of the payment to exercise particular kinds of influence as specific

opportunities arose or that he accepted the payment in exchange for action he previously took.[5]

      The improper benefit may consist of money and other financial benefits whether

given on a one-time basis or as a stream of payments to the public official or a third party.   The

specific transactions comprising the illegal scheme need not match up this for that.   For example,

the payment may be obtained in the form of employment.

      If the government has proved beyond a reasonable doubt that the defendant

participated in a scheme that deprived the public of a public official's honest services by soliciting

or receiving corrupt payments as defined here, alone or with the help of others, then you may find

this element satisfied.

      If the defendant gave, offered, or agreed to give benefits to JOSEPH PERCOCO

solely to cultivate goodwill or to nurture a relationship with PERCOCO and not as an exchange

for any official action, then this element has not been proven.   On the other hand, if you find that

the defendant gave, offered, or agreed to give benefits to JOSEPH PERCOCO intending, at least

in part, for PERCOCO to take official action in exchange for those benefits as the opportunities

arose, then this element has been satisfied.

---

[5] *United States* v. *Rosen*, 716 F.3d 699, 700, 698 n.3 (2d Cir. 2013); *United States*
v. *Ganim*, 510 F.3d 134, 141 (2d Cir. 2007).

Similarly, if you find that JOSEPH PERCOCO understood that the benefits at issue were given solely to cultivate goodwill or to nurture a relationship with the person or entity who gave the property and not as an exchange for any official action, then this element has not been proven.   On the other hand, if you find that JOSEPH PERCOCO accepted the benefits intending, at least in part, to take official action in exchange for those payments as the opportunities arose, then this element has been satisfied.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 44-4, and from The Honorable Loretta A. Preska's Instructions in *United States* v. *Eric Stevenson*, 13 Cr. 151 (LAP), The Honorable Colleen McMahon's Instructions in *United States* v. *Sandy Annabi*, 10 Cr. 7 (CM), and the Honorable Kenneth M. Karas's Instructions in *United States* v. *Malcolm Smith*, 13 Cr. 297 (KMK). *See also United States* v. *DeMizio*, 741 F.3d 373, 383 (2d Cir. 2014) ("Although often the recipient does not in fact do any work, the scheme qualifies as a kickback scheme where the recipient receives inordinate amounts of money for doing minimal work."); *United States v. Ganim*, 510 F.3d 134 (2d Cir. 2007); *United States* v *McDonough*, 5 F.3d 381, 389 (2d Cir. 1995) (upholding conviction where kickbacks were in form of payment for "almost no work"); *United States* v. *Skelos*, No. 15 Cr. 317 (KMW), 2015 WL 6159326, at *3-*5 (S.D.N.Y. Oct. 20, 2015).

## REQUEST NO. 17

## Counts Nine and Ten: Conspiracy to Commit Honest Services Fraud

## Participation In Scheme With Intent to Defraud

The second element of Honest Services Wire Fraud is that the defendant participated in the scheme to defraud knowingly, willfully, and with specific intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something that the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

"Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another or depriving another of the intangible right of honest services.

The question of whether a person acted knowingly, willfully, and with intent to defraud is a question of fact for you to determine, like any other fact question.   This question involves one's state of mind.   Direct proof of knowledge and fraudulent intent is almost never available.   Indeed, it would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent.   Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.   Circumstantial evidence, if believed, is of no less value than direct evidence.

32

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of the defendant is a complete defense to a charge of wire fraud.   A defendant, however, has no burden to establish a defense of good faith.   The burden is on the Government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 44-5.

## REQUEST NO. 18

## Counts Nine and Ten: Conspiracy to Commit Honest Services Fraud

## Use of Interstate Wires

The third element of wire fraud is the use of an interstate or foreign wire communication in furtherance of the scheme.   I instruct you that the term "wires" includes telephones, text messages, faxes, e-mail, instant messages, and wire transfers between financial institutions.   The "interstate" requirement means that the wire communication must pass between two or more states as, for example, a transmission of computer or telephonic signals between New York and another state.

It is not necessary for the defendant you are considering to be directly or personally involved in the wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating. In this regard, it is sufficient if the defendant you are considering caused the wires to be used by others.   This does not mean that the defendant you are considering must specifically have authorized others to make the call, send the email, or transfer the funds.   When one does an act with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the wires to be used.   Incidentally, this wire communication requirement is satisfied even if the wire communication is done by a person with no knowledge of the fraudulent scheme, including the victim of the alleged fraud.

The use of the wire need not itself be fraudulent.   Stated another way, the wire communication need not contain any fraudulent representation, or even any request for money.

34

The use of the wires need not itself be a fraudulent representation.   It must, however, further or assist in the carrying out of the scheme to defraud.

Let me add the following: only the wire communication must be reasonably foreseeable, not its interstate component.   Thus, if you find that the wire communication was reasonably foreseeable, then this element is satisfied even if it was not foreseeable that the wire communication would cross state lines

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 44-7; The Honorable Edward Weinfeld's Instructions in *United States* v. *Ranney*, 82 Cr. 771 (1983); The Honorable Michael B. Mukasey's Instructions in *United States* v. *Uccio*, 88 Cr. 906 (1989), *aff'd*, 917 F.2d 80 (2d Cir. 1990); The Honorable Charles S. Haight's Instructions in *United States* v. *Rogers*, 90 Cr. 377 (1991); and The Honorable John G. Koeltl's Instructions in *United States* v. *Szur*, S5 97 Cr. 108 (1998); *see United States* v. *Blackmon*, 839 F.2d 900, 907-08 (2d Cir. 1988) (regarding foreseeability of interstate nature of communication); *United States* v. *Keats*, 937 F.2d 58 (2d Cir. 1991) (defendant need not have personally sent charged wire communication; affirming conviction where Government agent and informant initiated charged telephone calls); *United States* v. *Muni*, 668 F.2d 87, 89-91 (2d Cir. 1981) (extended discussion of "foreseeability" of wire communication); *Schmuck* v. *United States*, 489 U.S. 705 (1989); *United States* v. *Paccione*, 949 F.2d 1183, 1196 (2d Cir. 1991).

## REQUEST NO. 19

## Counts Eleven and Twelve: Solicitation of Bribes and Illegal Gratuities

Counts Eleven and Twelve of the Indictment charge JOSEPH PERCOCO with solicitation and acceptance of bribes and illegal gratuities in connection with a federally funded program.   Count Eleven relates to CPV and Count Twelve relates to COR.

To meet its burden of proof as to Counts Eleven and Twelve with respect to JOSEPH PERCOCO, the Government must establish beyond a reasonable doubt each of the following elements:

First, JOSEPH PERCOCO was an agent of a State Government;

Second, the State Government was an organization that received federal benefits from the United States in excess of $10,000;

Third, that JOSEPH PERCOCO accepted (or agreed to accept or solicited or demanded), for himself or an entity designated by JOSEPH PERCOCO, something of value from another person;

Fourth, that JOSEPH PERCOCO acted corruptly with the intent to be influenced in connection with a business or transaction or series of transactions of the State Government; and

Fifth, that the value of the transaction or series of transactions to which the payment related was at least $5,000.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 27A-9.

36

## REQUEST NO. 20

## Counts Eleven and Twelve: Solicitation of Bribes and Illegal Gratuities

## Agent of State Government

The first element the Government must prove beyond a reasonable doubt is that, at one or more times between 2012 to 2016 with respect to Count Eleven, and between 2014 to 2015 with respect to Count Twelve, JOSEPH PERCOCO was an agent of a State Government.

An "agent" is a person authorized to act on behalf of a State Government.   People who act as directors, officers, managers, or representatives are all agents of the State Government. To be an agent of a State Government does not require that a person be an employee of that State Government.   For example, an outside consultant who exercises significant managerial responsibility within the State Government is an agent of that State Government if the consultant is authorized to act on behalf of the State Government.

Adapted from Sand *et al.*, Modern Federal Jury Instructions, 27A-10; *United States* v. *Sotomayor-Vazquez*, 249 F.3d 1, 8 (1st Cir. 2001).

37

## REQUEST NO. 21

### Counts Eleven and Twelve: Solicitation of Bribes and Illegal Gratuities

### Government Received Federal Funds

The second element the Government must prove beyond a reasonable doubt is that in a one-year period, beginning no more than 12 months before the defendant committed the act or acts charged in the Indictment and ending no more than 12 months after that act or those acts, the State Government of New York received federal benefits in excess of $10,000.

To prove this element, the Government must establish that the State Government of New York received, during such a one-year period, benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance or some other form of federal assistance.  This does not include legitimate valid bona fide salary, wages, fees, or other compensation paid or expenses paid or reimbursed in the ordinary course of business.

You need only find that the State Government of New York as a whole received in excess of $10,000 under one or more federal programs and that the transaction had some connection with the State Government of New York for the element to be satisfied.   The Government does not have to prove that the defendant or JOSEPH PERCOCO had the authority to administer these federal benefits.   Nor does the Government have to prove any nexus between the unlawful payments alleged to have been made and received in this case and the federal funding that the State Government of New York allegedly received.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 27A-11.

38

## REQUEST NO. 22

## Counts Eleven and Twelve: Solicitation of Bribes and Gratuities

## The Defendant Accepted Something of Value

The third element the Government must prove beyond a reasonable doubt is that JOSEPH PERCOCO accepted (or agreed to accept or solicited or demanded) a thing of value, as alleged in the Indictment, at a time when he was an agent and within the one-year period described above.

The statute makes no distinction between accepting, agreeing to accept, soliciting or demanding a corrupt payment or other things of value.    The mere soliciting or demanding of a one is just as much a violation of the statute as actually receiving one.

It is also not necessary that the corrupt payment be made directly to JOSEPH PERCOCO.    Rather, it is sufficient if the payment was made to a person or entity designated by PERCOCO, such that the payment or offer of payment was for PERCOCO's benefit.

For example, the payments may be obtained in the form of employment.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 27A-12.

## REQUEST NO. 23

## Counts Eleven and Twelve: Solicitation of Bribes and Gratuities

## Corrupt Intent

The fourth element the Government must prove beyond a reasonable doubt is that JOSEPH PERCOCO acted with corrupt intent.   The fourth element the Government must prove beyond a reasonable doubt is that when the defendant accepted (or agreed to accept or solicited or demanded) a thing of value, at a time when he was an agent and within the one-year period described above, the defendant did so knowingly and corruptly and with the intent to be influenced or rewarded for his actions in connection with some business or transaction of the State Government of New York.

To act corruptly means simply to act voluntarily and intentionally with an improper motive or purpose to be influenced or rewarded for his actions.   This involves conscious wrongdoing, or as it sometimes been expressed, a bad or evil state of mind.

In considering this element, remember that it is the defendant's intent to be influenced that matters, not the subsequent actions of PERCOCO, other State Government officials, or the State Government of New York, itself.   Thus, the Government does not have to prove that PERCOCO received the bribe or that the bribe actually influenced the State Government.   It is not even necessary that PERCOCO had the authority to perform the act sought.

Also, if you find that JOSEPH PERCOCO accepted the payment with the intent to be rewarded for a decision already made, it does not matter that the payment was not accepted or solicited until after the transaction occurred.

Direct proof of a corrupt intent is not necessary, and such an intent may be established by circumstantial evidence.

40

However, if you find that JOSEPH PERCOCO understood that the payment at issue was given solely to cultivate goodwill or to nurture a relationship with the person or entity who gave the payment and not as an exchange for any official action, then this element has not been proven.   On the other hand, if you find that JOSEPH PERCOCO accepted the payment intending, at least in part, to take official action in exchange for those payments as the opportunities arose, then this element has been satisfied.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 27A-13.

## REQUEST NO. 24

## Counts Eleven and Twelve: Solicitation of Bribes and Gratuities

## Bribes vs. Illegal Gratuities

In describing the fourth element, I referred to the required corrupt intent as the intent to be influenced *or* rewarded.   There is an important distinction between the intent to be influenced and the intent to be rewarded.

Federal law prohibits the accepting (or agreeing to accept or soliciting or demanding) of both bribes and illegal gratuities.   Bribery requires intent to influence an official act or to be influenced in an official act, while an illegal gratuity requires only that the gratuity be given or accepted as a reward for an official act.   In other words, for bribery there must be a *quid pro quo*—a specific intent to give or receive something of value in exchange for an official act. An illegal gratuity, on the other hand, may constitute merely a reward for some future act that the agent will take (and may already have determined to take), or for a past act that he has already taken.

When a defendant is charged with accepting (or agreeing to accept or soliciting or demanding) an illegal gratuity, there is no requirement that the corrupt payments have influenced the agent in taking any action.   Instead, the Government need prove only that there was a link between a thing of value conferred on the agent, and a specific official act for or because of which he accepted (or agreed to accept or solicited or demanded) the payment.   It is not sufficient that the unlawful gratuity was given merely because the agent had authority over matters in which the payor had an interest.   But if an agent conducts certain official business in a perfectly honest and proper manner and later accepts a financial benefit intending to be rewarded for that past activity, this is a violation of the law.

42

Here, the Government charges that JOSEPH PERCOCO accepted (or agreed to accept or solicited or demanded) both bribes and gratuities.   To convict on a bribery theory, you must find that JOSEPH PERCOCO had the intent to be influenced in connection with some business or transaction of the State Government of New York.   To convict on an illegal gratuities theory, you must find that JOSEPH PERCOCO had the intent to be rewarded in connection with some business or transaction of the State Government of New York.

I instruct you that in order to find JOSEPH PERCOCO guilty on Counts Eleven and Twelve, it is sufficient if you find for each Count that he committed only one type of offense, that is, that he solicited or accepted corrupt payments intending to be influenced *or* intending to be rewarded.   If your finding is based on one type of offense, you must be unanimous on that one offense in order to find guilt on that Count.

> Adapted from the charge of the Hon. Thomas P. Griesa in *United States* v. *Bahel*, 02 Cr. 918 (TPG), upheld in relevant part, 662 F.3d 610, 637 (2d Cir. 2011); the charge of the Hon. Kimba M. Wood in *United States* v. *Skelos*, 15 Cr. 317 (KMW); *United States* v. *Ganim*, 510 F.3d 134, 150 (2d Cir. 2007) (Section 666 prohibits bribes and gratuities); *United States* v. *Sun-Diamond Growers of Cal.*, 526 U.S. 398, 405 (1999) (an illegal gratuity "may constitute merely a reward for some future act that the public official will take (and may already have determined to take), or for a past act that he has already taken").

**REQUEST NO. 25**

**Counts Eleven and Twelve: Solicitation of Bribes and Gratuities**

**Value of Transaction**

The fifth element the Government must prove beyond a reasonable doubt is that the value of the transaction to which the corrupt payment related was at least $5,000.

The word "transaction" should be given its ordinary meaning.   I would caution you, however, that a transaction for purposes of this statute does not include setting up a meeting, hosting an event, talking to another official, or sending a subordinate to a meeting, without more.[6] You may, however, consider evidence that an official set up a meeting, hosted an event, talked to another official, or sent a subordinate to a meeting as evidence of whether this element, or any other element of the crime, is met.

To establish this element, the Government must prove that JOSEPH PERCOCO intended to be influenced or rewarded in connection with any business or transaction or series of transactions of the State Government of New York involving anything of value of $5,000 or more. If you find that the business or transaction in question had a value of at least $5,000, this element is satisfied.

The Government is not required to prove that JOSEPH PERCOCO solicited or accepted at least $5,000.   It is the value of the business or transaction that the offer or payment was intended to influence or reward that is important for the purposes of this element, although

---

[6] Adapted from *McDonnell* v. *United States*, 136 S. Ct. 2355 (2016). The Government's inclusion of this particular language is not intended as agreement that such an instruction is necessary or that *McDonnell* applies to Section 666.   *See United States* v. *Boyland*, 862 F.3d 279, 291 (2d Cir. 2017).

you may consider evidence of the value of payment solicited or awarded in determining the value of the business or transaction.

In determining whether the business or transaction was valued at $5,000, do not include legitimate valid bona fide salary, wages, fees, or other compensation paid or expenses paid or reimbursed in the ordinary course of business.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 27A-21.

**REQUEST NO. 26**

**Counts Thirteen and Fourteen: Paying Bribes and Illegal Gratuities**

Counts Thirteen and Fourteen charge certain defendants with paying bribes and illegal gratuities in connection with a federally funded program.   Specifically, Count Thirteen charges PETER GALBRAITH KELLY, JR. with paying bribes and gratuities to JOSEPH PERCOCO for the purpose of obtaining official action for the benefit of KELLY and his company, CPV, as opportunities arose.   Count Fourteen charges STEVEN AIELLO and JOSEPH GERARDI with paying bribes and gratuities to JOSEPH PERCOCO for the purpose of obtaining official action for the benefit of AIELLO and GERARDI, and their company, COR, as opportunities arose.

To meet its burden of proof as to Counts Thirteen and Fourteen, the Government must establish beyond a reasonable doubt each of the following elements:

First, JOSEPH PERCOCO was an agent of a State Government;

Second, the State Government was an organization that received federal benefits from the United States in excess of $10,000;

Third, the defendant gave, offered, or agreed to give a thing of value to JOSEPH PERCOCO, or to a person or entity designated by JOSEPH PERCOCO;

Fourth, when the defendant did so, the defendant acted corruptly with the intent to influence or reward JOSEPH PERCOCO, in connection with a business or transaction or series of transactions of the State Government; and

Fifth, that the value of the transaction or series of transactions to which the payment related was at least $5,000.

46

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 27A-16.

## REQUEST NO. 27

## Counts Thirteen and Fourteen: Paying Bribes and Illegal Gratuities

## Recipient Was Agent of a State Government

The first element the Government must prove beyond a reasonable doubt is that, at one or more times between 2012 to 2016 with respect to Count Thirteen, and 2014 to 2015 with respect to Count Fourteen, JOSEPH PERCOCO was an agent of the a State Government.

As I stated previously when discussing the elements of Counts Eleven and Twelve of the Indictment charging JOSEPH PERCOCO with solicitation and acceptance of bribes and gratuities, an "agent" is a person authorized to act on behalf of a State Government. People who act as directors, officers, managers, or representatives are all agents of a State Government. To be an agent of a State Government does not require that a person be an employee of that State Government.   For example, an outside consultant who exercises significant managerial responsibility within the State Government is an agent of that State Government if the consultant is authorized to act on behalf of the State Government.

Adapted from Sand *et al.*, Modern Federal Jury Instructions, 27A-10; *United States* v. *Sotomayor-Vazquez*, 249 F.3d 1, 8 (1st Cir. 2001).

48

## REQUEST NO. 28

## Counts Thirteen and Fourteen: Paying Bribes and Illegal Gratuities

## State Government Received Federal Funds

The second element the Government must prove beyond a reasonable doubt is that, in a one-year period, beginning no more than 12 months before the defendant committed the act or acts charged in the Indictment and ending no more than 12 months after that act or those acts, the State Government of New York received federal benefits in excess of $10,000.

To prove this element, the Government must establish that the State Government of New York received, during such a one-year period, benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance or some other form of federal assistance.   This does not include legitimate valid bona fide salary, wages, fees, or other compensation paid or expenses paid or reimbursed in the ordinary course of business.

You need only find that the State Government of New York as a whole received in excess of $10,000 under one or more federal programs and that the transaction had some connection with the State Government of New York for the element to be satisfied.   The Government does not have to prove that the defendant or JOSEPH PERCOCO had the authority to administer these federal benefits.   Nor does the Government have to prove any nexus between the unlawful payments alleged to have been made and received in this case and the federal funding that the State Government of New York allegedly received.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 27A-18; the charge of the Hon. Thomas P. Griesa in *United States* v. *Bahel*, 06 Cr. 918 (TPG); *Sabri* v. *United States*, 541 U.S. 600, 603 (2004) (no nexus required between forbidden conduct and federal funds).

49

**REQUEST NO. 29**

**Counts Thirteen and Fourteen: Paying Bribes and Illegal Gratuities**

**Gave, Offered, or Agreed to Give a Thing of Value**

The third element the Government must prove beyond a reasonable doubt is that he defendant gave, offered, or agreed to give a thing of value to JOSEPH PERCOCO, as alleged in the Indictment, at a time when he was an agent and within the one-year period described above.

The statute makes no distinction between giving or offering a corrupt payment or other things of value.   The mere offer of one is just as much a violation of the statute as the actual giving of one.   Nor must you find whether a payment, if offered or given, was accepted by the person to whom it was offered or given.

It is also not necessary that the corrupt payment be made directly to JOSEPH PERCOCO.   Rather, it is sufficient if the payment is given or offered to a person or entity designated by PERCOCO, such that the payment or offer of payment was for the PERCOCO's benefit.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 27A-19.     .

## REQUEST NO. 30

## Counts Thirteen and Fourteen: Paying Bribes and Illegal Gratuities

## Corrupt Intent

The fourth element the Government must prove beyond a reasonable doubt is that when the defendant gave, offered, or agreed to give something of value to JOSEPH PERCOCO, at a time when he was an agent and within the one-year period described above, the defendant knowingly and corruptly and with the intent to influence or reward PERCOCO's actions in connection with some business or transaction of the State Government of New York.

To act corruptly means simply to act voluntarily and intentionally with an improper motive or purpose to influence or reward JOSEPH PERCOCO's actions.   This involves conscious wrongdoing, or as it sometimes been expressed, a bad or evil state of mind.

In considering this element, remember that it is the defendant's intent to influence the actions of JOSEPH PERCOCO that matters, not the subsequent actions of PERCOCO, other State Government officials, or the State Government of New York, itself.   Thus, the Government does not have to prove that PERCOCO accepted the bribe offer, if made, or that the bribe, if accepted, actually influenced a decision of the State Government of New York.   It is not even necessary that PERCOCO had the authority to perform the act which the defendant sought.

Also, if you find that the defendant acted with the intent to reward JOSEPH PERCOCO for a decision already made, it does not matter that the payment was not made or offered until after the business or transaction occurred.

Direct proof of a corrupt intent is not necessary, and such an intent may be established by circumstantial evidence.

However, if you find that the defendant gave, offered, or agreed to give payments to JOSEPH PERCOCO solely to cultivate goodwill or to nurture a relationship with PERCOCO and not as an exchange for any official action, then this element has not been proven.   On the other hand, if you find that the defendant gave, offered, or agreement to give payments to PERCOCO intending, at least in part, for PERCOCO to take official action in exchange for those payments as the opportunities arose, then this element has been satisfied.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 27A-20; the charge of the Hon. Loretta A. Preska in *United States* v. *Stevenson*, 13 Cr. 151 (LAP), and charge of the Hon. George B. Daniels in *United States* v. *Campbell*, 12 Cr. 569 (GBD); *see, e.g., United States* v. *Hood*, 343 U.S. 148, 151 (1952) ("Whether the corrupt transaction would or could ever be performed is immaterial.").

## REQUEST NO. 31

## Counts Thirteen and Fourteen: Paying Bribes and Illegal Gratuities

## Bribes vs. Illegal Gratuities

In describing the fourth element, I referred to the required corrupt intent as the intent to be influenced *or* rewarded.   There is an important distinction between the intent to be influenced and the intent to be rewarded.

Federal law prohibits the offering or giving of both bribes and illegal gratuities. As I explained earlier in discussing the elements of Counts Eleven and Twelve of the Indictment charging JOSEPH PERCOCO with solicitation and acceptance of bribes and gratuities, bribery requires intent to influence an official act or to be influenced in an official act, while illegal gratuity requires only that the gratuity be given or accepted as a reward for an official act.   In other words, for bribery there must be a *quid pro quo*—a specific intent to give or receive something of value in exchange for an official act.   An illegal gratuity, on the other hand, may constitute merely a reward for some future act that the agent will take (and may already have determined to take), or for a past act that he has already taken.

When a defendant is charged with paying an illegal gratuity, there is no requirement that the corrupt payments have influenced the agent in taking any action.   Instead, the Government need prove only that there was a link between a thing of value conferred on the agent, and a specific official act for or because of which the defendant gave, offered, or agreed to give the payment.   It is not sufficient that the unlawful gratuity was given merely because the agent had authority over matters in which the defendant had an interest.   But if an agent conducts certain official business in a perfectly honest and proper manner and later accepts a financial benefit intending to be rewarded for that past activity, this is a violation of the law.

Here, the Government charges, with respect to Count Thirteen, that PETER GALBRAITH KELLY, JR. gave, offered, or agreed to give both bribes and illegal gratuities. The Government also charges, with respect to Count Fourteen, that STEVEN AIELLO and JOSEPH GERARDI gave, offered, or agreed to give both bribes and illegal gratuities. To convict on a bribery theory, you must find that the defendants had the intent to influence JOSEPH PERCOCO, in connection with some business or transaction of the State Government of New York. To convict on an illegal gratuities theory, you must find that the defendants had the intent to reward JOSEPH PERCOCO in connection with some business or transaction of the State Government of New York.

I instruct you that in order to find PETER GALBRAITH KELLY, JR guilty on Count Thirteen, and STEVEN AIELLO and JOSEPH GERARD guilty on Count Fourteen, it is sufficient if you find that they committed only one type of offense, that is, that they offered, gave, or agreed to give corrupt payments intending to influence, or intending to reward, JOSEPH PERCOCO. If your finding is based on one type of offense, you must be unanimous on that one offense in order to find guilt on that Count.

> Adapted from the charge of the Hon. Thomas P. Griesa in *United States* v. *Bahel*, 02 Cr. 918 (TPG), upheld in relevant part, 662 F.3d 610, 637 (2d Cir. 2011); the charge of the Hon. Kimba M. Wood in *United States* v. *Skelos*, 15 Cr. 317 (KMW); *United States* v. *Ganim*, 510 F.3d 134, 150 (2d Cir. 2007) (Section 666 prohibits bribes and gratuities); *United States* v. *Sun-Diamond Growers of Cal.*, 526 U.S. 398, 405 (1999) (an illegal gratuity "may constitute merely a reward for some future act that the public official will take (and may already have determined to take), or for a past act that he has already taken.").

## REQUEST NO. 32

## Counts Thirteen and Fourteen: Paying Bribes and Illegal Gratuities

## Value of Transaction

The fifth element the Government must prove beyond a reasonable doubt is that the value of the transaction to which the corrupt payment related was at least $5,000.

The word "transaction" should be given its ordinary meaning.   I would caution you, however, that a transaction for purposes of this statute does not include setting up a meeting, hosting an event, talking to another official, or sending a subordinate to a meeting, without more.[7] You may, however, consider evidence that an official set up a meeting, hosted an event, talked to another official, or sent a subordinate to a meeting as evidence of whether this element, or any other element of the crime, is met.

To establish this element, the Government must prove that the defendants intended to influence or reward JOSEPH PERCOCO, in connection with some business or transaction or series of transactions of the State Government of New York involving anything of value of $5,000 or more.   If you find that the business or transaction in question had a value of at least $5,000, this element is satisfied.

`        The Government is not required to prove that the defendants paid or offered at least $5,000.   It is the value of the business or transaction that the offer or payment was intended to influence or reward that is important for the purposes of this element, although you may consider

---

[7] Adapted from *McDonnell* v. *United States*, 136 S. Ct. 2355 (2016). The Government's inclusion of this particular language is not intended as agreement that such an instruction is necessary or that *McDonnell* applies to Section 666.   *See United States* v. *Boyland*, 862 F.3d 279, 291 (2d Cir. 2017).

evidence of the value of the offer or payment in determining the value of the business or transaction.

In determining whether the business or transaction was valued at $5,000, do not include legitimate valid bona fide salary, wages, fees, or other compensation paid or expenses paid or reimbursed in the ordinary course of business.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 27A-21.

## REQUEST NO. 33

## Counts Seventeen and Eighteen: False Statements

Counts Seventeen and Eighteen charge STEVEN AIELLO and JOSEPH GERARDI respectively with making false statements to an agency or department of the United States government.   Specifically, Count Seventeen charges that on or about June 21, 2016, STEVEN AIELLO, while meeting with federal agents and representatives of the United States Attorney's Office for the Southern District of New York, made statements denying involvement in paying JOSEPH PERCOCO, when, in truth and in fact, AIELLO directed payments to PERCOCO.   Count Eighteen charges that on or about June 21, 2016, JOSEPH GERARDI, while meeting with federal agents and representatives of the United States Attorney's Office for the Southern District of New York, made statements denying involvement in paying JOSEPH PERCOCO, when, in truth and in fact, GERARDI directed payments to PERCOCO.

To meet its burden of proof as to Counts Seventeen and Eighteen, the Government must establish beyond a reasonable doubt each of the following elements:

First, that, on or about the date specified in a given Count, the defendant made a statement or representation;

Second, that the statement or misrepresentation was material;

Third, that the statement or representation made was false, fictitious or fraudulent;

Fourth, that the false, fictitious, or fraudulent statement was made knowingly and willfully; and

Fifth, that the statement or representation was made in a matter within the jurisdiction of the Government of the United States.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 36-9.

57

**REQUEST NO. 34**

**Counts Seventeen and Eighteen: False Statements**

**Statement or Representation**

The first element that the Government must prove beyond a reasonable doubt with respect to false statements is that the defendant made a statement or representation. In this regard, the Government need not prove that the defendant physically made or otherwise personally prepared the statement in question.    It is sufficient if a defendant caused the statement charged in the Indictment to have been made.    Under this statute, there is no distinction between written and oral statements.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 36-10.

## REQUEST NO. 35

## Counts Seventeen and Eighteen: False Statements

## Materiality

The second element that the Government must prove beyond a reasonable doubt is that the defendant's statement or representation was material.

A fact is material if it was capable of influencing the Government's decisions or activities. Here, as stated earlier, the Government alleges that both STEVEN AIELLO and JOSEPH GERARDI made statements to the Government denying their involvement in paying JOSEPH PERCOCO. It is up to you to decide whether those statements were capable of influencing any decision or activity by the Government.

Please be mindful, however, that while the Government must prove that the alleged false statement was capable of influencing a decision or activity, the Government is not required to prove that anyone actually relied on the alleged false statement. In other words, the Government is not required to prove that anyone made a decision or took any action based upon the false statements charged in the Indictment.


Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 36-11.

## REQUEST NO. 36

## Counts Seventeen and Eighteen: False Statements

## False, Fictitious, or Fraudulent Statements

The third element that the Government must prove beyond a reasonable doubt is that the statement or representation was false, fictitious or fraudulent. A statement or representation is "false" or "fictitious" if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made. A statement or representation is "fraudulent" if it was untrue when made and was made or caused to be made with the intent to deceive the Government agency to which it was submitted.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 36-12.

## REQUEST NO. 37

## Counts Seventeen and Eighteen: False Statements

## Knowing and Willful Conduct

The fourth element that the Government must prove beyond a reasonable doubt is that the defendant acted knowingly and willfully.

An act is done knowingly if it is done purposely and voluntarily, as opposed to mistakenly or accidentally.

An act is done willfully if it is done with an intention to do so something the law forbids, or with a bad purpose to disobey the law or with the specific intent to fail to do something the law requires to be done.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 36-13.

61

## REQUEST NO. 38

## Counts Seventeen and Eighteen: False Statements

## Matter within the Jurisdiction of the United States Government

The fifth element that the Government must prove beyond a reasonable doubt is that the statement was made or undertaken with regard to a matter within the jurisdiction of the Government of the United States.  For a statement to fall within the jurisdiction of the Government of the United States, the statement must concern an authorized function of a department or agency of the United States Government.

I charge you that the Federal Bureau of Investigation is an agency of the United States Government.

It is not necessary for the Government to prove that the defendant had actual knowledge that the false statement was to be utilized in a matter that was within the jurisdiction of the Government of the United States.   It is sufficient to satisfy this element if you find that the false statement was made or taken with regard to a matter within the jurisdiction of the Government of the United States.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 36-14.

## REQUEST NO. 39

## Dual Intent No Defense

### [*If Applicable*]

During this trial the defendants have contended that their actions and the actions were motivated by considerations that were not unlawful.   However, even if true, it is no defense to any count that the defendant may have been motivated by both proper and improper motives.   A defendant may be found to have the requisite corrupt intent even if he possesses a dual intent – that is, an unlawful intent and also partly a proper or neutral intent.

> *See United States* v. *Coyne*, 4 F.3d 100, 113 (2d Cir. 1993) (a valid purpose that partially motivates a transaction that is corrupt in part "does not insulate participants in an unlawful transaction from criminal liability").

63

**REQUEST NO. 40**

**Aiding and Abetting and/or Willfully Causing a Crime**

In addition to charging JOSEPH PERCOCO with soliciting bribes and gratuities, Counts Eleven and Twelve also charge that PERCOCO "aided and abetted" and/or "willfully caused" another person to commit each of those crimes.   Similarly, Count Thirteen charges PETER GALBRAITH KELLY, JR., and Count Fourteen charges STEVEN AIELLO and JOSEPH GERARDI, with having "aided and abetted" and/or "willfully caused" another person to commit the crime of paying bribes and gratuities.   I will take each of those concepts – aiding and abetting and willfully causing a crime – in turn.

**Aiding and Abetting**

The federal aiding and abetting statute provides that:

> Whoever commits an offense against the United States or aids,
> abets, counsels, commands, induces or procures its commission, is
> punishable as a principal.

Under this statute, it is not necessary for the Government to show that the defendant physically committed each of the criminal violations with which he is charged in order for you to find him guilty.   Thus, if you do not find beyond a reasonable doubt that the defendant himself committed the crime charged, you may, under certain circumstances, still find the defendant guilty of that crime as an aider or abettor.

A defendant who aids or abets another in the commission of a crime is just as guilty of that offense as if the defendant committed it himself.   Accordingly, you may find the defendant guilty of the substantive crime if you find beyond a reasonable doubt that the Government has proved that another person actually committed the crime, and that the defendant aided and abetted that person in the commission of the crime.

64

As you can see, the first requirement is that another person has committed the crime charged.   Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person in the first place.   But if you do find that a crime was committed, then you must consider whether a particular defendant aided or abetted the commission of the crime.

In order to aid or abet another to commit a crime, it is necessary that the defendant willfully and knowingly associated himself in some way with the crime, and that the defendant willfully and knowingly did some act to help make the crime succeed.

Participation in a crime is willful if action is taken voluntarily and intentionally, or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of the defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting.   One who has no knowledge that a crime is being committed, or is about to be committed, but who inadvertently does something that aids in the commission of the crime is not an aider and abettor. An aider and abettor must know that the crime is being committed and act in a way that is intended to bring about the success of the criminal venture.

To determine whether a defendant aided or abetted the commission of the crime with which that defendant is charged, ask yourself these questions:   Did the defendant participate in the crime charged as something he wished to bring about?   Did the defendant associate himself with the criminal venture knowingly and willfully?   Did the defendant seek, by his actions, to make the criminal venture succeed?

I        If the defendant did, then he is an aider and abettor, and therefore guilty of the

offense.   If the defendant did not, then the defendant is not an aider and abettor.

## **Willfully Causing a Crime**

I will now describe what it means to "willfully cause" another to commit a crime.

Federal law provides that:

> Whoever willfully causes an act to be done which, if directly
> performed by him, would be an offense against the United States,
> is punishable as a principal.

What does the term "willfully caused" mean?   It does not mean that the defendant

need have physically committed the crime or supervised or participated in the actual criminal

conduct charged in the Indictment.   The meaning of the term "willfully caused" can be found in

the answers to the following questions:

Did the defendant intend the crime to occur?

Did the defendant intentionally cause another person or persons to engage in the

conduct constituting the crime?

If you are persuaded beyond a reasonable doubt that the answer to both of these

questions is "yes," then the defendant is guilty of the crime charged just as if the defendant himself

had actually committed it.

To prove the defendant guilty in this way, the Government need not prove that he

acted through a guilty person.   Rather, the defendant can be found guilty even if he acted through

someone who has no knowledge of the illicit agreements charged in the indictment.

> Adapted from the charge of the Hon. Shira A. Scheindlin in *United
> States* v. *Vasilevsky*, 08 Cr. 903 (SAS) (S.D.N.Y. 2009); and the
> Hon. Richard J. Sullivan in *United States* v. *Pierce*, 06 Cr. 1032
> (RJS) (S.D.N.Y. 2008); and from Sand *et al.*, *Modern Federal Jury*

*Instructions*, 11-1, 11-2, and 11-3; *see United States* v. *Concepcion*, 983 F.2d 369, 383-84 (2d Cir. 1992) ("'an individual (with the necessary intent) may be held liable if he is a cause in fact of the criminal violation, even though the result which the law condemns is achieved through the actions of innocent intermediaries'" (citations omitted)); *United States* v. *Margiotta*, 688 F.2d 108, 131 (2d Cir. 1982) (defendant may be found guilty even if he acts through "innocent intermediaries" to "cause[] the commission of an indispensable element of the offense"); *United States* v. *Ordner*, 554 F.2d 24, 29 (2d Cir. 1977) (under the "willfully causes an act to be done" provision "the guilt or innocence of the intermediary is irrelevant"); *United States* v. *Jordan*, 927 F.2d 53, 55 (2d Cir. 1991) (jury properly instructed that defendant could be found guilty where the defendant caused government agent to ferry narcotics into the United States).

**REQUEST NO. 41**

**Venue**

In addition to all the elements of the charged crimes that I have described for you, you must decide whether any act in furtherance of each crime occurred within the Southern District of New York, referred to as a "venue." You are instructed that the Southern District of New York includes the following counties: The Bronx, Manhattan, or New York County, Dutchess, Orange, Putnam, Rockland, Sullivan, and Westchester Counties. In addition, the Southern District of New York includes the water surrounding Long Island and Manhattan, as well as the air space above the district or the waters in the district. It is sufficient to satisfy this element if any act in furtherance of the crime occurred within this district.

I should note that on this issue, and this issue alone, the Government need not prove venue beyond a reasonable doubt but only by a mere preponderance of evidence. Thus, the Government has established its venue obligation if you conclude that it is more likely than not that any act in furtherance of the crimes charged in each count occurred in the Southern District of New York. If you find that the Government has failed to prove this venue requirement by a preponderance of evidence, then you must acquit the defendant you are considering of that charge because he has a right to be tried only in the district where venue is proper.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 3-11, and the charge of the Hon. Kimba M. Wood in *United States* v. *Frederick Catalano*, 12 Cr. 725 (S.D.N.Y. 2013). *See United States* v. *Rutigliano*, 790 F.3d 389 (2d Cir. 2015) (venue proper where wire in furtherance of scheme traveled through or over waters of Eastern District of New York, which are statutorily defined to be part of the Southern District); *United States* v. *Gonzalez*, 922 F.2d 1044, 1054-55 (2d Cir. 1991) (affirming that venue is governed by a preponderance standard).

68

## REQUEST NO. 42

## Conscious Avoidance

In determining whether a defendant has knowledge of a fact, you may consider whether that defendant deliberately closed his eyes to what otherwise would have been obvious. As you all know, if a person is actually aware of a fact, then he knows that fact.   But the law also allows you to find that a defendant had knowledge of a fact when the evidence shows that he was aware of a high probability of that fact, but intentionally avoided confirming that fact.   The law calls this "conscious avoidance" or "willful blindness."   I described this earlier with respect to the objects of the conspiracy charged in Count One.   The same concept applies with respect to the defendant's knowledge of other facts.

In short, in determining whether the Government has proven beyond a reasonable doubt that a defendant had knowledge or acted "knowing" that a certain thing was intended or would occur, you may consider whether that defendant deliberately closed his eyes to what would otherwise have been obvious to him.   One may not willfully and intentionally remain ignorant of a fact important to his conduct in order to escape the consequences of criminal law.   And a person cannot look at all sorts of things that make it obvious to any reasonable person what is going on and then claim in court that because he deliberately avoided learning explicitly what was obvious anyway, he did not actually know the incriminating fact.

Accordingly, if you find that the defendant was aware of a high probability of a fact, and that defendant acted with deliberate disregard of the facts, you may find that the defendant knew that fact.   However, if you find that the defendant actually believed that the fact was true, then you mind not find that he knew that fact.   You must also remember that guilty knowledge

may not be established by demonstrating that a defendant was merely negligent, reckless, foolish, or mistaken.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 3A-2; the charge of the Hon. Richard J. Sullivan in *United States* v. *Wadman*, No. 08 Cr. 1295, and the charge of the Hon. John F. Keenan in *United States* v. *Rohan Cameron*, 03 Cr. 1457 (S.D.N.Y. 2004).

> "A conscious-avoidance charge is appropriate when (a) the element of knowledge is in dispute, and (b) the evidence would permit a rational juror to conclude beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact." *United States* v. *Hopkins*, 53 F.3d 533, 542 (2d Cir. 1995) (citations and internal quotation marks omitted). The Second Circuit has cautioned that "the prosecutor should request that the 'high probability' and 'actual belief' language be incorporated into every conscious avoidance charge." *United States* v. *Feroz*, 848 F.2d 359, 360 (2d Cir. 1988) (per curiam) ("[K]nowledge of the existence of a particular fact is established (1)  if a person is aware of a high probability of its existence, (2) unless he actually believes that it does not exist.").

**REQUEST NO. 43**

**Variance in Dates and Amounts**

You will note that the Indictment alleges that certain acts occurred on or about various dates or that a certain amount of money was involved.   It does not matter if the evidence you heard at trial indicates that a particular act occurred on a different date or that the amount of money involved was different.   The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence or the amounts alleged in the Indictment and the amounts established by the evidence.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 3-12
and 3-13.

71

## REQUEST NO. 44

## Lawfulness or Benefits of Acts or Goals No Defense

### [*If Applicable*]

With respect to all counts, it is not a defense that, had there been no offer or giving of a corrupt payment or offer of payment, JOSEPH PERCOCO might have performed the same act or acts, or that the actions taken by JOSEPH PERCOCO or the acts that the defendant intended to be taken by JOSEPH PERCOCO or taken by the State Government of New York may have been desirable or beneficial to the public or would not have harmed the State Government of New York or the public.   Nor is it a defense that the actions taken by JOSEPH PERCOCO as a result in whole or in part of the bribes may have been only the first step in an otherwise lawful or proper process.   The laws in this case are not concerned with the results of an offer or giving of corrupt payments, but rather that such offers and payments not be made.

Adapted from the charge of the Hon. Loretta A. Preska in *United States* v. *Eric Stevenson*, 13 Cr. 151 (LAP).   *See United States* v. *Alfisi*, 308 F.3d 144, 151 (2d Cir. 2003)(a public official acts "corruptly" even where the official's actions were legally correct and benefitted the public) (citing *United States v. Manton*, 107 F.2d 834, 845 (2d Cir. 1939)); *see also City of Columbia* v. *Omni Outdoor Advertising, Inc.*, 499 U.S. 365, 378 (1991) ("A mayor is guilty of accepting a bribe even if he would and should have taken, in the public interest, the same action for which the bribe was paid."); *United States* v. *Orenuga,* 430 F.3d 1158, 1165 (D.C. Cir. 2005) (proper to charge jury that "[i]t is not a defense to the crime of bribery that had there been no bribe, the public official might have lawfully and properly performed the same act" (internal quotation marks omitted)); *United States* v. *Quinn,* 359 F.3d 666, 675 (4th Cir. 2004) ("it does not matter whether the government official would have to change his or her conduct to satisfy the payor's expectations"); *United States* v. *Lopez Lukis*, 102 F.3d 1164, 1169 n.13 (11th Cir. 1997) (Sections 1341 and 1346 do not address the wisdom or results of legislative decision; rather, they concern the manner in which officials make their decisions.); *United States* v. *Jannotti,* 673 F.2d 578, 601 (3d Cir. 1982) ("it is neither material

72

nor a defense to bribery that had there been no bribe, the [public official] might, on the available data, lawfully and properly have made the very recommendation that [the briber] wanted him to make" (internal quotation marks omitted)).

## REQUEST NO. 45

## Law Enforcement or Government Witnesses

### [*If Applicable*]

You have heard the testimony of law enforcement or other Government witnesses. The fact that a witness may be employed as a law enforcement official or Government employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness or Government witnesses, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 7-16, and the charge of the Hon. Kimba M. Wood in *United States* v. *Juan Cespedes-Pena*, 14 Cr. 520 (S.D.N.Y. 2015).

74

## REQUEST NO. 46

### Non-Prosecution Agreements and Immunized Witnesses

**[*If Applicable*]**

You have heard the testimony of witness(es) who have testified pursuant to non-prosecution agreements with the Government.

You have also heard the testimony of witness(es) who have testified under a grant of immunity from this court, which in this case means that the Government cannot use their testimony against them in a future prosecution, except a prosecution for perjury, giving false statements, or otherwise failing to comply with the immunity order of this court.

Let me say a few things that you should consider during your deliberations on the subject of the testimony of these types of witnesses.

Experience will tell you that the Government sometimes must rely on the evidence of witnesses who have participated in crimes. The Government argues, as it is permitted to do, that like any party, it must take the witnesses as it finds them and sometimes use such testimony in criminal prosecutions because, otherwise, it would be more difficult or impossible to detect and prosecute wrongdoers. For those very reasons, the law allows the use of testimony from these types of witnesses. Indeed, it is the law in federal courts that the testimony of even one such witness may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt. The testimony of such witnesses is properly considered by the jury.

However, because of the possible interest a witness with a non-prosecution agreement may have in testifying, the witness's testimony should be scrutinized with care and caution. The fact that a witness has a non-prosecution agreement can be considered by you as bearing upon his or her credibility. Testimony from a witness who has been immunized is of such

75

a nature that it must also be scrutinized with great care and viewed with particular caution when you decide how much, if any, of the testimony to believe.   It does not follow, however, that simply because a person has participated in a crimes, he is incapable of telling the truth.

In evaluating the testimony of these witnesses, you should ask yourselves whether the witness would benefit more by lying, or by telling the truth.   Was his or her testimony made up in any way because he or she believed or hoped that he or she would somehow receive favorable treatment by testifying falsely?   Or did he or she believe that his or her interests would be best served by testifying truthfully?   If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him or her to lie, or was it one that would cause him or her to tell the truth?   Did this motivation color his or her testimony?

If you find that the testimony was false, you should reject it.   However, if, after a cautious and careful examination of the witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion.   Even if you find that a witness testified falsely in one part, you still may accept his or her testimony in other parts, or may disregard all of it.   That is a determination entirely for you, the jury.

Additionally, I must caution you that it is no concern of yours why the Government made an agreement with a witness or why a witness was granted immunity.   Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

Adapted from the charge of the Hon. Kimba M. Wood in *United States* v. *Catalano*, 12 Cr. 725 (KMW), and the charge of the Hon.

76

Richard J. Sullivan in *United States* v. *Khalif Phillips*, 13 Cr. 723 (RJS) and, *United States* v. *Adony Nina, et al.*, 13 Cr. 322 (RJS); *see* Sand *et al.*, *Modern Federal Jury Instructions*, 7-5, 7-9; *United States* v. *Ramirez*, 973 F.2d 102, 104-06 (2d Cir. 1992); *see also United States* v. *Gleason*, 616 F.2d 2, 15 (2d Cir. 1979) ("Where the court points out that testimony of certain types of witnesses may be suspect and should therefore be scrutinized and weighed with care, such as that of accomplices or coconspirators . . . it must also direct the jury's attention to the fact that it may well find these witnesses to be truthful, in whole or in part.") (citations omitted); *United States* v. *Cheung Kin Ping*, 555 F.2d 1069, 1073 (2d Cir. 1977) (same).

.

77

## REQUEST NO. 47

## Accomplice Testimony

You have heard a witness who testified that he committed crimes and, in some cases, that he was actually involved in the crimes charged in the Indictment.   There has been a great deal said about these so-called "cooperating" witnesses in the summations of counsel and whether or not you should believe them.

Experience will tell you that the Government frequently must rely on the testimony of witnesses who admit participating in the alleged crimes at issue.   The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

The testimony of such cooperating witnesses is properly considered by the jury. If cooperating witnesses could not be used, there would be many cases in which there was real guilt and conviction should be had, but in which convictions would be unobtainable.

For these very reasons, the law allows the use of cooperating witness testimony. Indeed, it is the law in federal courts that the testimony of a cooperating witness may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

However, because of the possible interest a cooperating witness may have in testifying, the cooperating witness's testimony should be scrutinized with special care and caution. The fact that a witness is a cooperating witness can be considered by you as bearing upon his credibility.   However, it does not follow that simply because a person has admitted to participating in one or more crimes, that he or she is incapable of giving a truthful version of what happened.

Like the testimony of any other witness, cooperating witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness' demeanor, candor, the strength and accuracy of a witness' recollection, his or her background and the extent to which his or her testimony is or is not corroborated by other evidence.   You may consider whether cooperating witnesses -- like any other witnesses called in this case -- have an interest in the outcome of the case, and if so, whether it has affected their testimony.

You heard testimony about an agreement between the Government and one or more witnesses.   I must caution you that it is no concern of yours why the Government made an agreement with a witness.   Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of cooperating witnesses, you should ask yourselves whether the cooperating witness would benefit more by lying, or by telling the truth.   Was his or her testimony made up in any way because he or she believed or hoped that he or she would somehow receive favorable treatment by testifying falsely?   Or did he or she believe that his or her interests would be best served by testifying truthfully?   If you believe that the witness was motivated by hopes of personal gain, was the motivation one which would cause him or her to lie, or was it one which would cause him or her to tell the truth?   Did this motivation color his or her testimony?

If you find that the testimony was false, you should reject it.   However, if, after a cautious and careful examination of the cooperating witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion.    Even if you find that a witness testified falsely in one part, you still may accept his or her testimony in other parts, or may disregard all of it.    That is a determination entirely for you, the jury.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 7-5; from the charge of the Honorable John F. Keenan in *United States* v. *Carrero*, 91 Cr. 365 (JFK) (1991); and from the charge in *United States* v. *Projansky*, 465 F.2d 123, 136-37 n.25 (2d Cir. 1972) (specifically approving charge set forth in footnote).    <u>See</u> *United States* v. *Gleason*, 616 F.2d 2, 15 (2d Cir. 1979) ("Where the court points out that testimony of certain types of witnesses may be suspect and should therefore be scrutinized and weighed with care, such as that of accomplices or coconspirators . . . it must also direct the jury's attention to the fact that it may well find these witnesses to be truthful, in whole or in part.") (citations omitted), and *United States* v. *Cheung Kin Ping*, 555 F.2d 1069, 1073 (2d Cir. 1977) (same).    *See also United States* v. *Swiderski*, 539 F.2d 854, 860 (2d Cir. 1976) (can be reversible error not to give accomplice witness charge if requested by defense).

## REQUEST NO. 48

## Preparation of Witnesses

**[*If Applicable*]**

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.   Such consultation helps conserve your time and the Court's time.   Indeed, it would be unusual and surprising for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Adapted from the charge of the Hon. Richard J. Sullivan in *United States* v. *Peirce*, 06 Cr. 1032 (RJS) (S.D.N.Y. 2008).

**REQUEST NO. 49**

**False Exculpatory Statements**

**[*If Applicable*]**

You have heard testimony that the defendant made statements in which he claimed that his conduct was consistent with innocence and not with guilt.   The Government claims that these statements in which the defendant attempted to exculpate himself are false.   If you find that the defendant gave a false statement in order to divert suspicion from himself, you may infer that the defendant believed that he was guilty.   You may not, however, infer on the basis of this alone that the defendant is, in fact, guilty of the crimes for which he is charged.

Whether or not the evidence as to a defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 6-11.

82

**REQUEST NO. 50**

**Similar Acts**

[*If Applicable*]

There has been evidence received during the trial that the defendant engaged in conduct which was similar in nature to the conduct charged in the Indictment.

Let me remind you that the defendant is on trial only for committing the acts alleged in the Indictment.  Accordingly, you may not consider this evidence of the similar act as a substitute for proof that the defendant committed the crimes charged.   Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character.   This other-act evidence was admitted for a more limited purpose, namely, as potential evidence of the defendant's motive, opportunity, intent, knowledge, plan, and/or absence of mistake, and to provide background for the alleged conspiracy, and you may consider it for those purposes only.

If you determine that the defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the Indictment, the defendant under consideration acted knowingly and intentionally and not because of some mistake, accident, or other reasons.

However, the evidence of similar conduct is to be considered by you only on the issues of motive, opportunity, intent, knowledge, plan, and/or absence of mistake.   It may not be considered by you for any other purpose.   Specifically, you may not consider it as evidence that the defendant is of bad character or has a propensity to commit crimes.


Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 5-25, 5-26.

## REQUEST NO. 51

### Limited Evidence

Some of the evidence in this case was limited to one defendant or introduced for a limited purpose.   Let me emphasize that any evidence admitted solely against one defendant may be considered only against that defendant and may not in any respect enter into your deliberations on the other defendant.   Also, any evidence admitted solely for a limited purpose may be considered only for that purpose and may not in any respect enter into your deliberations for any other purpose.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 3-5.

## REQUEST NO. 52

## Particular Investigative Techniques

### [*If Applicable*]

You have heard reference, [in the arguments of defense counsel in this case,] to the fact that certain investigative techniques were or were not used by law enforcement authorities. There is no legal requirement that law enforcement agents investigate crimes in a particular way or that the Government prove its case through any particular means. While you are to carefully consider the evidence presented, you need not speculate as to why law enforcement used the techniques they did, or why they did not use other techniques. The Government is not on trial and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 4-4, and the charge of the Hon. Kimba M. Wood in *United States* v. *Cespedes-Pena*, 14 Cr. 520 (S.D.N.Y. 2015).

## REQUEST NO. 53

### Use of Evidence Obtained Pursuant to Searches and Seizures

### [*If Applicable*]

You have heard testimony about evidence seized in connection with certain searches or seizures conducted by law enforcement officers.  Evidence obtained from these searches and seizures was properly admitted in this case, and may be properly considered by you.  Such searches and seizures were entirely appropriate law enforcement actions.  Whether you approve or disapprove of how evidence was obtained should not enter into your deliberations, because I instruct you that the Government's use of the evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proven the defendant's guilt beyond a reasonable doubt.


From the charge of the Hon. Katherine B. Forrest in *United States v. Levin*, 15 Cr. 101 (KBF).

## REQUEST NO. 54

## Charts and Summaries: Admitted as Evidence

[*If Applicable*]

Some of the exhibits that were admitted into evidence were in the form of charts and summaries.   I decided to admit these charts in addition to the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.   You should consider these charts and summaries as you would any other evidence.


Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 5-12.

## REQUEST NO. 55

## Charts and Summaries:   Not Admitted as Evidence

### [*If Applicable*]

There have also been a number of summary charts and exhibits introduced merely as a summaries or analyses of testimony and documents in the case.   The charts and exhibits act as visual aids for you.   They are not, however, evidence in themselves.   They are graphic demonstrations of underlying evidence.   It is the underlying evidence and the weight which you attribute to it that gives value and significance to these charts.   To the extent that the charts conform to what you determine the underlying facts to be, you should accept them.   To the extent that the charts differ from what you determine the underlying evidence to be, you may reject them.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 5-13, and the charge of the Hon. Richard J. Sullivan in *United States* v. *Peirce*, 06 Cr. 1032 (RJS) (S.D.N.Y. 2008).

88

## REQUEST NO. 56

## Stipulations of Testimony

### [*If Applicable*]

In this case you have heard evidence in the form of stipulations of testimony.   A stipulation of testimony is an agreement between the parties that, if called as a witness, the person would have given certain testimony.   You must accept as true the fact that the witness would have given that testimony.   However, it is for you to determine the effect to be given that testimony.


Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 5-7.

## REQUEST NO. 57

## Stipulations of Fact

[*If Applicable*]

In this case you have also heard evidence in the form of stipulations of fact.   A stipulation of fact is an agreement between the parties that a certain fact is true.   You must regard such agreed-upon facts as true.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 5-6.

## REQUEST NO. 58

## Redaction of Evidentiary Items

### [*If Applicable*]

Among the exhibits received in evidence, there are some documents that are redacted.   "Redacted" means that part of the document or tape was taken out.   You are to concern yourself only with the part of the item that has been admitted into evidence.   You should not consider any possible reason why the other part of it has been deleted.

From the charge of the Hon. Kimba M. Wood in *United States* v. *Cespedes-Pena*, 14 Cr. 520 (S.D.N.Y. 2015).

## REQUEST NO. 59

## Persons Not on Trial

If you conclude that other persons may have been involved in criminal acts charged in the Indictment, you may not draw any inference, favorable or unfavorable, toward either the Government or the defendant from the fact that those persons are not named as defendants in the Indictment, or are not present at this trial.   In addition, you may not speculate as to the reasons why other persons are not defendants in this trial.   Those matters are wholly outside your concern and have no bearing on your function as jurors at this trial.

From the charge of the Hon. Kimba M. Wood in *United States* v. *Cespedes-Pena*, 14 Cr. 520 (S.D.N.Y. 2015); *see also United States* v. *Muse*, No. 06 Cr. 600 (DLC), 2007 WL 1989313, at *22 (S.D.N.Y. July 3, 2017).

## REQUEST NO. 60

## Character Witnesses

[*If Applicable*]

The defendant has called witnesses who have given their opinion of his character or reputation.   This testimony is not to be taken as the witness's opinion as to whether the defendant is guilty or not guilty.   That question is for you alone to determine.   You should, however, consider this evidence together with all the other facts and evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

Accordingly, if after considering all the evidence including the testimony regarding the witness's opinion of the defendant's character or reputation, you find a reasonable doubt has been created, you must acquit.    On the other hand, if after considering all the evidence including the testimony regarding the witness's opinion of the defendant's character or reputation, you are satisfied beyond a reasonable doubt that the defendant is guilty, you should not acquit the defendant merely because you believe the defendant, or the witness believes the defendant, to be a person of good character or to have a good reputation.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 5-15; *see United States* v. *Pujana-Mena*, 949 F.2d 24, 27-32 (2d Cir. 1991) (criticizing instruction that character evidence "standing alone" is enough for acquittal as "potentially misleading and confusing").

93

## REQUEST NO. 61

### Uncalled Witnesses – Equally Available or Unavailable

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify.   I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses.   Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.   Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 6-7; *see United States* v. *Super*, 492 F.2d 319, 323 (2d Cir. 1974) (proper to instruct jury that no inference should be drawn from the absence of a witness who was equally unavailable to both sides); *accord United States* v. *Brown*, 511 F.2d 920, 925 (2d Cir. 1975).

## REQUEST NO. 62

## Acts and Statements of Co-Conspirators

Certain evidence was admitted at this trial concerning acts and statements of others because such acts were committed and such statements were made by a person who, the Government claims, was also a co-conspirator of the defendants.

The reason for allowing this evidence to be received against the defendants has to do with the nature of the crime of conspiracy.  As I have said, a conspiracy is often referred to as a partnership in crime.  As in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes as agent for the other conspirators in carrying out the conspiracy.

Therefore, the reasonably foreseeable acts or statements of any member of the conspiracy, committed in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts or statements of all of the members, and all of the members are responsible for such acts or statements.

If you find, beyond a reasonable doubt, that the defendant under consideration was a member of the conspiracy under consideration, either in Counts Six, Nine or Ten of the indictment, then any acts done or statements made in furtherance of the conspiracy by a person also found by you to have been a member of the same conspiracy may be considered against that defendant when considering that conspiracy count.  This is so even if such acts were committed or such statements were made in that defendant's absence, and without his knowledge.

However, before you may consider the acts or statements of a co-conspirator in deciding the guilt of a defendant, you must first determine that the acts were committed or statements were made during the existence, and in furtherance, of the unlawful scheme.  If the acts

95

were done or the statements were made by someone whom you do not find to have been a member

of the conspiracy, or if they were not in furtherance of the conspiracy they may not be considered

by you in deciding whether a defendant is guilty or not guilty.


Adapted from The Honorable Michael B. Mukasey's Instructions in
*United States* v. *Salam*, No. S1 98 Cr. 208 (S.D.N.Y. 1999).

## REQUEST NO. 63

## Defendant's Testimony

### [*Requested Only If the Defendant Testifies*]

The defendant in a criminal case never has any duty to testify or come forward with any evidence.   This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent.   That burden remains with the Government throughout the entire trial and never shifts to a defendant.   A defendant is never required to prove that he is innocent.

In this case, the defendant did testify and he was subject to cross-examination like any other witness.   You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of the case.

Adapted from the charge of the Hon. Kimba M. Wood in *United States* v. *Cespedes-Pena*, 14 Cr. 520 (S.D.N.Y. 2015).   *See United States* v. *Brutus*, 505 F.3d 80, 87-88 (2d Cir. 2007) (discussing appropriate charges when a defendant testifies).

## REQUEST NO. 64

## Defendant's Right Not to Testify

**[*If Requested by the Defendant*]**

The defendant did not testify in this case.   Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.   That burden remains with the Government throughout the entire trial and never shifts to a defendant.   A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 5-21.

98

## REQUEST NO. 65

### Improper Considerations:   Race, Religion, National Origin, Sex, or Age

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.   It would be improper for you to consider any personal feelings you have about the defendant's race, religion, national-origin, gender, sexual orientation, or age.   Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national origin, gender, sexual orientation, or age of any other witness or anyone else involved in this case.   The defendant is entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

From the charge of the Hon. Kimba M. Wood in *United States* v. *Cespedes-Pena*, 14 Cr. 520 (S.D.N.Y. 2015).

99

## REQUEST NO. 66

### Expert Testimony

**[*If Applicable*]**

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue.   A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training.   Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.   You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.   You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion.   Nor should you substitute it for your own reason, judgment and common sense.   The determination of the facts in this case rests solely with you.   As with the testimony of any other witness, you may decide to accept all, some, or none of the testimony of any expert witness.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 7-21.

100

## REQUEST NO. 67

## Motive

Proof of motive is not a necessary element of any of the crimes with which the defendant is charged.   Proof of motive does not establish guilt, nor does the lack of proof of motive establish that the defendant is not guilty.   If the guilt of the defendant is shown beyond a reasonable doubt, it is immaterial what defendant's the motive for the crime or crimes may be, or whether the defendant's motive was shown at all.   The presence or absence of motive is, however, a circumstance which you may consider as bearing on the intent of the defendant.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 6-18, and from the charge of the Hon. Deborah A. Batts in *United States* v. *Gupta*, 07 Cr. 177 (S.D.N.Y. 2008).

## REQUEST NO. 68

### Punishment is Not to be Considered by the Jury

The question of possible punishment of the defendant or the potential consequence of conviction is no concern to the jury and should not, in any sense, enter into or influence your deliberations.   The duty of imposing sentence rests exclusively with me.   Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely on the basis of such evidence.   Under your oath as jurors, you cannot allow consideration of the punishment that must be imposed on the defendant or the consequences of conviction, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.


Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr.
9-1; *see Shannon* v. *United States*, 512 U.S. 573, 579 (1994).

102

## REQUEST NO. 69

## Sympathy: Oath as Jurors

Under your oath as jurors, you are not to be swayed by sympathy.   You are to be guided solely by the evidence in the case.   You are to determine the guilt or non-guilt of the defendant solely on the basis of the evidence and subject to the law as I have charged you.

I know you will try the issues that have been presented to you according to the oath which you have taken as jurors, in which you promised that you would well and truly try the issues joined in this case and render a true verdict.   And I suggest to you that if you follow that oath without combining your thinking with any emotions, you will arrive at a just verdict.   It must be clear to you that once you get into an emotional state and let fear or prejudice or bias or sympathy interfere with your thinking, then you don't arrive at a true and just verdict.   Calm deliberation and good common sense are the qualities you should bring with you into the jury room.

The charges here, ladies and gentlemen, are serious, and the just determination of this case is important to both the defendant and the Government.   Under your oath as jurors, you must decide the case without fear or favor and solely in accordance with the evidence and the law.

If the Government has failed to carry its burden, your sworn duty is to bring in a verdict of not guilty.   If the Government has carried its burden, you must not flinch from your sworn duty, and you must bring in a verdict of guilty.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 2-12, and from the charge of the Hon. Irving Kaufman in *United States* v. *Davis*, Appellant's Appendix at pp. 15a-16a, *aff'd*, 353 F.2d 614 (2d Cir. 1965).

103

## Conclusion

Your function now is to weigh the evidence in this case and to determine whether the prosecution has proven the defendant guilty beyond a reasonable doubt with respect to each count in the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict as to the defendant on each count must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

Let me also remind you that you took an oath to decide this case impartially, fairly, without prejudice or sympathy, and without fear, solely based on the evidence in the case and the applicable law.   Under your oath as jurors, you are not to be swayed by sympathy.   You are to be guided solely by the evidence presented during the trial and the law as I have given it to you, without regard to the consequences of your decision.

You have been chosen to try issues of fact and reach a verdict on the basis of the evidence or lack of evidence.   If you let sympathy interfere with clear thinking, there is a risk you will not come to a just result.   Both sides are entitled to a fair trial.   You are to make a fair and impartial decision so that you come to a just verdict.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for her or himself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.   In the course of your

deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

If you are divided, do not report how the vote stands, and if you have reached a verdict, do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that, if you listen to the views of your fellow jurors and if you apply your own common sense, you will reach a fair verdict here. Do not deliberate unless all twelve of you are in the jury room.

Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

You are free to select any foreperson you like.   The foreperson will preside over your deliberations, and will be your spokesperson here in court.   That is simply for convenience, and it gives him or her no greater authority, and his or her vote has no greater weight than that of any other juror.

I will give each of you a verdict form for your convenience; the foreperson will have a verdict form on which you should record any verdict you reach unanimously.

Members of the jury, I am going to ask you to remain seated briefly while I confer with counsel to see if there are any additional instructions that they would like to have me give to you.   Because there is a possibility that I might find it proper to give you such additional instructions, I ask that you not discuss the case while seated in the jury box.

From the charge of the Hon. Kimba M. Wood in *United States* v. *Cespedes-Pena*, 14 Cr. 520 (S.D.N.Y. 2015)

105

* * *

The Government respectfully reserves the right to submit additional or modified requests at or near the close of evidence.

Dated:  New York, New York
        December 8, 2017

                          Respectfully submitted,

                          JOON H. KIM
                          Acting United States Attorney for the
                          Southern District of New York
                          Attorney for the United States of America


By:     s/ Robert L. Boone
        Janis M. Echenberg
        Robert L. Boone
        David Zhou
        Matthew Podolsky
        Assistant United States Attorneys
        (212) 637-2597/2208/2438/1947

106