UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    - v. -

JOSEPH PERCOCO, a/k/a "Herb,"
PETER GALBRAITH KELLY, JR., a/k/a "Braith,"
STEVEN AIELLO, and
JOSEPH GERARDI,

              Defendants.

No. S2 16 Cr. 776 (VEC)

---

## DEFENDANTS' PROPOSED PRELIMINARY JURY INSTRUCTIONS

Defendants Joseph Percoco, Peter Galbraith Kelly, Jr., Steven Aiello, and Joseph Gerardi respectfully request that the Court give the following preliminary instructions to the jury before opening statements in the trial commencing on January 8, 2017.[1]

\*      \*      \*

1.      Members of the jury: Now that you have been sworn, I will tell you about your duties as jurors and give you instructions that will help you understand what will be presented at trial.  At the end of trial I will give you instructions again.  Those instructions will be much more detailed and will control your deliberations.[2]

---

[1]      The defendants' motions to dismiss and to sever are currently pending before the Court. These Proposed Preliminary Jury Instructions are based on the charges in the S2 Indictment; the defendants do not waive any of the arguments in the pending motions as to the insufficiency of the charges.  Upon the Court's decision on the pending motions, the defendants may file supplemental or revised Proposed Preliminary Jury Instructions, as necessary.

[2]      Adapted from United States v. Silver, 15 Cr. 93 (VEC), Doc. No. 140 (preliminary jury charge).

**Role of Judge and Jury/What is Evidence**

2.      You are the sole judges of the facts in this case.  I am the judge of the law, but you are the judges of the facts.  You will determine the facts solely from the evidence that will be presented during the course of the trial.  That evidence will consist of the testimony of witnesses on both direct and cross examination, documents and other things received into evidence as exhibits, and any facts that the attorneys agree to or that I may instruct you to find. [3]

3.      You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.[4]

4.      From time to time, I may ask questions of the attorneys or a witness or make a ruling in response to an objection from the attorneys.  You must not infer from my questions, my rulings on objections, or anything else that I may do during trial that I have a view about the facts or how you should decide the case.  As the sole judges of the facts, you will have to determine which of the witnesses you believe, what portions of testimony you accept, and what weight, if any, you attach to the evidence.[5]

5.      It is the duty of an attorney to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  Therefore, you should draw no inference if an attorney objects to some evidence.  Nor should you draw any inference from my

---

[3]      Adapted from <u>United States v. Silver</u>, 15 Cr. 93 (VEC), Doc. No. 140 (preliminary jury charge).

[4]      <u>See</u> Model Ninth Circuit Criminal Instruction 1.1.

[5]      Adapted from <u>United States v. Silver</u>, 15 Cr. 93 (VEC), Doc. No. 140 (preliminary jury charge).

ruling on an objection.  If I sustain an objection, I will not permit the witness to answer or, if the witness has already answered, I will instruct that the answer be stricken from the record and that you disregard it.  If I overrule an objection, the witness will be allowed to answer.  You should not give any added weight to the answer to a question that was objected to.  If an objection to a question is sustained, you should not speculate about what the answer to the question would have been.[6]

6.       There is no magic formula that you should use to evaluate the evidence.  I will, however, give you some general guidelines for determining the credibility of witnesses at the end of the case.  Right now, I will just tell you to bring into this courtroom all of the experiences and backgrounds of your lives.  You should not leave your common sense at home.  The same types of judgments that you use every day in order to make important decisions in your life are the judgments that you should bring to bear on your consideration of the evidence in this case.  However, your determination of the facts in this case must be based solely on the evidence presented to you during this trial.  While you should use your common sense when evaluating the evidence, information or opinions from outside the courtroom may not enter into your deliberations.[7]

7.       I want to take a moment to describe to you what is not evidence in this case.  Questions by the attorneys are not evidence.  It is only the witnesses' answers that are evidence.  Similarly, arguments by attorneys are not evidence.  The opening and closing statements are intended to help you understand the evidence and to reach your verdict.  If your recollection of

---

[6]      Adapted from United States v. Silver, 15 Cr. 93 (VEC), Doc. No. 140 (preliminary jury charge).

[7]      Adapted from United States v. Silver, 15 Cr. 93 (VEC), Doc. No. 140 (preliminary jury charge).

the facts differs from what an attorney says, it is your recollection that governs.  Anything that I may say concerning the evidence is not evidence.  Testimony that has been stricken or excluded is not evidence and must not be considered by you in rendering your verdict.  Finally, as I have already mentioned, anything you may have seen or heard outside of the courtroom is not evidence.[8]

8.      Again, although you are the judges of the facts, I am the judge of the law.  On legal issues you must take the law as I give it to you, whether you agree with it or not and whether you think it is good law or not.

9.      I am now going to tell you a little bit about the law that you will have to apply to the facts as you find them.  These are only preliminary and summary instructions; they are not intended to be a complete explanation of the elements of each charge.  They are designed to help you evaluate the evidence as you hear and see it in light of what you will be asked to decide after you have heard all of the evidence.  There are certain legal terms in this case  that you will need to understand in order to evaluate the evidence.  These legal terms are not intuitive, but are central to the issues in this case, so you should keep these instructions in mind.  The final instructions I will give you at the end of the trial will contain more details and provide a complete explanation of the applicable law.  If there are any differences between these preliminary instructions and the instructions I give you at the end of the trial, the final instructions will be controlling.[9]

---

[8]      Adapted from United States v. Silver, 15 Cr. 93 (VEC), Doc. No. 140 (preliminary jury charge).

[9]      Adapted from United States v. Silver, 15 Cr. 93 (VEC), Doc. No. 140 (preliminary jury charge).

### Summary of Allegations

10.     The Government has brought charges in an Indictment.  The Indictment includes a number of charges that arise out of two separate alleged schemes.  I will summarize the two alleged schemes for you, but I remind you that I am only describing allegations made by the Government.  Allegations are not evidence, and they do not reflect my opinion of the case.

11.     Defendants Joseph Percoco and Peter Galbraith Kelly, Jr., are charged in the first scheme, which relates to an energy company called Competitive Power Ventures ("CPV").  Mr. Percoco was an aide to the Governor of New York, Andrew Cuomo.  Mr. Kelly was an executive at CPV.  The Government alleges that, in 2012, Mr. Percoco and Mr. Kelly agreed that Mr. Kelly would arrange for CPV to retain Mr. Percoco's wife to work as a consultant for CPV, and that, in exchange, Mr. Percoco agreed to take official acts to benefit CPV.  The Government alleges that after CPV retained Mr. Percoco's wife, Mr. Percoco actually performed official acts favorable to CPV.  In connection with this alleged scheme, the Government has charged Mr. Percoco with four counts: bribery, extortion, conspiracy to commit extortion, and conspiracy to commit honest services fraud.  The Government has charged Mr. Kelly with two counts: bribery and conspiracy to commit honest services fraud.

12.     Mr. Percoco, and defendants Steven Aiello and Joseph Gerardi, are charged in the second scheme, which relates to a development company called COR Development ("COR").  Mr. Aiello and Mr. Gerardi are executives at COR.  The Government alleges that, in exchange for payments Mr. Aiello and Mr. Gerardi made to Mr. Percoco through a shell company, Mr. Percoco agreed to take official acts for the benefit of COR.  The official acts Mr. Percoco allegedly took as part of this arrangement were (1) to pressure other New York State officials to let COR avoid entering into an agreement with unions, (2) to pressure other New York State

officials to release certain funds that had been allocated to COR, and (3) to arrange for a raise for the son of Mr. Aiello, who was working in the Office of the Governor.  In connection with this alleged scheme, the Government has charged Mr. Percoco with four counts: bribery, extortion, conspiracy to commit extortion, and conspiracy to commit honest services fraud.  The Government has charged Mr. Aiello and Mr. Gerardi with three counts each: bribery, conspiracy to commit honest services fraud, and making false statements to federal officers.

13.     I instruct you now that Mr. Kelly had nothing to do with this second charged scheme, while Mr. Aiello and Mr. Gerardi had nothing to do with the first charged scheme.  The alleged CPV scheme and the alleged COR scheme are entirely unrelated.

### Quid Pro Quo

14.     As to each charge against each defendant, the Government must prove specific elements in order to satisfy its burden of proof.  It must prove each of these elements beyond a reasonable doubt.  At the end of the trial, I will list and explain the specific elements of each charge.  For now, I just want to give you a basic explanation of key legal concepts that are relevant to the charges.[10]

15.     With the exception of the false statement charges against Mr. Aiello and Mr. Gerardi, each of the charges in this case requires the Government to prove a quid pro quo.[11]

Quid pro quo is a Latin phrase and it means "this for that" or "these for those."  In the context of

---

[10]     Adapted from United States v. Silver, 15 Cr. 93 (VEC), Doc. No. 140 (preliminary jury charge).

[11]     See United States v. Silver, 15 Cr. 93 (VEC), Doc. No. 135 (jury charge) (requiring quid pro quo for honest services fraud and Hobbs Act extortion bribery charges); United States v. Skelos, 15 Cr. 317 (KMW), Doc. Nos. 146, 148 (transcript of jury charge) (requiring quid pro quo for honest services fraud, Hobbs Act extortion, and 18 U.S.C. § 666 bribery charges); see also McDonnell v. United States, 136 S. Ct. 2355, 2365 (2016) (bribery charged as honest services fraud or Hobbs Act extortion requires proof of quid pro quo); United States v. Bahel, 662 F.3d 610, 636 (2d Cir. 2011) (bribery charged under 18 U.S.C. § 666 requires quid pro quo).

bribery allegations, quid pro quo means that a thing of value is provided in exchange for an official act by a government official on a specific issue pending before the government.[12]

16.     Thus, to satisfy the quid pro quo element of the charges relating to the alleged CPV scheme, the Government must prove beyond a reasonable doubt that Mr. Percoco and Mr. Kelly agreed at the time CPV retained Mr. Percoco's wife that, in exchange for CPV retaining his wife, Mr. Percoco would take official acts on specific matters pending before the government in favor of CPV.  Specifically, the Government must prove that Mr. Percoco and Mr. Kelly agreed that, in exchange for CPV retaining Mr. Percoco's wife, Mr. Percoco would perform official acts on two contracts that CPV wanted from New York State: a Power Purchase Agreement and a Reciprocity Agreement.

17.     Likewise, with respect to the alleged COR scheme, the Government must prove beyond a reasonable doubt that Mr. Percoco, Mr. Aiello, and Mr. Gerardi agreed, at the time that Mr. Percoco received payments from Mr. Aiello and Mr. Gerardi, that Mr. Percoco would perform official acts on specific issues pending before the government in favor of COR.  Those specific issues are alleged to be (1) whether COR would be required to enter into an agreement with unions, (2) whether the State would release certain funds that had been allocated to COR, and (3) whether Mr. Aiello's son, who worked in the Office of the Governor, would receive a raise.

---

[12]     Adapted from United States v. Silver, 15 Cr. 93 (VEC), Doc. No. 140 (preliminary jury charge); see also McDonnell v. United States, 136 S. Ct. 2355, 2371 (2016) ("It is up to the jury, under the facts of the case, to determine whether the public official agreed to perform an 'official act' at the time of the alleged quid pro quo."); id. at 2372 ("The 'question, matter, cause, suit, proceeding or controversy' . . . must also be something specific and focused that is 'pending' or 'may by law be brought' before a public official."); Evans v. United States, 504 U.S. 255, 268 (1992) ("[T]he offense is completed at the time when the public official receives a payment in return for his agreement to perform specific official acts.").

18.     A quid pro quo has three parts: a thing of value (the "quid"), an official act (the

"quo"), and the requirement that the thing of value be given in exchange for the official act (the

"pro").  Let me now go through each of those.

19.     As I stated, the "quid" in a quid pro quo is the thing of value that is given to a

government official in exchange for official action.  Put simply, the "quid" is the alleged bribe.

The thing of value can be cash, but it does not always have to be.  The thing of value is often

provided directly to the government official, but it does not always have to be.[13]

20.     The "quo" in a quid pro quo is the official act that the government official agrees

to perform in exchange for the "quid"—in other words, the official act that the government

official has been bribed to perform.  Now, you have heard me use the term "official act" several

times.  The term "official act" is very important to this case.  Not everything that a government

official does in his official capacity is an "official act."  Under the law, the term "official act" has

a very specific and narrow meaning.[14]  Specifically, an "official act" requires proof of two

things:

21.     First, in order for a government official to perform an official act, he or she must

take action on a specific matter before the government.  To be specific, a governmental matter

has to be concrete and identifiable—it has to be the sort of thing that can be put an on agenda,

tracked for progress, or checked off as complete.  Examples of specific governmental matters

include whether the legislature will pass a particular tax bill, whether an administrative agency

---

[13]     Adapted from United States v. Skelos, 15 Cr. 317 (KMW), Doc. Nos. 146, 148 (transcript of jury charge).

[14]     See McDonnell v. United States, 136 S. Ct. 2355, 2371 (2016) ("In sum, an 'official act' is a decision or action on a 'question, matter, cause, suit, proceeding or controversy.'"); id. ("That does not mean, however, that every decision or action customarily performed by a public official—such as the myriad decisions to refer a constituent to another official—counts as an 'official act.'").

will issue a particular permit, or whether the DMV will grant someone a driver's license.[15]  The specific matter on which the government official agrees to take official action must be identified at the time of the alleged bribe.[16]

22.     Second, and in addition to what I just told you, in order for a government official to perform an official act, that official must make a formal decision or take a formal action on the specific governmental matter.[17]

23.     Only someone who is a government official can perform an official act.  In order for a government official to perform an official act, that official's action or decision must be made within the specific duties of the official's position, as conferred by the authority of his or her office.[18]

---

[15]     See McDonnell v. United States, 136 S. Ct. 2355, 2372 (2016) ("The 'question, matter, cause, suit, proceeding or controversy' must involve a formal exercise of governmental power that is similar in nature to a lawsuit before a court, a determination before an agency, or a hearing before a committee.  It must also be something specific and focused that is 'pending' or 'may by law be brought' before a public official."); id. at 2369 ("'Pending' and 'may by law be brought' suggest something that is relatively circumscribed—the kind of thing that can be put on an agenda, tracked for progress, and then checked off as complete.").

[16]     See McDonnell v. United States, 136 S. Ct. 2355, 2374 (2016) (vacating conviction because district court "did not instruct the jury that to convict . . . , it had to find that he made a decision or took an action—or agreed to do so—on the identified 'question, matter, cause, suit, proceeding or controversy'" (emphasis added)); id. at 2371 ("It is up to the jury, under the facts of the case, to determine whether the public official agreed to perform an 'official act' at the time of the alleged quid pro quo." (emphasis added)); Evans v. United States, 504 U.S. 255, 268 (1992) ("[T]he offense is completed at the time when the public official receives a payment in return for his agreement to perform specific official acts." (emphasis added)); United States v. Terry, 707 F.3d 607, 613 (6th Cir. 2013) ("A donor who gives money in the hope of unspecified future assistance does not agree to exchange payments for actions.  No bribe thus occurs if the elected official later does something that benefits the donor." (emphasis added)).

[17]     See McDonnell v. United States, 136 S. Ct. 2355, 2371–72 (2016) ("To qualify as an 'official act,' the public official must make a decision or take an action on that 'question, matter, cause, suit, proceeding or controversy,' or agree to do so.").

[18]     See McDonnell v. United States, 136 S. Ct. 2355, 2369 (2016) (the question or matter on which the government official performs an official act must be "something within the specific

24.     There are two ways for a government official to perform an official act.  The government official either must make a formal decision or take a formal action himself—that is, he must be the direct decision-maker on the matter at issue—or he must pressure or advise another government official with the knowledge or the intent that his pressure or advice will form the basis of an official act by that other government official.[19]

25.     In this case, there is no allegation that Mr. Percoco made any formal decision or took any formal action himself.  Rather, the Government alleges that Mr. Percoco performed "official acts" by giving "advice" to, or exerting "pressure" on, other government officials.

26.     Let me explain what the Government has to prove in order to show that Mr. Percoco performed or promised to perform an "official act" by advising or pressuring another government official.

27.     "Advice" means something very specific in the context of a bribery case such as this.  A government official gives "advice" only if the government official provides advice to another government official with the expectation that the other official will necessarily rely on

---

duties of an official's position—the function *conferred by the authority of his office*" (emphasis added)); Dixson v. United States, 465 U.S. 482, 499–500 (1984) ("To be a public official under section 201(a), an individual must possess some degree of *official responsibility* for carrying out a [government] program or policy . . . [and] assume some duties of an official nature." (emphasis added)); id. at 496 (relevant inquiry is "whether the person occupies a position of public trust with official [governmental] responsibilities"); Laverpool v. N.Y. City Transit Auth., 835 F. Supp. 1440, 1462 (E.D.N.Y. 1993) (where an arbitrator had been approached about a government job during a hearing and later accepted that job, he was "neither a public official [n]or a public officer at the time" of the purported bribes alleged as a predicate RICO offense), aff'd, 41 F.3d 1501 (2d Cir. 1994).

[19]     See McDonnell v. United States, 136 S. Ct. 2355, 2371–72 (2016) ("To qualify as an 'official act,' the public official must make a decision or take an action on that 'question, matter, cause, suit, proceeding or controversy,' or agree to do so.  That decision or action may include using his official position to exert pressure on another official to perform an 'official act,' or to advise another official, knowing or intending that such advice will form *the basis for an 'official act'* by another official." (emphasis added)).

that advice as the basis of an official action or decision. In other words, the government official who provides the advice must intend that the advice will actually determine the specific governmental matter at issue.[20]

28.     Let me tell you what it means in this case for a government official to pressure another government official. Just as "advice" means something specific in a bribery case, so does the word "pressure." As the word is used in this case, a government official exerts "pressure" if he uses his official authority to threaten, or coerce, or otherwise apply force on another government official. The government official who exerts pressure must do so with the intent that the pressure will form the basis of an official act by the official being pressured.[21]

29.     As I have said, not everything that a government official does in his official capacity in connection with a governmental matter is an "official act." Under the law, certain actions by government officials are not considered official acts, even those acts are performed in an official capacity. Hosting or setting up a call or a meeting, getting information on behalf of a

---

[20]     See United States v. Birdsall, 233 U.S. 223, 234 (1914) (finding advice amounted to official acts where superiors "necessarily rely largely upon the reports and advice of subordinates in the department who were more directly acquainted with the existing conditions, the records of offenders, and the facts and circumstances of particular cases"); McDonnell v. United States, 136 S. Ct. 2355, 2371 (2016) (citing Birdsall as demonstrating circumstances under which advice constitutes "official act"); United States v. Jones, 207 F. Supp. 3d 576, 582 (E.D.N.C. 2016) (conduct qualified as an "official act" because it "falls square within the specific duties of a [officer] for the FBI"); United States v. Repak, 852 F.3d 230, 254 (3d Cir. 2017) (defendant engaged in official act because "in his capacity as the [agency] Executive Director, [he] made recommendations to the [agency] Board of Directors as to which contractors should be used on specific projects").

[21]     See McDonnell v. United States, 136 S. Ct. 2355, 2369 (2016) (the question or matter on which the government official performs an official act must be "something within the specific duties of an official's position—the function conferred by the authority of his office"); United States v. Silver, 203 F. Supp. 3d 370 (S.D.N.Y. 2016) (suggesting that, absent evidence to suggest that legislator communicated an "implicit threat" to "cut the court's funding if he did not comply," a jury could find that legislator's request to judge was not an official act).

constituent, or referring a person to another government official are not, by themselves, official acts.[22]

30.     Similarly, expressing support for a particular outcome on a governmental matter—or offering an opinion or even an endorsement on such a matter—is not, by itself, an official act.[23]  This may come as a surprise to some of you, and you may even feel a bit uncomfortable with the idea that someone can give a government official something of value in exchange for these types of assistance—but, under the law, doing so is not a federal crime.[24]

31.     Now, remember I told you that the phrase "quid pro quo" means that a thing of value is provided in exchange for an official act by a government official on a specific matter pending before the government.  I have explained what "quid" and "quo" mean.  Let me now explain the phrase "in exchange for," which is the "pro" of the quid pro quo.  That phrase also has a specific legal meaning.  A thing of value is given "in exchange for" an official act if it is meant to induce or cause the official act.  The "in exchange for" requirement is not satisfied

---

[22]     See McDonnell v. United States, 136 S. Ct. 2355, 2371 (2016) ("Setting up a meeting, hosting an event, or calling an official (or agreeing to do so) merely to talk about a [pending issue] or to gather additional information, however, does not qualify as a decision or action on the [pending issue]."); id. (excluding from "official act" the "myriad decisions to refer a constituent to another official").

[23]     See McDonnell v. United States, 136 S. Ct. 2355, 2371 (2016) ("Simply expressing support for [a certain outcome on the pending issue] at a meeting, event, or call—or sending a subordinate to such a meeting, event, or call—similarly does not qualify as a decision or action on the [pending issue], as long as the public official does not intend to exert pressure on another official or provide advice, knowing or intending such advice to form the basis for an 'official act.'"); United States v. Silver, 864 F.3d 102, 122 (2d Cir. 2017) ("Taking a public position on an issue, by itself, is not a formal exercise of governmental power, and is therefore not an 'official act' under McDonnell.").

[24]     See McDonnell v. United States, 136 S. Ct. 2355, 2375 (2016) ("There is no doubt that this case is distasteful; it may be worse than that.  But our concern is not with tawdry tales of Ferraris, Rolexes, and ball gowns. . . . A more limited interpretation of the term 'official act' leaves ample room for prosecuting corruption, while comporting with the text of the statute and the precedent of this Court.").

simply because a thing of value is followed by an official act; the thing of value must be given to procure the official act. Put another way, the bribe must be conditioned on the official's agreement to perform an official act.[25]

32.    The requirement that the thing of value be exchanged for an official act is not satisfied simply because a person gives a thing of value to a government official with the intent to foster goodwill with that official, or to build a relationship with the official. The same principle applies from the perspective of the official. The exchange requirement is not satisfied simply because the official receives a thing of value; if the official believes it was given merely with the intent to build a relationship with him or to foster goodwill, there is no exchange. The requirement is also not satisfied if a defendant gives something of value to gain access to a government official, or to ingratiate himself with a government official. "Ingratiate" means to establish good favor with someone. Providing a benefit to a government official to build a relationship, to obtain goodwill, or to ingratiate oneself is not a crime. That may also come as a surprise to some of you, and you may even feel uncomfortable with the idea that someone can give a government official something of value for access, goodwill, or ingratiation. But those activities are lawful. Our system of representative government assumes that public officials will

---

[25]    See United States v. Sun-Diamond Growers of California, 526 U.S. 398, 404 (1999) ("Bribery requires intent 'to influence' an official act or 'to be influenced' in an official act."); United States v. Alfisi, 308 F.3d 144, 149 (2d Cir. 2002) ("[T]here must be "a specific intent to give . . . something of value *in exchange* for an official act." (citation omitted)); id. ("Putting it only slightly differently, bribery involves the giving of value to procure a specific official action from a public official."); United States v. Ring, 706 F.3d 460, 468 (D.C. Cir. 2013) ("These careful instructions touched all the necessary bases, requiring a specific intent to influence official acts, an intent that the official 'realize or know' that the corrupt exchange is being proposed, and a showing that the gifts 'were conditioned upon' the official's act or agreement.").

hear from constituents—including individuals and corporations—and act appropriately on their concerns, even if the public official previously received things of value from those constituents.[26]

33.     In determining whether the Government has satisfied its burden of proving the quid pro quo element of the charges relating to the CPV allegations, you must determine whether the evidence shows, beyond a reasonable doubt, that Mr. Percoco accepted—and that Mr. Kelly provided—things of value in exchange for official acts by Mr. Percoco on the two contracts I mentioned before: the Power Purchase Agreement and the Reciprocity Agreement.

34.     Likewise, in determining whether the Government has satisfied its burden of proving the quid pro quo element of the charges relating to the COR allegations, you must determine whether the evidence shows, beyond a reasonable doubt, that Mr. Percoco accepted— and that Mr. Aiello and Mr. Gerardi provided—money in exchange for official acts by Mr. Percoco on the three issues I mentioned before: (1) whether COR would be required to enter into an agreement with unions, (2) whether the State would release certain funds that had been allocated to COR, and (3) whether Mr. Aiello's son, who worked in the Office of the Governor, would receive a raise.

35.     Some of you may feel that the law is too narrow or technical, or that conduct that falls outside of the legal definition of quid pro quo should be unlawful.  While you are entitled to

---

[26]     Adapted from United States v. Silver, 15 Cr. 93 (VEC), Doc. No. 135 (jury charge); United States v. Skelos, Doc. No. 148 (transcript of jury charge); see also McDonnell v. United States, 136 S. Ct. 2355, 2372 (2016) ("The basic compact underlying representative government assumes that public officials will hear from their constituents and act appropriately on their concerns" even if the public official previously received a benefit.); Citizens United v. FEC, 558 U.S. 310, 360 (2010) ("Ingratiation and access, in any event, are not corruption."); United States v. Rabbitt, 583 F.2d 1014, 1027 (1978) ("The evidence further indicates Berger-Field was a willing collaborator who sought and paid for Rabbitt's good words to influential people, thus giving Berger-Field access on a friendly basis to state officials who awarded architectural contracts on merit."); United States v. Carpenter, 961 F.2d 824, 827 (9th Cir. 1992) ("granting or denying access . . . not an 'official act'").

your personal beliefs, you must set those personal feelings aside during this trial.  As a juror in this trial, the question you must answer is simply whether the Government has proved beyond a reasonable doubt that the defendants violated the specific federal criminal statutes with which they have been charged.  As I instructed you at the very beginning, you must take the law as I give it to you.  Regardless of any opinion that you may have as to what the law is—or should be—it would violate your sworn duty to base a verdict upon any view of the law other than that which I give you.[27]

### Status as Government Official

36.    With the exception of the false statement charges against Mr. Aiello and Mr. Gerardi, each of the charges against the defendants requires the Government to prove that Mr. Percoco was a government official at the time of the alleged offense.  To satisfy its burden in connection with the alleged CPV scheme, the Government must prove that Mr. Percoco was in fact a government official both at the time he allegedly accepted any bribes from Mr. Kelly and when he allegedly performed any official act in exchange for those alleged bribes.  Similarly, with respect to the alleged COR scheme, the Government must prove that Mr. Percoco was in fact a government official both at the time he allegedly accepted any bribes from Mr. Aiello or Mr. Gerardi and when he allegedly performed any official act in exchange for those alleged bribes.[28]

---

[27]    Adapted from United States v. Silver, 15 Cr. 93 (VEC), Doc. No. 135 (jury charge).

[28]    See McDonnell v. United States, 136 S. Ct. 2355, 2372 (2016) ("To qualify as an 'official act,' the public official must make a decision or take an action on that 'question, matter, cause, suit, proceeding or controversy,' or agree to do so."); id. at 2369  ("In particular, 'may by law be brought' conveys something within the specific duties of an official's position—the function *conferred by the authority of his office*." (emphasis added)); Dixson v. United States, 465 U.S. 482, 499–500 (1984) ("To be a public official under section 201(a), an individual must possess some degree of *official responsibility* for carrying out a [government] program or policy . . . [and] assume some duties of an official nature." (emphasis added)); id. at 496 (relevant inquiry is

**Bribery/Section 666**

37.     Each of the defendants has been charged with bribery.  I will have more to say about the law regarding bribery at the end of the trial, but I will tell you about just a few legal requirements now.

38.     The relevant bribery law requires the government to prove beyond a reasonable doubt that the defendant who alleged solicited, accepted, or demanded a bribe did so while he was an agent of a state government.[29]  To be an "agent," the person must be authorized to act on behalf of a government.[30]  A person has authority to act on behalf of a government when he has the official right or permission to act legally on its behalf.[31]  That official right or permission can be conferred by an elected position, by formal employment, or by a contract deputizing a person to act on behalf of the government for a particular project or initiative.[32]

---

"whether the person occupies a position of public trust with official [governmental] responsibilities"); Laverpool v. N.Y. City Transit Auth., 835 F. Supp. 1440, 1462 (E.D.N.Y. 1993) (where an arbitrator had been approached about a government job during a hearing and later accepted that job, he was "neither a public official [n]or a public officer at the time" of the purported bribes alleged as a predicate RICO offense), aff'd, 41 F.3d 1501 (2d Cir. 1994).

[29]     See 18 U.S.C. § 666(a)(1)(B), (b).

[30]     See 18 U.S.C. § 666(d)(1).

[31]     See Black's Law Dictionary (10th ed. 2014) ("authority" is "[t]he official right or permission to act, … to act legally on another's behalf"); see also Anderson v. U.S. Dep't of Labor, 422 F.3d 1155, 1180 (10th Cir. 2005) ("Here, the plain meaning of 'authorized' is '1: gave authority to: empowered; 2: gave legal or official approval to' . . . '[]gave legal authority; empowered . . . formally approved[]' . . . Therefore, based solely on the  statutory language used, the term 'authorized representative' appears to require some sort of tangible delegation to act in one's shoes.") (alterations omitted) (quoting Webster's College Dictionary (2003) and Black's Law Dictionary (7th ed. 1999)).

[32]     See United States v. Willis, 844 F.3d 155, 167 (5th Cir. 2016); United States v. Beldini, 443 F. App'x 709, 719 (3d Cir. 2011); United States v. Mazer, 631 F. App'x 57, 61 (2d Cir. 2015); United States v. Lupton, 620 F.3d 790, 793, 801 (7th Cir. 2010); United States v. Toro, No. 89 CR  0268 (RWS), 1989 WL 63118, at *2 (S.D.N.Y. June 8, 1989); see also United States

16

39.     Under the law, a defendant cannot be convicted of bribery based on a "bona fide salary, wages, fees, or other compensation paid . . . in the usual course of business."  To satisfy its burden as to the bribery charges against Mr. Percoco and Mr. Kelly relating to the alleged CPV scheme, the Government must prove beyond a reasonable doubt that the alleged bribe payments from CPV to Mr. Percoco's wife were not bona fide compensation paid in the usual course of business.  Similarly, to satisfy its burden as to the section 666 bribery charges against Mr. Percoco, Mr. Aiello, and Mr. Gerardi relating to the alleged COR scheme, the Government must prove beyond a reasonable doubt that the alleged bribe payments from COR to Mr. Percoco were not bona fide compensation paid in the usual course of business.  Mr. Aiello and Mr. Gerardi cannot be convicted if they simply intended to pay a private consultant bona fide compensation for that consultant's expertise on State government matters.  Simply put, bona fide compensation cannot constitute a bribe.[33]

40.     The relevant false statement law requires the Government to prove beyond a reasonable doubt that each defendant charged made a statement or representation that was material and that such statement or representations was false, fictitious, or fraudulent.  A

---

v. Bonito, 57 F.3d 167, 173 (2d Cir. 1995); United States v. Moeller, 987 F.2d 1134, 1137-38 (5th Cir. 1993).

[33]     See 18 U.S.C. § 666(c) ("This section does not apply to bona fide salary, wages, fees, or other compensation paid, or expenses paid or reimbursed, in the usual course of business."); United States v. Ford, 435 F.3d 204, 216 (2d Cir. 2006) (suggesting that the language of 666(c) simply be read to jurors so the jury can "draw its own conclusions from [the statute's] non-technical terms"); United States v. Mills, 140 F.3d 630, 633 (6th Cir. 1998) ("[T]he bona fide salary exception of subsection (c) must be read to apply to all of § 666."); United States v. Marmolejo, 89 F.3d 1185, 1190 n.5 (5th Cir. 1996) ("§ 666(c) . . . refers to the alleged wrongdoing."); United States v. Robinson, 663 F.3d 265, 272 (7th Cir. 2011) ("The natural reading of the exception is that § 666 does not target bona fide salary, wages, and compensation; that is, compensation paid in the ordinary course shall not be construed as a bribe."); United States v. O'Brien, 994 F. Supp. 2d 167, 184 (D. Mass. 2014) ("There is no dispute that the exception set forth in § 666(c) applies generally to the 'bribe' element of the statute.").

statement or representation is "false" or "fictitious" if it was untrue when made, and known at the time to be untrue by the defendant making it or causing it to be made. A statement or representation is "fraudulent" if it was untrue when made and was made or caused to be made with the intent to deceive. It is not enough for the Government to show that the statement or misrepresentation was false; the Government must also be able to prove that the defendant made such materially false statement knowing or willfully. An act is done "knowingly" if it is done purposely and voluntarily, as opposed to mistakenly or accidentally. An act is done "willfully" if it is done deliberately, with a bad purpose to do something the law forbids. Additionally, the Government must prove that such statement was made in a matter within the jurisdiction of the Government of the United States.[34]

41. As to each of the crimes charged, there are other elements that the Government must prove but for now that gives you an idea of some of the things you will be asked to decide at the end of the trial. Keep in mind that these are only preliminary instructions. I will give you complete instructions at the end of the trial and those instructions will control your deliberations.[35]

**Burden of Proof**

42. At the conclusion of the trial, I will explain in detail what the Government must prove in order to convict each defendant. For the moment, I will just ask you to remember throughout the trial that each defendant is presumed innocent and the Government has the burden of proving guilt beyond a reasonable doubt as to each element of each charge against each defendant. The Indictment is only an accusation; it is not proof of guilt or anything else. Each

---

[34]    Adapted from United States v. Litvak, 13 Cr. 19 (JCH), Doc. No. 225 (jury charge)

[35]    Adapted from United States v. Silver, 15 Cr. 93 (VEC), Doc. No. 140 (preliminary jury charge).

defendant starts with a clean slate and keeps that clean slate throughout the trial until you retire to deliberate.[36]

43.     The burden of proof remains on the Government throughout the case.  I will tell you more when I instruct you at the conclusion of the trial concerning the Government's burden of proof and the defendants' presumption of innocence.  For the moment, I will just say that this burden means that each defendant and his attorneys need not present any evidence in the case if they choose not to.  They can sit in silence throughout all of these proceedings without ever saying a word and you can draw no inference against the defendant.  You cannot find any defendant guilty unless and until you are unanimously convinced beyond a reasonable doubt of his guilt based on the evidence in the case.[37]

44.     The Indictment charges four defendants who are on trial together: Joseph Percoco, Peter Galbraith Kelly, Jr., Steven Aiello, and Joseph Gerardi.  You must keep in mind that innocence or guilt is individual.  The case against each defendant stands or falls upon the proof or lack of proof against that defendant alone, and may not be considered any other defendant.[38]

45.     Much of the evidence in this case will be admitted solely against one or more specific defendants.  Any evidence admitted solely against one or more specific defendants may be considered only as against those specific defendants and may not be considered in any respect

---

[36]     Adapted from United States v. Silver, 15 Cr. 93 (VEC), Doc. No. 140 (preliminary jury charge).

[37]     Adapted from United States v. Silver, 15 Cr. 93 (VEC), Doc. No. 140 (preliminary jury charge).

[38]     Adapted from Leonard B. Sand et al., 1 Modern Federal Jury Instructions: Criminal, Instructions 3-5, 3-6, 3-7, 3-8 (2017).

as to any other defendant.[39]  Specifically, I instruct you that none of the evidence that is admitted

solely against Mr. Aiello or Mr. Gerardi may be considered as to Mr. Kelly—so you must put it

out of your mind as to Mr. Kelly.  Similarly, none of the evidence that is admitted solely against

Mr. Kelly may be considered as to Mr. Aiello or Mr. Gerardi.

**<u>Conduct as Jurors</u>**

46.     I need to caution you about certain rules that govern your conduct as jurors.

47.     First, you must keep an open mind throughout the trial.  You cannot decide the

case based on little bits and pieces of evidence and it is not fair to the parties for you to start

making up your mind until you have heard all of the evidence.  Along those lines, you may not

talk to each other about this case until all of the evidence has been received and you have been

charged on the law and sent to the jury room to deliberate.[40]

48.     Do not talk with anyone else about the case or about anyone who has anything to

do with the case until the trial has ended and you have been discharged as jurors.  By anyone else

I mean everyone—your spouse, members of your family, your friends, your co-workers, and

people on the subway.  If you are asked, you may say that you are a juror in a criminal case that

is expected to last six to eight weeks, but you may not tell anyone anything about the case until

after you have been discharged from the jury by me.[41]

49.     Do not let anyone talk to you about the case or about anyone who has anything to

do with the case.  If someone tries to talk to you, please report it to me immediately through my

---

[39]     Adapted from Leonard B. Sand <u>et al.</u>, 1 Modern Federal Jury Instructions: Criminal, Instructions 3-5, 3-6, 3-7, 3-8 (2017).

[40]     Adapted from <u>United States v. Silver</u>, 15 Cr. 93 (VEC), Doc. No. 140 (preliminary jury charge).

[41]     Adapted from <u>United States v. Silver</u>, 15 Cr. 93 (VEC), Doc. No. 140 (preliminary jury charge).

deputy.  If that happens, you should not, however, discuss with your fellow jurors either that fact or any other fact that you feel is necessary to bring to the attention of the Court.[42]

50.      Do not talk to any of the parties or the attorneys or any witness.  By this I mean do not talk at all, even to pass the time of day or to say good morning.  The lawyers and the parties know that they are not supposed to speak to you or even to acknowledge you with a hello or a good morning outside of the courtroom.  So, while it may seem odd not to say hello or to acknowledge the parties or attorneys, if you run into them coming into the courthouse or the elevator, you will be creating an awkward situation for everyone if you speak to them or acknowledge their presence with a smile or a nod.  In order to avoid these situations, the parties and the attorneys may purposefully avoid taking the same elevator as you or may purposefully avoid you in the hallways.  If that happens, please understand that they are not trying to be rude. They know they cannot speak to you, even just to exchange pleasantries, so please don't put them in a position where they seem to snub you because you acknowledge them.[43]

51.      There could be press coverage in this case.  As tempting as it might be to read about what you are experiencing, do not read any news stories or articles, or listen to any radio or television reports about the case or about anyone who has anything to do with it.  That admonition extends equally to informal writings about the trial, including blog postings and tweets.  The reason for this is that it is important that you decide the case based solely on what

---

[42]      Adapted from United States v. Silver, 15 Cr. 93 (VEC), Doc. No. 140 (preliminary jury charge).

[43]      Adapted from United States v. Silver, 15 Cr. 93 (VEC), Doc. No. 140 (preliminary jury charge).

you see and hear during trial in the courtroom, not based on what someone else thinks he or she

saw or heard in the courtroom, or what someone else may believe.[44]

52.      Do not do any research or any investigation about the case on your own.  You, as

jurors, must decide this case based solely on the evidence presented in the courtroom.  This

means that during trial you must not conduct any independent research about this case, the

matters in the case, the parties involved, their attorneys, or any witnesses.  Do not consult

dictionaries or reference materials, search the Internet, visit websites or blogs, or use any other

tool to obtain information about the case.  Do not visit any place you might hear described during

the trial.[45]  If you accidentally see an article or something on the Internet or anywhere else,

please immediately ignore that material and let me know that it occurred.

53.      I know that many of you use cell phones and iPhones, iPads, Blackberries, the

Internet, social media, and other tools of technology.  My direction that you not talk about the

case until you retire to deliberate includes use of those sorts of tools to communicate

electronically with anyone about the case or even about your experience as a juror.  You are not

allowed to talk about it at all.  You may not communicate with anyone about the case or about

your juror experience through e-mail, text messaging, Twitter, a blog or website, or in any other

way through a social networking websites, including Facebook, LinkedIn, SnapChat, Instagram,

or YouTube.  I have probably missed a website or service, maybe even your current favorite.  I

have not done so intentionally.  Do not communicate about the case or about your experience as

a juror—through any means—until you have completed your deliberations and have been

---

[44]      Adapted from United States v. Silver, 15 Cr. 93 (VEC), Doc. No. 140 (preliminary jury charge).

[45]      Adapted from United States v. Silver, 15 Cr. 93 (VEC), Doc. No. 140 (preliminary jury charge).

excused.  I stress this at some length because I know that some people have become so accustomed to posting everything they do on certain sites that they might do so without thinking about it.  If you are one of those people, you have to suppress that desire until the case is over.[46]

54.     If you become aware that any other juror is violating this instruction, you should bring it to my attention through my deputy but, please, do not make it known to any other juror.[47]

**Stages of Trial**

55.     Finally, I would like to summarize the stages of the trial for you.

56.     First, each side may but does not have to make an opening statement.  An opening statement is not evidence, it is just an outline of what that party intends to prove and it is offered to help you follow the evidence.[48]

57.     After opening statements, the Government will present witnesses and the defendants may cross-examine them.  Then, if desired, each defendant may, but is not required to, present witnesses and the Government may cross-examine them.  After the defendants rest, the Government may call additional witnesses to rebut the defendants' evidence.[49]

58.     After all of that, the parties will make their closing arguments to summarize and give you their interpretation of the evidence.  Obviously, like opening statements, the closing arguments are not evidence.  After the closing arguments, I will give you instructions on the law

---

[46]     Adapted from United States v. Silver, 15 Cr. 93 (VEC), Doc. No. 140 (preliminary jury charge).

[47]     Adapted from United States v. Silver, 15 Cr. 93 (VEC), Doc. No. 140 (preliminary jury charge).

[48]     Adapted from United States v. Silver, 15 Cr. 93 (VEC), Doc. No. 140 (preliminary jury charge).

[49]     Adapted from United States v. Silver, 15 Cr. 93 (VEC), Doc. No. 140 (preliminary jury charge).

and then you will retire to deliberate on your verdict.  Keep an open mind until I have instructed you on the law at the end of the case and after you and your fellow jurors have discussed the evidence.[50]

---

[50]     Adapted from <u>United States v. Silver</u>, 15 Cr. 93 (VEC), Doc. No. 140 (preliminary jury charge).