

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 12, 2017

**BY ECF**

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States* v. *Joseph Percoco, et al.*, S2 16 Cr. 776 (VEC)

Dear Judge Caproni:

      The Government respectfully writes in response to the Court's April 10, 2017 Order requiring the Government to update the Court with regard to the status of discovery. The Government further writes to respectfully request that the Court order the January trial defendants to immediately provide reciprocal discovery pursuant to Federal Rule of Criminal Procedure 16(b).

      Status of Government's Discovery Production: Since the Government's discovery status letter dated October 19, 2017, we have produced approximately 9,774 pages of documents, including approximately 8,804 pages of documents released by relevant counsel after initially having withheld such documents as potentially privileged and a small batch of additional documents, including documents obtained by counsel for defendant Peter Galbraith Kelly, Jr. through the use of a trial subpoena pursuant to Federal Rule of Criminal Procedure 17, which were subsequently produced by the documents' custodian to the Government and, in turn, the Government produced them to all defendants.

      Although the Government continues to process its discovery through its discovery vendor, given the pending trial date, since on or about November 20, 2017, the Government has provided all new discovery immediately to the January trial defendants through an electronic link. The Government does not have any additional productions pending at the present time. To the extent the Government obtains any additional documents in the course of its ongoing investigation, the Government will process and produce those promptly to the defendants..

      Defense Failure to Produce Reciprocal Discovery: To date, the Government has received no reciprocal discovery pursuant to Rule 16(b) from any of the January trial defendants despite the fact that trial is less than four weeks away. In response to multiple requests, the defendants claim, as recently as yesterday, that they have no reciprocal discovery.

      The Government has learned from other sources that one or more of the January trial defendants has sought and obtained documents through the use of trial subpoenas pursuant to Rule 17. In response to questions from the Government, the January trial defendants have refused

to provide any information about these subpoenas, including to whom they were served or the volume of any productions, and the defendants have further refused to share any subpoena results with the Government. Both the plain language of Rule 17, and the instructions at the bottom of one of the subpoenas, a copy of which the Government obtained from the party who received it (sample attached), contemplate the Court ordering that the materials obtained by Rule 17 subpoena be shared with *all* parties unless otherwise ordered by the Court. The January trial defendants take the position that, until they determine precisely what they intend to use at trial, they have no reciprocal discovery obligation and no obligation to share the Rule 17 subpoena returns.

Their position is inconsistent with case law on this topic and is unsupported by the current posture of the case. Even if the defendants were correct that their obligation to produce discovery only attaches once they have determined precisely what evidence they will seek to introduce at trial – which, as discussed below, is a position not supported by the law – the defendants in this particular case are well aware of the parameters of the Government's case. In addition to voluminous litigation in which the Government has set forth its legal theories and made detailed factual proffers, the Government has taken an expansive view with respect to its disclosures, and has made its disclosures well in advance of trial. For example, the Government produced Jencks Act and *Giglio* material for all of its potential witnesses, as well as all other individuals interviewed during its investigation, on November 21, 2017 – nearly seven weeks before trial. On December 4, 2017, five weeks before trial, the Government produced a detailed proposed Government exhibit list. It is therefore not credible that the January trial defendants have no idea what, if any, documents they may use at trial.[1]

In any event, the defendants' claim that they are not required to produce discovery until they have determined precisely what evidence they intend to introduce effectively renders Rule 16(b) a nullity, and has been repeatedly rejected by courts in this District and elsewhere. This type of gamesmanship similarly should be rejected here. Thus, in *United States* v. *Huntress*, No. 13 Cr. 199, 2015 WL 631976 (W.D.N.Y. Feb. 13, 2015), the court rejected the argument that the defense need not provide reciprocal discovery because it had "'not made any decision as to whether it will be putting a case on at trial, as we do not know if the government will meet its burden of proof at trial.'" *Id.* at *33; *see also, e.g.*, *United States* v. *Rajaratnam*, No. S2 09 Cr. 1184 (RJH),

---

[1] While a defendant may wait to inform the Government about certain core strategic decisions, such as whether the defendant will put on a case or testify, a defendant cannot invoke Constitutional protections to decline to produce reciprocal discovery altogether. *See United States* v. *Ryan*, 448 F. Supp. 810, 810-12 (S.D.N.Y.), *aff'd*, 594 F.2d 853, 811 (2d Cir. 1978) (precluding the defendant from offering into evidence documents that were not timely produced, and noting that "[w]hile the refusal to testify is constitutionally protected, the trial strategy determination is not so protected. Since the defendant has availed himself of the strategy to obtain discovery of the government, he must comply with the request for reciprocal discovery.") *See also*, *United States* v. *Bump*, 605 F.2d 548, 551-52 (10th Cir. 1979) (requiring reciprocal disclosure over defendant's objection that it would violate his constitutional rights); *United States* v. *Cohen*, No. 85 Cr. 843 (JFK), 1985 WL 4851, at *2 (S.D.N.Y. Dec. 23, 1985) (ordering reciprocal discovery over suggestion that discovery should be unilateral); *see generally Williams* v. *Florida*, 399 U.S. 78, 85 (1970) ("Nothing in the Fifth Amendment privilege entitles a defendant as a matter of constitutional right to await the end of the [prosecution's] case before announcing the nature of his defense[.]").

2011 WL 723530, at *5 (S.D.N.Y. Feb. 25, 2011) ("A defendant would always like more information about the government's case before revealing anything about his or her own, but Rule 16 conditions a defendant's disclosure obligations on the government's having made certain specified disclosures, not on the government's laying open its entire case or the defendant's satisfaction."). So too in *United States* v. *Jasper*, No. 00 Cr. 825 (PKL), 2003 WL 223212, at *4 (S.D.N.Y. Jan. 21, 2003), the defense claimed that the Government's request for reciprocal discovery and summaries of expert testimony was "premature" because the defense had not yet decided whether to call the expert. The court disagreed, explaining that "[a]llowing [the] defendant to defer the provision of such discovery until a final determination regarding whether or not [to] put an expert witness on the stand would seem to frustrate" the goal of allowing the Government a fair opportunity to prepare. *Id.*; *see generally United States* v. *Weiss*, 930 F.2d 185, 199 (2d Cir. 1991) (affirming preclusion of evidence defendant had failed to produce and explaining that permitting defendant to use documents the prosecution had not timely seen would have given defendant an unfair advantage); *United States* v. *Young*, 248 F.3d 260, 270 (4th Cir. 2001) (same).

Given the clear weight of the law on this issue, the Court should reject the defendants attempt to circumvent their Rule 16(b) obligations by contending that Rule 17 in particular does not require them to provide the Government with pre-trial discovery where documents are not produced by a witness directly to the Court. According to the defendants, because they specified that documents responsive to their Rule 17 subpoenas be returnable to them, rather than to the Court, Rule 17's requirement that the documents be shared with all parties, unless otherwise ordered by the Court, does not apply. The defendants' argument clearly misses the point of Rule 17, and is an attempt to do an end-run around their discovery obligations. The purpose of Rule 17(c)(1) is to provide both parties with the opportunity to inspect documents produced before trial. *See* Fed. R. Crim. P. 17(c)(1) ("when the items arrive, the court may permit the parties and their attorneys to inspect all or part of [the subpoenaed documents]"); *United States* v. *Hart*, 826 F. Supp. 380, 382 (D. Colo. 1993) ("The plain language of rule 17(c) could not be clearer. Where a defendant seeks the production of documents prior to trial, the court may permit these documents 'to be inspected by the parties and their attorneys.'"). To the extent that the defendants are seeking to undermine that goal by having witnesses produce documents directly to them, that should not be allowed. If the defendants have obtained discovery, then they should produce it, just as Rules 16 and 17 contemplate. The defense cannot unilaterally decide that they are entitled to an *ex parte* production of documents without having sought such relief from the Court, nor does this strategy prevent the Court from ordering production of documents consistent with the plain language of Rule 17. *United States* v. *Reyes*, 162 F.R.D. 468, 470 (S.D.N.Y. 1995) (upholding *ex parte* procedure to obtain Rule 17 subpoena but noting that "a court may direct that the subpoenaed material be produced to the adverse party"); *United States* v. *Ashley*, 162 F.R.D. 265, 267 (E.D.N.Y. 1995) (denying defendant's *ex parte* Rule 17 subpoena request).

Especially in light of the Government's early and expansive disclosures, the January trial defendants should not be allowed to flout their reciprocal discovery obligations and undermine the purpose of Rule 17. For the reasons set forth above, the Government respectfully requests that the Court order the January trial defendants to immediately produce reciprocal discovery, or be precluded from admitting at trial documents they currently possess but have failed to produce absent a sufficient showing that those documents were not subject to Rule 16(b).

        Respectfully submitted,

        JOON H. KIM
        Acting United States Attorney

By:    s/ Janis Echenberg
        Janis Echenberg/Robert Boone/
        David Zhou/Matthew Podolsky
        Assistant United States Attorneys
        (212) 637-2597/2208/2438/1947

cc: Counsel for all defendants (via ECF)