AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| United States of America | ) |
|---|---|
| v. | ) |
| JOSEPH PERCOCO et al. | ) Case No. S 16 Cr. 776 (VEC) |
| _____ | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To: New York State Public Serivce Commission
ATTN: Paul Agresta, Empire State Plaza, Agency Building 3, 18th Floor, Albany, NY 12223

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See attached rider.  Appearance not required if materials are produced prior to specified date to Daniel M. Gitner at his office address (below), with a completed business record declaration (attached).  Please contact him with any questions.

| Place: Thurgood Marshall Courthouse<br>40 Foley Square, Courtroom 110<br>New York, New York 10007 | Date and Time: 01/08/2018 9:00 am |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

(SEAL)

Date: 9/8/2017

RUBY J. KRAJICK
CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____ Defendant Peter Galbraith Kelly, Jr. _____, who requests this subpoena, are:

Daniel M. Gitner, Lankler Siffert & Wohl LLP, 500 Fifth Avenue, 34th Floor, New York, New York 10110
Dgitner@lswlaw.com   (212) 921-8399

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

**RIDER**

Please produce the following:

a. For the time period from April 3, 2013 through and including June 30, 2015, any communication between or among (a) Raj Addepalli and/or Audrey Zibelman, on the one hand, and (b) Howard Glaser, Andrew Kennedy, Richard Kauffman, Kate Burson, John Regan, and/or Tom Congdon, on the other hand, regarding any of the following:
   a. The Request for Proposal, No. Q13-5441LW, issued by NYPA on April 3, 2013 ("RFP");
   b. The bid submitted by Competitive Power Ventures ("CPV") on May 20, 2013 pursuant to the RFP (the "CPV bid");
   c. Any "repowering" of an existing power plant and/or the impact of any such repowering on the RFP; and/or
   d. The impact of the NYISO's creation of the New Capacity Zone ("NCZ") on the RFP.

b. For the time period from April 3, 2013 through and including June 30, 2015, any communication between or among (a) Raj Addepalli and (b) Audrey Zibelman, regarding any of the following:
   a. The CPV bid;
   b. Any "repowering" of an existing energy plant and/or the impact of any such repowering on the RFP; and/or
   c. The impact of the NYISO's creation of the NCZ on the RFP.

c. For the time period from April 3, 2013 through and including June 30, 2015, any communication between or among (a) Raj Addepalli and/or Audrey Zibelman, on the one hand, and (b) Gil Quiniones and/or Tom DeJesu, on the other hand, regarding any of the following:
   a. CPV;
   b. The CPV bid; and/or
   c. The RFP.

d. For the time period from April 3, 2013 through and including December 31, 2013, any communication between or among (a) Raj Addepalli and/or Audrey Zibelman, on the one hand, and (b) Gil Quiniones and/or Tom DeJesu, on the other hand, regarding any of the following:
   a. The Transmission Owner Transmission Solutions ("TOTS") proposals in the Reliability Contingency Plan Proceeding (12-E-0503); and/or
   b. The AC Transmission Upgrade Proceeding (12-T-0502/13-E-0488/13-M-0457).

e. For the time period from April 3, 2013 through and including November 4, 2013, any communication between or among (a) Raj Addepalli and/or Audrey Zibelman and (b) any other person regarding and of the following:
   a. US Power Generating Company's proposal(s) in response to the RFP;
   b. John Reese (an employee of US Power Generating Company); and/or
   c. NRG's proposal(s) in response to the RFP.

>Please note when seeking documents pursuant to this request that US Power Generating Company is sometimes referred to as USPG and is currently known as "Eastern Power Generating Company."

f.  Any Power Point or other presentation made at the October 17, 2013 Public Service Commission meeting.

g.  Any emails, documents, notes, or other communications relating to the October 16, 2013 meeting reflected in the document Bates-stamped NYSDPS0000002110.

h.  Documents sufficient to reflect the final report submitted to the PSC and/or the DPS from the Brattle Group regarding the RFP and "scoring" the various submissions to the RFP for generation proposals.

Declaration of Custodian of Records

Pursuant to 28 U.S.C. § 1746, I, the undersigned, hereby declare:

My name is _____.
                     (name of declarant)

I am a United States citizen and I am over eighteen years of age. I am the custodian of records of the business named below, or I am otherwise qualified as a result of my position with the business named below to make this declaration.

I am in receipt of a subpoena dated September 8, 2017, requesting specified records of the business named below. Pursuant to Rules 902(11) and 803(6) of the Federal Rules of Evidence, I hereby declare that the records provided herewith and in response to the subpoena:

(1) were made at or near the time of the occurrence of the matters set forth in the records, by, or from information transmitted by, a person with knowledge of those matters;
(2) were kept in the course of regularly conducted business activity; and
(3) were made by the regularly conducted business activity as a regular practice.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____.
                    (date)

_____
(signature of declarant)

_____
(name and title of declarant)

_____
(name of business)

_____
(business address)

_____

Definitions of terms used above:
As defined in Fed. R. Evid. 803(6), "record" includes a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses. The term "business" as used in Fed. R. Evid. 803(6) and the above declaration includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.   S 16 Cr. 776 (VEC)

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

    **(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

    **(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

    **(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

    **(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

    **(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).