**Schulte Roth&Zabel** LLP

919 Third Avenue
New York, NY 10022
212.756.2000
212.593.5955 fax

www.srz.com

Writer's Direct Number
212.756.2380

Writer's E-mail Address
Barry.Bohrer@srz.com

December 13, 2017

**BY ECF**

Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

          Re:   **United States v. Percoco, et al., 16 Cr. 776 (VEC)**

Dear Judge Caproni:

     We represent Defendant Joseph Percoco in the above-referenced matter. We respectfully submit this letter on behalf of Mr. Percoco and defendants Peter Galbraith Kelly, Jr., Steven Aiello and Joseph Gerardi in response to the government's December 12, 2017 letter (the "Discovery Letter"). We submit this letter as a group because our position is the same. One day after the Court's decision and order on dispositive pretrial motions in this case, the government argues in the Discovery Letter that the defendants should be ordered to produce reciprocal discovery now or be precluded from introducing it at trial. This argument finds no support in Rule 16 or Rule 17, with which the defendants have and will continue to fully comply.

          Rule 16(b) Reciprocal Discovery Request

     Rule 16(b) requires a defendant to provide the government with reciprocal discovery to the extent such discovery is: (i) within the defendant's possession, custody, or control; and (ii) intended for use by the defendant in the defendant's case-in-chief. Within the last few weeks alone, the defendants have received thousands of pages of §3500 material, thousands of pages of exhibits, and the Court's opinion and order on the defendants' substantive pretrial motions. Nonetheless, the government insists that defendants already know which documents they intend to use in their case-in-chief.

     As the Court is aware, the defendants are in the midst of digesting a volume of material that can only be characterized as extraordinary. Putting aside the nearly 11 million pages of documents produced over the last year that we are still reviewing[1], the government provided in

---

[1] As indicated in the government's last discovery update letter, the government has recently produced an additional 10,000 pages of documents to the defendants.

Honorable Valerie E. Caproni
Page 2

the last few weeks nearly 4,400 pages of §3500 material from 150 individuals, including 1300 pages from the government's cooperating witness alone. These pages contain difficult to read, hand-written notes which repeatedly refer to documents not by Bates stamp, but by government exhibit number. Accordingly, the defendants were unable to effectively review the material without the government's exhibit list. Yet, despite being in possession of a draft exhibit list at the time it produced the §3500 material, the government refused to provide that list for an additional two weeks, further delaying our review.[2]

The government's exhibit list, of which we are now in possession, is as extensive as the §3500 material. It contains well over 1,000 documents, and the government intends to supplement the exhibit list before trial. In addition, the government has refused to produce a witness list, leaving the defendants to guess who will be called among the nearly 60 potential witnesses the government has identified. While the government may believe that the information contained in the §3500 material is not Brady, there is a considerable amount of information in those documents that is material to the defense; it requires a detailed review, and it significantly affects our trial strategy.

The notion that the defendants could possibly be positioned to know what documents they intend to use in their case-in-chief, the day after the Court's ruling on dispositive motions, without a witness list, with an exhibit list of over 1,000 documents provided only last week, with additional government exhibits to come, and while buried in an avalanche of §3500 material that was just and is still being produced, ignores the language of Rule 16 and the reality and complexities of the instant case. We must analyze the government's §3500 material, compare it to the exhibit list so we understand what documents the witnesses were shown, confer with each other so as not to create unnecessary conflicts and complexities, and analyze the documents the government seeks to offer to determine which documents might be needed to defend the allegations. Each defense team is still in the midst of this massively complex process.

Moreover, the government's request is contrary to the schedule we negotiated and agreed to with the government. In this regard, notably absent from the government's letter is any mention of that mutually agreed-upon discovery schedule. On September 19, 2017, following extensive negotiations, the government agreed to a discovery schedule under which draft defense exhibit lists are due December 22, 2017. The language of that agreement intentionally tracks the language of Rule 16. Specifically, the parties agreed that "[e]ach defendant will produce a draft exhibit list reflecting any exhibits that, as of this date, that defendant has the present intention of offering in that defendant's case-in-chief."

We all intend to comply with our obligations under Rule 16(b) and the agreed-upon schedule. To the extent any defendant has formed a present intention of offering documents in his case-in-chief by December 22, 2017, those documents will be produced to the government on that date. If any defendant later develops an intention to present a document in its case-in-chief that has not been produced, that defendant will supplement his production accordingly and

---

[2] The government refused to identify the documents referenced in this 3500 material despite its explicit earlier agreement to do exactly that, and numerous requests from the defendants for the exhibit list during that two-week period.

Honorable Valerie E. Caproni
Page 3

quickly. The government's attempt to circumvent that agreement by Court Order (particularly without alerting the Court of its existence) should not be entertained.

<u>Rule 17 Discovery</u>

The government also demands access to any documents produced to defendants in response to a defense-issued Rule 17 subpoena. It argues that this demand is supported by both the "plain language of Rule 17" and "the instructions at the bottom of one of the subpoenas," and that defendants' position is "inconsistent with case law on this topic." (Govt Ltr at 2.) The government is wrong.

Rule 17 does not require the defense to provide the government with discovery. Indeed, it has been clear for over 50 years that "[t]he only rule relating to discovery in criminal cases in the Federal courts is Rule 16 of the Federal Rules of Criminal Procedure... Rule 17 [] is not intended as a discovery rule." <u>United States v. Carter</u>, 15 F.R.D. 367, 368 (D. C. 1954); <u>see also Bowman Dairy Co. v. United States</u>, 341 U.S. 214, 220–21 (1951) ("It was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms").

Broadly speaking, there are two types of subpoenas a party may issue under Rule 17, one requiring production of documents at trial and the other before trial. In order to issue the first type – requiring production at trial -- a party may do so without leave of the Court. Rule 17(a) states: "A subpoena must state the court's name and the title of the proceeding, include the seal of the court, and command the witness to attend and testify at the time and place the subpoena specifies. The clerk must issue a blank subpoena—signed and sealed—to the party requesting it, and that party must fill in the blanks before the subpoena is served." (Emphasis added). The case law is clear that a defendant may issue a subpoena duces tecum returnable at trial pursuant to Rule 17(a). <u>United States v. Beckford</u>, 964 F. Supp. 1010, 1017-18 (E.D. Va 1997) (containing an exhaustive discussion of the Rule 17 framework and stating that defendant may issue a subpoena duces tecum returnable at trial pursuant to Rule 17(a)).

In order to issue the second type of subpoena – requiring production before trial or before they are offered into evidence – the party must seek leave of the Court. Fed. R. Cr. P. 17(c)(1). If the Court grants such a subpoena, it then has the discretion to permit all parties to inspect the materials, regardless of whether the materials are subject to Rule 16. <u>Id</u>. ("The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.")

The government's argument seems to stem from a fundamental misunderstanding that Rule 17 contemplates the issuance of these two different kinds of subpoenas. Indeed, the government claims that the defense cannot "unilaterally decide that they are entitled to an *ex parte* production of documents [via Rule 17] without having sought such relief from the Court." Discovery Letter, at 3. But Rule 17(a) makes clear that this is just plain wrong. Contrary to the government's assertion, the defense is allowed to issue Rule 17 subpoenas without leave of the Court, for exactly the same reason the government may do so.

In this case, and as the government already knows, none of the defendants have obtained "so ordered" subpoenas requiring the production of documents before trial or before documents are to be offered in evidence, pursuant to Rule 17(c). Rather, if and to the extent any defendant has issued a Rule 17 subpoena, that subpoena has required the production of documents *at* trial – pursuant to the plain language of Rule 17(a).

It bears mention that the government's attempt to argue that Rule 17 somehow creates a blanket obligation on the part of the defense to produce all subpoenaed documents to the government is belied by every case it cites in support of its position. In United States v. Hart, 826 F. Supp. 380, 382 (D. Colo. 1993), the Court made crystal clear that Rule 17 only contemplates a court permitting all parties to inspect the documents "**[w]here a defendant seeks the production of documents prior to trial**." (Emphasis added.) In United States v. Reyes, 162 F.R.D. 468, 470 (S.D.N.Y. 1995), the Court simply upheld the procedure by which a party could seek a "so ordered" subpoena under Rule 17(c). United States v. Ashley, 162 F.R.D. 265, 267 (E.D.N.Y. 1995), simply details a court's denial of such a request. None of these cases creates an obligation on the part of a defendant to provide the government with the ability to inspect materials sought by a regular Rule 17(a) subpoena.

Simply put, aside from Rule 16, there is no other obligation on the part of the defense to share documents it receives pursuant to a Rule 17(a) subpoena.

Moreover, to the extent that any defendant issues a Rule 17 subpoena, it is not the case that it will necessarily result in the production of evidence discoverable under Rule 16(b), as opposed to irrelevant information or other information not subject to obligatory production by a defendant in criminal case.

If the Court were to take the drastic and novel position articulated by the government with respect to Rule 17 subpoenas—that defendants may never issue a subpoena pursuant to Rule 17 without leave of the Court and should be required to share the identity of the individuals served, the volume of discovery produced and the subpoena results with the government—then no defense lawyer would ever issue such a subpoena. Insight into such information would amount to insight into defendants' trial strategy and tactics. It would provide the government with a roadmap to the defense. It would suggest to the government areas and places of inquiry that the government may not have considered. It could result in production of information to the government regarding which Rule 16(b) does not require production. It could violate the defendants' Fifth Amendment rights. And it would subvert the basic concept that "[t]he only rule relating to discovery in criminal cases in the Federal courts is Rule 16 of the Federal Rules of Criminal Procedure...."

    Respectfully Submitted,

    /s/ Barry A. Bohrer
    Barry A. Bohrer
    Michael L. Yaeger
    Andrew D. Gladstein
    Abigail F. Coster