

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, NY 10278*

December 19, 2025

**BY ECF**

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:   *United States v. Alain Kaloyeros*, S6 16 Cr. 776 (VEC)

Dear Judge Caproni:

    The parties respectfully submit this joint letter to advise the Court that the Government and defendant Alain Kaloyeros have reached a pretrial disposition. The parties seek to have the defendant plead guilty pursuant to the attached plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371, to be charged in the attached Superseding Information (the "Information"). The parties request that the Court accept the plea agreement and schedule a combined waiver of indictment, change of plea, and sentencing hearing on December 22, 2025, at 10:00 a.m.

    Rule 11(c)(1)(C) provides, in relevant part, that the defendant and the Government may "agree that a specific sentence or sentencing range is the appropriate disposition of the case." The Rule provides that "such a recommendation or request binds the court once the court accepts the plea agreement." *Id.*

    The defendant was first charged in this case on September 20, 2016. (Dkt. 1). On July 12, 2018, the defendant was found guilty after a jury trial of Counts One, Two, and Four of Superseding Indictment S2 16 Cr. 776 (VEC) (the "Indictment"), which charged the defendant with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and wire fraud, in violation of 18 U.S.C. § 1343. (Dkt. 785). On December 11, 2018, the defendant was sentenced to 42 months' imprisonment, to be followed by two years of supervised release, and a $100,000 fine.[1] (Dkt. 953). The defendant had served approximately three-and-a-half months of his sentence of imprisonment when this Court granted the defendant bail pending appeal following the United States Supreme Court's grant of a writ of certiorari in *Ciminelli v. United States*, No. 21-1170. (Dkt. 1045). The Supreme Court subsequently vacated the defendant's convictions on Counts One, Two, and Four, *Kaloyeros v. United States*, 143 S. Ct. 2490 (2023), and the United States Court of Appeals for the Second Circuit later remanded the case to this Court for further

---

[1] The defendant's Guidelines range was 8 to 14 months' imprisonment. (Dkt. 961 at 8).

proceedings with respect to Counts One, Two, and Four, *United States v. Aiello*, 118 F.4th 291, 303 (2d Cir. 2024).

The sentence proposed by the parties in the attached plea agreement with respect to Count One of the Information, pursuant to Rule 11(c)(1)(C), is a specific sentence of time served, with no term of supervised release to follow, and a $100,000 fine. The parties jointly request that the Court accept the plea agreement because it is a fair disposition that would provide for the defendant's acceptance of responsibility, result in a sentence within the applicable Guidelines range of 0 to 6 months' imprisonment, and promote the interests of justice and finality for the victim non-profit entity, which does not object to a pretrial disposition. The parties also respectfully submit that the proposed disposition is efficient in light of the Court and juror time and resources that would be needed in any retrial of the defendant. The sentence proposed by the parties also would appropriately balance the factors set forth in 18 U.S.C. § 3553(a). While the defendant's conduct was serious, the Court determined that the charged scheme did not result in any ascertainable financial loss to the victim, the Government did not allege that the defendant solicited or accepted bribes or kickbacks as part of the charged scheme, and the Government does not contest the defendant's representation that the contemplated development projects were completed as-planned. Moreover, the defendant's admission of guilt and the resulting felony conviction for a federal fraud offense, the imposition of a significant financial penalty (a $100,000 fine on Count One of the Information), the time already served of three-and-a-half months of imprisonment, and the more than nine years the defendant has served under the supervision of Pretrial Services without incident are sufficient in these particular circumstances to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct. *See* 18 U.S.C § 3553(a)(2)(A) and (B). The parties' proposed sentence does not include any period of supervised release in light of the substantial term of pretrial supervision already served, and without incident.

For these reasons, the parties respectfully request that the Court accept the attached plea agreement and schedule a hearing at which the defendant will waive indictment, plead guilty pursuant to the plea agreement, and be sentenced.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:    /s/ Lara Pomerantz
    Lara Pomerantz
    Robert B. Sobelman
    Assistant United States Attorneys
    (212) 637-2343/2616

Cc: Michael Miller, Esq. (by ECF)