

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

December 19, 2025

**BY EMAIL**

Michael C. Miller, Esq.
Reid Weingarten, Esq.
Steptoe LLP
1114 Avenue of the Americas
New York, New York 10036
mmiller@steptoe.com
rweingarten@steptoe.com

    Re:   *United States v. Alain Kaloyeros*, S6 16 Cr. 776 (VEC)

Dear Mr. Miller and Mr. Weingarten:

    On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Alain Kaloyeros ("the defendant") to Count One of the above-referenced Superseding Information (the "Information"). Count One charges the defendant with participating in a conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 371, and carries a maximum term of imprisonment of five years; a maximum term of supervised release of three years; a maximum fine, pursuant to Title 18, United States Code, Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; and a $100 mandatory special assessment.

    In consideration of the defendant's plea to the above offense, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations, if any, as to which this Office cannot, and does not, make any agreement) for participating in a conspiracy to commit wire fraud, from 2013 through 2015, as charged in Count One of the Information,[1] it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 *et seq.* In addition, at the time of sentencing, the Government will move to dismiss any open Count(s) against the defendant. The defendant agrees that with respect to any and all dismissed charges the defendant is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

---

[1] As part of this Agreement, the defendant agrees for the purposes of sentencing in this case not to contest the facts set forth in paragraphs 30 through 59 of the Presentence Investigation Report dated November 15, 2018 (Dkt. 903).

In consideration of the foregoing and pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") Section 6B1.4, the parties hereby stipulate to the following:

A. <u>Offense Level</u>

1. The November 1, 2025 Guidelines Manual applies.

2. Pursuant to Appendix A of the Guidelines Manual, U.S.S.G. § 2X1.1 is the applicable guideline.

3. Pursuant to U.S.S.G. § 2X1.1(a) and Appendix A of the Guidelines Manual, the applicable base offense level is the base offense level from the guideline for the substantive offense, U.S.S.G. § 2B1.1, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonably certainty.

4. Pursuant to U.S.S.G. § 2B1.1(a)(2) the base offense level is six.

5. Pursuant to U.S.S.G. § 3B1.3, two levels are added because the defendant abused a position of public trust in a manner that significantly facilitated the commission or concealment of the offense.

6. Pursuant to U.S.S.G. § 3C1.1, two levels are added because (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation of the instant offense of conviction and (2) the obstructive conduct related to the defendant's offense of conviction and any relevant conduct.

7. Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through the defendant's allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a).

8. Pursuant to U.S.S.G. § 4C1.1(a), a two-level reduction is warranted because the defendant meets all of the criteria in that provision.

In accordance with the above, the applicable Guidelines offense level is 6.

B. <u>Criminal History Category</u>

Based upon this Office's current understanding (including from representations by the defense), the defendant has no criminal history points and therefore is in Criminal History Category I.

C. Sentencing Range

Based upon the calculations set forth above, the defendant's stipulated Guidelines range is 0 to 6 months' imprisonment (the "Stipulated Guidelines Range"). In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At Guidelines level 6, the applicable fine range is $1,000 to $9,500.

It is understood that, in sentencing the defendant, the Court must consider the Guidelines promulgated by the United States Sentencing Commission, but that the Guidelines are advisory, not binding.

The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek any departure or adjustment pursuant to the Guidelines that is not set forth herein. Nor will either party in any way suggest that the Probation Office or the Court consider such a departure or adjustment under the Guidelines.

It is understood that pursuant to U.S.S.G. § 6B1.4(d), neither the Probation Office nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In the event that the Probation Office or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence outside of the stipulated Guidelines range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

Except as provided in any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, nothing in this Agreement limits the right of the parties (i) to present to the Probation Office or the Court any facts relevant to sentencing; to seek an appropriately adjusted Guidelines range if it is determined based upon information not contained in this Agreement that the defendant's criminal history points are different from that set forth above; and (iii) to seek an appropriately adjusted Guidelines range or mandatory minimum term of imprisonment if it is subsequently determined that the defendant qualifies as a career offender under U.S.S.G. § 4B1.1. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, regardless of any stipulation set forth above, if the defendant fails clearly to demonstrate acceptance of responsibility, to the satisfaction of the Government, through the defendant's allocution and subsequent conduct prior to the imposition of sentence. Similarly, nothing in this Agreement limits the right of the Government to seek an enhancement for obstruction of justice, *see* U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should it be determined that the defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this Agreement.

D. <u>Agreed-Upon Sentence Pursuant to Fed. R. Crim. P. 11(c)(1)(C)</u>

The parties agree, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, that a specific sentence of time served, with no term of supervised release to follow, and a fine of $100,000, is the appropriate sentence in this case. The agreed-upon sentence is not based on the Guidelines. In the event that the agreed-upon sentence is above or below the sentencing range calculated by the Court, the parties consent to a variance under 18 U.S.C. § 3553(a).

If the Court accepts this plea agreement, the Court must inform the defendant that the agreed-upon disposition will be included in the judgment, pursuant to Rule 11(c)(4). If the Court rejects this plea agreement, it shall inform the parties, pursuant to Rule 11(c)(5)(A), and the defendant shall be given an opportunity to withdraw the plea before the Court imposes sentence, pursuant to Rule 11(c)(5)(B) and (d)(2)(A).

The parties stipulate that a sentence of time served, with no term of supervised release to follow, and a fine of $100,000, is sufficient, but not greater than necessary, to comply with the factors to be considered in imposing sentence set forth in 18 U.S.C. § 3553(a) and they agree not to seek a sentence other than the agreed-upon sentence. The parties further agree that any oral or written sentencing submission to the Probation Office or the Court will be accompanied by an express request for the agreed-upon sentence. The parties further agree they will not suggest in any way that the Probation Office or the Court consider a sentence other than the agreed-upon sentence.

It is agreed that the defendant will not file a direct appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the defendant's conviction. In addition to any other claims the defendant might raise, the defendant waives the right to challenge the conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. It is further agreed that (i) the defendant will not file a direct appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, any sentence of time served and (ii) that the Government will not appeal any sentence of time served. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation. The parties agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with the undischarged portion of any other sentence of imprisonment that has been imposed on the defendant at the time of sentencing in this case. The defendant further agrees not to appeal or bring a collateral challenge of any term of supervised release that is less than or equal to the statutory maximum or any condition of supervised release imposed by the Court for which he had notice, including from a recommendation by the Probation Office in the presentence investigation report, and an opportunity to object. The defendant also agrees not to appeal or bring a collateral challenge of any fine that is less than or equal to $100,000, and the Government agrees not to appeal any fine that is greater than or equal to $100,000. The defendant also agrees not to appeal or bring a collateral challenge to any special assessment that is less than or equal to $100. Notwithstanding

the foregoing, nothing in this paragraph shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise. Rather, it is expressly agreed that the defendant reserves those rights.

The defendant hereby acknowledges that the defendant has accepted this Agreement and decided to plead guilty because the defendant is in fact guilty.

By entering this plea of guilty, the defendant waives any and all right to withdraw the defendant's plea or to attack the defendant's conviction or sentence, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material (other than information establishing the factual innocence of the defendant), including *Jencks* Act material, material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

The defendant recognizes that, if the defendant is not a citizen of the United States, the defendant's guilty plea and conviction make it very likely that the defendant's removal from the United States is presumptively mandatory and that, at a minimum, the defendant is at risk of being removed or suffering other adverse immigration consequences. If the defendant is a naturalized citizen of the United States, the defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status. Under federal law, an individual may be subject to denaturalization and removal if the defendant's naturalization was procured by concealment of a material fact or by willful misrepresentation, or otherwise illegally procured. The defendant acknowledges that the defendant has discussed the possible immigration consequences (including removal or denaturalization) of the defendant's guilty plea and conviction with defense counsel. The defendant affirms that the defendant wants to plead guilty regardless of any immigration or denaturalization consequences that may result from the guilty plea and conviction, even if those consequences include denaturalization and/or removal from the United States. The defendant understands that denaturalization and other immigration consequences are typically the subject of a separate proceeding, and the defendant understands that no one, including the defendant's attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration or naturalization status. It is agreed that the defendant will have no right to withdraw the defendant's guilty plea based on any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the guilty plea and conviction. It is further agreed that the defendant will not challenge the defendant's conviction or sentence on direct appeal, or through litigation under Title 28, United States Code, Section 2255 and/or Section 2241, on the basis of any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the defendant's guilty plea and conviction.

It is further agreed that should the conviction(s) following the defendant's plea(s) of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such

prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office.

The parties understand that this Agreement reflects the special facts of this case and is not intended as precedent for other cases.

Apart from any written Proffer Agreement(s) that may have been entered into between this Office and defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

JAY CLAYTON
United States Attorney

By:   /s/ Robert B. Sobelman
Robert B. Sobelman
Assistant United States Attorney
(212) 637-2616

APPROVED:

 /s/ Lara Pomerantz
Lara Pomerantz
Co-Chief, Public Corruption Unit

AGREED AND CONSENTED TO:

_____          _____
Alain Kaloyeros                          DATE

APPROVED:

_____          _____
Michael C. Miller, Esq.                  DATE
Reid Weingarten, Esq.
Attorneys for Alain Kaloyeros

2025.03.12